# PLAINTIFF'S EXHIBIT

# A

IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF LOUISIANA

CHEMTECH ROYALTY ASSOCIATES, )
L.P., by DOW EUROPE, S.A. as Tax )
Matters Partner, )
                                  )
        Plaintiff, )
                                  )    Civil Action No. 05-944-C-M3
v. )
                                  )    CONSOLIDATED WITH
UNITED STATES OF AMERICA, )
                                  )    Civil Action No. 06-258-RET-CN
        Defendant. )

## UNITED STATES' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 6, 26, and 34, the United States requests the plaintiff respond to this first request for production of documents within thirty (30) days of service of this request. In lieu of producing the originals of such responsive documents at the office of the United States Attorney for the Middle District of Louisiana, copies of such documents may be delivered to Deborah M. Morris at her office address, 555 4th Street, N.W., Room 6209, Washington, D.C. 20001.

Scope. The plaintiff is respectfully reminded that a party must include in its response to a production request any document that is within the party's custody or control or reasonably available to the party, the party's attorney, or any other source from whom it may reasonably be secured.

-1-

Definitions and Instructions.

A. The term "United States" refers to the United States of America and any of its employees, agents, representatives, and/or attorneys.

B. The term "Dow" refers to The Dow Chemical Company, its subsidiaries, related entities, agents, employees, representatives, and/or attorneys.

C. The term "Goldman Sachs" refers to The Goldman Sachs Group, Inc., its subsidiaries, agents, employees, representatives, and/or attorneys.

D. The term "SLIPs" refers to the "Special Limited Investment Partnership Interests" transactions developed and/or marketed by Goldman Sachs.

E. The term "the Banks" refers to Kredietbank, National Westminster Bank, Rabo Merchant Bank, Dresdner Bank, and Bank Brussels Lambert, or any of these entities' predecessors or successors.

F. The term "the Chemtech transaction" refers to the formation, operation, and/or restructuring of Chemtech Royalty Associates, L.P. and Chemtech II, L.P., and includes events that occurred prior to any legal formation of Chemtech.

G. The term "Chemtech" refers to Chemtech Royalty Associates, L.P. and Chemtech II, L.P., its subsidiaries, related entities, agents, employees, representatives, and/or attorneys. It includes, but is not limited to, Dow Europe, S.A., in circumstances where that entity was acting on behalf of the partnership.

H. The term "Project IF" refers to the project referenced as such in documents and correspondence between Dow and Goldman Sachs.

I.  The term "Dow Europe" refers to Dow Europe, S.A., its subsidiaries, related entities, agents, employees, representatives, and/or attorneys.

J.  The term "Diamond" refers to Diamond Technology Partnership Company, its subsidiaries, related entities, agents, employees, representatives, and/or attorneys.

K.  The term "Ifco" refers to Ifco, Inc., its subsidiaries, related entities, agents, employees, representatives, and/or attorneys.

L.  The term "Chemtech Portfolio" refers to Chemtech Portfolio, Inc., its subsidiaries, related entities, agents, employees, representatives, and/or attorneys.

M.  The term "DCIL" refers to Dow Chemical International, Ltd., its subsidiaries, related entities, agents, employees, representatives, and/or attorneys.

N.  The term "Deloitte & Touche" refers to Deloitte Touche Tohmatsu, S.V., its member firms and their respective subsidiaries and affiliates, and includes partners, principals, employees and any other representative.

O.  The term "Arthur D. Little" refers to refers to Arthur D. Little, Inc., its subsidiaries and related entities, agents, employees, representatives, and/or attorneys.

P.  The term "Peterson Consulting" refers to Peterson Consulting Services, its subsidiaries and related entities, agents, employees, representatives, and/or attorneys.

Q.  The term "GAAP" refers to Generally Accepted Accounting Principles, including GAAP in the United States, Switzerland or any other foreign country.

