# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHEMTECH ROYALTY ASSOCIATES, L.P., by DOW EUROPE, S.A. as Tax Matters Partner** | **CIVIL ACTION** |
| | **NUMBER 05-944-BAJ-DLD** |
| **VERSUS** | **Consolidated with:** |
| **UNITED STATES OF AMERICA** | **Number 06-258-BAJ-DLD and Number 07-405-BAJ-DLD** |

## ORDER

This matter is before the court on a referral from the district court on the United States' second motion to compel (rec. doc. 62). The motion is opposed.

## Background

Chemtech I, by its sole general partner, Dow Europe SA ("DESA"), as Tax Matters Partner ("TMP") filed suit against the United States, challenging the Internal Revenue Services' proposed adjustments to Chemtech I's partnership items on federal tax returns for the 1993-1997 tax years. Chemtech II, by Ifco, Inc. as TMP, also filed suit challenging the proposed adjustments to Chemtech II's partnership items on federal tax returns for the 1998-2003 tax years.[1]

Defendant contends that the adjustments are proper because both Chemtech I and Chemtech II (sometimes collectively referred to as simply "Chemtech") are abusive tax shelters for Dow, designed for the avoidance of U.S. income taxes.[2] Defendant also construes certain Chemtech partnership transactions as "lending transactions" for Dow

---

[1] These cases are: *Chemtech Royalty Associates, L.P., by Dow Europe, S.A. as Tax Matters Partners v. United States of America*, civil action nos. 05-944-BAJ-DLD and 06-258-BAJ-DLD, and *Chemtech II, L.P., by Ifco, Inc. As Tax Matters Partners v. United States of America*, civil action no. 07-405-BAJ-DLD.

[2] The term "tax shelter" means "(I) a partnership or other entity, (II) any investment plan or arrangement, or (III) any other plan or arrangement, if a significant purpose of such partnership, entity, plan, or arrangement is the avoidance or evasion of Federal income tax." 26 U.S.C. § 6662(d)(2)(c)(iii).

rather than transactions with real, non-tax economic benefits.[3] Chemtech disputes the proposed adjustments and claims that its partnerships met the "economic substance" test, including joint investment in the material capital contributions of all partners and sharing of the pretax results, and that the partnership items met all IRS requirements; therefore, there should be no adjustment to its partnership items as the partnerships were created for legitimate business purposes.[4]

***The Second Motion to Compel***

This second motion to compel is actually the remains of an earlier motion to compel, which was only partially resolved, leaving in dispute many withheld documents based on claims of privilege. On March 30, 2009, the court issued an order on the original motion to compel, requiring Chemtech to provide a detailed privilege log due to numerous deficiencies in its original and amended privilege logs. (rec. doc. 59). Thereafter, Chemtech produced a third privilege log, along with a "redacted documents" log, which defendant alleges are still inadequate, although many of the issues regarding the previously disputed documents have since either been produced or agreed as privileged by the parties.

After agreement or production of additional documents as a result of this third privilege log, defendant now contends that four major issues remain: 1) privileges

---

[3] DESA is a wholly owned, controlled foreign corporation of Dow. DESA had an approximate 1.06% ownership in Chemtech's capital assets. The other partners of Chemtech included five (5) foreign banks with a 19% interest in Chemtech's capital assets (the "Class A" partners), and DTPC ("Class B" partner) with an 80% interest in Chemtech's capital assets. The Class A partners contributed $200 million. Chemtech and Dow entered into a non-exclusive license agreement wherein Dow paid arms-length royalties to Chemtech each year for use of the patent assets, and these royalties consisted of both fixed royalties and variable royalties.

[4] The "economic substance" doctrine is a judicially developed doctrine that permits transactions lacking in economic substance to be disregarded for tax purposes, and is one tool used by the IRS when dealing with tax shelter issues.

relating to Dow's "tax reserve analysis;" 2) attorney-client privilege relating to documents and communications which were widely disseminated within Dow and which do not primarily seek legal advice; 3) improperly conflated document descriptions and purposes on the privilege log, and 4) documents drafted "to file" or with unknown authors.  (rec. doc. 62-1)  Defendant asserts that Chemtech failed to provide a proper privilege log and failed to meet its burden of proof regarding the privileged or protected nature of the withheld documents.

In response, Chemtech asserts that it revised its privilege log based on this court's March 30, 2009, order, and in connection with same, had three associate attorneys under the supervision of two partners re-review each document and revise each privilege log entry.  Chemtech contends that it has now provided a privilege log in "extraordinary detail" and argues that defendant has failed to articulate "particularized concerns" with regard to the individual entries on the second amended privilege log. (rec. doc. 72, pg 13).  In response to defendant's request and the court's previous order, Chemtech produced 132 documents for an *in camera* review by the court.

### *GENERAL LAW OF PRIVILEGE LOGS*

Fed.R.Civ.P.26(b)(5) governs the production of privilege logs where discoverable information is withheld by a party on grounds of privilege and provides the following:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

In order to claim the protection of either attorney-client privilege (and by extension, the federal tax practitioner privilege) or the work product doctrine, a privilege log must

contain sufficient information that would allow a court or party to assess the applicability of the privilege or protection. Fed.R.Civ.P. 26(b)(5); *Coes v. World Wide Revival, Inc.*, 2007 WL 2774205 (M.D.Fla. 2007). This court has held that, "[a] privilege log ... should not only identify the date, the author, and all recipients of each document listed therein, but should also describe the document's subject matter, the purpose for its production, and a specific explanation of why the document is privileged or immune from discovery." *See, Peacock v. Merrill*, 2008 WL 687195, at *3 (M.D.La.2008), *citing Jones v. Hamilton County Sheriff's Dept.*, 2003 WL 21383332, at *4 (S.D.Ind.2003). Furthermore, "[a] party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability." *In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir.2001).

The standard for testing the adequacy of the privilege log is whether, as to each document, the entry sets forth facts that " would suffice to establish each element of the privilege or immunity that is claimed." The focus is on the specific descriptive portion of the log, and "not on conclusory invocations of the privilege or work-product rule, since the burden of the party withholding documents cannot be discharged by mere conclusory" assertions. *Golden Trade S.R.L. v. Lee Apparel Co.*, 1992 WL 367070 at *5, 1992 Dist. LEXIS 17739 at **12-13 (S.D.N.Y.1992) (*quoting von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir.), *cert. denied*, 481 U.S. 1015 (1987)). Other courts have similarly held that a privilege log should provide "a specific explanation of why the document is privileged." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 88 (N.D.Ill.1992).

Moreover, Rule 26 "does not attempt to define for each case what information must be provided .... [d]etails concerning time, persons, general subject matter, etc.

may be appropriate." Fed. R. Civ. P. 26, advisory committee notes.  Further, "the mere assertion of a lawyer that responsive materials or information are attorney-client privileged or protected by the work product doctrine is not evidence establishing that the information is privileged." *Estate of Manship at* 561.  Blanket assertions are unacceptable.  See, *e.g., High Tech Commc'ns, Inc. v. Panasonic Co.*, 1995 WL 45847, at * 1 (E.D.La.1995), *citing Hodges, Grant & Kaufman v. United States*, 768 F.2d 719, 721 (5th Cir.1985)); *In re Shell Oil Ref.*, 812 F.Supp. 658, 661 (E.D.La.1993). Additional detail in the privilege log or supporting affidavits for the allegedly privileged documents may be necessary to provide facts relating to the individuals listed on the privilege log, including their job titles. *Muro v. Target Corp.*, 243 F.R.D. 301, 308 (N.D. Ill 2007).  A proper assertion that documents are protected by the attorney-client privilege or the work product doctrine means that a party must describe those documents it contends are privileged to the best of its ability without revealing the privileged information, even if doing so is difficult to do without revealing the confidential nature of the documents. *Estate of Manship v. U.S.,* 232 F.R.D. 552, 561 (M.D. La. 2005). For example, asserting privilege for an entire e-mail thread in the privilege log, but only describing the last message in the thread is deficient.  *In Re Vioxx Products Liability Litigation*, 501 F.Supp.2d 789 (E.D. La 2007).  Where descriptions in the privilege log fail to meet this standard, "then disclosure is an appropriate sanction." *Smithkline Beecham Corp. v. Apotex Corp.*, 193 F.R.D. 530, 534 (N.D.Ill., 2000).

### DISCUSSION AND ANALYSIS

The court has reviewed the second amended privilege log, and while it is more detailed than the previous one, this log, for the most part, merely adds more words to

what are still vague document descriptions. Additionally, descriptions of government filing requirements, partnership formation data, or the structure of a partnership – which run through the logs and documents –  is not information inherently protected by the attorney-client privilege or the work product doctrine. Chemtech also sometimes has relied on unsubstantiated statements in its logs as to authorship, content, dates, and purposes of  documents.   A log, standing alone, cannot create a privileged document where the document itself does not support the categorization.

The court, therefore, has not based its decisions solely on the logs, even where the descriptions were deficient, but rather has examined each of the 132 withheld documents.  For these 132 documents, Chemtech has prepared two privilege logs, one in which the documents were withheld in their entirety, and one in which the documents were produced, but were partially redacted.  The court first determines the applicability of the privileges as to the documents completely withheld, and then will determine separately the applicability of the privileges regarding the redacted documents.  Also, the court notes that Chemtech has claimed some documents are privileged under one category (attorney-client privilege), others under two categories (attorney-client privilege and work product doctrine), and still others under three categories (attorney-client privilege, work product doctrine, and tax practitioner privilege.  The court has addressed each document under all privileges asserted; thus, some documents are addressed under each privilege discussion.

After an extensive review of both the second amended privilege log, the redacted documents log, and the documents themselves, the court now rules on the production of these documents according to the privileges claimed for those documents.

### *The Work Product Doctrine*

It is well established that documents prepared in anticipation of litigation are protected by the work product doctrine. Fed.R.Civ.P. Rule 26(b)(3), *Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L.Ed. 451 (1947). Under Rule 26(b)(3), documents or tangible things "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)," are generally protected from discovery. *Id.* Work product which contains the mental impressions, conclusions, opinion, or legal theories of a party's attorney or other representative is afforded a high degree of protection and is generally referred to as "opinion work product." For example, the work product doctrine "insulates a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements from an opposing counsel's inquiries." *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir.1991), *citing Upjohn Co. v. United States*, 449 U.S. 383, 440, 101 S.Ct. 677, 66 L.Ed.2d 584. Ordinary work product, on the other hand, has more limited protection against discovery, and may be obtained "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir.1985).

This doctrine is broader and distinct from the attorney-client privilege. *United States v. Nobles*, 422 U.S. 225, 238, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975), *citing Hickman*, 329 U.S. at 508. The party asserting protection under the work product doctrine has the burden of proving that the documents were prepared in anticipation of litigation.   *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir.2000). The anticipated litigation must be identified and it must be proven that the communication in question was in preparation of that litigation. *In Re Vioxx,* at 789.  In the Fifth Circuit, while litigation need not necessarily be imminent, the primary motivating purpose behind the creation of the document must be to aid in possible future litigation. *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981). To determine the primary motivation for the creation of a document, courts look to various factors, including, "the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance." *In re Rainbow Marine Contractors, Inc., et al*, 2010 WL 3023363 (E.D.La. 2010). *See also, Elec. Data Sys. Corp. V. Steingraber,* 2003 WL 21653414, *5 (E.D. Tx 2003), citing Piatkowski v. Abdon Callais Offshore, LLC,* 2000 WL 1145825, *2 (E.D. La. 2000). To put it more simply, the court must consider the nature of the document, and the facts surrounding its creation and distribution. *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1260 (3d Cir.1993).   Based upon these factors, the court then determines whether "the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *In re Grand Jury Proceedings (FMC Corp.)*, 604 F.2d 798, 803 (3d Cir.1979).

For example, work papers generated by an attorney who prepares a tax return are not protected by the work product doctrine "simply because there is always a possibility that the IRS might challenge a given return." *Davis*, citing to *Colton v. United States*, 306 F.2d 633, 639-40 (2d Circ. 1962), *cert. denied*, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499 (1963). There must be evidence to expect "future trouble with the IRS," or the documents will be outside the scope of the work product doctrine. *Id.* Thus, generally speaking, a reasonable anticipation of litigation "requires existence of an identifiable specific claim or impending litigation at the time the materials were prepared." *Schmidt, Long & Assoc., Inc. v. Aetna U.S. Healthcare, Inc.*, Civ. A. No. 00-CV-3683, 2001 WL 605199, at *4 (E.D.Pa. May 31, 2001).

### Documents withheld under thework product doctrine: Entries 167, 287, 441, 979-1015

This set of entries comprises 40 documents prepared between 1993 and 1998, and the log's description/purpose of these documents, as they relate to the work product doctrine, generally states that the documents were "prepared in anticipation of litigation regarding the tax consequences of the Chemtech partnership." Chemtech does not identify the specific litigation except to allege that the IRS challenged the Chemtech partnership in its audit of Dow.[5] However, Chemtech does not provide any competent evidence regarding the date of any IRS audit or any details that would point to specific claims or impending litigation.  The only dates provided to the court are the dates of the IRS' Notices of Final Partnership Administrative Adjustment ("FPAA"), which were dated: 1) April 15, 2005 regarding the 1993 and 1994 tax years (C.A. 06-258-BAJ-DLD, rec. doc. 1, exhibits A & B); 2) January 13, 2006 regarding the 1993 through 1997 tax years (*Id.*, at exhibit C); and 3) March 30, 2007 regarding the 1998-2003 tax years (C.A.

---

[5] *See,* C.A. 05-944-BAJ-DLD, rec. doc. 1.

07-405-BAJ-DLD, exhibit A).  Thus, documents prepared between 1993 and 1998 could not have been prepared in anticipation of potential litigation based on the evidence before the court – which is that Chemtech first became aware of potential litigation in 2005.

