IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHEMTECH ROYALTY ASSOCIATES, ) <br> L.P., by DOW EUROPE, S.A. as Tax ) <br> Matters Partner, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No.: 05-944-BAJ-DLD <br> Judge Jackson <br><br> Case No.: 06-258-BAJ-DLD <br> Judge Jackson <br><br><br> Case No.: 07-CV-00405-BAJ-DLD <br> Judge Jackson |

**DEFENDANT'S MOTION IN LIMINE TO OVERRULE
PLAINTIFF'S AUTHENTICITY OBJECTIONS TO THE
UNITED STATES' PROPOSED TRIAL EXHIBITS**

**INTRODUCTION**

The Dow Chemical Company engaged in two series of transactions that created hundreds of millions of dollars of artificial tax benefits. The parties have each submitted detailed proposed findings that describe the transactions at issue. As the United States described, the first Chemtech transaction was a tax product promoted under the trade name "SLIPs" and sold by Goldman Sachs to Dow and other major corporations such as Merck, International Paper, Marion Merrell Dow, and Dun and Bradstreet. (DE 89 at ¶¶ 58-99.) The second Chemtech transaction was a follow-on transaction designed and implemented by the tax lawyers at King & Spalding.

The United States contends the tax benefits the Chemtech transactions were designed to produce should be disallowed on numerous grounds. First, the transactions should not be respected for federal tax purposes because they are "economic shams" that violate the economic substance doctrine. (*Id.* at ¶¶ 374-428.) Second, the Chemtech partnership is not a valid

partnership for purposes of U.S. federal tax laws, or that the foreign banks that Goldman Sachs and Dow recruited to participate in the Chemtech transaction should not be respected as true "equity" partners in Chemtech because their interest is more in the nature of debt, or alternatively, that the banks' "investments" in Chemtech were, in substance, "loans" to Dow through a Dow-controlled partnership subsidiary. (*Id*. at ¶¶ 429-477.) Third, that the transactions run afoul of Treasury's Partnership Anti-Abuse Rules found in Treasury Regulation § 1.701-2. (*Id*. at ¶¶ 491-520.) Fourth, that the distribution to a Dow subsidiary in connection with the transition from Chemtech I to Chemtech II was taxable. (*Id*. at ¶¶ 521-549.) Fifth, the partnership allocations must be recharacterized to reflect the true economics of the transactions. (*Id.* at ¶¶ 550-580.) In addition, the Court should sustain the imposition of accuracy-related penalties. (*Id*. at ¶¶ 581- 631.)

Trial is scheduled to begin June 20, and the parties have stipulated to the admission of more that 1,000 exhibits. (*See* Joint Exhibit Stipulation (DE 87-3).) The United States has separately listed 33 trial exhibits to which Plaintiff makes multiple objections (except for two exhibits that were late-added to which Plaintiff has no objection). (Defendant's Unagreed Exhibit List (DE 87-5).) Plaintiff objects to 17 of these exhibits on authenticity grounds, 30 of the exhibits on hearsay grounds, and all 31 of the contested exhibits as irrelevant and unfairly prejudicial. The United States requests from the Court an advance ruling on all of Plaintiff's authenticity objections.[1] An advance ruling on authenticity is requested because, as explained

---

[1] Specifically, the United States requests that Plaintiff's authenticity objections be overruled with respect to exhibits 2, 5, 11, 12, 14-16, 19-22, 24-28, and 32. The United States believes that addressing all other objections at trial would be most beneficial and efficient, unless otherwise directed by the Court.

below, the great majority of Dow's authenticity objections were made to documents that *Dow* produced after the close of discovery. Because Dow did not produce the documents until after the discovery deadline expired, the United States had no opportunity to question Dow witnesses about any of these documents. While we believe Dow's authenticity objections to be without merit, in the event that the Court were to question the authenticity of the documents, leave should be granted to the United States to take a Rule 30(b)(6) deposition of Dow, prior to trial, for the purposes of examining Dow's claim that the documents that it produced are not authentic.

## ARGUMENT

### 1. Plaintiff's Authenticity Objections Should Be Overruled

For three reasons, the Court should overrule Plaintiff's authenticity objections: (1) all the documents (save one) were produced by Plaintiff from its own files; (2) Plaintiff has already authenticated many of the documents via its privilege log submitted to the United States and filed with the Court; and, (3) Plaintiff's objection to handwritten documents is irrelevant for authenticity purposes, as those documents were also produced from Plaintiff's files.

