# **PLAINTIFF'S PRE-TRIAL BRIEF**

# EXHIBIT D

ternal Revenue Code. Sections 301.7701-2 to 301.7701-4 set forth these tests, or standards, which are to be applied in determining whether an organization is (1) an association (see § 301.7701-2), (2) a partnership (see § 301.7701-3), or (3) a trust (see § 301.7701-4).

(c) *Effect of local law.* As indicated in paragraph (b) of this section, the classes into which organizations are to be placed for purposes of taxation are determined under the Internal Revenue Code. Thus, a particular organization might be classified as a trust under the law of one State and a corporation under the law of another State. However, for purposes of the Internal Revenue Code, this organization would be uniformly classed as a trust, an association (and therefore, taxable as a corporation), or some other entity, depending upon its nature under the classification standards of the Internal Revenue Code. Similarly, the term "partnership" is not limited to the common-law meaning of partnership, but is broader in its scope and includes groups not commonly called partnerships. See § 1.761-1 of this chapter (Income Tax Regulations) and § 301.7701-3. The term "corporation" is not limited to the artificial entity usually known as a corporation, but includes also an association, a trust classed as an association because of its nature or its activities, a joint-stock company, and an insurance company. Although it is the Internal Revenue Code rather than local law which establishes the tests or standards which will be applied in determining the classification in which an organization belongs, local law governs in determining whether the legal relationships which have been established in the formation of an organization are such that the standards are met. Thus, it is local law which must be applied in determining such matters as the legal relationships of the members of the organization among themselves and with the public at large, and the interests of the members of the organization in its assets.

[32 FR 15241, Nov. 3, 1967, as amended by T.D. 7515, 42 FR 55612, Oct. 18, 1977]

§ 301.7701-2 Associations.

(a) *Characteristics of corporations.* (1) The term "association" refers to an organization whose characteristics require it to be classified for purposes of taxation as a corporation rather than as another type of organization such as a partnership or a trust. There are a number of major characteristics ordinarily found in a pure corporation which, taken together, distinguish it from other organizations. These are: (i) Associates, (ii) an objective to carry on business and divided the gains therefrom, (iii) continuity of life, (iv) centralization of management, (v) liability for corporate debts limited to corporate property, and (vi) free transferability of interests. Whether a particular organization is to be classified as an association must be determined by taking into account the presence or absence of each of these corporate characteristics. The presence or absence of these characteristics will depend upon the facts in each individual case. In addition to the major characteristics set forth in this subparagraph other factors may be found in some cases which may be significant in classifying an organization as an association, a partnership, or a trust. An organization will be treated as an association if the corporate characteristics are such that the organization more nearly resembles a corporation than a partnership or trust. See Morrissey et al. v. Commissioner (1935) 296 U.S. 344.

(2) Since associates and an objective to carry on business for joint profit are essential characteristics of all organizations engaged in business for profit (other than the so-called one-man corporation and the sole proprietorship), the absence of either of these essential characteristics will cause an arrangement among co-owners of property for the development of such property for the separate profit of each not to be classified as an association. Some of the major characteristics of a corporation are common to trusts and corporations, and others are common to partnerships and corporations. Characteristics common to trusts and corporations are not material in attempting to distin-

guish between a trust and an association, and characteristics common to partnerships and corporations are not material in attempting to distinguish between an association and a partnership. For example, since centralization of management, continuity of life, free transferability of interests, and limited liability are generally common to trusts and corporations, the determination of whether a trust which has such characteristics is to be treated for tax purposes as a trust or as an association depends on whether there are associates and an objective to carry on business and divide the gains therefrom. On the other hand, since associates and an objective to carry on business and divide the gains therefrom are generally common to both corporations and partnerships, the determination of whether an organization which has such characteristics is to be treated for tax purposes as a partnership or as an association depends on whether there exists centralization of management, continuity of life, free transferability of interests, and limited liability.

(3) An unincorporated organization shall not be classified as an association unless such organization has more corporate characteristics than noncorporate characteristics. In determining whether an organization has more corporate characisctics than noncorporate characteristics, all characteristics common to both types of organizations shall not be considered. For example, if a limited partnership has centralized management and free transferability of interests but lacks continuity of life and limited liability, and if the limited partnership has no other characteristics which are significant in determining its classification, such limited partnership is not classified as an association. Although the limited partnership also has associates and an objective to carry on business and divide the gains therefrom, these characteristics are not considered because they are common to both corporations and partnerships.

