## **PLAINTIFF'S PRE-TRIAL BRIEF**

# **EXHIBIT H**

# FEDERAL TAXATION OF PARTNERSHIPS AND PARTNERS

## SECOND EDITION

**WILLIAM S. McKEE**
*Member of the Virginia and District of Columbia Bars*

**WILLIAM F. NELSON**
*Member of the Georgia Bar*

**ROBERT L. WHITMIRE**
*Member of the California Bar*

## VOLUME 1



WARREN, GORHAM & LAMONT
Boston • New York

DISTRIBUTIVE SHARES                                                    ¶ 10.02[2][c]

The one third/two thirds agreement between $D$ and $E$ in this example means that their capital accounts should be $150 and $300, not $133 and $317. The failure to book up capital accounts prior to the distribution deprived $D$ of his full $50 share of the $100 of unrealized appreciation in property $Z$. He received credit for only $33 when $Z$ was sold; the $17 shortfall arises because the failure to book up capital accounts upon the reduction of $D$'s interest deprived him of his full share of the unrealized appreciation with regard to $Z$.

The mechanics of dealing with restated capital accounts (if they are to comply with the Regulations) include the following steps:

1. The adjustments must be based on the fair market value of partnership property (taking § 7701(g) into account) and must reflect the manner in which the unrealized income, gain, loss, or deduction inherent in the property (which has not been previously reflected in the capital accounts) would be allocated among the partners if there had been a taxable disposition of the property at its fair market value on that date. The fair market value assigned to contributed, distributed, or revalued property (which value is determined on a property-by-property basis, except to the extent otherwise permitted by the § 704(c) Regulations) will be regarded as correct if it is reasonably agreed to among the partners in arm's-length negotiations and if the partners have sufficiently adverse interests.[118]

2. The partners' capital accounts must be subsequently adjusted for *book* depreciation, depletion, amortization, and gain or loss with respect to the booked-up value of the property.[119]

3. The partners' distributive shares of *tax* depreciation, depletion, amortization, and gain or loss with respect to the property must be determined so as to take account of the resulting book/tax disparity according to the rules of § 704(c).[120]

### [iii] Accounting for book/tax disparities

One of the fundamental concepts underlying the § 704(b) Regulations is that the partners' distributive shares of all *book* items are governed by § 704(b); once the appropriate book treatment has been determined, § 704(c) governs the determination of the partners' distributive shares of the tax items with respect to

---

[118] Otherwise, if the value assigned to this property is overstated or understated (by more than an insignificant amount), the partnership's capital accounts will be deemed not to be maintained according to the Regulations, and its allocation scheme will not have economic effect.

[119] See infra ¶ 10.02[2][c][iii].

[120] Reg. § 1.704-1(b)(2)(iv)(*f*). This includes the "ceiling rule" of Reg. § 1.704-1(c)(2)(i). See Rev. Rul. 75-458, 1975-2 CB 258; infra ¶ 10.04[2].

property that has a tax basis different from its book value, and § 704(b) governs the computation of all other distributive shares of tax items.[121] Section 704(c) and the companion rules of the § 704(b) Regulations are thus purely mechanical in that their sole function is to eliminate book/tax disparities over time. These rules apply regardless of how the book/tax disparity arises: The § 704(b) Regulations mandate their application (as a condition for validating the partnership's allocation scheme) to all book/tax disparities, including those that are not within the scope of § 704(c) itself.[122] The § 704(b) Regulations expressly apply the § 704(c) rules to unrealized income or deduction with respect to accounts receivable, accounts payable, and other accrued but unpaid items.[123]

The Regulations deny the partners any flexibility in determining the amount of book depreciation, depletion, and amortization with respect to partnership property. Instead, they require that book depreciation deductions bear the same relationship to book values as tax depreciation bears to adjusted tax basis.[124] For example, if an item of partnership property has an adjusted tax basis of $20 and a book basis of $100 and is subject to a five-year cost recovery schedule of $6, $5, $4, $3, and $2, the corresponding book depreciation deductions would be $30, $25, $20, $15, and $10.

### [iv] Transfers of partnership interests and terminations

As a general rule, upon the sale or exchange of a partnership interest, the capital account of the transferor partner attributable to the transferred interest carries over to the transferee partner.[125] If the transfer causes a termination of the partnership under § 708(b)(1)(B), however, the capital accounts of all partners must be redetermined by applying the constructive distribution and contribution rules of Regulation § 1.708-1. Thus, the capital accounts of the partners of the terminated partnership must be adjusted to reflect the manner in which the unrealized income, gain, loss, and deduction inherent in partnership property (which had not previously been reflected in the partners' capital accounts) would be allocated among the partners if there had been a taxable disposition of the property for its fair market value at the time of termination.[126] The assets of the terminated partnership are then distributed to its partners in accordance with their fair market values in satisfaction of these capital accounts, and a new

---

[121] See Reg. § 1.704-1(b)(1)(vi).

[122] Reg. §§ 1.704-1(b)(2)(iv)(*f*)(*4*), 1.704-1(b)(4)(i).

[123] Reg. § 1.704-1(b)(2)(iv)(*g*)(*2*).

[124] Reg. § 1.704-1(b)(2)(iv)(*g*)(*3*). If property has a zero basis, there will be zero tax depreciation, and the book depreciation can be determined "under any reasonable method" selected by the partnership.

[125] Reg. § 1.704-1(b)(2)(iv)(*l*).

[126] Reg. § 1.704-1(b)(2)(iv)(*e*)(*l*).