R.  The terms "document" and "writing" are to be liberally construed to include all originals, copies, and non-identical copies (whether by reason of handwritten notations thereon or otherwise), of written and documentary materials, as well as recordings and sound

reproductions, including but not limited to correspondence, letters, notes, telecopies, facsimiles, correspondence, agreements, drafts, memoranda, contracts, term sheets, engagement letters, proposals, presentations, promotional materials, offering memoranda, prospectuses, presentations, reports, books, records, journals, ledgers, minutes, telecopier logs or transmission receipts, financial statements, telephone message slips, telephone invoices, computer print-outs, electronic mail messages, worksheets, drawings, specifications, and invoices. "Document" and "writing" shall also include any electronically stored information including but not limited to any file, document, data, electronic mail messages, words or information, in draft or final form, on a computer disk or similar storage device or hard drive or in the memory of a computer network or mainframe or on a file server. Any such document is to be printed and produced on paper, as hard copy, as well as in the electronic format in which it is stored.

S.  The term "person" includes a corporation, partnership, or other business association or entity, and unincorporated association, a natural person, or any government or governmental body, commission, board or agency.

T.  The terms "communication" and "correspondence" mean any oral or written utterance, notation or statement of any nature whatsoever, by and to whomsoever.

U.  If any requested document was, but no longer is, in your possession or subject to your control, state what disposition was made of it and the reason for such disposition.

V.  The singular form of a word shall be deemed to include the plural form, and the plural form of a word shall be deemed to include the singular form. Similarly, the masculine

form of a word shall be deemed to include the feminine form, and the feminine form of a word shall be deemed to include the masculine form.

W. Unless otherwise indicated, the time frame applicable to each document request is January 1, 1992, through December 31, 1998. The term "applicable time period" refers to that period.

X. To the extent you have already produced documents that are responsive to any document request, it is not necessary to produce those documents again. Please identify the documents responsive to each request.

Y. To the extent documents are produced in an electronic form, such documents should be produced in "TIFF" format (either multi-page or single page with a cross-reference file).

## REQUESTS FOR PRODUCTION

1. All state and foreign income or partnership tax returns of Chemtech, Chemtech Portfolio, Diamond, Dow Europe, and Ifco for the years 1993-1998.

2. All federal, state, or foreign employment tax returns of Chemtech, Chemtech Portfolio, Diamond, Dow Europe, and Ifco for the years 1993-1998.

3. All documents and communications received from or delivered to Goldman Sachs regarding the Chemtech transaction, Special Limited Investment Partnerships ("SLIPs"), Project IF, and/or any other off-balance sheet or other structured financing transaction.

4. All documents, including any contemporaneous notes, from any person who attended any Goldman Sachs sales presentation or other meeting related to Chemtech, Special Limited Investment Partnership ("SLIPs"), Project IF, and/or any off-balance sheet or other structured financing transaction.

5. All profit/loss projections, internal budgets/forecasts, cash flow analysis, tax benefit analysis and/or other analyses of the Chemtech transaction.

6. All descriptions of the Chemtech transaction, including but not limited to flowcharts, memoranda and power point presentations.

7. All communications or other documents between any entity and the Banks related to Chemtech, including but not limited to any communications or other documents about the formation, operation or exit of any entity from Chemtech, and any communications or other document that occurred before the Banks entered into Chemtech and/or after the Banks exited from Chemtech.

8. Any documents or correspondence related to the Chemtech transaction between Dow, Chemtech, Chemtech Portfolio and any banks or financial institutions other than "the Banks."

9. Any documents or correspondence related to the Chemtech transaction between Dow and any creditors of Dow.

10. All legal and tax opinions relating to the Chemtech transaction and/or to any entity's participation in the Chemtech transaction.

11. All documents received from or given to the law firm of King & Spalding related to the Chemtech transaction, including but not limited to invoices and billing records.

12. All documents received from or given to the law firm of Andrews Kurth related to the Chemtech transaction, including but not limited to invoices and billing records.

13. All documents showing or analyzing the tax consequences of participating in the Chemtech transaction for Dow or any other entity.

14. All communications and documents between the internal tax department of Dow and any person in connection with the tax issues related to the Chemtech transaction.

15. All documents prepared by the internal tax department of Dow in connection with the tax issues related to the Chemtech transaction.

16. All documents related or referring to the transfer of ownership of any patents to or from Chemtech, including all documents identifying specific patents transferred to or from Chemtech and the corresponding date of the transfers.