Further, even if the litigation were to be identified, it is Chemtech's further burden to provide evidence that the primary motivating factor behind the creation of the document was in aid of this particular litigation and not, for example, just documents prepared in the ordinary course of business.   In its opposition to the motion to compel, Chemtech attached the affidavit of William Curry, one of Dow's in-house tax counsel, as evidence that these documents are protected by the work product doctrine.  In that affidavit, Curry states that, "with respect to the Chemtech transactions, Dow management expected from the outset that the transactions would be challenged by the IRS and were likely to result in Appeals negotiations and potential litigation."  (rec. doc. 72-16, pg 3).

This statement is insufficient. As explained previously, *Vioxx*, a recent Fifth Circuit case, found that the anticipated litigation must be identified and it must be proven that the document in question was in preparation of that litigation, all in keeping with the standard set forth in *Hickman*.  The key is identifying the anticipated litigation first, and then explaining the facts regarding the document's creation as it relates to the identified litigation. Curry's affidavit is devoid of any competent evidence that the IRS would challenge the specific transactions, but instead states that the IRS was "increasingly aggressive in auditing Dow's tax returns during the 1990's."  *Id.*

Under Chemtech's rationale, any and all documents relating to the transactions of the partnerships should be treated as protected under the work product doctrine because other Dow tax returns had been audited.  To accept this premise, one has to believe that if anyone is audited once, every tax transaction in the future, even ones involving different entities, are protected from disclosure.  Such is not the law. Moreover, one of the factors the court considers when determining the primary motivation for the creation of document is counsel's involvement in the creation of the document and whether it was a routine practice to prepare that type of document, or whether the document was instead prepared in response to a particular circumstance. In this case, Chemtech has not identified the anticipated litigation, or explained that these documents were not routinely created/generated, but were instead documents prepared in response to a particular circumstances.  Thus, Chemtech has not met its burden, and the work product immunity does not apply to any of these  documents.

### The Tax Practitioner Privilege

With respect to tax advice, and with some exceptions, the attorney-client privilege applies to communications between taxpayers and federally authorized tax practitioners. I.R.C. Sec. 8525(a)(1).  A "federally authorized tax practitioner" (or FATP) means an individual authorized under federal law to practice before the Internal Revenue Service where the practice is subject to federal regulation under 31 U.S.C. § 330, a statute which authorizes the Secretary of the Treasury to regulate the practice of representatives of persons before the Department of the Treasury. The term "FATP" includes an attorney, a CPA, an enrolled agent, or an enrolled actuary.  Excluded are accountants who are not CPAs, unless the accountant is an enrolled agent or enrolled

actuary. The term "tax advice" means advice given by an individual with respect to a matter that is within the scope of the individual's authority to practice. 26 U.S.C. § 7525. "With respect to tax advice, the same common law protections of confidentiality which apply to a communication between a taxpayer and an attorney shall also apply to a communication between a taxpayer and any federally authorized tax practitioner to the extent the communication would be considered a privileged communication if it were between a taxpayer and an attorney." *Id.* Communications between a taxpayer-client and an attorney-accountant, however, are subject to the rules governing attorney-client privilege, not the tax practitioner privilege. *U.S. v. Frederick, Richard A., et al.,* 1999 WL 222947 (7th Cir. 1999). Moreover, "a taxpayer must not be allowed, by hiring a lawyer to do the work that an accountant, or other tax preparer, or the taxpayer himself, normally would do, to obtain greater protection from government investigators than a taxpayer who did not use a lawyer as his tax preparer." *Davis*, at 1043. Further, the Supreme Court has held that an accountant's worksheets are not privileged, and a lawyer's privilege is no greater when he is doing an accountant's work. *United States v. Arthur Young & Co., supra*, 465 U.S. 805, 817-19, 104 S.Ct. 1495 (1984).

Also, the tax practitioner privilege does not apply to written communications regarding tax shelters; specifically, there is no confidentiality as to any written communication which is:

(1) between a federally authorized tax practitioner and

    (A) any person, [6]
    (B) any director, officer, employee, agent, or representative
    of the person, or

---

[6] Section 7525 originally applied only to representatives of corporations, but was amended on October 22, 2004 to extend the limitation to "any person" in connection with tax shelters.

(C) any other person holding a capital or profits interest in
the person, and

(2) in connection with the promotion of the direct or indirect participation of
the person in any tax shelter (as defined in section 6662(d)(2)(C)(ii)).

*See* 26 U.S.C. § 7525(b)(1) and (2).

Unlike the attorney-client privilege, the tax practitioner privilege does not apply in criminal matters or state tax proceedings. The privilege may be asserted only in a "noncriminal tax matter before the Internal Revenue Service" and a "noncriminal tax proceeding in federal court brought by or against the United States." Moreover, this privilege applies only to communications made on or after July 22, 1998.

### Documents withheld under the Tax Practitioner Privilege: Entries 167, 995-998, 1000, 1011.

Chemtech claims the tax practitioner privilege with regard to seven (7) documents. Chemtech, however, has not shown through competent evidence that Michael Cone, the "Tax Accounting Manager" employee  identified as the author of most of these particular documents, is a federally authorized tax practitioner (CPA, enrolled agent, or enrolled actuary) as required to sustain the privilege.  Furthermore, even assuming that Cone  was so identified, his "communications" were either with the file, which does not show that it was a "communication" to the taxpayer/client,  or with Craig Jones, an attorney who is not the taxpayer-client. Furthermore, even if Cone were to be considered the taxpayer-client, his communication with Jones, the attorney-accountant, would be subject to the rules governing attorney-client privilege, not the tax practitioner privilege. *Frederick*, 1999 WL at 1871.

In particular, the memoranda/notes identified as entries 167, 995, 996, and a portion of entries 997, 998, 999, 1011, are purported to be documents Cone prepared to

a file, and do not record or reflect any tax advice. However, the authorship of these documents cannot be identified on the face of the documents. Even if the authorship is verified, however, these documents simply explain/document the history of the formation of Chemtech, document the 1998 transaction, and note the existence of tax accounting issues. Thus, the tax practitioner privilege does not apply to these documents. [7]

### *The Attorney-Client Privilege*

The purpose of the attorney-client privilege is to encourage full and frank communication between an attorney and his client, and rests on the need for the attorney to be fully informed by the client in order to best represent the client's interests. The scope of this privilege is "shaped by its purposes." *United States v. Pipkins*, 528 F.2d 559, 563 (5th Cir. 1975), *cert. denied*, 426 U.S. 952, 96 S.Ct. 31777, 49 L.Ed. 2d 1191 (1976). The Second Circuit noted that "what is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer." *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961). *See also United States v. Miller*, 660 F.2d 563 (5th Cir. 1981).

In order to invoke the attorney-client privilege, a party must establish that: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is (the) member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b)

---

[7]It is self-evident that the tax practitioner privilege does not apply to log no. 1011 as that privilege did not exist at the time of the creation of this document, and the privilege is not retroactive.

without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client. *In re Grand Jury Proceedings*, 517 F.2d 666 (5th Cir.1975). Five elements are necessary to invoke the attorney-client privilege: (1) an attorney, (2) a client, (3) a communication, (4) confidentiality anticipated and preserved, and (5) legal advice or assistance being the purpose of the communication. *In re Vioxx Products Liability Litigation*, 501 F.Supp.2d 789 (E.D. La 2007). Also, In *U.S. v. El Paso Co.*, 682 F.2d 530 (5th Cir.1982), the Fifth Circuit noted that "[b]ecause the purpose of the attorney-client privilege is to promote the flow of information to the attorney to enable him to give informed legal advice, communications from lower echelon employees were within the privilege as long as the communications were made to the attorney to assist him in giving legal advice to the client corporation." *Id.*, at 530, *citing Upjohn v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed. 2d 584 (1981). However, "disclosure of any significant portion of a confidential communication waives the privilege as to the whole." *United States v. Davis,* 636 F.2d 1028, 1043 n. 18 (5th Cir. 1981). The court in *Davis* also opined that the attorney-client privilege "may not be tossed as a blanket over an undifferentiated group of documents." *Davis*, at 1044, n. 20. *See also United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1969).

When in-house legal counsel have responsibilities which extend beyond "mere rendering of legal advice," and participate in and render decisions about business issues, as well as purely legal issues, courts require a clear showing that the attorney was acting in his professional legal capacity before "cloaking documents in the

[attorney-client] privilege's protection." *In re Vioxx*, at 797. "Business advice, unrelated to legal advice, is not protected by the privilege even though conveyed by an attorney to the client." *In re CFS-Related Securities Fraud Litigation*, 223 F.R.D. 631 (N.D. Ok. 2004)*.* Of particular concern to the courts is the requirement that legal advice or assistance must be sought and given for the privilege to apply when in-house counsel is involved in the communications.  Communications between in-house counsel who are involved in various facets of the corporation for whom they work and the individuals who represent the corporate entity may involve business, technical, scientific or other advice, and a clear showing that the communication was primarily to render legal advice is required. *In re Vioxx*, at 797. *See also* 8 Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, *Federal Practice and Procedure* § 2026 (2d Ed. 2007).

However, when non-legal services such as correction of grammatical mistakes, suggestion of alternative language for a document, or business advice that must be given along with legal advice in order for the legal advice to be understood by a client, are mixed with legal services, it does not render the legal services any less protected by the privilege. In fact, they both are protected when they are inextricably intertwined.

The test for the application of the attorney-client privilege to communications with in-house counsel in which a mixture of services is sought is whether that counsel was participating in the communications primarily for the purpose of rendering legal advice or assistance. "Therefore, merely because a legal issue can be identified that relates to on-going communications does not justify shielding them from discovery. The lawyer's role as a lawyer must be primary to her participation." *Id.*

**Documents withheld under attorney-client privilege:**
**All 121 Entries on the Privilege Log**[8]

Chemtech claims the attorney-client privilege for each document on the privilege log.  The court examined each document in order to determine whether Chemtech met its burden of proof that the privilege is applicable.

Chemtech met its burden of establishing the elements of the attorney-client privilege with respect to the following documents:

> **Entries 17, 28, 43, 56, 60-61, 70, 80, 94, 142, 158, 170, 287, 329, 390, 392, 407-410, 438, 440, 441, 443, 445, 482, 484, 486, 489, 498, 500-502, 506, 530, 544, 609-610, 657-658, 662, 672, 674, 679, 711, 750-751, 753, 790-791, 830, 848, 928, 952, 966, 968- 969, 973, 997, 999, 1001, and 1003.**

Thus, these documents retain the privilege and shall not be produced.

For those entries which the court has determined are not privileged and thus must be produced, the court has identified the missing element(s) which renders the privilege inapplicable as to these documents.

**Entry 7**.  This document is an email regarding the proper preparation of Chemtech Royalty, L.P.'s 1996/1997 tax return.  Although an attorney is copied on the email, the email is neither addressed to, nor authored by counsel. The document contains no request for, or rendering of, legal advice; therefore, the attorney-client privilege is inapplicable to this document.

**Entries 31, 32, 33, 35, 36, 40, 42.**  These documents are amortization schedules for patents, Essex patents in particular, and the tax basis for those patents.  These

---

[8]There are 132 entries in total: 121 entries on the privilege log, and an additional 11 entries on the redacted documents log.  The redacted documents log is addressed separately.

documents contain factual data, and an explanation of the factual data to a tax attorney. In the case of entry no. 42, the document was prepared by an attorney to the file but there is no competent evidence to suggest that the information was communicated to a client. Thus, there is nothing in these documents to indicate that legal advice was requested  or rendered; thus, the attorney-client privilege is inapplicable to these documents.

   *Entries 34, 41, 481, 493, 504, and 838.* These documents concern factual data regarding taxable income allocations and royalty percentages, along with factual data regarding the patent amortization schedules. Entries 34 and 41 concern CRLP depreciation calculations, which are factual data, not legal advice. Further, with regard to entry 34, this document consists of handwritten notes, but there is no competent evidence regarding the authorship of this document.  Entries 481 and 493 concern tax analyses and distributions, and Entry 504 concerns the taxable income allocations, all of which are factual data based on mathematical calculations, and are generally used in the preparation of income tax returns, which, in turn, are work papers not protected by attorney-client privilege.  Entry 838 is a document prepared by an attorney to the file, and is a factual comparison between the original expiration dates of patents and new expiration dates under GATT legislation.  While prepared by an attorney, the information is factual data and contains no legal advice.  For all these documents, there is no evidence on the face of these documents, nor is there any competent evidence submitted in support of the privilege, that these documents contain primarily legal

advice rather than primarily business advice.   The attorney-client privilege is inapplicable to these documents.

**Entries 58, 59, 164, 166, 804, 1000.**   While these documents are authored or received by in-house counsel, it is not facially apparent that any legal advice was rendered.   Instead, these documents seem to reflect business policies. Moreover, Chemtech has provided no competent evidence to meet its burden that these documents are protected from disclosure by the attorney-client privilege; thus, the court determines that the documents shall be produced.

**Entries 970, 972, 974, 975 and 976.**   The entries are memoranda to file prepared by "Dow Chemical Company," most of which are undated, and there is nothing on the face of the documents to indicate that any legal advice was requested or rendered, and no other competent evidence was submitted in support of the privilege. The documents contain factual information relating to the formation of Chemtech II, and some common tax advice which would be available from an accountant.  Further, these documents have a contact list included in the documents, and at least one of those individuals is not a Dow entity.   It is also unclear as to how these documents were disseminated, or whether or not an attorney authored or received these documents. Chemtech has not met its burden regarding protection of these documents, and the attorney-client privilege is inapplicable to these documents.