Federal Rule of Evidence 901(a) states: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." In short, all that FRE 901 demands is that the documents are what the proponent purports them to be. *See, e.g.*, 31 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 7101 (1st ed.). As an initial matter, courts in the Fifth Circuit addressing FRE 901 start "with the proposition that federal law favors the admission of probative evidence. In fact, '(t)he Federal Rules and practice favor admission of evidence rather than exclusion if the proffered evidence has any probative

value at all.' . . . Doubts 'must be resolved in favor of admissibility.'" *United States v. Holladay*, 566 F.2d 1018, 1020 (5th Cir. 1978) (internal citation omitted).

Moreover, a proponent "may authenticate a document with circumstantial evidence, 'including the document's own distinctive characteristics and the circumstances surrounding its discovery.'" *United States v. Arce*, 997 F.2d 1123, 1128 (5th Cir. 1993) (internal citation omitted); *see In re McLain*, 516 F.3d 301, 308 (5th Cir. 2008) ("this Court does not require conclusive proof of authenticity before allowing the admission of disputed evidence") (internal quotation and citation omitted).

When it comes to documents produced during the course of discovery, documents produced ***by the objecting party itself*** are, quite understandably, generally held as having the indicia of authenticity sufficient to overcome the minimal showing pursuant to FRE 901. *See Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1089 (5th Cir. 1988) (rejecting FRE 901 objection because author of disputed document was employee of objecting party and objecting party produced the document during discovery); *Lehman Bros. Holdings v. Cornerstone Mortg. Co.*, 2011 U.S. Dist. LEXIS 13306, at *21-22 (S.D. Tex. Feb. 10, 2011) (noting that circumstantial evidence of authenticity includes the fact that objecting party produced the disputed document).

      **a.**     **Plaintiff, Itself, Produced Nearly Every Document to Which it Now Objects**

Here, Plaintiff does not argue that these documents are not authentic, but rather, simply that the United States has not authenticated them. Each document that Plaintiff objects to, however, is sufficiently reliable that it satisfies FRE 901. For each document (except one), Plaintiff produced the document to the United States as part of its discovery obligations, which is

indicated by the "CT" prefix Bates-stamped on each document page – clearly sufficient circumstantial evidence in-and-of-itself to overcome the limited hurdle of FRE 901. *See Lehman Bros. Holdings*, 2011 U.S. Dist. LEXIS 13306, at *21-22 (S.D. Tex. Feb. 10, 2011).

The remaining document, U.S. proposed exhibit 26, was produced by Deloitte & Touche (Dow's longtime auditor, which prepared financial statements for Chemtech) pursuant to a Rule 45 subpoena. This document, too, is plainly authentic. *See Minemyer v. B-Roc Representatives, Inc.*, 678 F. Supp. 2d 691, 709 (N.D. Ill. 2009) (production by third-party company pursuant to subpoena "is sufficient to authenticate the documents as having been found" in that company's files). Even as it refuses to stipulate to the authenticity of the Deloitte document, Plaintiff seeks to admit into evidence other documents produced by Deloitte. (*See* Plaintiff's Unagreed Exhibit List (DE 87-4), P-2, P-4).

In summary, Dow cannot object now to documents it produced from its repository during discovery on the basis of authenticity, and the single document produced by its auditor also overcomes the slight showing under FRE 901.

      **b.**    **Plaintiff's Authenticity Objections are Disingenuous as It Already Has Represented that it Authored 11 of the Exhibits to Which it Now Objects**

The Court (J. Dalby), in response to the United States' first motion to compel, found that it was not possible to determine the validity of Plaintiff's claims of privilege based on the privilege logs that it had submitted to the Court, finding that "[t]he subject matter is vague and repetitious, and lacks enough detail." (DE 59 at 8.) The Court therefore directed Plaintiff to submit a detailed privilege log "due to the complicated and intricate financial and business transactions involved." (*Id.* at 9.) Plaintiff submitted two additional privilege logs and, after a

second motion to compel and after having reviewed many documents *in camera*, the Court rejected Plaintiff's claim of privilege and directed Plaintiff to produce a number of documents. (DE 83.)  Some of these recently produced documents are now U.S. proposed exhibit numbers 11, 12, 15, 16, 19-22, 24, 25, and 27.  (*See* Ex. A, a collection of these proposed exhibits). Inexplicably, Plaintiff dares to question their authenticity.