(4) The rules of this section and §§ 301.7701-3 and 301.7701-4 are applicable only to taxable years beginning after December 31, 1960. However, for any taxable year beginning after December 31, 1960, but before October 1, 1961, any amendment of the agreement establishing the organization will, in the case of an organization in existence on November 17, 1960, be treated for purposes of determining the classification of the organization as being in effect as of the beginning of such taxable year (i) if the amendment of the agreement is made before October 1, 1961, and (ii) if the amendment results in the classification of the organization under the rules of this section and §§ 301.7701-1, 301.7701-3, and 301.7701-4 in the same manner as the organization was classified for tax purposes on November 17, 1960.

(5) All references in this section to the Uniform Limited Partnership Act shall be deemed to refer both to the original Uniform Limited Partnership Act (adopted in 1916) and to the revised Uniform Limited Partnership Act (adopted by the National Conference of Commissioners on Uniform State Laws in 1976).

(b) *Continuity of life.* (1) An organization has continuity of life if the death, insanity, bankruptcy, retirement, resignation, or expulsion of any member will not cause a dissolution of the organization. On the other hand, if the death, insanity, bankruptcy, retirement, resignation, or expulsion of any member will cause a dissolution of the organization, continuity of life does not exist. If the retirement, death, or insanity of a general partner of a limited partnership causes a dissolution of the partnership, unless the remaining general partners agree to continue the partnership or unless all remaining members agree to continue the partnership, continuity of life does not exist. See Glensder Textile Company (1942) 46 B.T.A. 176 (A., C.B. 1942-1, 8).

(2) For purposes of this paragraph, dissolution of an organization means an alteration of the identity of an organization by reason of a change in the relationship between its members as determined under local law. For example, since the resignation of a partner from a general partnership destroys the mutual agency which exists between such partner and his copartners and thereby alters the personal

relation between the partners which constitutes the identity of the partnership itself, the resignation of a partner dissolves the partnership. A corporation, however, has a continuing identity which is detached from the relationship between its stockholders. The death, insanity, or bankruptcy of a shareholder or the sale of a shareholder's interest has no effect upon the identity of the corporation and, therefore, does not work a dissolution of the organization. An agreement by which an organization is established may provide that the business will be continued by the remaining members in the event of the death or withdrawal of any member, but such agreement does not establish continuity of life if under local law the death or withdrawal of any member causes a dissolution of the organization. Thus, there may be a dissolution of the organization and no continuity of life although the business is continued by the remaining members.

(3) An agreement establishing an organization may provide that the organization is to continue for a stated period or until the completion of a stated undertaking or such agreement may provide for the termination of the organization at will or otherwise. In determining whether any member has the power of dissolution, it will be necessary to examine the agreement and to ascertain the effect of such agreement under local law. For example, if the agreement expressly provides that the organization can be terminated by the will of any member, it is clear that the organization lacks continuity of life. However, if the agreement provides that the organization is to continue for a stated period or until the completion of a stated transaction, the organization has continuity of life if the effect of the agreement is that no member has the power to dissolve the organization in contravention of the agreement. Nevertheless, if, notwithstanding such agreement, any member has the power under local law to dissolve the organization, the organization lacks continuity of life. Accordingly, a general partnership subject to a statute corresponding to the Uniform Partnership Act and a limited partnership subject to a statute corresponding to the Uniform Limited Partnership Act both lack continuity of life.

(c) *Centralization of management.* (1) An organization has centralized management if any person (or any group of persons which does not include all the members) has continuing exclusive authority to make the management decisions necessary to the conduct of the business for which the organization was formed. Thus, the persons who are vested with such management authority resemble in powers and functions the directors of a statutory corporation. The effective operation of a business organization composed of many members generally depends upon the centralization in the hands of a few of exclusive authority to make management decisions for the organization, and therefore, centralized management is more likely to be found in such an organization than in a smaller organization.

(2) The persons who have such authority may, or may not, be members of the organization and may hold office as a result of a selection by the members from time to time, or may be self-perpetuating in office. See Morrissey et al. v. Commissioner (1935) 296 U.S. 344. Centralized management can be accomplished by election to office, by proxy appointment, or by any other means which has the effect of concentrating in a management group continuing exclusive authority to make management decisions.

(3) Centralized management means a concentration of continuing exclusive authority to make independent business decisions on behalf of the organization which do not require ratification by members of such organization. Thus, there is not centralized management when the centralized authority is merely to perform ministerial acts as an agent at the direction of a principal.