17. All documents related to or referring to the selection of patents (either by Dow, Diamond, or any other entity) to be assigned to or from Chemtech.

18. All documents related to or referring to the valuation of any patents owned or managed by Chemtech including all valuation reports prepared by Arthur D. Little, Inc., Peterson Consulting, and any valuations prepared by individuals at Dow.

19. All documents related to any patent infringement litigation or potential patent infringement litigation related to any patents owned or managed by Chemtech.

20. All documents sent to or received from the U.S. Patent and Trademark Office (or any foreign patent office) regarding any patents owned or managed by Chemtech.

21. All records of royalty payment, lease payments or other payments made to Chemtech, including payments for the lease of any patents owned or managed by Chemtech.

22. All correspondence and internal memoranda between Dow and Deloitte & Touche and/or other outside auditors relating to Chemtech, the recording of the transactions in the books and records of Dow, Chemtech, and Chemtech Portfolio, and/or the corresponding tax benefits to be realized by Dow.

23. All documents provided to any auditors of Chemtech and/or Chemtech Portfolio.

24. All documents concerning the financial effects to Dow related to its participation in Chemtech, including all documents created and/or used in preparing its financial statements, including but not limited to the following:

   a. Chart of general ledger accounts with a description for the use of each account for Chemtech and Chemtech Portfolio;

b.   All books and records reflecting the establishment and subsequent activity in the minority interest account on the books of Dow with respect the outside investors' limited partner interests between 1993 and 1998;

c.   All books and records of Dow reflecting the accounting for the assets, liabilities, results of operations and cash flows of Chemtech and Chemtech Portfolio between 1993 and 1998;

d.   Internal financial statements of Chemtech and Chemtech Portfolio, including top-sided journal entries, general journal and adjusting entry summaries for all quarterly and year-end periods between 1993 and 1998; and

e.   Year-end trial balances and general ledgers for Chemtech and Chemtech Portfolio between 1993 and 1998.

25.   All financial, accounting, partnership or other records for Chemtech and Chemtech Portfolio (whether or not these records were kept by Chemtech, Chemtech Portfolio, or any other entity), including records that show the respective capital accounts of the partners.

26. All documents concerning the policies, practices or procedures relating to all formal or informal accounting standards used in connection with Chemtech and/or Chemtech Portfolio.

27. All policies, practices or procedures relating to any formal or informal internal control procedures in connection with Chemtech and/or Chemtech Portfolio.

28. All documents, memoranda and communications concerning compliance with GAAP for the Dow Chemical Company (relating to Chemtech or Chemtech Portfolio), Chemtech, and Chemtech Portfolio.

29. All documents concerning any adjustments, changes or revisions to the financial results, on a quarterly or annual basis for the Dow (in connection with Chemtech and/or Chemtech Portfolio), Chemtech, and Chemtech Portfolio.

30. All documents concerning any audit, review, analysis or report concerning compliance with (i) its own internal policies and practice, (ii) state and federal laws for the Dow (in connection with Chemtech or Chemtech Portfolio), Chemtech, and Chemtech Portfolio.

31. All documents related to or referring to all reports generated for internal and external financial reporting purposes for Dow (in connection with Chemtech or Chemtech

Portfolio), Chemtech, and Chemtech Portfolio.

32. All year end and quarterly financial statements of Chemtech, Chemtech Portfolio, Diamond, and Dow Europe prepared on a partnership basis and a GAAP basis (and/or any other basis that may have been used) between 1993 and 1998 that were audited and/or reviewed by Deloitte & Touche or any other entity.

33. All documents relating to or referring to any demand notes, term notes, loans, marketable securities or other obligations held by Chemtech or Chemtech Portfolio, including any loans from Chemtech Portfolio to Dow and/or DCIL.

34. All documents related or referring to any guarantees of any demand notes, term notes, loans, marketable securities or other obligations held by Chemtech or Chemtech Portfolio, including any loans from Chemtech Portfolio to Dow and/or DCIL.

35. Transcripts of any Dow quarterly conference calls between 1992 and the present in which the Chemtech transaction was disclosed or otherwise discussed by any person.

36. All minutes of Dow's board of directors meetings, finance committees meetings, or any other meetings where the Chemtech transaction and/or any other off-balance sheet financing was discussed.