**Entries 167, 995, 998.**   Entry 167 is a memo prepared to file by Cone and copied to James Hopper, a member of the tax department; entry 995 is the identical document, but with a different date, and was forwarded to the outside accounting firm; and entry 998 is the same memo with handwritten, grammatical changes by Jones, a

tax attorney.  As explained earlier,[9] this memo provides a background for Chemtech I and the formation of Chemtech II.  In all its forms, it is a business document, and on the face of the document, there is no indication that this was a communication between counsel and a client which consisted primarily of legal advice. The grammatical changes/edits made by the attorney do not constitute "legal advice."  Thus, there is no evidence on the face of these documents, nor is there any competent evidence submitted,  in support of the privilege.  The attorney-client privilege does not apply to these three documents.

  ***Entries 996, 1002, and 1011.***  Entry 996 is purportedly a note to file prepared by Cone related to the tax reserves of Chemtech; however, no competent evidence has been submitted in support of the authorship of this document.  Also, nowhere on the face of this note is there any reflection of legal advice or of any communication with counsel; this memo reflects the accounting principles inherent in recording and reporting tax reserves and therefore is not protected by the attorney-client privilege.  Likewise, entry 1011 is a handwritten note from Cone with audit reserve calculations, and contains no indication or information that legal advice was either sought or rendered; the document therefore is not privileged. Entry 1002 is an unsigned memo purportedly prepared by Cone, according to the log, but no competent evidence has been submitted which would establish the authorship of this document.  Moreover, even if authored by Cone, there is nothing on the face of the document that indicates legal advice was reflected or rendered; thus, there is no communication between client and counsel.  Further, the document itself indicates not that it was reporting legal advice, but rather

---

[9]*See* page 13-14, tax practitioner privilege section.

that a legal opinion should be sought on an issue.  The mere fact that an unsigned memo notes that a legal opinion is needed is not evidence that the opinion was actually sought.  Chemtech failed to meet its burden that these documents are privileged, and the documents shall be produced.

**Entries 979-994, 1004-1010, and 1012-1015.**  These entries were prepared by "Dow Chemical Company" to "file" and are spreadsheets/reports concerning the tax reserve analysis numbers, which concern ordinary financial or business advice.  Tax reserve analyses are part and parcel of accrual workpapers, which are discoverable in the Fifth Circuit.  *United States v. El Paso*, 682 F.2d 530 (5th Cir. 1982). Also, there is no evidence on the face of these documents as to the authorship of these documents, and no competent evidence has been submitted in support of the authorship, the communication to client, or the privilege.

In addition to arguing that these documents are protected by the attorney-client privilege and the work product doctrine, Chemtech also argues that these documents are "irrelevant and unduly prejudicial." However, apart from this conclusory statement, Chemtech fails to provide any explanation or authority as to why these documents are not relevant in a suit where defendant has alleged that the transactions were shams and constituted an abusive tax shelter. Relevancy is broad, as is the court's discretion to determine relevancy. The court therefore rejects Chemtech's arguments in this regard. Thus, there is no attorney-client privilege attached to these documents, and the documents shall be produced.

**The Redacted Documents Log - Entries 22-23, 60, 63, 65-71.**

Chemtech also prepared a "Contested Document Redacted Log," which contains eleven (11) entries.  Chemtech provided a copy of the redacted and unredacted copies of each entry for the court's review.  A comparison between the redacted and unredacted copies of these documents indicates that the redactions are proper as the redacted portions concern legal advice and therefore would be protected from disclosure.  Thus, the documents are protected from disclosure in their unredacted forms.

Accordingly,

**IT IS ORDERED** that defendant's motion to compel (rec. doc. 62) is **GRANTED in part** and **DENIED in part** as follows:

1.    Regarding the Contested Documents Log, the following log entries are privileged and shall not be produced: *Entries 17, 28, 43, 56, 60-61, 70, 80, 94, 142, 158, 170, 287, 329, 390, 392, 407-410, 438, 440, 441, 443, 445, 482, 484, 486, 489, 498, 500-502, 506, 530, 544, 609-610, 657-658, 662, 672, 674, 679, 711, 750-751, 753, 790-791, 830, 848, 928, 952, 966, 968-969, 973, 997, 999, 1001, and 1003.*

2.    Regarding the Contested Document Redacted log, all entries shall remain redacted as privileged.  *Entries 22-23, 60, 63, 65-71.*

3.    All documents found not to be privileged shall be produced within 14 days of the expiration of the time to take an appeal, if no appeal is taken, or if

an appeal is taken, within 14 days of the final decision of any interlocutory

appellate proceedings.[10]

4.    In all other respects, the motion is denied.

Signed in Baton Rouge, Louisiana, on September 23, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[10]See attached Contested Document Log with decision for each document.

Contested Document Withheld Log Produced Pursuant to June 4, 2010, Order

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 7 | 2/27/1997 | Recker, Mark (Tax Dept.) | Witt, Raymond (Tax Dept.) | Curry, William (Area Tax Counsel) | Email | TDCC Royalty Expense related to Chemtech Royalty LP | Attorney-Client Privilege | E-mail from Dow employee to in-house counsel for purposes of seeking input into the proper timing of Dow's royalty deduction accruals for variable royalties paid | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00000002 | CT-PRIV-00000002 | PRODUCE |
| 17 | 10/22/1996 | Curry, William (Area Tax Counsel) | File | | Memorandum | DTPC and DESA Tax Basis in CRLP | Attorney-Client Privilege | File memo for purposes of summarizing in-house tax counsel's analysis of the impact of section 3.1(f) profit allocations and section 4.2(b) distributions under the Chemtech partnership agreement on DTPC's and DESA's tax bases in their partnership interests under partnership tax provisions of Code | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00000003 | CT-PRIV-00000004 | A/C PRIVILEGE |
| 28 | 5/24/1995 | Curry, William (Area Tax Counsel) | Jones, Craig (Tax Counsel) | Hahn, Chuck (Tax Counsel (Tax Director)); Norris, William (Patent Counsel); Glenn, Michael (Patent Counsel); LaCross, Ed (Tax Counsel) | Memorandum with Marginalia | Impact of Chemtech Royalty Associates, L.P. Patent Life Extension | Attorney-Client Privilege | Memorandum between in-house counsel for purposes of summarizing legal analysis of the impact of GATT legislation on Chemtech book and tax items under applicable partnership tax rules | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The basis, depreciation, fair market value and/or royalty rates of the Chemtech patent portfolios | CT-PRIV-00000009 | CT-PRIV-00000013 | A/C PRIVILEGE |
| 31 | 5/17/1995 | Witt, Raymond (Tax Dept.) | Curry, William (Area Tax Counsel) | | Email | Essex Patents | Attorney-Client Privilege | E-mail from Dow employee to in-house tax counsel for the purpose of providing information regarding book and tax amortization of two Essex contributed patents in order to determine the legal impact of GATT | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The basis, depreciation, fair market value and/or royalty rates of the Chemtech patent portfolios | CT-PRIV-00000014 | CT-PRIV-00000014 | PRODUCE |
| 32 | 5/22/1995 | Mireku, Emmanuel (General Ledger) | Curry, William (Area Tax Counsel) | | Email | Book Basis | Attorney-Client Privilege | E-mail from Dow employee to in-house tax counsel for the purpose of providing information related to the daily amortization of Essex contributed patents in order to determine the legal impact of GATT | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The basis, depreciation, fair market value and/or royalty rates of the Chemtech patent portfolios | CT-PRIV-00000015 | CT-PRIV-00000015 | PRODUCE |

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 33 | 7/21/1993 | Lopez, Ron (Tax Dept.) | Curry, William (Tax Counsel) | Mireku, Emmanuel (General Ledger) | Email | Amortization of Patents | Attorney-Client Privilege | Email from Dow employee to in-house tax counsel for the purpose of providing information related to periodic amortization of Essex contributed patents in order to determine the legal impact of GATT | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The basis, depreciation, fair market value and/or royalty rates of the Chemtech patent portfolios | CT-PRIV-00000016 | CT-PRIV-00000016 | PRODUCE |
| 34 | Undated | Curry, William (Tax Counsel) | File | | Handwritten Notes | N/A | Attorney-Client Privilege | In-house tax counsel's notes recorded for the purpose of performing legal analysis regarding hypothetical situations under newly enacted GATT legislation with respect to tax amortization of patents | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The basis, depreciation, fair market value and/or royalty rates of the Chemtech patent portfolios | CT-PRIV-00000017 | CT-PRIV-00000020 | PRODUCE |
| 35 | 5/22/1995 | Curry, William (Area Tax Counsel) | Mireku, Emmanuel (General Ledger) | Curry, William (Area Tax Counsel) | Email | Book Basis | Attorney-Client Privilege | E-mail from in-house tax counsel to Dow employee for the purpose of seeking information to provide legal advice regarding the interpretation of GATT legislation with | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The basis, depreciation, fair market value and/or royalty rates of the Chemtech patent portfolios | CT-PRIV-00000021 | CT-PRIV-00000021 | PRODUCE |
| 36 | 5/22/1995 | Mireku, Emmanuel (General Ledger) | Curry, William (Area Tax Counsel) | | Email | Book Basis | Attorney-Client Privilege | E-mail from Dow employee to in-house tax counsel for the purpose of providing information related to the daily amortization of Essex contributed patents in order to determine the legal impact of GATT | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The basis, depreciation, fair market value and/or royalty rates of the Chemtech patent portfolios | CT-PRIV-00000022 | CT-PRIV-00000022 | PRODUCE |
| 40 | 5/17/1995 | Witt, Raymond (Tax Dept.) | Curry, William (Area Tax Counsel) | | Email | Essex Patent | Attorney-Client Privilege | E-mail from employee to in-house counsel providing information requested for purposes of analyzing tax legal issue relating to partnership book | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The basis, depreciation, fair market value and/or royalty rates of the Chemtech patent portfolios | CT-PRIV-00000026 | CT-PRIV-00000026 | PRODUCE |
| 41 | 8/25/1994 | Curry, William (Tax Counsel) | Leutenegger, Robert (Controller/Accounting Operation Manager) | | Fax | N/A | Attorney-Client Privilege | Fax from employee to in-house counsel providing information requested for purposes of analyzing tax legal issue relating to partnership book depreciation | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00000027 | CT-PRIV-00000030 | PRODUCE |

Contested Document Withheld Log Produced Pursuant to June 4, 2010, Order

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 42 | 8/24/1995 | Curry, William (Area Tax Counsel) | File | | Memorandum | Tax Basis of Patents 18.9A and 18.11A | Attorney-Client Privilege | File memorandum from in-house tax counsel for purposes of summarizing legal analysis of the appropriate tax bases and tax depreciation of certain patents contributed to Chemtech in light of book and tax basis differences | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00000031 | CT-PRIV-00000031 | PRODUCE |
| 43 | 8/23/1995 | Curry, William (Area Tax Counsel) | Leutenegger, Robert (Controller/Accounting Operation Manager) | Dickerson, James (Area Patent Counsel) | Correspondence | 1995 CRLP Royalty and Patent Amortization Information | Attorney-Client Privilege | Memorandum from in-house counsel for purposes of providing legal advice regarding the determination of tax and partnership book amortization under the | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The basis, depreciation, fair market value and/or royalty rates of the Chemtech patent portfolios | CT-PRIV-00000032 | CT-PRIV-00000033 | A/C PRIVILEGE |
| 56 | 10/4/1995 | Valenzuela, Ed (Tax Dept. (Economic Planner)) | Curry, William (Area Tax Counsel); Heinlein, Gregory (Treasury Dept. (Corporate Financial Planning)); Leutenegger, Robert (Controller/Accounting Operation Manager); Hahn, Chuck (Tax Counsel (Tax Director)); Jones, Craig (Tax Counsel) | | Email | Chemtech | Attorney-Client Privilege | E-mail from Dow employee to in-house counsel and employees for the purpose of requesting legal advice regarding the interpretation of GATT legislation and effects on patent lives and amortization | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The basis, depreciation, fair market value and/or royalty rates of the Chemtech patent portfolios | CT-PRIV-00000057 | CT-PRIV-00000057 | A/C PRIVILEGE |
| 58 | 10/23/1995 | Curry, William (Area Tax Counsel) | Witt, Raymond (Tax Dept.) | Jones, Craig (Tax Counsel); Curry, William (Area Tax Counsel); Dutot, Michael (Tax Dept.) | Email | Ifco and DTPC | Attorney-Client Privilege | E-mail from in-house counsel to Dow employee reflecting legal conclusions and seeking information for the purpose of providing legal analysis with respect to the legal impact of potential transactions regarding Dow entities involved in Chemtech partnership | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00000061 | CT-PRIV-00000062 | PRODUCE |
| 59 | 10/23/1995 | Witt, Raymond (Tax Dept.) | Curry, William (Area Tax Counsel) | Jones, Craig (Tax Counsel); Witt, Raymond (Tax Dept.); Dutot, Michael (Tax Dept.) | Email | Ifco and DTPC | Attorney-Client Privilege | E-mail from Dow employee to in-house tax counsel for the purpose of providing requested information for use in analyzing the legal impact of potential transactions regarding | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00000063 | CT-PRIV-00000063 | PRODUCE |
| 60 | 10/24/1995 | Jones, Craig (Tax Counsel) | Heinlein, Gregory (Treasury Dept. (Corporate Financial Planning)); Curry, William (Area Tax Counsel); Valenzuela, Ed (Tax Dept. (Economic Planner)) | | Correspondence | Chemtech Model | Attorney-Client Privilege | Correspondence from in-house tax counsel for the purpose of providing legal advice interpreting the overall impact of GATT legislation on the Chemtech partnership | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The basis, depreciation, fair market value and/or royalty rates of the Chemtech patent portfolios | CT-PRIV-00000064 | CT-PRIV-00000065 | A/C PRIVILEGE |