In fact, the basis of Plaintiff's rejected privilege claim was that the documents were privileged precisely **because** they represented communications between Dow and its counsel or drafted by Dow's attorneys in anticipation of litigation (assertions that Judge Dalby properly discredited).  Exhibit B to this motion is an excerpt of the Plaintiff's privilege log.  (Exhibit C is the complete privilege log.)  Plaintiff simply cannot reconcile its current authenticity objections (*see* DE 87-5) with the position it took during the proceedings on the motion to compel, where it advised the Court that each document was an official document authored by "The Dow Chemical Company."  Ex. B.  Indeed, Plaintiff is grasping at straws in an attempt to keep out relevant evidence.[2]  Thus, the Court should overrule Plaintiff's objection on this basis as well.[3]

---

[2] The United States will also contend that the privilege log descriptions also dispose of Plaintiff's relevance and hearsay objections.  Dow's statements in the columns labeled "Document Description / Purpose" and "Subject Matter" plainly establish for each document both relevancy and the fact that the documents are not hearsay.  But the United States does not need an advance ruling on Plaintiff's hearsay and relevancy objections, and the Court may prefer to make such rulings during the course of trial.

[3] Although the United States took over a dozen depositions of current or former Dow employees, Plaintiff produced these documents pursuant to Judge Dalby's court order long after the United States took those depositions and long after discovery had closed.  Given that Plaintiff's withholding of documents prevented the United States from inquiring about these documents with *any* Dow deposition witnesses – then, in the event that the authenticity objections are not overruled, the Court should grant leave to the United States to take limited discovery from Dow for the purposes of addressing Dow's objections.

### c.     Handwritten Documents are Also Dow Documents and Authentic

*Last,* Plaintiff objects to U.S. proposed exhibits 2, 5, 27, 28, and 32 because they are handwritten documents. But again, these are all documents that Dow produced from Dow's files during the course of discovery.[4] Because the United States is not trying to prove the identity of the author, it is irrelevant whose handwriting is on these documents; what is clear is that (a) Dow produced these documents (b) during the course of discovery (c) from their files. This is undisputed, and alone satisfies the minimal showing required under FRE 901. *See generally Snyder*, 839 F.2d at 1089; *Lehman Bros. Holdings*, 2011 U.S. Dist. LEXIS 13306, at *21. Ironically, Plaintiff is proposing two documents, P-3 and P-5, with handwritten remarks, but fails to explain why their proposed exhibits are authentic while the United States' proposed exhibits are not. (*See* DE 87-4.)

### CONCLUSION

As explained above, Plaintiff's authenticity objections and hearsay objections as to certain Dow-authored documents are without merit. Accordingly, the United States respectfully requests that the Court overrule Plaintiff's authenticity objections with respect to exhibits 2, 5, 11, 12, 14-16, 19-22, 24-28, and 32. Alternatively, the United States respects that the Court grant it leave to take a Rule 30(b)(6) deposition of Dow, prior to trial, in order to resolve Plaintiff's objection to the authenticity of exhibits that it failed to produce until after the close of discovery.

---

[4] Moreover, U.S. proposed exhibit 27, as noted above, was already authenticated by Dow in its privilege log, identifying the author as "The Dow Chemical Company." (*See* DE 87-5); (Exhibit B at log entry 974).

Respectfully submitted,

UNITED STATES OF AMERICA, by

Donald J. Cazayoux, Jr.
UNITED STATES ATTORNEY


/s John Gaupp
John J. Gaupp, LBN 14976
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
Local Counsel

 /s Thomas J. Sawyer
Thomas J. Sawyer
Robert L. Welsh
Thomas F. Koelbl
Philip M. Schreiber
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 14198
Washington, D.C.  20044
Telephone: (202) 514-8129
Fax:  (202) 514-4963

IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHEMTECH ROYALTY ASSOCIATES, L.P., by DOW EUROPE, S.A. as Tax Matters Partner, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 05-944-C-M3 |
| v. | ) ) ) | CONSOLIDATED WITH |
| UNITED STATES OF AMERICA, | ) ) | Civil Action No. 06-258-RET-CN |
| Defendant. | ) ) | |

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing Defendant's Motion in Limine to Overrule Plaintiff's Authenticity Objections to the United States' Proposed Trial Exhibits was made on April 20, 2011, by electronic filing through the Court's EM/ECF system to counsel of record:

David M. Bienvenu, Jr., Esq.
451 Florida Street, 8th Floor
Taylor, Porter, Brooks & Phillips
Baton Rouge, LA 70801

John B. Magee
Hartman E. Blanchard, Jr.
Bingham McCutchen LLP
2020 K Street, NW
Washington, D.C. 20006-1806


/s John Gaupp
John J. Gaupp
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
Local Counsel