(4) There is no centralization of continuing exclusive authority to make management decisions, unless the managers have sole authority to make such decisions. For example, in the case of a corporation or a trust, the concentration of management powers in a board of directors or trustees effectively prevents a stockholder or a

Case 3:05-cv-00944-BAJ-EWD    Document 107-5    05/27/11   Page 5 of 8

trust beneficiary, simply because he is a stockholder or beneficiary, from binding the corporation or the trust by his acts. However, because of the mutual agency relationship between members of a general partnership subject to a statute corresponding to the Uniform Partnership Act, such a general partnership cannot achieve effective concentration of management powers and, therefore, centralized management. Usually, the act of any partner within the scope of the partnership business binds all the partners; and even if the partners agree among themselves that the powers of management shall be exclusively in a selected few, this agreement will be ineffective as against an outsider who had no notice of it. In addition, limited partnerships subject to a statute corresponding to the Uniform Limited Partnership Act, generally do not have centralized management, but centralized management ordinarily does exist in such a limited partnership if substantially all the interests in the partnership are owned by the limited partners. Furthermore, if all or a specified group of the limited partners may remove a general partner, all the facts and circumstances must be taken into account in determining whether the partnership possesses centralized management. A substantially restricted right of the limited partners to remove the general partner (*e.g.*, in the event of the general partner's gross negligence, self-dealing, or embezzlement) will not itself cause the partnership to possess centralized management.

(d) *Limited liability.* (1) An organization has the corporate characteristic of limited liability if under local law there is no member who is personally liable for the debts of or claims against the organization. Personal liability means that a creditor of an organization may seek personal satisfaction from a member of the organization to the extent that the assets of such organization are insufficient to satisfy the creditor's claim. A member of the organization who is personally liable for the obligations of the organization may make an agreement under which another person, whether or not a member of the organization, assumes such liability or agrees to indemnify such member for any such liability. However, if under local law the member remains liable to such creditors notwithstanding such agreement, there exists personal liability with respect to such member. In the case of a general partnership subject to a statute corresponding to the Uniform Partnership Act, personal liability exists with respect to each general partner. Similarly, in the case of a limited partnership subject to a statute corresponding to the Uniform Limited Partnership Act, personal liability exists with respect to each general partner, except as provided in subparagraph (2) of this paragraph (d).

(2) In the case of an organization formed as a limited partnership, personal liability does not exist, for purposes of this paragraph, with respect to a general partner when he has no substantial assets (other than his interest in the partnership) which could be reached by a creditor of the organization and when he is merely a "dummy" acting as the agent of the limited partners. Notwithstanding the formation of the organization as a limited partnership, when the limited partners act as the principals of such general partner, personal liability will exist with respect to such limited partners. Also, if a corporation is a general partner, personal liability exists with respect to such general partner when the corporation has substantial assets (other than its interest in the partnership) which could be reached by a creditor of the limited partnership. A general partner may contribute his services, but no capital, to the organization, but if such general partner has substantial assets (other than his interest in the partnership), there exists personal liability. Furthermore, if the organization is engaged in financial transactions which involve large sums of money, and if the general partners have substantial assets (other than their interests in the partnership), there exists personal liability although the assets of such general partners would be insufficient to satisfy any substantial portion of the obligations of the organization. In addition, although the general partner has no substantial assets (other than his interest in the partnership), personal li-

ability exists with respect to such general partner when he is not merely a "dummy" acting as the agent of the limited partners. If the limited partnership agreement provides that a general partner is not personally liable to creditors for the debts of the partnership (other than debts for which another general partner is personally liable), it shall be presumed that personal liability does not exist with respect to that partner unless it is established that the provision is ineffective under local law.

(e) *Free transferability of interests.* (1) An organization has the corporate characteristic of free transferability of interests if each of its members or those members owning substantially all of the interests in the organization have the power, without the consent of other members, to substitute for themselves in the same organization a person who is not a member of the organization. In order for this power of substitution to exist in the corporate sense, the member must be able, without the consent of other members, to confer upon his substitute all the attributes of his interest in the organization. Thus, the characteristic of free transferability of interests does not exist in a case in which each member can, without the consent of other members, assign only his right to share in profits but cannot so assign his rights to participate in the management of the organization. Furthermore, although the agreement provides for the transfer of a member's interest, there is no power of substitution and no free transferability of interest if under local law a transfer of a member's interest results in the dissolution of the old organization and the formation of a new organization.

(2) If each member of an organization can transfer his interest to a person who is not a member of the organization only after having offered such interest to the other members at its fair market value, it will be recognized that a modified form of free transferability of interests exists. In determining the classification of an organization, the presence of this modified corporate characteristic will be accorded less significance than if such characteristic were present in an unmodified form.