37. Dow's annual reports for 1992 through 1998.

38. Dow's Forms 10-K, including an amendments thereto, for the years 1992 through 1998.

39. All minutes of any member (partner) meetings of Chemtech from 1993 through 1998.

40. All documents, correspondence, e-mails, internal memorandum between Dow personnel and partners of Chemtech from 1993 - 1998.

41. All documents given to or received by any debt rating agency (e.g. Moody's) regarding Dow's credit or debt rating.

42. All documents identifying or referring to Dow's outstanding debt on a weekly, monthly, or quarterly basis during the applicable time period.

43. All documents identifying or referring to any changes to Dow's credit or bond rating during the applicable time period.

44. All documents identifying or describing all off-balance sheet financing transactions that Dow participated in at any time during the applicable time period.

45. All documents identifying or referring to, on a weekly, monthly, or quarterly basis, the amount of off-balance-sheet financing that Dow had during the applicable time period.

46. All documents and communications between Dow and the Securities and Exchange Committee that refer or relate to Chemtech or Chemtech Portfolio from 1992 to the present.

47. All documents relating to the initial formation of Chemtech, including but not limited to partnership agreements, operating agreements and internal operating manuals.

48. All documents related to any entities' decision to participate in, acquire an interest in, or withdraw from Chemtech.

49. All documents and communications related to the Chemtech transaction between any of the following entities: Dow, Chemtech, Chemtech Portfolio, Diamond, Dow Europe, Ifco, the Banks and/or any other entity.

50. All documents related or referring to the redemption, purchase or other acquisition or transfer of Ifco's interest in Chemtech.

51. All documents related or referring to any capital contribution (including the contribution of stock) that Diamond made to Chemtech.

52. All documents related or referring to any capital contributions that Chemtech made to Chemtech Portfolio.

53. Any leases between Dow and Chemtech Portfolio.

54. All documents related or referring to any interest, or change or addition to any interest, that Diamond acquired in Chemtech.

55. All documents related or referring to any interest, or change or addition to any interest, that Ifco acquired in Chemtech.

56. All documents related to or referring to the exit of each of the five foreign banks from Chemtech, including any documents related to Dow's decision to end the banks' participation.

57. All documents concerning Dow, Ifco, Dow Europe, Diamond, Chemtech and Chemtech Portfolio's document retention policies from 1992 through the present.

58. All documents responsive to any IDR issued by the IRS to Dow that relates to the Chemtech transaction that were not previously provided to the IRS.

59. All documents upon which the plaintiff intends to rely, or might be reasonably anticipated to rely, in this ligation.

60. All documents identified in the plaintiffs' initial disclosures or responsive to the United States' First Set of Interrogatories to the extent not previously produced. To the extent documents were withheld or redacted pursuant to a claimed privilege, a privilege log.

UNITED STATES OF AMERICA, by

DAVID R. DUGAS
UNITED STATES ATTORNEY

John J. Gaupp
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
Local Counsel

Deborah M. Morris
Robert L. Welsh
Brian R. Harris
Thomas F. Koelbl
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-1758
Fax: (202) 514-9868

IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHEMTECH ROYALTY ASSOCIATES, L.P., by DOW EUROPE, S.A. as Tax Matters Partner,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-944-C-M3<br>)<br>) CONSOLIDATED WITH<br>)<br>) Civil Action No. 06-258-RET-CN<br>)<br>) |

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States' First Request for Production of Documents was made on May 11, 2007, by First Class Mail, postage prepaid, to:

David M. Bienvenu, Jr., Esq.  
Taylor, Porter, Brooks & Phillips  
451 Florida Street, 8th Floor  
Baton Rouge, LA 70801

John B. Magee, Esq.  
McKee Nelson LLP  
1919 M Street, NW, Suite 200  
Washington, D.C. 20036  
  (also served via Federal Express)

*Deborah M. M____*  
Trial Attorney, Tax Division  
U.S. Department of Justice  
Post Office Box 14198  
Ben Franklin Station  
Washington, D.C. 20044  
Telephone: (202) 353-1758  
Fax: (202) 514-9868

-17-