Contested Document Withheld Log Produced Pursuant to June 4, 2010, Order

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 61 | 10/9/1995 | Jones, Craig (Tax Counsel) | File | | Handwritten Notes | Game Plan | Attorney-Client Privilege | Notes drafted by in-house counsel for purposes of developing legal advice regarding interpretation of the GATT legislation and its impact on the Chemtech patents | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00000066 | CT-PRIV-00000066 | A/C PRIVILEGE |
| 70 | 4/27/1995 | Jones, Craig (Tax Counsel) | File | | Handwritten Notes | Chemtech | Attorney-Client Privilege | Handwritten notes drafted by in-house tax counsel for the purpose of interpreting the impact of GATT legislation with respect to the tax basis of Chemtech patents | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The basis, depreciation, fair market value and/or royalty rates of the Chemtech patent portfolios | CT-PRIV-00000088 | CT-PRIV-00000088 | A/C PRIVILEGE |
| 80 | 1/6/1997 | Curry, William (Area Tax Counsel) | Jones, Craig (Tax Counsel) | | Email String of 2 emails | Distribution of Patent Portfolios # 14.2, 14.3 & 15.2 | Attorney-Client Privilege | E-mail among in-house tax counsel for purposes of providing legal advice interpreting the tax laws regarding effects of distribution of patent portfolios | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | The distribution of Chemtech patent portfolios; Tax issues related to the Chemtech partnership | CT-PRIV-00000100 | CT-PRIV-00000101 | A/C PRIVILEGE |
| | 1/6/1997 | Curry, William (Area Tax Counsel) | Blackhurst, Eric (Legal Counsel (Finance)); Jones, Craig (Tax Counsel); Kanuch, Bruce (Patent Counsel); Janicki, Paul (Treasury Dept. (Corporate financial planning)) | Dickerson, James (Area Patent Counsel); DeMattia, Roberto (Senior Staff Legal Counsel); Demare, Michel (Director of Financial Risk Management) | | Distribution of Patent Portfolios # 14.2, 14.3 & 15.2 | Attorney-Client Privilege | E-mail from in-house tax counsel providing legal advice interpreting the tax effects of distribution of patent portfolios and asking recipients to consider potential options and issues | | | | | |
| 94 | 10/9/1995 | Curry, William (Area Tax Counsel) | Jones, Craig (Tax Counsel) | Hahn, Chuck (Tax Counsel (Tax Director)); Lallement, Jean-Pierre (Tax Dept.); Merszei, Geoffery (Treasurer for European Operations) | Correspondence | Allocation of Profits Within Chemtech Royalty Associates, L.P. | Attorney-Client Privilege | Correspondence from in-house tax counsel for purposes of providing legal advice interpreting the impact of GATT legislation on patent lives and patent amortization as detailed in the Chemtech partnership agreement | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | The structure and/or operation of Chemtech; Tax issues related to the Chemtech partnership; The basis, depreciation, fair market value and/or royalty rates of the Chemtech patent portfolios | CT-PRIV-00000108 | CT-PRIV-00000109 | A/C PRIVILEGE |

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 142 | 12/17/1997 | Curry, William (Area Tax Counsel) | Hahn, Chuck (Tax Counsel (Tax Director)); Merszei, Geoffery (Vice President and Treasurer); Demare, Michel (Director of Financial Risk Management); Blackhurst, Eric (Legal Counsel (Finance)); Jones, Craig (Tax Counsel); Ricci, Valeria (Treasury Dept | | Email | Chemtech-December 15 Small Group Meeting | Attorney-Client Privilege | Email from in-house counsel to employees for the purpose of summarizing legal analyses of (1) the impact of U.S. withholding tax regulations on the Chemtech partnership; and (2) outlining potential restructuring steps in light of the foregoing | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00000115 | CT-PRIV-00000116 | A/C PRIVILEGE |
| 158 | 2/3/1998 | Jones, Craig (Tax Counsel) | Hopper, James (Tax Dept.) | | Correspondence with Marginalia | N/A | Attorney-Client Privilege | Notes of in-house lawyer for purposes of providing legal advice regarding the tax impact of making a section 754 election upon restructuring the Chemtech partnership | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00000119 | CT-PRIV-00000119 | A/C PRIVILEGE |
| 164 | 8/6/1998 | Cone, Michael (Tax Accounting Manager) | Hopper, James (Tax Dept.) | | Email String of 3 Emails | FW: CPI | Attorney-Client Privilege | Confidential communication among client transmitting legal advice from in-house counsel regarding CPI and CP2I earnings distributions | Confidential communication between client and lawyer for the purposes of facilitating the rendition of legal services or legal advice to the client. | Tax issues related to the Chemtech partnership. | CT-PRIV-00000121 | CT-PRIV-00000121 | PRODUCE |
| | 8/6/1998 | Jones, Craig (Tax Counsel) | Cone, Michael (Tax Accounting Manager); Hopper, James (Tax Dept.) | | | RE: CPI | Attorney-Client Privilege | Confidential communication from in-house counsel to client providing legal advice regarding CPI and CP2I earnings distributions | | | | | |
| | 8/6/1998 | Cone, Michael (Tax Accounting Manager) | Jones, Craig (Tax Counsel) | Hopper, James (Tax Dept.) | | CPI | Attorney-Client Privilege | E-mail from Dow employee to in-house tax counsel for the purpose of obtaining legal tax advice regarding deferred tax and | | | | | |
| 166 | 8/17/1998 | Jones, Craig (Tax Counsel) | Hopper, James (Tax Dept.) | | Email String of 4 emails | FW: Tiger | Attorney-Client Privilege | E-mail from in-house tax counsel to Dow employee for the purpose of providing legal advice with respect to the anticipated tax result and basis step-up for the Chemtech II | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | The restructuring of the Chemtech partnership | CT-PRIV-00000125 | CT-PRIV-00000126 | PRODUCE |
| | 8/13/1998 | Janicki, Paul (Treasury Dept. (Corporate financial planning)) | Jones, Craig (Tax Counsel) | | | RE: Tiger | Attorney-Client Privilege | E-mail from Dow employee to in-house tax counsel for the purpose of acknowledging receipt of status update and legal advice on the outcome and tax result of Project Tiger | | | | | |

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 8/13/1998 | Jones, Craig (Tax Counsel) | Janicki, Paul (Treasury Dept. (Corporate financial planning)) | | | RE: Tiger | Attorney-Client Privilege | E-mail from in-house tax counsel to Dow employee for the purpose of providing legal advice and giving a status update regarding the tax result of Project | | | | | |
| | 8/11/1998 | Janicki, Paul (Treasury Dept. (Corporate financial planning)) | Jones, Craig (Tax Counsel) | | | Tiger | Attorney-Client Privilege | E-mail from Dow employee to in-house tax counsel for the purpose of obtaining legal advice on the outcome and tax result of Project Tiger | | | | | |
| 167 | 8/25/1998 | Cone, Michael (Tax Accounting Manager); Jones, Craig (Tax Counsel) | File | Hopper, James (Tax Dept.) | Memorandum with Marginalia | 1998 Chemtech restructuring | Attorney-Client Privilege; Work Product and 7525 Tax Practitioner's privilege | Memorandum from a federally authorized tax practitioner and in-house tax counsel to client file created for purposes of analyzing the appropriate tax treatment of each step in the restructuring of Chemtech into Chemtech II and to evaluate the potential outcomes of litigation as part of a tax reserve | Confidential communication between client and federally authorized tax practitioner, or between federally authorized tax practitioners, for purposes of facilitating the rendition of tax advice to the client; Document prepared in anticipation of litigation | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00000127 | CT-PRIV-00000128 | PRODUCE |
| 170 | 1998 | Jones, Craig (Tax Counsel) | File | | Flow Chart with Marginalia | Chemtech Restructuring Options | Attorney-Client Privilege | Chart created by in-house tax counsel reflecting legal advice and created for the purpose of recording legal advice regarding general legal and tax impacts with respect to options for restructuring the Chemtech partnership | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | The structure and/or operation of Chemtech | CT-PRIV-00000129 | CT-PRIV-00000129 | A/C PRIVILEGE |
| 287 | 6/15/1993 | Curry, William (Tax Counsel) | Ashley, Carol (Controllers Office); Galle, Andre (Tax Dept. (Corporate)) | Brink, Paul (Tax Counsel) (Tax Director)) | Memorandum | Chemtech Royalty Associates, L.P. Unwind Analysis | Attorney-Client Privilege and Attorney Work Product | Memorandum from in-house tax counsel to Dow employees for the purpose of providing legal advice regarding federal income tax treatment of different approaches to partnership liquidation; prepared in anticipation of litigation regarding the tax consequences associated with the Chemtech partnership | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client; Document prepared in anticipation of litigation | Tax issues related to the Chemtech partnership | CT-PRIV-00000399 | CT-PRIV-00000406 | A/C PRIVILEGE |

Contested Document Withheld Log Produced Pursuant to June 4, 2010, Order

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 329 | 12/18/1997 | Curry, William (Area Tax Counsel) | Ward, Douglas (Controllers Office (Director of Corporate Reporting)); Ricci, Valeria (Treasury Dept. (Financial Planning Manager)) | Valenzuela, Ed (Tax Dept. (Economic Planner)); Curiale, Vincenzo (Controller (Accounting Operation Manager)); Jones, Craig (Tax Counsel); Demare, Michel (Director of Financial Risk Management) | Email | December Chemtech Payments | Attorney-Client Privilege | E-mail from in-house counsel for purposes of providing legal advice regarding the impact of changes to the withholding tax regulations on royalty payments | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | The structure and/or operation of Chemtech; Tax issues related to the Chemtech partnership | CT-PRIV-00000580 | CT-PRIV-00000580 | A/C PRIVILEGE |
| 390 | 1/6/1997 | Blackhurst, Eric (Legal Counsel (Finance)) | Kanuch, Bruce (Patent Counsel); Curry, William (Area Tax Counsel); Jones, Craig (Tax Counsel) | DeMattia, Roberto (Senior Staff Legal Counsel); Demare, Michel (Director of Financial Risk Management); Dickerson, James (Area Patent Counsel); Janicki, Paul (Treasury Dept. (Corporate financial planning)) | Email String of 2 Emails | Distribution of Patent Portfolios # 14.2, 14.3 & 15.2 | Attorney-Client Privilege | Email from in-house corporate counsel for the purpose providing legal advice regarding proposed DTPC distribution of Patent Portfolios 14.2, 14.3, and 15.2 and seeking input from in-house tax counsel on federal tax consequences of same | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | The distribution of Chemtech patent portfolios; Tax issues related to the Chemtech partnership | CT-PRIV-00000601 | CT-PRIV-00000602 | A/C PRIVILEGE |
| | 1/6/1997 | Curry, William (Area Tax Counsel) | Blackhurst, Eric (Legal Counsel (Finance)); Jones, Craig (Tax Counsel); Kanuch, Bruce (Patent Counsel); Janicki, Paul (Treasury Dept. (Corporate financial planning)) | Dickerson, James (Area Patent Counsel); DeMattia, Roberto (Senior Staff Legal Counsel); Demare, Michel (Director of Financial Risk Management) | | Distribution of Patent Portfolios # 14.2, 14.3 & 15.2 | Attorney-Client Privilege | Email exchange among in-house counsel and others for the purpose of seeking legal advice regarding proposed DTPC distribution of Patent Portfolios 14.2, 14.3, and 15.2 | | | | | |
| 392 | 1/6/1997 | Kanuch, Bruce (Patent Counsel) | Blackhurst, Eric (Legal Counsel (Finance)); Valenzuela, Ed (Tax Dept. (Economic Planner)) | | Email String of 2 Emails | Distribution of Patent Portfolios # 14.2, 14.3 & 15.2 | Attorney-Client Privilege | Email discussion among in-house counsel for the purpose of providing legal advice on the method in which DTPC will distribute Patent Portfolios 14.2, 14.3, and 15.2 following their distribution from the Chemtech Partnership | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | The distribution of Chemtech patent portfolios | CT-PRIV-00000603 | CT-PRIV-00000603 | A/C PRIVILEGE |
| | 1/6/1997 | Curry, William (Area Tax Counsel) | Blackhurst, Eric (Legal Counsel (Finance)); Jones, Craig (Tax Counsel); Kanuch, Bruce (Patent Counsel); Janicki, Paul (Treasury Dept. (Corporate financial planning)) | Dickerson, James (Area Patent Counsel); DeMattia, Roberto (Senior Staff Legal Counsel); Demare, Michel (Director of Financial Risk Management) | | FW: Distribution of Patent Portfolios # 14.2, 14.3 & 15.2 | Attorney-Client Privilege | Email discussion among in-house counsel for the purpose of providing legal advice on the method in which DTPC will distribute Patent Portfolios 14.2, 14.3, and 15.2 following their distribution from the Chemtech partnership | | | | | |