(f) *Cross reference.* See paragraph (b) of § 301.7701-3 for the application to limited partnerships of the rules relating to corporate characteristics.

(g) *Examples.* The application of the rules described in this section may be illustrated by the following examples:

*Example 1.* [Reserved]

*Example 2.* A group of seven doctors forms a clinic for the purpose of furnishing, for profit, medical and surgical services to the public. They each transfer assets to the clinic, and their agreement provides that except upon complete liquidation of the organization on the vote of three-fourths of its members, no member has any individual interest in its assets. Their agreement also provides that neither the death, insanity, bankruptcy, retirement, resignation, nor expulsion of a member shall cause the dissolution of the organization. However, under the applicable local law, a member who withdraws does have the power to dissolve the organization. While the agreement provides that the management of the clinic is to be vested exclusively in an executive committee of four members elected by all the members, this provision is ineffective as against outsiders who had no notice of it; and, therefore, the act of any member within the scope of the organization's business binds the organization insofar as such outsiders are concerned. While the agreement declares that each individual doctor alone is liable for acts of malpractice, members of the clinic are, nevertheless, personally liable for all debts of the clinic including claims based on malpractice. No member has the right, without the consent of all the other members, to transfer his interest to a doctor who is not a member of the clinic. The organization has associates and an objective to carry on business and divide the gains therefrom. However, it does not have the corporate characteristics of continuity of life, centralized management, limited liability, and free transferability of interests. The organization will be classified as a partnership for all purposes of the Internal Revenue Code.

*Example 3.* A group of 25 lawyers forms an organization for the purpose of furnishing, for profit, legal services to the public. Their agreement provides that the organization will dissolve upon the death, insanity, bankruptcy, retirement, or expulsion of a member. While their agreement provides that the management of the organization is to be vested exclusively in an executive committee of five members elected by all the members, this provision is ineffective as

§ 301.7701-2          **26 CFR Ch. I (4-1-93 Edition)**

against outsiders who had no notice of it; and, therefore, the act of any member within the scope of the organization's business binds the organization insofar as such outsiders are concerned. Members of the organization are personally liable for all debts, or claims against, the organization. No member has the right, without the consent of all the other members, to transfer his interest to a lawyer who is not a member of the organization. The organization has associates and an objective to carry on business and divide the gains therefrom. However, the four corporate characteristics of limited liability, centralized management, free transferability of interests, and continuity of life are absent in this case. The organization will be classified as a partnership for all purposes of the Internal Revenue Code.

*Example 4.* A group of 25 persons forms an organization for the purpose of engaging in real estate investment activities. Each member has the power to dissolve the organization at any time. The management of the organization is vested exclusively in an executive committee of five members elected by all the members, and under the applicable local law, no one acting without the authority of this committee has the power to bind the organization by his acts. Under the applicable local law, each member is personally liable for the obligations of the organization. Every member has the right to transfer his interest to a person who is not a member of the organization, but he must first advise the organization of the proposed transfer and give it the opportunity on a vote of the majority to purchase the interest at its fair market value. The organization has associates and an objective to carry on business and divide the gains therefrom. While the organization does have the characteristics of centralized management and a modified form of free transferability of interests, it does not have the corporate characteristics of continuity of life and limited liability. Under the circumstances presented, the organization will be classified as a partnership for all purposes of the Internal Revenue Code.

*Example 5.* A group of 25 persons forms an organization for the purpose of engaging in real estate investment activities. Under their agreement, the organization is to have a life of 20 years, and under the applicable local law, no member has the power to dissolve the organization prior to the expiration of that period. The management of the organization is vested exclusively in an executive committee of five members elected by all the members, and under the applicable local law, no one acting without the authority of this committee has the power to bind the organization by his acts. Under the applicable local law, each member is personally liable for the obligations of the organization. Every member has the right to transfer his interest to a person who is not a member of the organization, but he must first advise the organization of the proposed transfer and give it the opportunity on a vote of the majority to purchase the interest at its fair market value. The organization has associates and an objective to carry on business and divide the gains therefrom. While the organization does not have the corporate characteristics of limited liability, it does have continuity of life, centralized management, and a modified form of free transferability of interests. The organization will be classified as an association for all purposes of the Internal Revenue Code.