Contested Document Withheld Log Produced Pursuant to June 4, 2010, Order

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 407 | 1/15/1998 | Jones, Craig (Tax Counsel) | File | | Memorandum with Marginalia | Chemtech Restructuring | Attorney-Client Privilege | Memorandum drafted for the purpose of analyzing the tax consequences of alternative restructuring options of the Chemtech partnership in light of new withholding tax regulations.  The memorandum identifies legal risks, and | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00000607 | CT-PRIV-00000607 | A/C PRIVILEGE |
| 408 | 1/16/1998 | Curry, William (Area Tax Counsel) | Demare, Michel (Director of Financial Risk Management) | Hahn, Chuck (Tax Counsel (Tax Director)); Jones, Craig (Tax Counsel);  Merszei, Geoffery (Vice President and Treasurer);  Brod, Frank (Controller) | Email | Steps to Restructure Chemtech | Attorney-Client Privilege | Email from in-house counsel for the purpose of advising on required restructuring steps in light of new withholding regulations and partnership agreement | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00000608 | CT-PRIV-00000610 | A/C PRIVILEGE |
| 409 | 2/3/1998 | Jones, Craig (Tax Counsel) | File | | Memorandum with Marginalia | Chemtech Restructuring | Attorney-Client Privilege | Memorandum from in-house counsel for the purpose of analyzing the tax consequences of alternative restructuring options of the Chemtech partnership in light of new withholding tax regulations.  The memorandum identifies | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00000611 | CT-PRIV-00000612 | A/C PRIVILEGE |
| 410 | 2/3/1998 | Jones, Craig (Tax Counsel) | File | | Memorandum | Chemtech Restructuring Options Background | Attorney-Client Privilege | Memorandum drafted for the purpose of analyzing the tax consequences of alternative restructuring options of the Chemtech partnership in light of new withholding tax regulations.  The memorandum identifies legal risks. | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00000613 | CT-PRIV-00000618 | A/C PRIVILEGE |
| 438 | 2/19/1998 | Blackhurst, Eric (Legal Counsel (Finance)) | Grzebinski, David (Treasury Dept. (Senior Finance Analyst)); Escudero, Alfonso (Treasury Dept., Midland, MI (Corporate Funding Director)); Jones, Craig (Tax Counsel) | | Correspondence with Attachment | Project Gamba | Attorney-Client Privilege | Correspondence attaching memorandum and draft term sheet from outside counsel advice for purposes of analyzing options and proposing terms for the admission of a new partner as part of the Chemtech partnership's reorganization in light of | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00000629 | CT-PRIV-00000649 | A/C PRIVILEGE |
| 440 | 12/17/1997 | Grzebinski, David (Treasury Dept.) | Escudero, Alfonso (Treasury Dept., Midland, MI Corporate Funding Director)) (Treasury Dept., Midland, MI) (Corporate Funding Director)) | | Email String of 3 Emails | FW: Chemtech-December 15 Small Group Meeting | Attorney-Client Privilege | Email between client forwarding advice from in-house counsel written for the purpose of transmitting in-house counsel's advice and to outline of various alternatives for the restructuring of the Chemtech partnership in response to new | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00000659 | CT-PRIV-00000661 | A/C PRIVILEGE |

Contested Document Withheld Log Produced Pursuant to June 4, 2010, Order

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 12/17/1997 | Jones, Craig (Tax Counsel) | Escudero, Alfonso (Treasury Dept., Midland, MI (Corporate Funding Director) (Treasury Dept., Midland, MI (Corporate Funding Director)); Grzebinski, David (Treasury Dept. (Senior Finance Analyst)) | Hahn, Chuck (Tax Counsel (Tax Director)); Curry, William (Area Tax Counsel) | | FW: Chemtech-December 15 Small Group Meeting | Attorney-Client Privilege | Email from in-house counsel written for the purpose of transmitting in-house counsel's advice and to outline of various alternatives for the restructuring of the Chemtech partnership in response to new withholding tax regulations | | | | | |
| | 12/17/1997 | Curry, William (Area Tax Counsel) | Hahn, Chuck (Tax Counsel (Tax Director)); Merszei, Geoffery (Vice President and Treasurer);  Demare, Michel (Director of Financial Risk Management), Blackhurst, Eric (Legal Counsel (Finance)); Jones, Craig (Tax Counsel);  Ricci, Valeria (Treasury Dept. | | | Chemtech-December 15 Small Group Meeting | Attorney-Client Privilege | Email from in-house counsel to employees for the purpose of summarizing legal analyses of (1) the impact of U.S. withholding tax regulations on the Chemtech partnership; and (2) outlining potential restructuring steps in light of the foregoing | | | | | |
| 441 | 1/16/1998 | Curry, William (Area Tax Counsel) | Demare, Michel (Director of Financial Risk Management) | Hahn, Chuck (Tax Counsel (Tax Director)); Jones, Craig (Tax Counsel);  Merszei, Geoffery (Vice President and Treasurer);  Brod, Frank (Controller) | Email with Marginalia | Steps to Restructure Chemtech | Attorney-Client Privilege and Attorney Work Product | Email from in-house counsel to employee for the purpose of advising on steps necessary to restructure Chemtech in light of changes in US withholding tax regulations and interpretation of transaction agreements to effect unwind | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client; Document prepared in anticipation of litigation | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00000662 | CT-PRIV-00000665 | **A/C PRIVILEGE** |
| 443 | 1/5/1998 | Baker, Nancy (Corporate Treasury); Merszei, Geoffery (Vice President and Treasurer) | Janicki, Paul (Treasury Dept. (Corporate financial planning)) | | Email String | FW: Chemtech-December 15 Small Group Meeting | Attorney-Client Privilege | Email between employees drafted for the purpose of transmitting lawyer's advice and outline of various alternatives for the restructuring of the Chemtech partnership in | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00000669 | CT-PRIV-00000670 | **A/C PRIVILEGE** |
| | 12/17/1997 | Curry, William (Area Tax Counsel) | Hahn, Chuck (Tax Counsel (Tax Director)); Merszei, Geoffery (Vice President and Treasurer);  Demare, Michel (Director of Financial Risk Management); Blackhurst, Eric (Legal Counsel (Finance)); Jones, Craig (Tax Counsel);  Ricci, Valeria (Treasury Dept. | | | Email String | Chemtech-December 15 Small Group Meeting | Attorney-Client Privilege | Email from in-house counsel to employees for the purpose of summarizing legal analyses of (1) the impact of U.S. withholding tax regulations on the Chemtech partnership; and (2) outlining potential restructuring steps in light of the | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | | | |

Contested Document Withheld Log Produced Pursuant to June 4, 2010, Order

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 445 | 8/1/1997 | Janicki, Paul (Treasury Dept. (Corporate financial planning)) | File | | Handwritten Notes | N/A | Attorney-Client Privilege | Handwritten notes taken for the purpose of summarizing legal advice received from in-house counsel William Curry on the impact of new withholding tax regulations and the | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | The structure and/or operation of Chemtech; Tax issues related to the Chemtech partnership | CT-PRIV-00000671 | CT-PRIV-00000672 | A/C PRIVILEGE |
| 481 | 2/28/1994 | Leutenegger, Robert (Controller/Accounting Operation Manager) | Curry, William (Tax Counsel) | | Fax with Attachment | Partnership Book - Tax Analysis | Attorney-Client Privilege | Fax from employee to in-house counsel attaching memorandum for the purpose of summarizing advice of in-house counsel relating to the application of technical tax rules to the partnership agreement, such as the maintenance of partnership capital accounts and the profits test | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | The structure and/or operation of Chemtech; Tax issues related to the Chemtech partnership | CT-PRIV-00000687 | CT-PRIV-00000719 | PRODUCE |
| 482 | 3/13/1994 | Leutenegger, Robert (Controller/Accounting Operation Manager) | Curry, William (Tax Counsel) | Galle, Andre (Tax Dept. (Corporate)) | Email String of 2 Emails | CRLP Calculations | Attorney-Client Privilege | Email from employee to in-house counsel for the purpose of confirming an understanding of the proper tax allocation of residual income within the Chemtech partnership in light of counsel's prior advice | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00000720 | CT-PRIV-00000721 | A/C PRIVILEGE |
| | 3/13/1994 | Curry, William (Tax Counsel) | Leutenegger, Robert (Controller/Accounting Operation Manager); | Galle, Andre (Tax Dept. (Corporate)) | | CRLP Calculations | Attorney-Client Privilege | Email from in-house counsel to employee for the purpose of advising on the allocation of partnership book and tax income under partnership tax and partnership agreement provisions | | | | | |
| 484 | 3/31/1994 | Curry, William (Tax Counsel) | Leutenegger, Robert (Controller/Accounting Operation Manager) | Ashley, Carol (Controllers Office); Galle, Andre (Tax Dept. (Corporate)) | Email | Ifco Allocations Post August 4 | Attorney-Client Privilege | Email from in-house counsel to employee reflecting advice received from outside counsel for the purpose of analyzing the proper partnership allocations of income to Ifco following entry of additional Class A Limited partners | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00000722 | CT-PRIV-00000722 | A/C PRIVILEGE |

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 486 | 3/11/1994 | Curry, William (Tax Counsel) | Leutenegger, Robert (Controller/Accounting Operation Manager) | Galle, Andre (Tax Dept. (Corporate)) | Email | CRLP Calculations | Attorney-Client Privilege | Email from in-house counsel to employee for the purpose of advising on the allocation of partnership book and tax income under partnership tax and partnership agreement provisions | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00000723 | CT-PRIV-00000723 | A/C PRIVILEGE |
| 489 | 12/20/1993 | Curry, William (Tax Counsel) | Brink, Paul (Tax Counsel (Tax Director)) | Ashley, Carol (Controllers Office); Galle, Andre (Tax Dept. (Corporate)) | Memorandum | Project IF Review | Attorney-Client Privilege | Memorandum drafted by in-house counsel for the purpose of reviewing advice from outside counsel, tax implications, and conclusions regarding strength of reporting positions taken in connection with the transactions surrounding the Chemtech partnership | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | The formation of the Chemtech partnership; Tax issues related to the Chemtech partnership | CT-PRIV-00000724 | CT-PRIV-00000726 | A/C PRIVILEGE |
| 493 | 2/17/1994 | Leutenegger, Robert (Controller/Accounting Operation Manager) | Curry, William (Tax Counsel) | Galle, Andre (Tax Dept. (Corporate)) | Fax | Partnership Book - Tax Analysis | Attorney-Client Privilege | Fax from employee to in-house counsel attaching memorandum for the purpose of summarizing advice of in-house counsel relating to the application of technical tax rules to the partnership agreement, such as the maintenance of partnership capital accounts and the profits test | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | The structure and/or operation of Chemtech; Tax issues related to the Chemtech partnership | CT-PRIV-00000727 | CT-PRIV-00000749 | PRODUCE |
| 498 | 7/18/1994 | Cone, Michael (Tax Accounting Manager) | Curry, William (Tax Counsel);  Dutot, Michael (Tax Dept.); Johnson, Kevin (Tax Counsel);  Allbee, Frank (Tax Dept.) | | Email | IF entities - memo II | Attorney-Client Privilege | Email from employee to in-house counsel for the purpose of obtaining legal advice with respect to Chemtech Portfolio, Inc. on (1) the apportionment of interest expense against foreign source income under federal tax law; and (2) the impact of regulations | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00000779 | CT-PRIV-00000779 | A/C PRIVILEGE |
| 500 | 7/18/1994 | Cone, Michael (Tax Accounting Manager) | Dutot, Michael (Tax Dept.);  Johnson, Kevin (Tax Counsel);  Curry, William (Tax Counsel) | Allbee, Frank (Tax Dept.) | Email | ifco inc. | Attorney-Client Privilege | Email from employee to in-house counsel for the purpose of seeking legal advice on certain compliance issues related to tax positions taken by Dow as a result of the transactions surrounding the Chemtech partnership, including (1) asset base | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00000781 | CT-PRIV-00000782 | A/C PRIVILEGE |

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 501 | 7/25/1994 | Johnson, Kevin (Tax Counsel) | Cone, Michael (Tax Accounting Manager) | Curry, William (Tax Counsel); Dutot, Michael (Tax Dept.) | Email | IFCO | Attorney-Client Privilege | Email from in-house counsel to employee for the purpose of advising on the appropriate allocation and apportionment under section 861 regulations | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00000783 | CT-PRIV-00000784 | A/C PRIVILEGE |
| 502 | 11/5/1993 | Johnson, Kevin (Tax Counsel) | Cone, Michael (Tax Accounting Manager) | | Correspondence | Allocation of Expenses in Project IF | Attorney-Client Privilege | Memorandum from in-house counsel to employee for the purpose of summarizing legal analysis regarding the proper allocation of expenses on sales made under the protection of | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00000785 | CT-PRIV-00000787 | A/C PRIVILEGE |
| 504 | 7/20/1994 | Curry, William (Tax Counsel) | Cone, Michael (Tax Accounting Manager) | | Correspondence with Attachment | Ifco Taxable Income Allocations from Chemtech Royalty Associates, L.P. | Attorney-Client Privilege | Memorandum from in-house counsel for the purpose of analyzing Ifco's taxable income allocations from Chemtech under IRC section 861 | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00000791 | CT-PRIV-00000796 | PRODUCE |
| 506 | 9/2/1993 | Coffeen, Mark (Tax Dept. (Corporate)) | Curry, William (Tax Counsel) | Dutot, Michael (Tax Dept.); Galle, Andre (Tax Dept. (Corporate)) | Email | IF project international tax issues | Attorney-Client Privilege | Email from employee to in-house counsel for the purpose of seeking advice regarding international tax issues applicable to DESA as a result of its investment in the Chemtech partnership, such as source of income and | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00000797 | CT-PRIV-00000797 | A/C PRIVILEGE |
| 530 | 7/1/1997 | Blackhurst, Eric (Legal Counsel (Finance)) | Curry, William (Area Tax Counsel); Kanuch, Bruce (Patent Counsel); Jones, Craig (Tax Counsel) | DeMattia, Roberto (Senior Staff Legal Counsel); Demare, Michel (Director of Financial Risk Management); Dickerson, James (Area Patent Counsel); Janicki, Paul (Treasury Dept. (Corporate financial planning)) | Email String of 2 Emails with Marginalia | Distribution of Patent Portfolios # 14.2, 14.3 & 15.2 | Attorney-Client Privilege | Email from in-house counsel for the purpose of discussing alternatives regarding the distribution of Patent Portfolios 14.2, 14.3, and 15.2 from DTPC to comply with legal and tax requirements | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | The distribution of Chemtech patent portfolios | CT-PRIV-00000804 | CT-PRIV-00000805 | A/C PRIVILEGE |
| | 6/1/1997 | Curry, William (Area Tax Counsel) | Blackhurst, Eric (Legal Counsel (Finance)); Jones, Craig (Tax Counsel); Janicki, Paul (Treasury Dept. (Corporate financial planning)); Kanuch, Bruce (Patent Counsel) | Dickerson, James (Area Patent Counsel); DeMattia, Roberto (Senior Staff Legal Counsel); Demare, Michel (Director of Financial Risk Management) | | Distribution of Patent Portfolios # 14.2, 14.3 & 15.2 | Attorney-Client Privilege | Email from in-house counsel for the purpose of discussing alternatives regarding the distribution of Patent Portfolios 14.2, 14.3, and 15.2 from DTPC to comply with legal and tax requirements | | | | | |