*Example 6.* A group of 25 persons forms an organization for purposes of engaging in real estate investment activities. Each member has the power to dissolve the organization at any time. The management of the organization is vested exclusively in an executive committee of five members elected by all the members, and under the applicable local law, no one acting without the authority of this committee has the power to bind the organization by his acts. Under the applicable local law, the liability of each member for the obligations of the organization is limited to paid and subscribed capital. Every member has the right to transfer his interest to a person who is not a member of the organization, but he must first advise the organization of the proposed transfer and give it the opportunity on a vote of the majority to purchase the interest at its fair market value. The organization has associates and an objective to carry on business and divide the gains therefrom. While the organization does not have the characteristic of continuity of life, it does have limited liability, centralized management, and a modified form of free transferability of interests. The organization will be classified as an association for all purposes of the Internal Revenue Code.

*Example 7.* A group of 25 persons forms an organization for the purpose of investing in securities so as to educate the members in principles and techniques of investment practices and to share the income from such investments. While the agreement states that the organization will operate until terminated by a three-fourths vote of the total membership and will not terminate upon the withdrawal or death of any member, under the applicable local law, a member has the power to dissolve the organization at any time. The business of the organization is carried on by the members at regular monthly meetings and buy or sell action may be taken only when voted by a majority of the organization's membership present. Elected officers perform only ministerial functions such as presiding at meet-

ings and carrying out the directions of the members. Members of the organization are personally liable for all debts of, or claims against, the organization. No member may transfer his membership. The organization has associates and an objective to carry on business and divide the gains therefrom. However, the organization does not have the corporate characteristics of limited liability, free transferability of interests, continuity of life, and centralized management. The organization will be treated as a partnership for all purposes of the Internal Revenue Code.

[32 FR 15241, Nov. 3, 1967, as amended by T.D. 7515, 42 FR 55612, Oct. 18, 1977; T.D. 7889, 48 FR 18805, Apr. 26, 1983]

§ 301.7701-3 Partnerships.

(a) *In general.* The term "partnership" is broader in scope than the common law meaning of partnership and may include groups not commonly called partnerships. Thus, the term "partnership" includes a syndicate, group, pool, joint venture, or other unincorporated organization through or by means of which any business, financial operation, or venture is carried on, and which is not a corporation or a trust or estate within the meaning of the Internal Revenue Code of 1954. A joint undertaking merely to share expenses is not a partnership. For example, if two or more persons jointly construct a ditch merely to drain surface water from their properties, they are not partners. Mere co-ownership of property which is maintained, kept in repair, and rented or leased does not constitute a partnership. For example, if an individual owner, or tenants in common, of farm property lease it to a farmer for a cash rental or a share of the crops, they do not necessarily create a partnership thereby. Tenants in common, however, may be partners if they actively carry on a trade, business, financial operation, or venture and divide the profits thereof. For example, a partnership exists if co-owners of an apartment building lease space and in addition provide services to the occupants either directly or through an agent.

(b) *Limited partnerships*—(1) *In general.* An organization which qualifies as a limited partnership under State law may be classified for purposes of the Internal Revenue Code as an ordinary partnership or as an association. Such a limited partnership will be treated as an association if, applying the principles set forth in § 301.7701-2, the organization more nearly resembles a corporation than an ordinary partnership or other business entity.

(2) *Examples.* The principles of this paragraph may be illustrated by the following examples:

*Example 1.* Three individuals form an organization which qualifies as a limited partnership under the laws of the State in which the organization was formed. The purpose of the organization is to acquire and operate various pieces of commercial and other investment property for profit. Each of the three individuals who are general partners invests $100,000 in the enterprise. Five million dollars of additional capital is raised through contributions of $100,000 or more by each of 30 limited partners. The three general partners are personally capable of assuming a substantial part of the obligations to be incurred by the organization. While a limited partner may assign his right to receive a share of the profits and a return of his contribution, his assignee does not become a substituted limited partner except with the unanimous consent of the general partners. The life of the organization as stated in the certificate is 20 years, but the death, insanity, or retirement of a general partner prior to the expiration of the 20-year period will dissolve the organization. The general partners have exclusive authority to manage the affairs of the organization but can act only upon the unanimous consent of all of them. The organization has associates and an objective to carry on business and divide the gains therefrom, which characterize both partnerships and corporations. While the organization has the corporate characteristic of centralized management, since substantially all of the interests in the organization are owned by the limited partners, it does not have the characteristics of continuity of life, free transferability of interests, or limited liability. The organization will be classified as a partnership for all purposes of the Internal Revenue Code.

*Example 2.* Three individuals form an organization which qualifies as a limited partnership under the laws of the State in which the organization was formed. The purpose of the organization is to acquire and operate various pieces of commercial and other investment property for profit. The certificate provides that the life of the organization is to be 40 years, unless a general partner dies, becomes insane, or retires during such period. On the occurrence of such death, insanity, or retirement, the remaining general partners may continue the