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 544 | 6/1/1997 | Curry, William (Area Tax Counsel) | Blackhurst, Eric (Legal Patent Counsel); Jones, Craig (Tax Counsel); Kanuch, Bruce (Patent Counsel); Janicki, Paul (Treasury Dept. (Corporate financial planning)) | Dickerson, James (Area Patent Counsel); DeMattia, Roberto (Senior Staff Legal Counsel); Demare, Michel (Director of Financial Risk Management) | Email with Marginalia | Distribution of Patent Portfolios # 14.2, 14.3 & 15.2 | Attorney-Client Privilege | Email from in-house counsel to employee for the purpose of discussing the legal requirements with respect to, and examining options for, the distribution of Patent Portfolios 14.2, 14.3 and | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | The distribution of Chemtech patent portfolios | CT-PRIV-00000815 | CT-PRIV-00000815 | A/C PRIVILEGE |
| 609 | 11/7/1997 | Hahn, Chuck (Tax Counsel (Tax Director)) | Reinhard, Pedro (Executive Vice President and Chief Financial Officer); Merszei, Geoffery (Vice President and Treasurer) | | Email | Chemtech | Attorney-Client Privilege | Email for the purpose of summarizing the legal effect and impact that new U.S. withholding tax regulations would have on the existing Chemtech structure for payments made after | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00000836 | CT-PRIV-00000836 | A/C PRIVILEGE |
| 610 | 2/3/1998 | Jones, Craig (Tax Counsel) | File | | Memorandum with Marginalia | | Chemtech Restructuring | Attorney-Client Privilege | Memorandum from in-house counsel for the purpose of analyzing the tax consequences of alternative restructuring options of the Chemtech Partnership in light of new withholding tax regulations. The memorandum also identifies legal risks. | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00000837 | CT-PRIV-00000844 | A/C PRIVILEGE |
| 657 | 2/19/1998 | Blackhurst, Eric (Legal Counsel (Finance)) | Grzebinski, David (Treasury Dept. (Senior Finance Analyst)); Escudero, Alfonso (Treasury Dept., Midland, MI (Corporate Funding Director)); Jones, Craig (Tax Counsel) | | Correspondence with Attachment | Project Gamba | Attorney-Client Privilege | Correspondence attaching memorandum and draft term sheet from outside counsel advice for purposes of analyzing options and proposing terms for the admission of a new partner as part of the Chemtech partnership's | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | The restructuring of the Chemtech partnership | CT-PRIV-00000851 | CT-PRIV-00000871 | A/C PRIVILEGE |
| 658 | 2/19/1998 | Curry, William (Area Tax Counsel) | Escudero, Alfonso (Treasury Dept., Midland, MI (Corporate Funding Director)); Grzebinski, David (Treasury Dept. (Senior Finance Analyst)) | Demare, Michel (Director of Financial Risk Management); Blackhurst, Eric (Legal Counsel (Finance)) | Email String of 2 Emails | FW: Steps to Restructure Chemtech | Attorney-Client Privilege | Email from in-house counsel for the purpose of forwarding in-house counsel outline of the principal steps necessary for restructuring the Chemtech partnership, including (1) identifying the changes in U.S. withholding tax | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00000872 | CT-PRIV-00000874 | A/C PRIVILEGE |
| | 1/16/1998 | Curry, William (Area Tax Counsel) | Demare, Michel (Director of Financial Risk Management) | Hahn, Chuck (Tax Counsel (Tax Director)); Jones, Craig (Tax Counsel); Merszei, Geoffery (Vice President and Treasurer); Brod, Frank (Controller) | | Steps to Restructure Chemtech | Attorney-Client Privilege | Email from in-house counsel for the purpose of advising on steps necessary to restructure Chemtech in light of changes in US withholding tax regulations and | | | | | |

Contested Document Withheld Log Produced Pursuant to June 4, 2010, Order

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 662 | 12/17/1997 | Jones, Craig (Tax Counsel) | Grzebinski, David (Treasury Dept. (Senior Finance Analyst)) | Curry, William (Area Tax Counsel);  Hahn, Chuck (Tax Counsel (Tax Director)) | Email String of 2 Emails | FW: Chemtech-December 15 Small Group Meeting | Attorney-Client Privilege | Email between employees transmitting lawyer's advice and outline of various alternatives for the restructuring of the Chemtech partnership in response to new withholding tax regulations | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership;  The restructuring of the Chemtech partnership | CT-PRIV-00000884 | CT-PRIV-00000885 | A/C PRIVILEGE |
| | 12/17/1997 | Curry, William (Area Tax Counsel) | Hahn, Chuck (Tax Counsel (Tax Director));  Merszei, Geoffery (Vice President and Treasurer);  Demare, Michel (Director of Financial Risk Management);  Blackhurst, Eric (Legal Counsel (Finance));  Jones, Craig (Tax Counsel);  Ricci, Valeria (Treasury Dept. (Financial Planning Manager)) | | | Chemtech-December 15 Small Group Meeting | Attorney-Client Privilege | Email from in-house counsel to employees for the purpose of summarizing legal analyses of (1) the impact of U.S. withholding tax regulations on the Chemtech partnership; and (2) outlining potential restructuring steps in light of the foregoing | | | | | |
| 672 | 12/4/1997 | Curry, William (Area Tax Counsel) | File | | Memorandum | Analysis of Impact Due to Potential US Withholding Tax on the Various Investment Agreements | Attorney-Client Privilege | Memorandum from in-house counsel for the purpose of memorializing legal analysis of the impact due to potential U.S. withholding tax regulations on the various investment agreements, including summary on withholding | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00000902 | CT-PRIV-00000903 | A/C PRIVILEGE |
| 674 | 2/3/1998 | Jones, Craig (Tax Counsel) | File | | Memorandum | Chemtech Restructuring | Attorney-Client Privilege | Memorandum from in-house counsel for the purpose of analyzing the tax consequences and legal risks of alternative restructuring options of the Chemtech Partnership in light of new withholding tax regulations | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership;  The restructuring of the Chemtech partnership | CT-PRIV-00000904 | CT-PRIV-00000911 | A/C PRIVILEGE |
| 679 | 10/1993 | Curry, William (Tax Counsel) | File | | Presentation | Key Features of Project IF | Attorney-Client Privilege | Presentation drafted by in-house counsel for the purpose of explaining certain legal and tax aspects of the Chemtech partnership and providing advice on the appropriate corporate procedures for the processing of patent legal issues in light of partnership legal obligations | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | The contribution of assets to the Chemtech partnership;  The formation of the Chemtech partnership;  The structure and/or operation of Chemtech; On-going or potential patent infringement actions related to the Chemtech patents;  The sub-licensing of the Chemtech patents | CT-PRIV-00000959 | CT-PRIV-00000981 | A/C PRIVILEGE |

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 711 | 1/16/1998 | Jones, Craig (Tax Counsel) | Curry, William (Area Tax Counsel) | | Email String of 3 Emails | RE: Chemtech Restructuring | Attorney-Client Privilege | Email from between in-house counsel for the purpose of discussing options for the restructuring of the Chemtech Partnership in light of new withholding tax regulations | Confidential communication between client and attorney for purposes of facilitating the rendition of legal services or legal advice to the client | The restructuring of the Chemtech partnership | CT-PRIV-00000983 | CT-PRIV-00000983 | A/C PRIVILEGE |
| | 1/16/1998 | Curry, William (Area Tax Counsel) | Jones, Craig (Tax Counsel) | | | RE: Chemtech Restructuring | Attorney-Client Privilege | Email between in-house counsel for the purpose of discussing options for the restructuring of the Chemtech Partnership in light of new withholding | | | | | |
| | 1/15/1998 | Jones, Craig (Tax Counsel) | Grzebinski, David (Treasury Dept. (Senior Finance Analyst)); Curry, William (Area Tax Counsel) | | | Chemtech Restructuring | Attorney-Client Privilege | Email from in-house counsel to employee and in-house counsel for the purpose of providing legal advice regarding options for the restructuring of the Chemtech Partnership in | | | | | |
| 750 | 4/15/1998 | Curiale, Vincenzo (Controller (Accounting Operation Manager) | Curry, William (Area Tax Counsel);  Recker, Mark (Tax Dept.) | Jones, Craig (Tax Counsel) | Email with Attachment | RE: CRLP Profits and Income Adjustment for 1st QTR | Attorney-Client Privilege | Email from employee to in-house counsel reflecting advice received from in-house counsel for the purpose of determining proper tax allocations of profit | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The basis, depreciation, fair market value and/or royalty rates of the Chemtech patent portfolios | CT-PRIV-00000989 | CT-PRIV-00001011 | A/C PRIVILEGE |
| 751 | 4/16/1998 | Curry, William (Area Tax Counsel) | Curiale, Vincenzo (Controller (Accounting Operation Manager); Recker, Mark (Tax Dept.) | Jones, Craig (Tax Counsel) | Email String of 4 Emails | RE: CRLP Profits and Income Adjustment for 1st QTR | Attorney-Client Privilege | Confidential communication from in-house counsel to employees for the purpose of confirming the allocation of profits and taxable income of | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001012 | CT-PRIV-00001014 | A/C PRIVILEGE |
| | 4/15/1998 | Recker, Mark (Tax Dept.) | Curiale, Vincenzo (Controller (Accounting Operation Manager) | Curry, William (Area Tax Counsel);  Jones, Craig (Tax Counsel) | | RE: CRLP Profits and Income Adjustment for 1st QTR | Attorney-Client Privilege | Confidential communication among employees reflecting advice received from in-house counsel for the purpose of correcting the allocation of profits and taxable income of the Chemtech partnership | | | | | |
| | 4/15/1998 | Curiale, Vincenzo (Controller (Accounting Operation Manager)) | Curry, William (Area Tax Counsel);  Recker, Mark (Tax Dept.) | Jones, Craig (Tax Counsel) | | RE: CRLP Profits and Income Adjustment for 1st QTR | Attorney-Client Privilege | Confidential communication from employee to in-house counsel reflecting advice from in-house counsel for the purpose of | | | | | |

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  | 4/14/1998 | Recker, Mark (Tax Dept.) | Curry, William (Area Tax Counsel); Curiale, Vincenzo (Controller (Accounting Manager)) | Jones, Craig (Tax Counsel) |  | CRLP Profits and Income Adjustment for 1st QTR | Attorney-Client Privilege | Email from employee to in-house counsel reflecting advice received from in-house counsel for the purpose of correcting the allocation of profits and taxable income of the Chemtech partnership |  |  |  |  |  |
| 753 | 4/17/1998 | Ricci, Valeria (Treasury Dept. (Financial Planning Manager)) | Curiale, Vincenzo (Controller (Accounting Operation Manager)); Curry, William (Area Tax Counsel) | Demare, Michel (Director of Financial Risk Management); Tsantilis, Panos (European Financial Accounting Manager (Dow France)); Valenzuela, Ed (Tax Dept. (Economic Planner)); Mallet, Marcel (Controller) | Email String of 4 Emails with Attachment | RE: Second Installment of the Purchase Price | Attorney-Client Privilege | Email from employee to in-house counsel for the purpose of providing counsel with information in order to provide legal advice regarding the process for complying with the transaction documents' requirements for making the second installment of | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001015 | CT-PRIV-00001021 | A/C PRIVILEGE |
|  | 4/16/1998 | Curry, William (Area Tax Counsel) | Ricci, Valeria (Treasury Dept. (Financial Planning Manager)); Curiale, Vincenzo (Controller (Accounting Operation Manager)) | Demare, Michel (Director of Financial Risk Management); Tsantilis, Panos (European Financial Accounting Manager (Dow France)); Valenzuela, Ed (Tax Dept. (Economic | | RE: Second Installment of the Purchase Price | Attorney-Client Privilege | Email from in-house counsel to employees for the purpose of answering questions regarding the transaction documents' requirements for compliance with regard to the payment of the |  |  |  |  |  |
|  | 4/16/1998 | Curiale, Vincenzo (Controller (Accounting Operation Manager)) | Curry, William (Area Tax Counsel); Ricci, Valeria (Treasury Dept. (Financial Planning Manager)) | Demare, Michel (Director of Financial Risk Management); Tsantilis, Panos (European Financial Accounting Manager (Dow France)); Valenzuela, Ed (Tax Dept. (Economic | | RE: Second Installment of the Purchase Price | Attorney-Client Privilege | Email from in-house counsel to employees for the purpose of updating counsel on the process for complying with the transaction documents' requirements for making the second installment of the purchase price to the |  |  |  |  |  |
|  | 4/16/1998 | Curry, William (Area Tax Counsel) | Ricci, Valeria (Treasury Dept. (Financial Planning Manager)); Curiale, Vincenzo (Controller (Accounting Operation Manager)); Demare, Michel (Director of Financial Risk Management) | Blackhurst, Eric (Legal Counsel (Finance)); Valenzuela, Ed (Tax Dept. (Economic Planner)); Jones, Craig (Tax Counsel); Escudero, Alfonso (Treasury Dept., Midland, MI (Corporate Funding Director)); Mallet, Marcel (Controller); DeMattia, Roberto (Senior Staff Legal Counsel); Dickerson, James (Area | | Second Installment of the Purchase Price | Attorney-Client Privilege | Email from in-house counsel to employee for the purpose of providing an interpretation of the transaction agreements to comply with the requirements set forth therein in making the second installment of the purchase price to the Class A investors |  |  |  |  |  |

Contested Document Withheld Log Produced Pursuant to June 4, 2010, Order

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 790 | 1/27/1998 | Curry, William (Area Tax Counsel) | Curiale, Vincenzo (Controller (Accounting Operation Manager)); Dickerson, James (Area Patent Counsel); DeMattia, Roberto (Senior Staff Legal Counsel);  Ricci, Valeria (Treasury Dept. (Financial Planning Manager)) | Demare, Michel (Director of Financial Risk Management);  Taylor, Graham (General Counsel) | Correspondence with Attachment | Chemtech Restructuring | Attorney-Client Privilege | Correspondence from in-house counsel to employee attaching email and memoranda from in-house counsel for the purpose of summarizing legal analysis of (1) the impact of potential U.S. withholding tax on the Chemtech investment agreements; (2) the purchase rights of DTPC under the Chemtech | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership;  The restructuring of the Chemtech partnership | CT-PRIV-00001028 | CT-PRIV-00001035 | A/C PRIVILEGE |
| 791 | 12/4/1997 | Curry, William (Area Tax Counsel) | File | Hallmark, Sandra (Outside Counsel - K&S) | Memorandum | 1998 Potential Impact of the withholding tax Regulations on Chemtech's two Belgium Partners | Attorney-Client Privilege | Memorandum from in-house counsel to file for the purpose of memorializing legal analysis regarding the potential impact of new withholding tax regulations on Chemtech's two Belgium partners | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001036 | CT-PRIV-00001037 | A/C PRIVILEGE |
| 804 | 3/28/1995 | Curry, William (Area Tax Counsel) | Leutenegger, Robert (Controller/Accounting Operation Manager) | | Memorandum | CRLP Depreciation of Patents | Attorney-Client Privilege | Memorandum from in-house counsel to employee for the purpose of providing legal analysis and explaining new GATT legislation and its | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | The basis, depreciation, fair market value and/or royalty rates of the Chemtech patent portfolios; Tax issues related to the Chemtech partnership | CT-PRIV-00001059 | CT-PRIV-00001067 | PRODUCE |
| 830 | 1/27/1998 | Curry, William (Area Tax Counsel) | Curiale, Vincenzo (Controller (Accounting Operation Manager)); Dickerson, James (Area Patent Counsel); DeMattia, Roberto (Senior Staff Legal Counsel);  Ricci, Valeria (Treasury Dept. (Financial Planning Manager)) | Demare, Michel (Director of Financial Risk Management);  Taylor, Graham (General Counsel) | Correspondence with Attachment | Chemtech Restructuring | Attorney-Client Privilege | Correspondence from in-house counsel to employee attaching email and memoranda from in-house counsel for the purpose of summarizing legal analysis of (1) the impact of potential U.S. withholding tax on the Chemtech investment agreements; (2) the purchase rights of DTPC under the Chemtech partnership agreement; and (3) potential restructuring steps in light of the foregoing | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership;  The restructuring of the Chemtech partnership | CT-PRIV-00001078 | CT-PRIV-00001080 | A/C PRIVILEGE |
| 838 | 10/14/1996 | Curry, William (Area Tax Counsel) | File | | Memorandum | GATT Extension | Attorney-Client Privilege | Memorandum from in-house counsel to file for the purpose of memorializing interpretation of new GATT legislation and its impact on the statutory lives of patents held by the Chemtech partnership | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | The basis, depreciation, fair market value and/or royalty rates of the Chemtech patent portfolios; Tax issues related to the Chemtech partnership | CT-PRIV-00001081 | CT-PRIV-00001083 | PRODUCE |

Contested Document Withheld Log Produced Pursuant to June 4, 2010, Order

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 848 | 12/23/1993 | Curry, William (Tax Counsel) | Brink, Paul (Tax Counsel (Tax Director)) | Ashley, Carol (Controllers Office); Galle, Andre (Tax Dept. (Corporate)) | Memorandum with Marginalia | Project IF Review | Attorney-Client Privilege | Memorandum from in-house counsel to employees for the purpose of analyzing strength of reporting positions as a result of the effects of the transactions surrounding the Chemtech partnership | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | The contribution of assets to the Chemtech partnership; Tax issues related to the Chemtech partnership | CT-PRIV-00001084 | CT-PRIV-00001086 | A/C PRIVILEGE |
| 928 | 3/19/1998 | Curry, William (Area Tax Counsel) | File | | Memorandum | February 25 Closing Mechanics | Attorney-Client Privilege | Memorandum from in-house counsel to file for purposes of providing legal analysis with respect to the application of the interim closing methodology, provided by Treasury regulations, to close Chemtech's partnership books following the purchase of the Class A Limited Partner interests | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | The purchase of the Class A Limited Partner interests; Tax issues related to the Chemtech partnership | CT-PRIV-00001194 | CT-PRIV-00001195 | A/C PRIVILEGE |
| 952 | 1/16/1998 | Jones, Craig (Tax Counsel) | Curry, William (Area Tax Counsel) | | Email String of 5 emails with Attachment | RE: Chemtech Restructuring | Attorney-Client Privilege | Email between in-house counsel sent for purposes of providing legal analysis of the tax implications of several options relating to the restructuring of Chemtech. | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00001236 | CT-PRIV-00001239 | A/C PRIVILEGE |
| | 1/16/1998 | Curry, William (Area Tax Counsel) | Jones, Craig (Tax Counsel) | | | RE: Chemtech Restructuring | Attorney-Client Privilege | Email between in-house counsel sent for purposes of providing legal analysis of the tax implications of several options relating to the restructuring of | | | | | |
| | 1/16/1998 | Jones, Craig (Tax Counsel) | Curry, William (Area Tax Counsel) | | | RE: Chemtech Restructuring | Attorney-Client Privilege | Email between in-house counsel sent for purposes of providing legal analysis of the tax implications of several options relating to the restructuring | | | | | |
| | 1/16/1998 | Curry, William (Area Tax Counsel) | Jones, Craig (Tax Counsel) | | | RE: Chemtech Restructuring | Attorney-Client Privilege | Email between in-house counsel sent for purposes of providing legal analysis of the tax implications of several options relating to the restructuring of | | | | | |

Contested Document Withheld Log Produced Pursuant to June 4, 2010, Order

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1/15/1998 | Jones, Craig (Tax Counsel) | Curry, William (Area Tax Counsel);  Grzebinski, David (Treasury Dept. (Senior Finance Analyst)) | | | Chemtech Restructuring | Attorney-Client Privilege | Email between in-house counsel sent for purposes of providing legal analysis of the tax implications of several options relating to the restructuring of | | | | | |
| 966 | 8/23/1995 | The Dow Chemical Company | File | | Notes | Chemtech Royalty Partnership Patent Life Extension | Attorney-Client Privilege | Document contains notes for purposes of summarizing a conference call with in-house counsel William Curry; the notes reflect Mr. Curry's legal advice in which he analyzes the tax impact of a change in patent amortization, including a description of | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The re-licensing of Chemtech patent portfolios | CT-PRIV-00000077 | CT-PRIV-00000078 | A/C PRIVILEGE |
| 968 | 8/6/1998 | The Dow Chemical Company | File | | Handwritten Notes | Chemtech - call to Bill Curry | Attorney-Client Privilege | Handwritten notes by client created for purposes of recording legal advice received from in-house counsel William Curry regarding the operation of certain Chemtech partnership provisions, including the guaranteed payment provision, the profit allocation provisions, and the distribution provisions | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00000120 | CT-PRIV-00000120 | A/C PRIVILEGE |
| 969 | 1998 | The Dow Chemical Company | File | | Handwritten Notes | Craig Jones, Jim Hopper, Mike Cone | Attorney-Client Privilege | Handwritten notes by client created for purposes of recording legal advice received from in-house counsel Craig Jones regarding the tax implications of each step required to restructure Chemtech into Chemtech II | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00000122 | CT-PRIV-00000124 | A/C PRIVILEGE |
| 970 | Undated | The Dow Chemical Company | File | | Memorandum | Chemtech II | Attorney-Client Privilege | Memorandum reflecting legal advice received from counsel provided for the purpose of detailing the tax implications of the Chemtech II transaction, and, in particular, the | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00000582 | CT-PRIV-00000584 | A/C PRIVILEGE |

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 971 | 12/15/1997 | The Dow Chemical Company | File | | Handwritten Notes | N/A | Attorney-Client Privilege | Handwritten notes created for purposes of recording legal advice received from counsel regarding the tax implications of restructuring Chemtech into Chemtech II, including a legal analysis of each option considered in restructuring the partnership and discussion of opinion from outside counsel | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | The purchase of the Class A Limited Partner interests; Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00000619 | CT-PRIV-00000622 | A/C PRIVILEGE |
| 972 | 3/12/1998 | The Dow Chemical Company | File | | Handwritten Notes | N/A | Attorney-Client Privilege | Handwritten notes for the purpose of summarizing legal advice received from in-house counsel regarding the applicability of government registration requirements to a | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00000627 | CT-PRIV-00000628 | PRODUCE |
| 973 | 9/17/1993 | The Dow Chemical Company | File | | Handwritten Notes | N/A | Attorney-Client Privilege | Handwritten notes created for purposes of recording legal advice received from outside counsel William Roche from King & Spalding regarding the patent license agreement, and, in particular, Dow's right to sublicense patents | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | The sub-licensing of the Chemtech patents | CT-PRIV-00000673 | CT-PRIV-00000686 | A/C PRIVILEGE |
| 974 | Undated | The Dow Chemical Company | File | | Handwritten Notes | Dow Intellectual Financing | Attorney-Client Privilege | Handwritten notes created for purposes of recording legal advice received from counsel regarding the tax implications of the formation, operation, and termination of Chemtech | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | The formation of the Chemtech partnership; The structure and/or operation of Chemtech; Tax issues related to the Chemtech partnership | CT-PRIV-00000798 | CT-PRIV-00000802 | PRODUCE |
| 975 | Undated | The Dow Chemical Company | File | | Memorandum with Marginalia | Chemtech II | Attorney-Client Privilege | Memorandum reflecting legal advice received from counsel regarding the tax implications of the Chemtech II transaction, and, in particular, the I.R.C. § 754 election made by Chemtech II in 1998 | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00000845 | CT-PRIV-00000847 | PRODUCE |

Contested Document Withheld Log Produced Pursuant to June 4, 2010, Order

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 976 | 5/20/1998 | The Dow Chemical Company | File | | Handwritten Notes | N/A | Attorney-Client Privilege | Handwritten notes created for purposes of recording legal advice received from counsel regarding the restructuring of Chemtech into Chemtech II, including a legal analysis of the I.R.C. § 754 election | Confidential communication reflecting client-supplied information between client's lawyers, or from client's lawyers to file, for purposes of facilitating the rendition of legal services or legal advice to the client | The restructuring of the Chemtech partnership | CT-PRIV-00000848 | CT-PRIV-00000850 | PRODUCE |
| 979 | 1/28/1997 | The Dow Chemical Company | File | | Report with Marginalia | The Dow Chemical Company - Reserve Analysis | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation.  The document was prepared in | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001466 | CT-PRIV-00001471 | PRODUCE |
| 980 | 12/31/1994 | The Dow Chemical Company | File | | Spreadsheet with Marginalia | Test of Audit Reserve Adequacy | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation.  The document was prepared in anticipation of litigation | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001472 | CT-PRIV-00001474 | PRODUCE |
| 981 | 12/31/1996 | The Dow Chemical Company | File | | Spreadsheet with Marginalia | Test of Audit Reserve Adequacy | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation.  The document was prepared in | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001475 | CT-PRIV-00001480 | PRODUCE |
| 982 | 12/24/1996 | The Dow Chemical Company | File | | Spreadsheet with Marginalia | Test of Audit Reserve Adequacy | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation.  The document was prepared in anticipation of litigation | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001481 | CT-PRIV-00001483 | PRODUCE |

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 983 | 10/2/1996 | The Dow Chemical Company | File | | Spreadsheet with Marginalia | Test of Audit Reserve Adequacy | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001484 | CT-PRIV-00001486 | PRODUCE |
| 984 | 12/10/1996 | The Dow Chemical Company | File | | Spreadsheet with Marginalia | Test of Audit Reserve Adequacy | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in anticipation of litigation | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001487 | CT-PRIV-00001490 | PRODUCE |
| 985 | 10/31/1996 | The Dow Chemical Company | File | | Spreadsheet with Marginalia | Test of Audit Reserve Adequacy | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001491 | CT-PRIV-00001493 | PRODUCE |
| 986 | 1/17/1998 | The Dow Chemical Company | File | | Report | The Dow Chemical Company Cumulative amount of IFCO audit Reserve as of December 31, 1997 | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001494 | CT-PRIV-00001495 | PRODUCE |
| 987 | 7/27/1998 | The Dow Chemical Company | File | | Report with Marginalia | The Dow Chemical Company - Cumulative amount of IFCO audit Reserve as of December 31, 1998 | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001496 | CT-PRIV-00001497 | PRODUCE |

Contested Document Withheld Log Produced Pursuant to June 4, 2010, Order

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 988 | 9/1/1998 | The Dow Chemical Company | File | | Report with Marginalia | The Dow Chemical Company - Analysis of Audit Reserve as of June 30, 1998 | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001498 | CT-PRIV-00001498 | PRODUCE |
| 989 | 8/14/1998 | The Dow Chemical Company | File | | Spreadsheet | The Dow Chemical Company - Test of Audit Reserve Adequacy for the year ending December 31, 1998 | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001499 | CT-PRIV-00001500 | PRODUCE |
| 990 | 9/1/1998 | The Dow Chemical Company | File | | Spreadsheet | The Dow Chemical Company - Test of Audit Reserve Adequacy for the year ending December 31, 1998 | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001501 | CT-PRIV-00001502 | PRODUCE |
| 991 | 8/14/1998 | The Dow Chemical Company | File | | Spreadsheet | The Dow Chemical Company - Tax rate Analysis for the quarter ending June 30, 1998 | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in anticipation of litigation. | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001503 | CT-PRIV-00001506 | PRODUCE |
| 992 | 1998 | The Dow Chemical Company | File | | Spreadsheet | The Dow Chemical Company - Tax rate Analysis First Pass plan - 1998 | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001507 | CT-PRIV-00001511 | PRODUCE |

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 993 | 12/31/1998 | Cone, Michael (Tax Accounting Manager) | File | | Handwritten Notes | Audit Reserve Balances | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001512 | CT-PRIV-00001513 | PRODUCE |
| 994 | 12/31/1998 | The Dow Chemical Company | File | | Report | Chemtech Restructuring Analysis of Accounting impact for the year ending December 31, 1998 | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in anticipation of litigation | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00001514 | CT-PRIV-00001515 | PRODUCE |
| 995 | 9/15/1998 | Cone, Michael (Tax Accounting Manager) | Giacoletti, Tim (Outside Accounting Firm); Biddix, Troy (Outside Accounting Firm) | Tax Dept | Fax with Attachment | 1998 Chemtech Restructuring | Attorney-Client Privilege; Attorney Work Product and 7525 Tax Practitioner's Privilege | Fax from federally authorized tax practitioner to financial auditors transmitting a memorandum from a federally authorized tax practitioner and in-house tax counsel to client file created for purposes of analyzing the appropriate tax treatment of each step in the restructuring of Chemtech into Chemtech II and to evaluate the potential outcomes of litigation as part of a tax reserve analysis. The | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client; Document prepared in anticipation of litigation; Confidential communication between client and federally authorized tax practitioner, or between federally authorized tax practitioners, for purposes of facilitating the rendition of tax advice to the client | The restructuring of the Chemtech partnership; Tax issues related to the Chemtech partnership | CT-PRIV-00001516 | CT-PRIV-00001520 | PRODUCE |
| 996 | 12/18/1998 | Cone, Michael (Tax Accounting Manager) | File | | Handwritten Notes | N/A | Attorney-Client Privilege; Attorney Work Product and 7525 Tax Practitioner's Privilege | Handwritten notes by federally authorized tax practitioner for purposes of recording legal advice received from in-house counsel and advice received from a federally authorized tax practitioner related to the tax litigation hazards associated with Chemtech and to evaluate the potential outcomes of litigation as part of a tax reserve analysis. The notes were prepared in anticipation of litigation regarding the tax | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client; Confidential communication between client and federally authorized tax practitioner, or between federally authorized tax practitioners, for purposes of facilitating the rendition of tax advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001521 | CT-PRIV-00001522 | PRODUCE |

Contested Document Withheld Log Produced Pursuant to June 4, 2010, Order

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 997 | 9/24/1998 | Cone, Michael (Tax Accounting Manager) | File | | Handwritten Notes with Attachment of Email String with 2 Emails | DowBrands | Attorney-Client Privilege; Attorney Work Product and 7525 Tax Practitioner's Privilege | Handwritten notes by federally authorized tax practitioner for purposes of recording legal advice received from in-house counsel and advice received from a federally authorized tax practitioner related to the effects of the I.R.C. § 754 election, and other issues relating to the restructuring of Chemtech into Chemtech II and to evaluate the potential outcomes of litigation as part of a tax reserve | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client; Document prepared in anticipation of litigation; Confidential communication between client and federally authorized tax practitioner, or between federally authorized tax practitioners, for purposes of facilitating the rendition of tax advice to the client | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00001523 | CT-PRIV-00001525 | A/C PRIVILEGE |
| | 8/13/1998 | Jones, Craig (Tax Counsel) | Cone, Michael (Tax Accounting Manager) | | | Re: DowBrands | Attorney-Client Privilege; Attorney Work Product and 7525 Tax Practitioner's Privilege | Email communication between in-house counsel and federally authorized tax practitioner for purposes of rendering legal advice related to the effects of the I.R.C. § 754 election and other issues relating to the restructuring of Chemtech into Chemtech II and to evaluate the potential outcomes of litigation as part of a tax reserve analysis. The advice was rendered in anticipation of litigation | | | | | |
| | 8/13/1998 | Cone, Michael (Tax Accounting Manager) | Jones, Craig (Tax Counsel) | | | DowBrands | Attorney-Client Privilege; Attorney Work Product and 7525 Tax Practitioner's Privilege | Email communication between in-house counsel and federally authorized tax practitioner for purposes of rendering legal advice related to the effects of the I.R.C. § 754 election and other issues relating to the restructuring of Chemtech into Chemtech II and to evaluate the potential outcomes of litigation as part of a tax reserve analysis. The advice was rendered in anticipation of litigation | | | | | |

Contested Document Withheld Log Produced Pursuant to June 4, 2010, Order

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 998 | 8/20/1998 | Cone, Michael (Tax Accounting Manager); Jones, Craig (Tax Counsel) | File | | Memorandum with Marginalia | 1998 Chemtech Restructuring | Attorney-Client Privilege; Attorney Work Product and 7525 Tax Practitioner's Privilege | Memorandum from a federally authorized tax practitioner and in-house tax counsel to client file created for purposes of analyzing the appropriate tax treatment of each step in the restructuring of Chemtech into Chemtech II and to evaluate the potential outcomes of litigation as part of a tax reserve analysis. The memorandum was prepared in anticipation of litigation regarding the | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client; Document prepared in anticipation of litigation; Confidential communication between client and federally authorized tax practitioner, or between federally authorized tax practitioners, for purposes of facilitating the rendition of tax advice to the client | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00001526 | CT-PRIV-00001527 | PRODUCE |
| 999 | 8/6/1998 | Jones, Craig (Tax Counsel) | Cone, Michael (Tax Accounting Manager) | | Notes | N/A | Attorney-Client Privilege and Attorney Work Product | Memorandum and handwritten notes from in-house counsel to federally authorized tax practitioner created for purposes of providing legal advice relating to the I.R.C. § 754 election made by Chemtech during 1998. The documents were prepared in anticipation of litigation regarding the tax consequences of the Chemtech partnership. | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client; Document prepared in anticipation of litigation | The restructuring of the Chemtech partnership; Tax issues related to the Chemtech partnership | CT-PRIV-00001528 | CT-PRIV-00001529 | A/C PRIVILEGE |
| 1000 | 8/6/1998 | Jones, Craig (Tax Counsel) | Cone, Michael (Tax Accounting Manager) | | Email String of 2 Emails | RE: CPI | Attorney-Client Privilege; Attorney Work Product and 7525 Tax Practitioner's Privilege | Email from in-house counsel to a federally authorized tax practitioner for purposes of providing legal advice relating to the tax consequences to The Dow Chemical Company as a result of Chemtech Portfolio Inc. and Chemtech Portfolio II Inc. being non-consolidated subsidiaries. The email was prepared in anticipation of litigation regarding the tax liability of The Dow Chemical Company and Chemtech | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client; Confidential communication between client and federally authorized tax practitioner, or between federally authorized tax practitioners, for purposes of facilitating the rendition of tax advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001530 | CT-PRIV-00001530 | PRODUCE |

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 8/6/1998 | Cone, Michael (Tax Accounting Manager) | Jones, Craig (Tax Counsel) | Hopper, James (Tax Dept.) | | CPI | Attorney-Client Privilege; Attorney Work Product and 7525 Tax Practitioner's Privilege | Email from federally authorized tax practitioner to in-house counsel for purposes of requesting legal advice relating to the tax consequences to The Dow Chemical Company as a result of Chemtech Portfolio Inc. and Chemtech Portfolio II Inc. being non-consolidated subsidiaries. The email was prepared in anticipation of litigation regarding the tax liability of The Dow Chemical Company and Chemtech Portfolio Inc. | | | | | |
| 1001 | 7/9/1998 | Cone, Michael (Tax Accounting Manager) | File | | Handwritten Notes | N/A | Attorney-Client Privilege and Attorney Work Product | Handwritten notes by client for purposes of recording legal advice received from in-house counsel regarding the tax implications of each step in the restructuring of Chemtech into Chemtech II. The notes were prepared in anticipation of litigation | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client; Document prepared in anticipation of litigation | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00001531 | CT-PRIV-00001533 | A/C PRIVILEGE |
| 1002 | 7/8/1998 | Cone, Michael (Tax Accounting Manager) | File | | Handwritten Notes | N/A | Attorney-Client Privilege and Attorney Work Product | Handwritten notes by client for purposes of recording legal advice received from in-house counsel regarding the tax basis implications to each Dow entity of each step in the restructuring of Chemtech into Chemtech II. The notes were prepared in | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client; Document prepared in anticipation of litigation | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00001534 | CT-PRIV-00001535 | PRODUCE |
| 1003 | 6/8/1998 | Cone, Michael (Tax Accounting Manager) | File | | Handwritten Notes | N/A | Attorney-Client Privilege and Attorney Work Product | Handwritten notes by client for purposes of recording legal advice received from in-house counsel regarding the tax implications of the new withholding tax regulations, and the tax implications regarding each step in the restructuring of Chemtech into Chemtech II. The notes | Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client; Document prepared in anticipation of litigation | Tax issues related to the Chemtech partnership; The restructuring of the Chemtech partnership | CT-PRIV-00001536 | CT-PRIV-00001539 | A/C PRIVILEGE |

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1004 | 9/29/1997 | The Dow Chemical Company | File | | Report | The Dow Chemical Company - Analysis of Audit Reserve as of September 30, 1997 | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001540 | CT-PRIV-00001542 | PRODUCE |
| 1005 | 9/26/1997 | The Dow Chemical Company | File | | Spreadsheet | The Dow Chemical Company - Tax rate Analysis for the six months ending June 30, 1997 | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001543 | CT-PRIV-00001546 | PRODUCE |
| 1006 | 8/15/1997 | The Dow Chemical Company | File | | Report with Marginalia | The Dow Chemical Company - Analysis of Audit Reserve as of June 30, 1997 | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in anticipation of litigation | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001547 | CT-PRIV-00001547 | PRODUCE |
| 1007 | 8/15/1997 | The Dow Chemical Company | File | | Spreadsheet | The Dow Chemical Company - Test of Audit Reserve Adequacy for the year ending December 31, 1997 | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001548 | CT-PRIV-00001549 | PRODUCE |
| 1008 | 8/11/1997 | The Dow Chemical Company | File | | Report | The Dow Chemical Company - Analysis of Audit Reserve Balance as of June 30, 1997 | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in anticipation of litigation | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001550 | CT-PRIV-00001551 | PRODUCE |

Contested Document Withheld Log Produced Pursuant to June 4, 2010, Order

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1009 | 9/25/1997 | The Dow Chemical Company | File | | Report | The Dow Chemical Company - Analysis of Audit Reserve as of June 30, 1997 | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001552 | CT-PRIV-00001555 | PRODUCE |
| 1010 | 11/24/1997 | The Dow Chemical Company | File | | Report | The Dow Chemical Company - Analysis of Audit Reserve Estimated As of December 31, 1997 | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001556 | CT-PRIV-00001559 | PRODUCE |
| 1011 | 12/31/1997 | Cone, Michael (Tax Accounting Manager) | File | | Handwritten Notes | N/A | Attorney-Client Privilege; Attorney Work Product and 7525 Tax Practitioner's Privilege | Handwritten notes by federally authorized tax practitioner created for purposes of recording legal advice from in-house counsel related to the tax litigation hazards associated with Chemtech. The notes were prepared in anticipation of litigation regarding the tax consequences of the Chemtech partnership. | Document prepared in anticipation of litigation; Confidential communication between client and federally authorized tax practitioner, or between federally authorized tax practitioners, for purposes of facilitating the rendition of tax advice to the client; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001560 | CT-PRIV-00001560 | PRODUCE |
| 1012 | 11/20/1997 | The Dow Chemical Company | File | | Spreadsheet | The Dow Chemical Company - Test of Audit Reserve Adequacy for the year ending December 31, 1997 | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in anticipation of litigation regarding the tax consequences of the Chemtech partnership. | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001561 | CT-PRIV-00001562 | PRODUCE |

Contested Document Withheld Log Produced Pursuant to June 4, 2010, Order

| Log Number | Date | Author (Revised per Court's March 30, 2009 Order) | Addressee (Revised per Court's March 30, 2009 Order) | Copyee (Revised per Court's March 30, 2009 Order) | Type | RE: Line/Title (if applicable) (Added per Court's March 30, 2009 Order) | Reason for Withholding | Document Description/Purpose (Added per Court's March 30, 2009 Order) | Privilege Basis | Subject Matter | Begin Privilege Bates (Added per Court's March 30, 2009 Order) | End Privilege Bates (Added per Court's March 30, 2009 Order) | Decision |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1013 | 11/24/1997 | The Dow Chemical Company | File | | Report | The Dow Chemical Company - Analysis of Audit Reserve for the year ending December 31, 1997 | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in anticipation of litigation regarding the tax consequences of the Chemtech partnership. | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001563 | CT-PRIV-00001563 | PRODUCE |
| 1014 | 9/2/1998 | The Dow Chemical Company | File | | Report | Global Balance in Audit Reserve for the year ending June 30, 1998 | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in anticipation of litigation regarding the tax consequences of the Chemtech partnership. | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001564 | CT-PRIV-00001569 | PRODUCE |
| 1015 | 9/1/1998 | The Dow Chemical Company | File | | Report with Marginalia | Global Balance in Audit Reserve for the year ending June 30, 1998 | Attorney-Client Privilege and Attorney Work Product | Tax reserve analysis created for purposes of incorporating legal advice received from counsel related to counsel's analysis of litigation hazards and evaluation of the potential outcomes of litigation. The document was prepared in anticipation of litigation regarding the tax consequences of the Chemtech partnership. | Document prepared in anticipation of litigation; Confidential communication between client and lawyer for purposes of facilitating the rendition of legal services or legal advice to the client | Tax issues related to the Chemtech partnership | CT-PRIV-00001570 | CT-PRIV-00001577 | PRODUCE |