## PLAINTIFF'S PRE-TRIAL BRIEF

# EXHIBIT I

**RULES AND REGULATIONS**

19. Section 75.110 is amended to read as follows:

§ 75.110 *Exportation of technical data.* (a) A license issued by the Secretary of State is required in all cases for the export of unclassified technical data to any of the destinations referred to in § 75.140 (f). (See also § 75.2.)

(b) A license is also required for the export of such data to all other destinations except when otherwise exempted by §§ 75.111 to 75.160 or when it is in published form and is (1) sold at newsstands or bookstores; (2) available by subscription or purchase to any individual without restriction; (3) granted second class mailing privilege by the United States Government; or (4) freely available at public libraries.

(c) When classified technical data is involved, except for releases of classified military information made directly to a foreign government or one of its agencies, special clearance from the Department of State is required in each case. Full details should be submitted to the Department by letter, accompanied by any additional documents that might assist in the consideration of the proposal. All documents should be submitted in quadruplicate. If the subject matter is disclosed in a patent application subject to a secrecy order issued by the Patent Office under 35 U. S. C. 181, the letter to the Department should state this fact and identify the patent application.

20. Section 75.111 is amended to read as follows:

§ 75.111 *Shipment by the United States Government.* The exportation by the United States Government of technical data relating to arms, ammunition, and implements of war is not subject to the provisions of section 414 of the Mutual Security Act. A license to export documents and information of this kind, therefore, is not required when the United States Government or an agency thereof is the consignor unless a private individual or firm is involved in the shipping or mailing procedures.

21. Section 75.114 is amended to read as follows:

§ 75.114 *Exportation of technical data with patent applications.* The exportation of technical data relating to arms, ammunition, and implements of war with any patent application for foreign patents is subject to the jurisdiction of the Secretary of State. A Department of State export license is required for the exportation of unclassified technical data included as part of or with an application for a foreign patent unless the exporter has a currently valid United States Patent Office license for foreign filing. The Patent Office may issue such a license prior to the expiration of six months following the filing of an application for patent in the United States. If the subject matter is covered by a secrecy order, the provisions of § 75.110 (c) are applicable.

22. Paragraph (f) of § 75.140 is amended to read as follows:

(f) Under any of the above exemptions, the exporter must also certify

that the technical data is not intended for the Soviet Union, Soviet bloc countries, Communist China, North Korea, and that part of Viet-Nam which lies north of the 17th parallel and any of the territories of free Viet-Nam or Laos which are under de facto control of the Communists, or any other area that may come under Communist control.

23. Section 75.180 is amended to read as follows:

§ 75.180 *Violations in general.* It shall be unlawful for any person to export or attempt to export from the United States any of those articles designated by the United States Munitions List or regulations as arms, ammunition, and implements of war or to import or attempt to import such articles into the United States without first having obtained a license therefor unless an exemption from this requirement is authorized by this part.

(Sec. 414, 68 Stat. 848; 22 U. S. C. 1934. Sec. 103, E. O. 10575, 19 F. R. 7251, 3 CFR, 1954 Supp.)

Dated: May 15, 1956.

For the Secretary of State.

SCOTT MCLEOD,
*Administrator,*
*Bureau of Security*
*and Consular Affairs.*

[F. R. Doc. 56–4107; Filed, May 24, 1956; 8:47 a. m.]

---

# TITLE 24—HOUSING AND HOUSING CREDIT

## Chapter II—Federal Housing Administration, Housing and Home Finance Agency

### Subchapter C—Mutual Mortgage Insurance and Servicemen's Mortgage Insurance

PART 221—MUTUAL MORTGAGE INSURANCE; ELIGIBILITY REQUIREMENTS OF MORTGAGE COVERING ONE- TO FOUR-FAMILY DWELLINGS

ELIGIBILITY OF MISCELLANEOUS TYPE MORTGAGES

In § 221.42 (b) the introductory text is amended to read as follows:

§ 221.42 *Eligibility of miscellaneous type mortgages.* * * *

(b) A mortgage may be in an amount not exceeding 90 percent (88 percent in the case of a mortgage insured pursuant to an application received by the Commissioner on or after July 30, 1955, except in the case of a loan insured pursuant to the provisions of subparagraph (4) of this paragraph or paragraph (f) of this section) of the appraised value of the mortgaged property as of the date the mortgage is accepted for insurance if:

*       *       *       *       *

(Sec. 211, 52 Stat. 23; 12 U. S. C. 1715b)

Issued at Washington, D. C., May 18, 1956.

NORMAN P. MASON,
*Federal Housing Commissioner.*

[F. R. Doc. 56–4108; Filed, May 24, 1956; 8:47 a. m.]

---

# TITLE 26—INTERNAL REVENUE, 1954

## Chapter I—Internal Revenue Service, Department of the Treasury

### Subchapter A—Income Tax

[T. D. 6175]

PART 1—INCOME TAX; TAXABLE YEARS BEGINNING AFTER DECEMBER 31, 1953

PARTNERS AND PARTNERSHIPS

On August 12, 1955, notice of proposed rulemaking regarding the regulations under subchapter K of chapter 1 of the Internal Revenue Code of 1954 (Public Law 591, 83d Congress) approved August 16, 1954, was published in the FEDERAL REGISTER (20 F. R. 5854). After consideration of such relevant suggestions as were presented by interested persons regarding the proposals, the following regulations are hereby adopted:

| Sec. | |
|---|---|
| 1.701 | Statutory provisions; partners, not partnership; subject to tax. |
| 1.701–1 | Partners, not partnership, subject to tax. |
| 1.702 | Statutory provisions; income and credits of partner. |
| 1.702–1 | Income and credits of partner. |
| 1.702–2 | Net operating loss deduction of partner. |
| 1.703 | Statutory provisions; partnership computations. |
| 1.703–1 | Partnership computations. |
| 1.704 | Statutory provisions; partner's distributive share. |
| 1.704–1 | Partner's distributive share. |
| 1.705 | Statutory provisions; determination of basis of partner's interest. |
| 1.705–1 | Determination of basis of partner's interest. |
| 1.706 | Statutory provisions; taxable years of partner and partnership. |
| 1.706–1 | Taxable years of partner and partnership. |
| 1.707 | Statutory provisions; transactions between partner and partnership. |
| 1.707–1 | Transactions between partner and partnership. |
| 1.708 | Statutory provisions; continuation of partnership. |
| 1.708–1 | Continuation of partnership. |
| 1.721 | Statutory provisions; nonrecognition of gain or loss on contribution. |
| 1.721–1 | Nonrecognition of gain or loss on contribution. |
| 1.722 | Statutory provisions; basis of contributing partner's interest. |
| 1.722–1 | Basis of contributing partner's interest. |
| 1.723 | Statutory provisions; basis of property contributed to partnership. |
| 1.723–1 | Basis of property contributed to partnership. |
| 1.731 | Statutory provisions; extent of recognition of gain or loss on distribution. |
| 1.731–1 | Extent of recognition of gain or loss on distribution. |
| 1.732 | Statutory provisions; basis of distributed property other than money. |
| 1.732–1 | Basis of distributed property other than money. |
| 1.732–2 | Special partnership basis of distributed property. |
| 1.733 | Statutory provisions; basis of distributee partner's interest. |
| 1.733–1 | Basis of distributee partner's interest. |
| 1.734 | Statutory provisions; optional adjustment to basis of undistributed partnership property. |
| 1.734–1 | Optional adjustment to basis of undistributed partnership property. |

Sec.
1.734-2  Adjustment after distribution to transferee partner.
1.735  Statutory provisions: character of gain or loss on disposition of distributed property.
1.735-1  Character of gain or loss on disposition of distributed property.
1.736  Statutory provisions: payments to a retiring partner or a deceased partner's successor in interest.
1.736-1  Payments to a retiring partner or a deceased partner's successor in interest.
1.741  Statutory provisions: recognition and character of gain or loss on sale or exchange.
1.741-1  Recognition and character of gain or loss on sale or exchange.
1.742  Statutory provisions: basis of transferee partner's interest.
1.742-1  Basis of transferee partner's interest.
1.743  Statutory provisions: optional adjustment to basis of partnership property.
1.743-1  Optional adjustment to basis of partnership property.
1.751  Statutory provisions: unrealized receivables and inventory items.
1.751-1  Unrealized receivables and inventory items.
1.752  Statutory provisions: treatment of certain liabilities.
1.752-1  Treatment of certain liabilities.
1.753  Statutory provisions: partner receiving income in respect of decedent.
1.753-1  Partner receiving income in respect of decedent.
1.754  Statutory provisions: manner of electing optional adjustment to basis of partnership property.
1.754-1  Time and manner of making election to adjust basis of partnership property.
1.755  Statutory provisions: rules for allocation of basis.
1.755-1  Rules for allocation of basis.
1.761  Statutory provisions: terms defined.
1.761-1  Terms defined.
1.771  Statutory provisions: effective date.
1.771-1  Effective date.

AUTHORITY: §§ 1.701 to 1.771-1 issued under sec. 7805, 68A Stat. 917; 26 U. S. C. 7805. Interpret or apply secs. 701-708, 721-723, 731-736, 741-743, 751-755, 761, 771, 68A Stat. 239-254; 26 U. S. C. 701-708, 721-723, 731-736, 741-743, 751-755, 761, 771.

PARTNERS AND PARTNERSHIPS

DETERMINATION OF TAX LIABILITY

§ 1.701  *Statutory provisions; partners, not partnership, subject to tax.*

SEC. 701. *Partners, not partnership, subject to tax.* A partnership as such shall not be subject to the income tax imposed by this chapter. Persons carrying on business as partners shall be liable for income tax only in their separate or individual capacities.

§ 1.701-1  *Partners, not partnership, subject to tax.* Partners are liable for income tax only in their separate capacities. Partnerships as such are not subject to the income tax imposed by subtitle A but are required to make returns of income under the provisions of section 6031 and the regulations thereunder. For definition of the terms "partner" and "partnership", see sections 761 and 7701 (a) (2), and the regulations thereunder. For provisions relating to the election of certain partnerships to be taxed as domestic corporations, see section 1361 and the regulations thereunder.

§ 1.702  *Statutory provisions; income and credits of partner.*

SEC. 702. *Income and credits of partner—* (a) *General rule.* In determining his income tax, each partner shall take into account separately his distributive share of the partnership's—

(1) Gains and losses from sales or exchanges of capital assets held for not more than 6 months;

(2) Gains and losses from sales or exchanges of capital assets held for more than 6 months,

(3) Gains and losses from sales or exchanges of property described in section 1231 (relating to certain property used in a trade or business and involuntary conversions),

(4) Charitable contributions (as defined in section 170 (c)),

(5) Dividends with respect to which there is provided a credit under section 34, an exclusion under section 116, or a deduction under part VIII of subchapter B,

(6) Taxes, described in section 901, paid or accrued to foreign countries and to possessions of the United States.

(7) Partially tax-exempt interest on obligations of the United States or on obligations of instrumentalities of the United States as described in section 35 or section 242 (but, if the partnership elects to amortize the premiums on bonds as provided in section 171, the amount received on such obligations shall be reduced by the reduction provided under section 171 (a) (3)),

(8) Other items of income, gain, loss, deduction, or credit, to the extent provided by regulations prescribed by the Secretary or his delegate, and

(9) Taxable income or loss, exclusive of items requiring separate computation under other paragraphs of this subsection.

(b) *Character of items constituting distributive share.* The character of any item of income, gain, loss, deduction, or credit included in a partner's distributive share under paragraphs (1) through (8) of subsection (a) shall be determined as if such item were realized directly from the source from which realized by the partnership, or incurred in the same manner as incurred by the partnership.

(c) *Gross income of a partner.* In any case where it is necessary to determine the gross income of a partner for purposes of this title, such amount shall include his distributive share of the gross income of the partnership.

§ 1.702-1  *Income and credits of partner—* (a) *General rule.* Each partner is required to take into account separately in his return his distributive share, whether or not distributed, of each class or item of partnership income, gain, loss, deduction, or credit described in subparagraphs (1) through (9) of this paragraph. (For the taxable year in which a partner includes his distributive share of partnership taxable income, see section 706 (a) and § 1.706-1 (a). Such distributive share shall be determined as provided in section 704 and § 1.704-1.) Accordingly, in determining his income tax:

(1) Each partner shall take into account, as part of his gains and losses from sales or exchanges of capital assets held for not more than six months, his distributive share of the combined net amount of such gains and losses of the partnership.

(2) Each partner shall take into account, as part of his gains and losses from sales or exchanges of capital assets held for more than six months, his distributive share of the combined net amount of such gains and losses of the partnership.

(3) Each partner shall take into account, as part of his gains and losses from sales or exchanges of property described in section 1231 (relating to property used in the trade or business and involuntary conversions), his distributive share of the combined net amount of such gains and losses of the partnership. The partnership shall not combine such items with items set forth in subparagraph (1) or (2) of this paragraph.

(4) Each partner shall take into account, as part of the charitable contributions paid by him, his distributive share of each class of charitable contributions paid by the partnership within the partnership's taxable year. Section 170 determines the extent to which such amount may be allowed as a deduction to the partner. For the definition of the term "charitable contribution", see section 170 (c).

(5) Each partner shall take into account, as part of the dividends received by him from domestic corporations, his distributive share of dividends received by the partnership, with respect to which the partner is entitled to a credit under section 34, an exclusion under section 116, or a deduction under part VIII of subchapter B.

(6) Each partner shall take into account, as part of his taxes described in section 901 which have been paid or accrued to foreign countries or to possessions of the United States, his distributive share of such taxes which have been paid or accrued by the partnership, according to its method of treating such taxes. A partner may elect to treat his total amount of such taxes, including his distributive share of such taxes of the partnership, as a deduction under section 164 or as a credit under section 901, subject to the provisions of sections 901 through 905.

(7) Each partner shall take into account, as part of the partially tax-exempt interest received by him on obligations of the United States or on obligations of instrumentalities of the United States, as described in section 35 or section 242, his distributive share of such partially tax-exempt interest received by the partnership. However, if the partnership elects to amortize premiums on bonds as provided in section 171, the amount received on such obligations by the partnership shall be reduced by the amortizable bond premium applicable to such obligations as provided in section 171 (a) (3).

(8) (i) Each partner shall take into account separately, as part of any class of income, gain, loss, deduction, or credit, his distributive share of the following items: recoveries of bad debts, prior taxes, and delinquency amounts (section 111); gains and losses from wagering transactions (section 165 (d)); soil and water conservation expenditures (section 175); nonbusiness expenses as described in section 212; medical, dental, etc., expenses (section 213); expenses for care of certain dependents (section 214); alimony, etc., payments (section 215); amounts representing taxes and

interest paid to cooperative housing corporations (section 216); intangible drilling and developments costs (section 263 (c)); exploration expenditures (section 615); income, gain, or loss to the partnership under section 751 (b); and any items of income, gain, loss, deduction, or credit subject to a special allocation under the partnership agreement which differs from the allocation of partnership taxable income or loss generally.

(ii) Each partner must also take into account separately his distributive share of any partnership item which if separately taken into account by any partner would result in an income tax liability for that partner different from that which would result if that partner did not take the item into account separately. Thus, if any partner would qualify for the retirement income credit under section 37 if the partnership pensions and annuities, interest, rents, dividends, and earned income were separately stated, such items must be separately stated for all partners. Under section 911 (a), if any partner is a bona fide resident of a foreign country who may exclude from his gross income the part of his distributive share which qualifies as earned income as defined in section 911 (b), the earned income of the partnership for all partners must be separately stated. Similarly, all relevant items of income or deduction of the partnership must be separately stated for all partners in determining the applicability of section 270 (relating to "hobby losses") and the recomputation of tax thereunder for any partner.

(iii) Each partner shall aggregate the amount of his separate deductions or exclusions and his distributive share of partnership deductions or exclusions separately stated in determining the amount allowable to him of any deduction or exclusion under subtitle A as to which a limitation is imposed. For example, partner A has individual exploration expenditures of $75,000. He is also a member of the AB partnership which has exploration expenditures of $120,000. A's distributive share of this item is $60,000. However, the total amount that A can deduct as exploration expenditures under section 615 (a) is limited to $100,000. Therefore, the excess of $35,000 ($135,000 minus $100,000) is not deductible by A.

(9) Each partner shall also take into account separately his distributive share of the taxable income or loss of the partnership, exclusive of items requiring separate computations under subparagraphs (1) through (8) of this paragraph. For limitation on allowance of a partner's distributive share of partnership losses, see section 704 (d) and § 1.704–1 (d).

(b) *Character of items constituting distributive share.* The character in the hands of a partner of any item of income, gain, loss, deduction, or credit described in section 702 (a) (1) through (8) shall be determined as if such item were realized directly from the source from which realized by the partnership or incurred in the same manner as incurred by the partnership. For example, a partner's distributive share of gain from the sale of depreciable property

used in the trade or business of the partnership shall be considered as gain from the sale of such depreciable property in the hands of the partner. Similarly, a partner's distributive share of partnership "hobby losses" (section 270) or his distributive share of partnership charitable contributions to churches, educational organizations, or hospitals (section 170 (b) (1) (A)) retains such character in the hands of the partner.

(c) *Gross income of a partner.* (1) Where it is necessary to determine the amount or character of the gross income of a partner, his gross income shall include the partner's distributive share of the gross income of the partnership, that is, the amount of gross income of the partnership from which was derived the partner's distributive share of partnership taxable income or loss (including items described in section 702 (a) (1) through (8)). For example, a partner is required to include his distributive share of partnership gross income:

(i) In computing his gross income for the purpose of determining the necessity of filing a return (section 6012 (a));

(ii) In determining the application of the provision permitting the spreading of income for services rendered over a 36-month period (section 1301);

(iii) In computing the amount of gross income received from sources within possessions of the United States (section 931); and

(iv) In determining a partner's "gross income from farming" (sections 175 and 6073).

(2) In determining the applicability of the 6-year period of limitation on assessment and collection provided in section 6501 (e) (relating to omission of more than 25 percent of gross income), a partner's distributive share of partnership gross income (as described in section 6501 (e) (1) (A) (i)). In this respect, the amount of partnership gross income from which was derived the partner's distributive share of any item of partnership income, gain, loss, deduction, or credit (as included or disclosed in the partner's return) is considered as an amount of gross income stated in the partner's return for the purposes of section 6501 (e). For example, A, who is entitled to one-fourth of the profits of the ABCD partnership, which has $10,000 gross income and $2,000 taxable income, reports only $300 as his distributive share of partnership profits. A should have shown $500 as his distributive share of profits, which amount was derived from $2,500 of partnership gross income. However, since A included only $300 on his return without explaining in the return the difference of $200, he is regarded as having stated in his return only $1,500 ($300/$500 of $2,500) as gross income from the partnership.

(d) *Partners in community property States.* If separate returns are made by a husband and wife domiciled in a community property State, and only one spouse is a member of the partnership, the part of his or her distributive share of any item or items listed in paragraph (a) (1) through (9) of this section which is community property, or which is derived from community property,

should be reported by the husband and wife in equal proportions.

§ 1.702–2 *Net operating loss deduction of partner.* For the purpose of determining a net operating loss deduction under section 172, a partner shall take into account his distributive share of items of income, gain, loss, deduction, or credit of the partnership. The character of any such item shall be determined as if such item were realized directly from the source from which realized by the partnership, or incurred in the same manner as incurred by the partnership. See section 702 (b) and § 1.702–1 (b). To the extent necessary to determine the allowance under section 172 (d) (4) of the nonbusiness deductions of a partner (arising from both partnership and nonpartnership sources), the partner shall separately take into account his distributive share of the deductions of the partnership which are not attributable to a trade or business and combine such amount with his nonbusiness deductions from nonpartnership sources. Such partner shall also separately take into account his distributive share of the gross income of the partnership not derived from a trade or business and combine such amount with his nonbusiness income from nonpartnership sources. See section 172 and the regulations thereunder.

§ 1.703 *Statutory provisions; partnership computations.*

SEC. 703. *Partnership computations*—(a) *Income and deductions.* The taxable income of a partnership shall be computed in the same manner as in the case of an individual except that—

(1) The items described in section 702 (a) shall be separately stated, and

(2) The following deductions shall not be allowed to the partnership:

(A) The standard deduction provided in section 141,

(B) The deductions for personal exemptions provided in section 151,

(C) The deduction for taxes provided in section 164 (a) with respect to taxes, described in section 901, paid or accrued to foreign countries and to possessions of the United States,

(D) The deduction for charitable contributions provided in section 170,

(E) The net operating loss deduction provided in section 172, and

(F) The additional itemized deductions for individuals provided in part VII of subchapter B (sec. 211 and following).

(b) *Elections of the partnership.* Any election affecting the computation of taxable income derived from a partnership shall be made by the partnership, except that the election under section 901, relating to taxes of foreign countries and possessions of the United States, shall be made by each partner separately.

§ 1.703–1 *Partnership computations*—(a) *Income and deductions.* (1) The taxable income of a partnership shall be computed in the same manner as the taxable income of an individual, except as otherwise provided in this section. A partnership is required to state separately in its return the items described in section 702 (a) (1) through (7) and, in addition, to attach to its return a statement setting forth separately those items described in section 702 (a) (8) which the partner is required to take

Case 3:05-cv-00944-BAJ-EWD   Document 107-10   05/27/11  Page 5 of 37

into account separately in determining his income tax. See § 1.702–1 (a) (8). The partnership is further required to compute and to state separately in its return:

(i) As taxable income under section 702 (a) (9), the total of all other items of gross income (not separately stated) over the total of all other allowable deductions (not separately stated), or

(ii) As loss under section 702 (a) (9), the total of all other allowable deductions (not separately stated) over the total of all other items of gross income (not separately stated).

The taxable income or loss so computed shall be accounted for by the partners in accordance with their partnership agreement.

(2) The partnership is not allowed the following deductions:

(i) The standard deduction provided in section 141.

(ii) The deduction for personal exemptions provided in section 151.

(iii) The deduction provided in section 164 (a) for taxes, described in section 901, paid or accrued to foreign countries or possessions of the United States. Each partner's distributive share of such taxes shall be accounted for separately by him as provided in section 702 (a) (6).

(iv) The deduction for charitable contributions provided in section 170. Each partner is considered as having paid within his taxable year his distributive share of any contribution or gift, payment of which was actually made by the partnership within its taxable year ending within or with the partner's taxable year. This item shall be accounted for separately by the partners as provided in section 702 (a) (4). See also § 1.702–1 (b).

(v) The net operating loss deduction provided in section 172. See § 1.702–2.

(vi) The additional itemized deductions for individuals provided in part VII of subchapter B, as follows: expenses for production of income (section 212); medical, dental, etc., expenses (section 213); expenses for care of certain dependents (section 214); alimony, etc., payments (section 215); and amounts representing taxes and interest paid to cooperative housing corporation (section 216). However, see § 1.702–1 (a) (8) (iv).

(vii) The deduction for capital gains provided by section 1202 and the deduction for capital loss carryover provided by section 1212.

(b) *Elections of the partnership*—(1) *General rule.* Any elections (other than the election with respect to foreign taxes) affecting the computation of income derived from a partnership shall be made by the partnership. For example, elections of methods of accounting, of computing depreciation, of treating soil and water conservation expenditures, of treating exploration expenditures, and the option to deduct as expenses intangible drilling and development costs, shall be made by the partnership and not by the partners separately. All partnership elections are applicable to all partners equally, but any election made by a partnership shall not apply to any partner's nonpartnership interests.

(2) *Exception.* Each partner shall add his distributive share of taxes described in section 901 paid or accrued by the partnership to foreign countries or possessions of the United States (according to its method of treating such taxes to any taxes paid or accrued by him (according to his method of treating such taxes), and may elect to use the total amount either as a credit against tax or as a deduction from income.

**§ 1.704   Statutory provisions; partner's distributive share.**

Sec. 704. *Partner's distributive share*—(a) *Effect of partnership agreement.* A partner's distributive share of income, gain, loss, deduction, or credit shall, except as otherwise provided in this section, be determined by the partnership agreement.

(b) *Distributive share determined by income or loss ratio.* A partner's distributive share of any item of income, gain, loss, deduction, or credit shall be determined in accordance with his distributive share of taxable income or loss of the partnership, as described in section 702 (a) (9), for the taxable year, if—

(1) The partnership agreement does not provide as to the partner's distributive share of such item, or

(2) The principal purpose of any provision in the partnership agreement with respect to the partner's distributive share of such item is the avoidance or evasion of any tax imposed by this subtitle.

(c) *Contributed property*—(1) *General rule.* In determining a partner's distributive share of items described in section 702 (a), depreciation, depletion, or gain or loss with respect to property contributed to the partnership by a partner shall, except to the extent otherwise provided in paragraph (2) or (3), be allocated among the partners in the same manner as if such property had been purchased by the partnership.

(2) *Effect of partnership agreement.* If the partnership agreement so provides, depreciation, depletion, or gain or loss with respect to property contributed to the partnership by a partner shall, under regulations prescribed by the Secretary or his delegate, be shared among the partners so as to take account of the variation between the basis of the property to the partnership and its fair market value at the time of contribution.

(3) *Undivided interests.* If the partnership agreement does not provide otherwise, depreciation, depletion, or gain or loss with respect to undivided interests in property contributed to a partnership shall be determined as though such undivided interests had not been contributed to the partnership. This paragraph shall apply only if all the partners had undivided interests in such property prior to contribution and their interests in the capital and profits of the partnership correspond with such undivided interests.

(d) *Limitation on allowance of losses.* A partner's distributive share of partnership loss (including capital loss) shall be allowed only to the extent of the adjusted basis of such partner's interest in the partnership at the end of the partnership year in which such loss occurred. Any excess of such loss over such basis shall be allowed as a deduction at the end of the partnership year in which such excess is repaid to the partnership.

(e) *Family partnerships*—(1) *Recognition of interest created by purchase or gift.* A person shall be recognized as a partner for purposes of this subtitle if he owns a capital interest in a partnership in which capital is a material income-producing factor, whether or not such interest was derived by purchase or gift from any other person.

(2) *Distributive share of donee includible in gross income.* In the case of any partnership interest created by gift, the distributive share of the donee under the partnership agreement shall be includible in his gross income, except to the extent that such share is determined without allowance of reasonable compensation for services rendered to the partnership by the donor, and except to the extent that the portion of such share attributable to donated capital is proportionately greater than the share of the donor attributable to the donor's capital. The distributive share of a partner in the earnings of the partnership shall not be diminished because of absence due to military service.

(3) *Purchase of interest by member of family.* For purposes of this section, an interest purchased by one member of a family from another shall be considered to be created by gift from the seller, and the fair market value of the purchased interest shall be considered to be donated capital. The "family" of any individual shall include only his spouse, ancestors, and lineal descendants, and any trusts for the primary benefit of such persons.

**§ 1.704–1   *Partner's distributive share*—(a)** *Effect of partnership agreement.* A partner's distributive share of any item or class of items of income, gain, loss, deduction, or credit of the partnership shall be determined by the partnership agreement, unless otherwise provided by section 704 and paragraphs (b) through (e) of this section. For definition of partnership agreement see section 761 (c).

(b) *Distributive share determined by income or loss ratio.* (1) If the partnership agreement makes no specific provision for the manner of sharing one or more items or classes of items, a partner's distributive share of such items shall be determined in accordance with the provisions of the partnership agreement for the division of the general profits or losses (that is, the taxable income or loss of the partnership as described in section 702 (a) (9)). In applying this rule, the manner in which the net profit or loss (computed after excluding any item subject to a recognized special allocation) is actually credited on the partnership books to the accounts of the partners will generally determine each partner's share of taxable income or loss as described in section 702 (a) (9).

(2) If the principal purpose of any provision in the partnership agreement determining a partner's distributive share of a particular item is to avoid or evade the Federal income tax, the provision shall be disregarded and the partners' distributive shares of that item shall be determined in accordance with the ratio in which the partners divide the general profits or losses of the partnership (as described in section 702 (a) (9)). In determining whether the principal purpose of any provision in the partnership agreement for a special allocation is the avoidance or evasion of Federal income tax, the provision must be considered in relation to all the surrounding facts and circumstances. Among the relevant circumstances are the following: Whether the partnership or a partner individually has a business purpose for the allocation; whether the allocation has "substantial economic effect", that is, whether the allocation may actually affect the dollar amount of the

3504                          **RULES AND REGULATIONS**

partners' shares of the total partnership income or loss independently of tax consequences; whether related items of income, gain, loss, deduction, or credit from the same source are subject to the same allocation; whether the allocation was made without recognition of normal business factors and only after the amount of the specially allocated item could reasonably be estimated; the duration of the allocation; and the overall tax consequences of the allocation. The application of the provisions of this subparagraph may be illustrated by the following examples:

*Example (1).* The provisions of a partnership agreement for a year in which the partnership incurs losses on the sale of depreciable property used in the trade or business are amended to allocate such losses to one partner who has no such gains individually. An equivalent amount of partnership loss or deduction of a different character is allocated to other partners who individually have gains from the sale of depreciable property used in the trade or business. Since the purpose and effect of this allocation is solely to reduce the taxes of certain partners without actually affecting their shares of partnership income, such allocation will not be recognized. Under section 704 (b) (2), those items will be allocated to all the partners in accordance with the provisions of the partnership agreement for sharing partnership income or loss generally.

*Example (2).* The provisions of a partnership agreement allocate to a partner who is a resident of a foreign country a percentage of the profit derived from operations conducted by him within such country, which percentage is greater than his distributive share of partnership income generally. Such allocation has substantial economic effect and will be recognized in the absence of other circumstances showing that the principal purpose was tax avoidance or evasion.

*Example (3).* Rather than impair the credit standing of the AB partnership by a distribution, the partners agree to invest surplus partnership funds in an equal dollar amount of municipal bonds and corporate stock. The partners further agree that A is to receive all the interest income and gain or loss from tax-exempt bonds and B is to receive all the dividend income and gain or loss from corporate stock. Such allocation has substantial economic effect and will be recognized in the absence of other circumstances showing that the principal purpose was tax avoidance or evasion. On the other hand, under an agreement with respect to partnership CD, it is provided that C's distributive share of income shall be the first $10,000 of tax-exempt income, and D's distributive share of income shall be the first $10,000 of dividend income, the balances to be divided equally. Since the principal purpose of this provision is to allocate tax-exempt interest to C, who is in a higher income tax bracket than D, it will be disregarded. Each partner's distributive share of such interest and dividends will then be allocated in accordance with the provisions of the partnership agreement for sharing partnership income or loss generally.

*Example (4).* KL is a brokerage partnership with assets consisting of securities with a basis of $20,000 and a value of $50,000. M makes a $25,000 cash contribution to the partnership in order to become an equal partner. Subsequently, when the value of the securities has appreciated to $74,000, they are sold. Of the $54,000 taxable gain on the sale of the securities, $24,000 (appreciation in value occurring after M became a partner) is allocated in equal shares to K, L, and M, in accordance with the ratio for sharing profits and losses generally. The $30,000 balance is allocated to K and L in the

profit and loss ratio existing before M became a partner. This latter allocation attributes to K and L the appreciation in value of the securities occurring before M became a partnership asset in which all three partners share equally. This allocation has substantial economic effect and will be recognized in the absence of other circumstances showing that the principal purpose of the allocation was tax avoidance or evasion.

*Example (5).* G and H enter into a partnership agreement to develop and market an electronic device. H, an electronics engineer, contributes $2,500 cash and agrees to devote his full-time services to the partnership. G contributes $100,000 cash and agrees to obtain a loan for the partnership of any additional capital needed. The partnership agreement provides that the full amount of any research and experimental expenditures and any interest on partnership loans are to be charged to G. It also provides that G's distributive share is to be 90 percent of partnership income or loss computed without reduction by such research and experimental expenditures and such interest, until all loans have been repaid and G has received through his 90 percent share of income an amount equal to the full amount of such research and experimental expenditures, of such interest, and his share of any partnership operating losses. During this time H's distributive share will be 10 percent. Thereafter, G and H will share profits and losses equally. Since all of the research and experimental expenditures and interest specially allocated to G are in fact borne by G, the allocation will be recognized in the absence of other circumstances showing that its principal purpose was tax avoidance or evasion.

(c) *Contributed property—(1) In general.* Where property has actually been contributed by a partner to a partnership (so as to become partnership property as among the partners and not merely property subject to the claims of partnership creditors), section 704 (c) and this paragraph provide rules for determining a partner's distributive share of depreciation, depletion, or gain or loss with respect to such contributed property. These rules do not apply to property, only the use of which is permitted the partnership by the partner who owns it. Section 704 (c) and this paragraph provide certain alternatives in determining the partners' distributive shares of such items in order to account for precontribution appreciation or diminution in value of the property contributed. When the partnership agreement is silent as to the treatment of such items with respect to contributed property (and if such property is not an undivided interest as described in section 704 (c) (3)), depreciation, depletion, or gain or loss with respect to such property shall be treated in the same manner as though such items arose with respect to property purchased by the partnership. The application of this provision may be illustrated by the following examples:

*Example (1).* A and B form an equal partnership. A contributes $1,000 cash and B contributes inventory with an adjusted basis to him of $800 and a fair market value of $1,000. Under section 723, the basis of the inventory to the partnership is also $800. During the year, the inventory is sold for $1,100. There is no provision in the partnership agreement for treatment of items with respect to contributed property. Under section 704 (c) (1), the $300 profit on the sale of the inventory is treated as if it were gain

on property that had been purchased by the partnership and subsequently sold. Therefore, each partner's distributive share of such profit on the inventory is $150.

*Example (2).* C and D form an equal partnership. C contributes machinery worth $10,000 with an adjusted basis to him of $4,000. D contributes $10,000 cash. Under the provisions of section 722, the basis of A's partnership interest is $4,000 and the basis of B's interest is $10,000. There is no provision in the partnership agreement relating to contributed property. If the contributed property depreciates at an annual rate of 10 percent, the partnership will have an annual depreciation deduction of $400, which will result in a reduction of $200 in each partner's distributive share of partnership income. Thus, at the end of the first year, the adjusted basis of the contributed property will be $3,600. If the partnership has no other taxable income or loss for that year, each partner will have a deduction of $200, representing his distributive share of partnership loss for the year. C's adjusted basis for his interest will be $3,800 ($4,000, the original basis of his interest, reduced by $200); D's adjusted basis will be $9,800 ($10,000, reduced by $200).

*Example (3).* Assume that the property in example (2) of this subparagraph is sold at the beginning of the second year of partnership operation for $9,000. The partnership gain will be $5,400 ($9,000, the amount realized, less the adjusted basis of $3,600). Each partner's share of the $5,400 gain will be $2,700. If the partnership has no other taxable income or loss for that year, each partner will have a gain from the partnership of $2,700, representing his distributive share of gain from the sale of property used in the partnership business. C's adjusted basis for his interest will then be $6,500 (the basis of $3,800, increased by the gain of $2,700). D's adjusted basis will be $12,500 (the basis of $9,800, increased by the gain of $2,700). If the partnership is then terminated, and its assets consisting of $19,000 in cash are distributed to the partners pro rata in liquidation of their entire interests, C will have a capital gain of $3,000 ($9,500, the amount received, less $6,500, the adjusted basis of his interest). D will have a capital loss of $3,000 (D's adjusted basis, $12,500, reduced by the amount received, $9,500).

(2) *Effect of partnership agreement.* (i) If the partners so provide in the partnership agreement, depreciation, depletion, or gain or loss with respect to contributed property may be allocated among the partners in a manner which takes into account all or any portion of the difference between the adjusted basis and the fair market value of contributed property at the time of contribution. The allocation may apply to all contributed property or to specific items. The appreciation or diminution in value represented by the difference between the adjusted basis and the fair market value of contributed property at the time of contribution may thus be attributed to the contributing partner upon a subsequent sale or exchange of the property by the partnership. Such appreciation or diminution also may be used in allocating the allowable depreciation or depletion with respect to such property among the contributing partner and the noncontributing partners. In any case, however, the total depreciation, depletion, or gain or loss allocated to the partners is limited to a "ceiling" which cannot exceed the amount of gain or loss realized by the partnership or the depreciation or depletion allowable to it. The

application of this subdivision may be illustrated by the following examples:

*Example (1).* Assume that partners C and D, in examples (1) and (3) of subparagraph (1) of this paragraph, agree under section 704 (c) (2) to attribute to C, the contributor of the machinery, the potential gain of $6,000 represented by the difference between its adjusted basis of $4,000 and its fair market value of $10,000. With his contribution of $10,000 cash, D has, in effect, purchased an undivided one-half interest in the property for $5,000. Since the property depreciates at an annual rate of 10 percent, D would have been entitled to a depreciation deduction of $500 per year. However, since under the "ceiling" approach the partnership is allowed only $400 per year (10 percent of $4,000), no more than $400 may be allocated between the partners, i. e., the partnership cannot allocate $500 of depreciation to D and thereby treat C as if C had received an additional $100 of income. Therefore, the partners allocate the $400 deduction for depreciation entirely to D and none to C, the contributor. At the end of the first year, the adjusted basis of the contributed property will be $3,600. Since the $400 deduction is allocated entirely to D, if the partnership has no other taxable income or loss, C will have no income or loss, and D will have a deduction of $400. C's basis for his interest will remain $4,000. D's adjusted basis for his interest will be $9,600 ($10,000, the original basis of his interest, reduced by the deduction of $400).

*Example (2).* Assume that the partners in example (1) of this subdivision also agree under section 704 (c) (2) that, upon a sale of the contributed property, the portion of the proceeds attributable to the excess of the fair market value of the property at date of contribution (less accumulated depreciation on such value) over its basis at date of contribution (less accumulated depreciation on such basis) shall result in gain to the contributing partner only. If the property is sold at the beginning of the second year of partnership operation for $9,000, the partnership gain of $5,400 ($9,000, the amount realized, less the adjusted basis of $3,600) must be allocated to the partners under the terms of the agreement. The fair market value of the property as depreciated is $9,000 ($10,000, the value on contribution, less $1,000, the accumulated depreciation on such value). Under section 704 (c) (2) and the terms of the partnership agreement, the $5,400 difference between $9,000, the fair market value as depreciated, and $3,600, the adjusted basis of the property, represents the portion of the gain to be allocated to C. None of this gain is allocated to D. [If the property were sold for more than $9,000, the portion of the gain in excess of $5,400 would be allocated equally between the partners in accordance with their agreement for sharing gains. If the property were sold for less than $9,000, the entire gain would be allocated to C and nothing to D.] If the partnership and partners engaged in no other transactions that year, C will report a gain of $5,400, and D, no income or loss. C's adjusted basis for his interest will then be $9,400 ($4,000, his original basis, increased by the gain of $5,400). D's adjusted basis will be $9,600 ($10,000, his original basis, less $400 depreciation deduction in the first partnership year). If the partnership is then terminated, and its assets consisting of $19,000 in cash are distributed to the partners pro rata in liquidation of their interests, C will have a capital gain of $100 ($9,500, the amount received, less $9,400, the adjusted basis of his interest). D will have a capital loss of $100 (the excess of D's adjusted basis, $9,600, over the amount received, $9,500).

(ii) For the effect of an agreement under section 704 (c) (2) on undivided

interests in property contributed to the partnership where the partners' interests in the capital and profits of the partnership do not correspond with such undivided interests, see subparagraph (3) (ii) of this paragraph.

(3) *Undivided interests.* (i) Section 704 (c) (3) provides a special rule for the allocation of depreciation, depletion, or gain or loss with respect to undivided interests in property contributed by the partners to a partnership where the partnership agreement does not provide otherwise. This provision applies only to property contributed to a partnership by all of its partners and only where the relative undivided interests of the partners in the property prior to the contribution are in the same ratio as their interests in the capital and in the profits of the partnership (except for depreciation, depletion, or gain or loss with respect to the contributed undivided interest) after the contribution. Where these conditions are met, depreciation, depletion, or gain or loss with respect to the undivided interests in contributed property shall be determined in the same manner as though such undivided interests continued to be held by the partners outside the partnership. The rule stated in section 704 (c) (3) applies only to the case where persons actually contribute undivided interests to a partnership. The provisions of this subdivision may be illustrated by the following examples:

*Example (1).* A and B are tenants in common owning undivided one-half interests in improved real estate consisting of land on which a factory is situated. They each contribute their undivided one-half interests in the real estate to a partnership in which the profits are to be divided equally and, because the partners have equal shares in the capital, the assets will be divided equally on dissolution. A's basis for his undivided one-half interest is $4,000, of which $1,000 is allocable to the land and $3,000 to the factory. B's basis for his undivided one-half interest is $10,000, of which $3,000 is allocable to the land and $7,000 to the factory. The partnership agreement contains no provisions as to the allocation of depreciation or gain or loss on disposition of the property by the partnership. The factory depreciates at a rate of 5 percent a year. The annual partnership allowance for depreciation of $500 (5 percent of $10,000) will be allocated between the partners by allowing A a deduction of $150 (5 percent of $3,000, his basis for his undivided interest in the factory), and by allowing B a deduction of $350 (5 percent of $7,000, his basis for his undivided interest in the factory). At the end of the first year of partnership operation, A's adjusted basis for his undivided interest in the factory is $2,850 ($3,000 less $150), and B's adjusted basis is $6,650 ($7,000 less $350).

*Example (2).* If, in example (1) of this subdivision, the partnership at the end of the first year's operation sells the factory and land for $12,000, each partner's share of the gain or loss would be determined as follows: Since the undivided interests in the factory and the land are to be treated as though held by the partners outside the partnership, A's share of the proceeds of the sale is $6,000. His adjusted basis in the contributed property is $3,850 ($1,000 for the land and $2,850 for the factory). Therefore, his gain from the sale is $2,150. Since B's share of the proceeds is also $6,000, and his adjusted basis in the contributed property is $9,650 ($3,000 for the land and $6,650 for the factory), his loss is $3,650.

*Example (3).* Assume the same facts as in examples (1) and (2) of this subdivision, except that A and B do not enter into a partnership agreement. Assume further that they are found to be a partnership for income tax purposes because of their joint business activity, but that the factory and the land are not actually contributed by them to the partnership. Although A and B have permitted the partnership to use such properties, they continue to own the factory and the land in their individual capacities (as tenants in common), and the same tax consequences result as in examples (1) and (2) of this subdivision.

(ii) The allocation illustrated in subdivision (i) of this subparagraph will not be affected by the contribution, either at the time of the original contribution or subsequent thereto, of additional property not held as undivided interests if the partners' respective interests in the capital and in the profits of the partnership (except for depreciation, depletion, or gain or loss with respect to the contributed undivided interests) remain the same as their undivided interests in the property previously contributed to the partnership. If the partners' interests in the capital and profits of the partnership are changed from their undivided interests in the property previously contributed to the partnership, the method of allocation of depreciation, depletion, or gain or loss with respect to such property no longer applies. Such a change of the partner's interests in capital and profits may result from a modification of the agreement, or from a change in a partner's respective interest in capital either as a result of a further contribution or as a result of a distribution. (However, drawings made throughout the year against profits, and loans will be disregarded.) Where such a change takes place, the partners may agree under section 704 (c) (2) that depreciation, depletion, or gain or loss with respect to the property formerly held as undivided interests shall continue to be allocated in the same manner as prior to the change. These provisions may be illustrated by the following examples:

*Example (1).* C and D are tenants in common, each owning an undivided one-half interest in certain unimproved land. Each contributes his respective undivided interest in the land to a partnership in which each has an equal interest in capital and profits. C's basis for his one-half interest is $4,000; D's basis is $10,000. The fair market value of the land is $20,000. Subsequently, C contributes $5,000 cash to his share of partnership capital. As a result of C's additional contribution, he now has a 60-percent interest in partnership capital and D, a 40-percent interest, although profits and losses still are to be shared equally. Since the interests of the partners in the capital and profits of the partnership no longer correspond to their undivided interests in the land, the method of allocation prescribed by section 704 (c) (3) no longer applies. Therefore, if the land is sold for $12,000, the partnership will have a loss of $2,000 ($14,000 partnership basis minus $12,000). Since the partnership agreement contains no special allocation for gain or loss with respect to contributed property, the $2,000 loss is allocated as if such property had been purchased by the partnership, i. e., $1,000 to each partner.

*Example (2).* Assume in example (1) of this subdivision that the partners agree that,

because of C's additional contribution of $5,000 cash, he is to have a 60-percent interest in partnership capital. Profits and losses still are to be shared equally, except that gain or loss with respect to the land is, under section 704 (c), to continue to be allocated in the same manner as it had been allocated under section 704 (c) (3) prior to the additional contribution. The land is sold for $12,000. C's share of the proceeds is $6,000. His basis for the land is $4,000. Therefore, he has a $2,000 gain. D's loss is $4,000 ($10,000 basis less $6,000 proceeds).

(d) *Limitation on allowance of losses.* (1) A partner's distributive share of partnership loss will be allowed only to the extent of the adjusted basis (before reduction by current year's losses) of such partner's interest in the partnership at the end of the partnership taxable year in which such loss occurred. A partner's share of loss in excess of his adjusted basis at the end of the partnership taxable year will not be allowed for that year. However, any loss so disallowed shall be allowed as a deduction at the end of the first succeeding partnership taxable year, and subsequent partnership taxable years, to the extent that the partner's adjusted basis for his partnership interest at the end of any such year exceeds zero (before reduction by such loss for such year).

(2) In computing the adjusted basis of a partner's interest for the purpose of ascertaining the extent to which a partner's distributive share of partnership loss shall be allowed as a deduction for the taxable year, the basis shall first be increased under section 705 (a) (1) and decreased under section 705 (a) (2), except for losses of the taxable year and losses previously disallowed. If the partner's distributive share of the aggregate of items of loss specified in section 702 (a) (1), (2), (3), (8), and (9) exceeds the basis of the partner's interest computed under the preceding sentence, the limitation on losses under section 704 (d) must be allocated to his distributive share of each such loss. This allocation shall be determined by taking the proportion that each loss bears to the total of all such losses. For purposes of the preceding sentence, the total losses for the taxable year shall be the sum of his distributive share of losses for the current year and his losses disallowed and carried forward from prior years.

(3) For the basis of the adjusted basis of a partner's interest for the purpose of ascertaining the extent to which a partner's distributive share of partnership loss shall be allowed as a deduction for the taxable year, the basis shall first be increased under section 705 (a) (1) and decreased under section 705 (a) (2).

(4) The provisions of this paragraph may be illustrated by the following examples:

*Example (1).* At the end of the partnership taxable year 1955, partnership AB has a loss of $20,000. Partner A's distributive share of this loss is $10,000. At the end such year, A's adjusted basis for his interest in the partnership (not taking into account his distributive share of the loss) is $6,000. Under section 704 (d), A's distributive share of partnership loss is allowed to him (in his taxable year within or with which the partnership taxable year ends) only to the extent of his adjusted basis of $6,000. The $6,000 loss allowed for 1955 decreases the adjusted basis of A's interest to zero. Assume that, at the end of partnership taxable year 1956, A's share of partnership income has increased the adjusted basis of A's interest in the partnership to $3,000 (not taking into account the $4,000 loss disallowed in 1955). Of the

$4,000 loss disallowed for the partnership taxable year 1955, $3,000 is allowed A for the partnership taxable year 1956, thus again decreasing the adjusted basis of his interest to zero. If, at the end of partnership taxable year 1957, A has an adjusted basis of his interest of at least $1,000 (not taking into account the disallowed loss of $1,000), he will be allowed the $1,000 loss previously disallowed.

*Example (2).* At the end of partnership taxable year 1955, partnership CD has a loss of $20,000. Partner C's distributive share of this loss is $10,000. The adjusted basis of his interest in the partnership (not taking into account his distributive share of such loss) is $6,000. Therefore, $4,000 of the loss is disallowed. At the end of partnership taxable year 1956, the partnership has no taxable income or loss, but owes $8,000 to a bank for money borrowed. Since C's share of this liability is $4,000, the basis of his partnership interest is increased from zero to $4,000. (See sections 752 and 722, and §§ 1.752-1 and 1.722-1. C is allowed the $4,000 loss, disallowed for the preceding year under section 704 (d), for his taxable year within or with which partnership taxable year 1956 ends.

*Example (3).* At the end of partnership taxable year 1955, partner C has the following distributive share of partnership items described in section 702 (a): long-term capital loss, $4,000; short-term capital loss, $2,000; income as described in section 702 (a) (9), $4,000. Partner C's adjusted basis for his partnership interest at the end of 1955, before adjustment for any of the above items, is $1,000. As adjusted under section 705 (a) (1), C's basis is increased from $1,000 to $5,000 at the end of the year. C's total distributive share of partnership loss is $6,000. Since without regard to losses, C has a basis of only $5,000, C is allowed only $5,000/$6,000 of each loss, that is, $3,333 of his long-term capital loss, and $1,667 of his short-term capital loss. C must carry forward to succeeding taxable years $667 as a long-term capital loss and $333 as a short-term capital loss.

(e) *Family partnerships—*(1) *In general—*(i) *Introduction.* The production of income by a partnership is attributable to the capital or services, or both, contributed by the partners. The provisions of subchapter K are to be read in the light of their relationship to section 61, which requires, inter alia, that income be taxed to the person who earns it through his own labor and skill and the utilization of his own capital.

(ii) *Recognition of donee as partner.* With respect to partnerships in which capital is a material income-producing factor, section 704 (e) (1) provides that a person shall be recognized as a partner for income tax purposes if he owns a capital interest in such a partnership whether or not such interest is derived by purchase or gift from any other person. If a capital interest in a partnership in which capital is a material income-producing factor is created by gift, section 704 (e) (2) provides that the distributive share of the donee under the partnership agreement shall be includible in his gross income, except to the extent that such distributive share is determined without allowance of reasonable compensation for services rendered to the partnership by the donor, and except to the extent that the portion of such distributive share attributable to donated capital is proportionately greater than the share of the donor attributable to the donor's capital. For

rules of allocation in such cases, see subparagraph (3) of this paragraph.

(iii) *Requirement of complete transfer to donee.* A donee or purchaser of a capital interest in a partnership is not recognized as a partner under the principles of section 704 (e) (1) unless such interest is acquired in a bona fide transaction, not a mere sham for tax avoidance or evasion purposes, and the donee or purchaser is the real owner of such interest. To be recognized, a transfer must vest dominion and contol of the partnership interest in the transferee. The existence of such dominion and control in the donee is to be determined from all the facts and circumstances. A transfer is not recognized if the transferor retains such incidents of ownership that the transferee has not acquired full and complete ownership of the partnership interest. Transactions between members of a family will be closely scrutinized, and the circumstances, not only at the time of the purported transfer but also during the periods preceding and following it, will be taken into consideration in determining the bona fides or lack of bona fides of the purported gift or sale. A partnership may be recognized for income tax purposes as to some partners but not as to others.

(iv) *Capital as a material income-producing factor.* For purposes of section 704 (e) (1), the determination as to whether capital in a material income-producing factor must be made by reference to all the facts of each case. Capital is a material income-producing factor if a substantial portion of the gross income of the business is attributable to the employment of capital in the business conducted by the partnership. In general, capital is not a material income-producing factor where the income of the business consists principally of fees, commissions, or other compensation for personal services performed by members or employees of the partnership. On the other hand, capital is ordinarily a material income-producing factor if the operation of the business requires substantial inventories or a substantial investment in plant, machinery, or other equipment.

(v) *Capital interest in a partnership.* For purposes of section 704 (e), a capital interest in a partnership means an interest in the assets of the partnership, which is distributable to the owner of the capital interest upon his withdrawal from the partnership or upon liquidation of the partnership. The mere right to participate in the earnings and profits of a partnership is not a capital interest in the partnership.

(2) *Basic tests as to ownership—*(i) *In general.* Whether an alleged partner who is a donee of a capital interest in a partnership is the real owner of such capital interest, and whether the donee has dominion and control over such interest, must be ascertained from all the facts and circumstances of the particular case. Isolated facts are not determinative; the reality of the donee's ownership is to be determined in the light of the transaction as a whole. The execution of legally sufficient and irrevocable deeds or other instruments of gift under State law is a factor to be taken into ac-

count but is not determinative of ownership by the donee for the purposes of section 704 (e). The reality of the transfer and of the donee's ownership of the property attributed to him are to be ascertained from the conduct of the parties with respect to the alleged gift and not by any mechanical or formal test. Some of the more important factors to be considered in determining whether the donee has acquired ownership of the capital interest in a partnership are indicated in subdivisions (ii) to (x), inclusive, of this subparagraph.

(ii) *Retained controls.* The donor may have retained such controls of the interest which he has purported to transfer to the donee that the donor should be treated as remaining the substantial owner of the interest. Controls of particular significance include, for example, the following:

(a) Retention of control of the distribution of amounts of income or restrictions on the distributions of amounts of income (other than amounts retained in the partnership annually with the consent of the partners, including the donee partner, for the reasonable needs of the business). If there is a partnership agreement providing for a managing partner or partners, then amounts of income may be retained in the partnership without the acquiescence of all the partners if such amounts are retained for the reasonable needs of the business.

(b) Limitation of the right of the donee to liquidate or sell his interest in the partnership at his discretion without financial detriment.

(c) Retention of control of assets essential to the business (for example, through retention of assets leased to the alleged partnership).

(d) Retention of management powers inconsistent with normal relationships among partners. Retention by the donor of control of business management or of voting control, such as is common in ordinary business relationships, is not by itself to be considered as inconsistent with normal relationships among partners, provided the donee is free to liquidate his interest at his discretion without financial detriment. The donee shall not be considered free to liquidate his interest unless, considering all the facts, it is evident that the donee is independent of the donor and has such maturity and understanding of his rights as to be capable of deciding to exercise, and capable of exercising, his right to withdraw his capital interest from the partnership.

The existence of some of the indicated controls, though amounting to less than substantial ownership retained by the donor, may be considered along with other facts and circumstances as tending to show the lack of reality of the partnership interest of the donee.

(iii) *Indirect controls.* Controls inconsistent with ownership by the donee may be exercised indirectly as well as directly, for example, through a separate business organization, estate, trust, individual, or other partnership. Where such indirect controls exist, the reality of the donee's interest will be determined as if such controls were exercisable directly.

(iv) *Participation in management.* Substantial participation by the donee in the control and management of the business (including participation in the major policy decisions affecting the business) is strong evidence of a donee partner's exercise of dominion and control over his interest. Such participation presupposes sufficient maturity and experience on the part of the donee to deal with the business problems of the partnership.

(v) *Income distributions.* The actual distribution to a donee partner of the entire amount or a major portion of his distributive share of the business income for the sole benefit and use of the donee is substantial evidence of the reality of the donee's interest, provided the donor has not retained controls inconsistent with real ownership by the donee. Amounts distributed are not considered to be used for the donee's sole benefit if, for example, they are deposited, loaned, or invested in such manner that the donor controls or can control the use or enjoyment of such funds.

(vi) *Conduct of partnership business.* In determining the reality of the donee's ownership of a capital interest in a partnership, consideration shall be given to whether the donee is actually treated as a partner in the operation of the business. Whether or not the donee has been held out publicly as a partner in the conduct of the business, in relations with customers, or with creditors or other sources of financing, is of primary significance. Other factors of significance in this connection include:

(a) Compliance with local partnership, fictitious names, and business registration statutes.

(b) Control of business bank accounts.

(c) Recognition of the donee's rights in distributions of partnership property and profits.

(d) Recognition of the donee's interest in insurance policies, leases, and other business contracts and in litigation affecting business.

(e) The existence of written agreements, records, or memoranda, contemporaneous with the taxable year or years concerned, establishing the nature of the partnership agreement and the rights and liabilities of the respective partners.

(f) Filing of partnership tax returns as required by law.

However, despite formal compliance with the above factors, other circumstances may indicate that the donor has retained substantial ownership of the interest purportedly transferred to the donee.

(vii) *Trustees as partners.* A trustee may be recognized as a partner for income tax purposes under the principles relating to family partnerships generally as applied to the particular facts of the trust-partnership arrangement. A trustee who is unrelated to and independent of the grantor, and who participates as a partner and receives distribution of the income distributable to the trust, will ordinarily be recognized as the legal owner of the partnership interest which he holds in trust unless the grantor has retained controls inconsistent with such ownership. However, if the grantor is the trustee, or if the trustee is amenable to the will of the grantor, the provisions of the trust instrument (particularly as to whether the trustee is subject to the responsibilities of a fiduciary), the provisions of the partnership agreement, and the conduct of the parties must all be taken into account in determining whether the trustee in a fiduciary capacity has become the real owner of the partnership interest. Where the grantor (or person amenable to his will) is the trustee, the trust may be recognized as a partner only if the grantor (or such other person) in his participation in the affairs of the partnership actively represents and protects the interests of the beneficiaries in accordance with the obligations of a fiduciary and does not subordinate such interests to the interests of the grantor. Furthermore, if the grantor (or person amenable to his will) is the trustee, the following factors will be given particular consideration:

(a) Whether the trust is recognized as a partner in business dealings with customers and creditors, and

(b) Whether, if any amount of the partnership income is not properly retained for the reasonable needs of the business, the trust's share of such amount is distributed to the trust annually and paid to the beneficiaries or reinvested with regard solely to the interests of the beneficiaries.

(viii) *Interests (not held in trust) of minor children.* Except where a minor child is shown to be competent to manage his own property and participate in the partnership activities in accordance with his interest in the property, a minor child generally will not be recognized as a member of a partnership unless control of the property is exercised by another person as fiduciary for the benefit of the child, and unless there is such judicial supervision of the conduct of the fiduciary as is required by law. The use of the child's property or income for support for which a parent is legally responsible will be considered a use for the parent's benefit. "Judicial supervision of the conduct of the fiduciary" includes filing of such accountings and reports as are required by law of the fiduciary who participates in the affairs of the partnership on behalf of the minor. A minor child will be considered as competent to manage his own property if he actually has sufficient maturity and experience to be treated by disinterested persons as competent to enter business dealings and otherwise to conduct his affairs on a basis of equality with adult persons, notwithstanding legal disabilities of the minor under State law.

(ix) *Donees as limited partners.* The recognition of a donee's interest in a limited partnership will depend, as in the case of other donated interests, on whether the transfer of property is real and on whether the donee has acquired dominion and control over the interest purportedly transferred to him. To be recognized for Federal income tax purposes, a limited partnership must be organized and conducted in accordance with the requirements of the applicable

State limited-partnership law. The absence of services and participation in management by a donee in a limited partnership is immaterial if the limited partnership meets all the other requirements prescribed in this paragraph. If the limited partner's right to transfer or liquidate his interest is subject to substantial restrictions (for example, where the interest of the limited partner is not assignable in a real sense or where such interest may be required to be left in the business for a long term of years), or if the general partner retains any other control which substantially limits any of the rights which would ordinarily be exercisable by unrelated limited partners in normal business relationships, such restrictions on the right to transfer or liquidate, or retention of other control, will be considered strong evidence as to the lack of reality of ownership by the donee.

(x) *Motive.* If the reality of the transfer of interest is satisfactorily established, the motives for the transaction are generally immaterial. However, the presence or absence of a tax-avoidance motive is one of many factors to be considered in determining the reality of the ownership of a capital interest acquired by gift.

(3) *Allocation of family partnership income*—(i) *In general.* (a) Where a capital interest in a partnership in which capital is a material income-producing factor is created by gift, the donee's distributive share shall be includible in his gross income, except to the extent that such share is determined without allowance of reasonable compensation for services rendered to the partnership by the donor, and except to the extent that the portion of such distributive share attributable to donated capital is proportionately greater than the distributive share attributable to the donor's capital. For the purpose of section 704, a capital interest in a partnership purchased by one member of a family from another shall be considered to be created by gift from the seller, and the fair market value of the purchased interest shall be considered to be donated capital. The "family" of any individual, for the purpose of the preceding sentence, shall include only his spouse, ancestors, and lineal descendants, and any trust for the primary benefit of such persons.

(b) To the extent that the partnership agreement does not allocate the partnership income in accordance with (a) of this subdivision, the distributive shares of the partnership income of the donor and donee shall be reallocated by making a reasonable allowance for the services of the donor and by attributing the balance of such income (other than a reasonable allowance for the services, if any, rendered by the donee) to the partnership capital of the donor and donee. The portion of income, if any, thus attributable to partnership capital for the taxable year shall be allocated between the donor and donee in accordance with their respective interests in partnership capital.

(c) In determining a reasonable allowance for services rendered by the partners, consideration shall be given to

all the facts and circumstances of the business, including the fact that some of the partners may have greater managerial responsibility than others. There shall also be considered the amount that would ordinarily be paid in order to obtain comparable services from a person not having an interest in the partnership.

(d) The distributive share of partnership income, as determined under (b) of this subdivision, of a partner who rendered services to the partnership before entering the Armed Forces of the United States shall not be diminished because of absence due to military service. Such distributive share shall be adjusted to reflect increases or decreases in the capital interest of the absent partner. However, the partners may by agreement allocate a smaller share to the absent partner due to his absence.

(ii) *Special rules.* (a) The provisions of subdivision (i) of this subparagraph, relating to allocation of family partnership income, are applicable where the interest in the partnership is created by gift, indirectly or directly. Where the partnership interest is created indirectly, the term "donor" may include persons other than the nominal transferor. This rule may be illustrated by the following examples:

*Example (1).* A father gives property to his son who shortly thereafter conveys the property to a partnership consisting of the father and the son. The partnership interest of the son may be considered created by gift and the father may be considered the donor of the son's partnership interest.

*Example (2).* A father, the owner of a business conducted as a sole proprietorship, transfers the business to a partnership consisting of his wife and himself. The wife subsequently conveys her interest to their son. In such case, the father, as well as the mother, may be considered the donor of the son's partnership interest.

*Example (3).* A father makes a gift to his son of stock in the family corporation. The corporation is subsequently liquidated. The son later contributes the property received in the liquidation of the corporation to a partnership consisting of his father and himself. In such case, for purposes of section 704, the son's partnership interest may be considered created by gift and the father may be considered the donor of his son's partnership interest.

(b) The allocation rules set forth in section 704 (e) and subdivision (i) of this subparagraph apply in any case in which the transfer or creation of the partnership interest has any of the substantial characteristics of a gift. Thus, allocation may be required where transfer of a partnership interest is made between members of a family (including collaterals) under a purported purchase agreement, if the characteristics of a gift are ascertained from the terms of the purchase agreement, the terms of any loan or credit arrangements made to finance the purchase, or from other relevant data.

(c) In the case of a limited partnership, for the purpose of the allocation provisions of subdivision (i) of this subparagraph, consideration shall be given to the fact that a general partner, unlike a limited partner, risks his credit in the partnership business.

(4) *Purchased interest*—(i) *In general.* If a purported purchase of a capital interest in a partnership does not meet the requirements of subdivision (ii) of this subparagraph, the ownership by the transferee of such capital interest will be recognized only if it qualifies under the requirements applicable to a transfer of a partnership interest by gifts. In a case not qualifying under subdivision (ii) of this subparagraph, if payment of any part of the purchase price is made out of partnership earnings, the transaction may be regarded in the same light as a purported gift subject to deferred enjoyment of income. Such a transaction may be lacking in reality either as a gift or as a bona fide purchase.

(ii) *Tests as to reality of purchased interests.* A purchase of a capital interest in a partnership, either directly or by means of a loan or credit extended by a member of the family, will be recognized as bona fide if:

(a) It can be shown that the purchase has the usual characteristics of an arm's-length transaction, considering all relevant factors, including the terms of the purchase agreement (as to price, due date of payment, rate of interest, and security, if any) and the terms of any loan or credit arrangement collateral to the purchase agreement; the credit standing of the purchaser (apart from relationship to the seller) and the capacity of the purchaser to incur a legally binding obligation; or

(b) It can be shown, in the absence of characteristics of an arm's-length transaction, that the purchase was genuinely intended to promote the success of the business by securing participation of the purchaser in the business or by adding his credit to that of the other participants.

However, if the alleged purchase price or loan has not been paid or the obligation otherwise discharged, the factors indicated in subdivisions (a) and (b) of this subdivision shall be taken into account only as an aid in determining whether a bona fide purchase or loan obligation existed.

§ 1.705 *Statutory provisions; determination of basis of partner's interest.*

SEC. 705. *Determination of basis of partner's interest*—(a) *General rule.* The adjusted basis of a partner's interest in a partnership shall, except as provided in subsection (b), be the basis of such interest determined under section 722 (relating to contributions to a partnership) or section 742 (relating to transfers of partnership interests)—

(1) Increased by the sum of his distributive share for the taxable year and prior taxable years of—

(A) Taxable income of the partnership as determined under section 703 (a).

(B) Income of the partnership exempt from tax under this title, and

(C) The excess of the deductions for depletion over the basis of the property subject to depletion; and

(2) Decreased (but not below zero) by distributions by the partnership as provided in section 733 and by the sum of his distributive share for the taxable year and prior taxable years of—

(A) Losses of the partnership, and

(B) Expenditures of the partnership not deductible in computing its taxable income

and not properly chargeable to capital account.

(b) *Alternative rule.* The Secretary or his delegate shall prescribe by regulations the circumstances under which the adjusted basis of a partner's interest in a partnership may be determined by reference to his proportionate share of the adjusted basis of partnership property upon a termination of the partnership.

§ 1.705–1  *Determination of basis of partner's interest*—(a)  *General rule.* (1) Section 705 and this section provide rules for determining the adjusted basis of a partner's interest in a partnership. A partner is required to determine the adjusted basis of his interest in a partnership only when necessary for the determination of his tax liability or that of any other person. The determination of the adjusted basis of a partnership interest is ordinarily made as of the end of a partnership taxable year. Thus, for example, such year-end determination is necessary in ascertaining the extent to which a partner's distributive share of partnership income may be allowed. See section 704 (d). However, where there has been a sale or exchange of all or a part of a partnership interest or a liquidation of a partner's entire interest in a partnership, the adjusted basis of the partner's interest should be determined as of the date of sale or exchange or liquidation. The adjusted basis of a partner's interest in a partnership is determined without regard to any amount shown in the partnership books as the partner's "capital", "equity", or similar account. For example, A contributes property with an adjusted basis to him of $400 (and a value of $1,000) to a partnership. B contributes $1,000 cash. While under their agreement each may have a "capital account" in the partnership of $1,000, the adjusted basis of A's interest is only $400 and B's interest $1,000.

(2) The original basis of a partner's interest in a partnership shall be determined under section 722 (relating to contributions to a partnership) or section 742 (relating to transfers of partnership interests). Such basis shall be increased under section 722 by any further contributions to the partnership and by the sum of the partner's distributive share for the taxable year and prior taxable years of—

(i) Taxable income of the partnership as determined under section 703 (a),

(ii) Tax-exempt receipts of the partnership, and

(iii) The excess of the deductions for depletion over the basis of the depletable property.

(3) The basis shall be decreased (but not below zero) by distributions from the partnership as provided in section 733 and by the sum of the partner's distributive share for the taxable year and prior taxable years of—

(i) Partnership losses (including capital losses), and

(ii) Partnership expenditures which are not deductible in computing partnership taxable income or loss and which are not capital expenditures .

(4) For the effect of liabilities in determining the amount of contributions made by a partner to a partnership or

the amount of distributions made by a partnership to a partner, see section 752 and § 1.752–1, relating to the treatment of certain liabilities. In determining the basis of a partnership interest on the effective date of subchapter K or any of the sections thereof, the partner's share of partnership liabilities on that date shall be included.

(b) *Alternative rule.* In certain cases, the adjusted basis of a partner's interest in a partnership may be determined by reference to the partner's share of the adjusted basis of partnership property which would be distributable upon termination of the partnership. The alternative rule may be used to determine the adjusted basis of a partner's interest where circumstances are such that the partner cannot practicably apply the general rule set forth in section 70b (a) and paragraph (a) of this section, or where, from a consideration of all the facts, it is, in the opinion of the Commissioner, reasonable to conclude that the result produced will not vary substantially from the result obtainable under the general rule. Where the alternative rule is used, adjustments may be necessary in determining the adjusted basis of a partner's interest in a partnership. Adjustments would be required, for example, in order to reflect in a partner's share of the adjusted basis of partnership property any significant discrepancies arising as a result of contributed property, transfers of partnership interests, or distributions of property to the partners. The operation of the alternative rules may be illustrated by the following examples:

*Example (1).* The ABC partnership, in which A, B, and C are equal partners, owns various properties with a total adjusted basis of $1,500 and has earned and retained an additional $1,500. The total adjusted basis of partnership property is thus $3,000. Each partner's share in the adjusted basis of partnership property is one-third of this amount, or $1,000. Under the alternative rule, this amount represents each partner's adjusted basis for his partnership interest.

*Example (2).* Assume that partner A in example (1) of this paragraph sells his partnership interest to D for $1,250 at a time when the partnership property with an adjusted basis of $1,500 had appreciated in value to $3,000, and when the partnership also had $750 in cash. The total adjusted basis of all partnership property is $2,250 and the value of such property is $3,750. D's basis for his partnership interest is his cost, $1,250. However, his one-third share of the adjusted basis of partnership property is only $750. Therefore, for the purposes of the alternative rule, D has an adjustment of $500 in determining the basis of his interest. This amount represents the difference between the cost of his partnership interest and his share of partnership basis at the time of his purchase. If the partnership subsequently earns and retains an additional $1,500, its property will have an adjusted basis of $3,750. D's adjusted basis for his interest under the alternative rule is $1,750, determined by adding $500, his basis adjustment to $1,250 (his one-third share of the $3,750 adjusted basis of partnership property). If the partnership distributes $250 to each partner in a current distribution, D's adjusted basis for his interest will be $1,500 ($1,000, his one-third share of the remaining basis of partnership property, $3,000, plus his basis adjustment of $500).

*Example (3).* Assume that BCD partnership in example (2) of this paragraph con-

tinues to operate. In 1960, D proposes to sell his partnership interest and wishes to evaluate the tax consequences of such sale. It is necessary, therefore, to determine the adjusted basis of his interest in the partnership. Assume further that D cannot determine the adjusted basis of his interest under the general rule. The balance sheet of the BCD partnership is as follows:

| Assets | Adjusted basis per books | Market value |
|---|---|---|
| Cash | $3,000 | $3,000 |
| Receivables | 4,000 | 4,000 |
| Depreciable property | 5,000 | 5,000 |
| Land held for investment | 18,000 | 30,000 |
| Total | 30,000 | 42,000 |

| Liabilities and capital | | Per books |
|---|---|---|
| Liabilities | | $6,000 |
| Capital accounts: | | |
| B | | 4,500 |
| C | | 4,500 |
| D | | 15,000 |
| Total | | 30,000 |

The $15,000 representing the amount of D's capital account does not reflect the $500 basis adjustment arising from D's purchase of his interest. See example (2) of this paragraph. The adjusted basis of D's partnership interest determined under the alternative rule is as follows:

| | |
|---|---|
| D's share of the adjusted basis of partnership property (reduced by the amount of liabilities) at time of proposed sale | $15,000 |
| D's share of partnership liabilities (under the partnership agreement liabilities are shared equally) | 2,000 |
| D's basis adjustment from example (2) | 500 |
| Adjusted basis of D's interest at the time of proposed sale, as determined under alternative rule | 17,500 |

§ 1.706–  *Statutory provisions; taxable years of partner and partnerships.*

Sec. 706.  *Taxable years of partner and partnership*—(a)  *Year in which partnership income is includible.* In computing the taxable income of a partner for a taxable year, the inclusions required by section 702 and section 707 (c) with respect to a partnership shall be based on the income, gain, loss, deduction, or credit of the partnership for any taxable year of the partnership ending with or within the taxable year of the partner.

(b) *Adoption of taxable year*—(1) *Partnership's taxable year.* The taxable year of a partnership shall be determined as though the partnership were a taxpayer. A partnership may not change to, or adopt, a taxable year other than that of all its principal partners unless it establishes, to the satisfaction of the Secretary or his delegate, a business purpose therefor.

(2) *Partner's taxable year.* A partner may not change to a taxable year other than that of a partnership in which he is a principal partner unless he establishes, to the satisfaction of the Secretary or his delegate, a business purpose therefor.

(3) *Principal partner.* For the purpose of this subsection, a principal partner is a partner having an interest of 5 percent or more in partnership profits or capital.

(c) *Closing of partnership year*—(1) *General rule.* Except in the case of a termination of a partnership and except as provided in paragraph (2) of this subsection, the taxable year of a partnership shall not close as the result of the death of a partner, the entry of a new partner, the liquidation of a part-

ner's interest in the partnership, or the sale or exchange of a partner's interest in the partnership.

(2) *Partner who retires or sells interest in partnership*—(A) *Disposition of entire interest.* The taxable year of a partnership shall close—

(i) With respect to a partner who sells or exchanges his entire interest in a partnership, and

(ii) With respect to a partner whose interest is liquidated, except that the taxable year of a partnership with respect to a partner who dies shall not close prior to the end of the partnership's taxable year.

Such partner's distributive share of items described in section 702 (a) for such year shall be determined under regulations prescribed by the Secretary or his delegate, for the period ending with such sale, exchange, or liquidation.

(B) *Disposition of less than entire interest.* The taxable year of a partnership shall not close (other than at the end of a partnership's taxable year as determined under subsection (b) (1)) with respect to a partner who sells or exchanges less than his entire interest in the partnership or with respect to a partner whose interest is reduced, but such partner's distributive share of items described in section 702 (a) shall be determined by taking into account his varying interests in the partnership during the taxable year.

§ 1.706-1 *Taxable years or partner and partnership*—(a) *Year in which partnership income is includible.* (1) In computing his taxable income for a taxable year, a partner is required to include his distributive share of partnership items set forth in section 702 for any partnership year ending within or with his taxable year. A partner shall also include in his taxable income for a taxable year "guaranteed payments" under section 707 (c) which are made to him in a partnership taxable year ending within or with his taxable year. The provisions of this subparagraph may be illustrated by the following example:

*Example.* Partner A reports his income for a calendar year, while the partnership of which he is a member reports its income for a fiscal year ending May 31. During the partnership taxable year ending May 31, 1956, A received guaranteed payments of $1,200 for services and for the use of capital. Of this amount, $700 was received by A between June 1 and December 31, 1955, and the remaining $500 was received by him between January 1 and May 31, 1956. This entire $1,200 received by A is includible in his taxable income for the calendar year 1956 (together with his distributive share of partnership items set forth in section 702 for the partnership taxable year ending May 31, 1956).

(2) If a partner receives distributions under section 731 or sells or exchanges all or part of his partnership interest, any gain or loss arising therefrom does not constitute partnership income and is includible in the partner's gross income for his taxable year in which the payment is made. See sections 451 and 461.

(b) *Adoption or change in taxable year*—(1) *Partnership taxable year.* (i) The taxable year of a partnership shall be determined as though the partnership were a taxpayer.

(ii) A newly formed partnership may adopt a taxable year which is the same as the taxable year of all its principal partners (or the same as the taxable year to which all of its principal partners

are concurrently changing) without securing prior approval from the Commissioner, or it may adopt a calendar year without securing prior approval from the Commissioner if all its principal partners are not on the same taxable year. In any other case, a newly formed partnership must secure prior approval from the Commissioner for the adoption of a taxable year.

(iii) An existing partnership may not change its taxable year without securing prior approval from the Commissioner, unless all its principal partners have the same taxable year to which the partnership changes, or unless all its principal partners concurrently change to such taxable year.

(2) *Partner's taxable year.* A partner may not change his taxable year without securing prior approval from the Commissioner. See section 442 and the regulations thereunder.

(3) *Principal partner.* For the purpose of this paragraph, a principal partner is a partner having an interest of 5 percent or more in partnership profits or capital.

(4) *Application for approval*—(i) *Change.* Application for a change in a taxable year shall be filed on Form 1128 with the Commissioner on or before the last day of the month following the close of the short period for which a return is required to effect the change of taxable year.

(ii) *Adoption.* Where a newly formed partnership is required to secure prior approval from the Commissioner for the adoption of a taxable year, the partnership shall file an application on Form 1128 with the Commissioner on or before the last day of the month following the close of the taxable year to be adopted. The partnership shall modify Form 1128 to the extent necessary to indicate that it is an application for adoption of a taxable year.

(iii) *Business purpose.* Where prior approval is required under this paragraph, the applicant must establish a business purpose to the satisfaction of the Commissioner. For example, partnership AB, which is on a calendar year, is engaged in a business which has a natural business year (the annual accounting period encompassing all related income and expenses) ending on September 30th. The intention of the partnership to make its tax year coincide with such natural business year constitutes a sufficient business purpose.

(5) *Returns*—(i) *Partner.* A partner who changes his taxable year shall make his return for a short period in accordance with section 443, and shall attach to the return a copy of the letter from the Commissioner granting approval for the change of taxable year.

(ii) *Partnership.* (a) A partnership which changes its taxable year shall make its return for a short period in accordance with section 443, but shall not annualize the partnership taxable income. The partnership shall attach to the return either a copy of the letter from the Commissioner granting approval of the change of taxable year, or a statement indicating that the partnership is changing its taxable year to the

same taxable year as that of all its principal partners or to the same taxable year as that to which all its principal partners are concurrently changing.

(b) Any newly formed partnership shall file with its first return either:

(1) A copy of the letter from the Commissioner approving the adoption of a partnership taxable year which is not the same as the taxable year of all its principal partners; or

(2) A statement indicating that the taxable year it has adopted is the same as the taxable year of all its principal partners, or that all its principal partners are concurrently changing to the taxable year it has adopted; or

(3) A statement that all its principal partners are not on the same taxable year and that it is adopting a calendar year without prior approval.

(6) *Effective date.* Section 706 (b) applies to any partnership which adopts or changes to a taxable year beginning on or after April 2, 1954, and to any partner who changes to a taxable year beginning on or after that date. For the purpose of applying this provision, section 706 (relating to the continuation of a partnership) applies to any such taxable year. See section 771 (b) (1) and § 1.771-1 (b) (1). If a partnership has changed to or adopted, or if a partner has changed to, a taxable year beginning on or after April 2, 1954, without obtaining prior approval of the Commissioner, and if, under the provisions of this paragraph, prior approval is required for the change or adoption, such annual accounting period will not be accepted as a taxable year until approval thereof is secured. Under these circumstances, an application to change to or adopt the desired taxable year will be considered timely if filed within 90 days following the promulgation of the regulations under section 706.

(c) *Closing of partnership year*—(1) *General rule.* Section 706 (c) and this paragraph provide rules governing the closing of a partnership taxable year or a termination of a partnership for Federal income tax purposes is not necessarily governed by the "dissolution," "liquidation", etc., of a partnership under State or local law. The taxable year of a partnership shall not close as the result of the death of a partner, the entry of a new partner, the liquidation of a partner's entire interest in the partnership (as defined in section 761 (d)), or the sale or exchange of a partner's interest in the partnership, except in the case of a termination of a partnership and except as provided in subparagraph (2) of this paragraph. In the case of termination, the partnership taxable year closes for all partners as of the date of termination. See section 708 (b) and § 1.703-1 (b).

(2) *Partner who retires or sells interest in partnership*—(i) *Disposition of entire interest.* A partnership taxable year shall close with respect to a partner who sells or exchanges his entire interest in a partnership, and with respect to a partner whose entire interest is liquidated. However, a partnership taxable year with respect to a partner who dies shall not close prior to the end of such partnership taxable year, or the time

when such partner's interest (held by his estate or other successor) is liquidated or sold or exchanged, whichever is earlier. See subparagraph (3) of this paragraph.

(ii) *Inclusions in taxable income.* In the case of a sale, exchange, or liquidation of a partner's entire interest in a partnership, the partner shall include in his taxable income for his taxable year within or with which his membership in the partnership ends. his distributive share of items described in section 702 (a), and any guaranteed payments under section 707 (c), for his partnership taxable year ending with the date of such sale, exchange, or liquidation. In order to avoid an interim closing of the partnership books, such partner's distributive share of items described in section 702 (a) may, by agreement among the partners, be estimated by taking his pro rata part of the amount of such items he would have included in his taxable income had he remained a partner until the end of the partnership taxable year. The proration may be based on the portion of the taxable year that has elapsed prior to the sale, exchange, or liquidation, or may be determined under any other method that is reasonable. Any partner who is the transferee of such partner's interest shall include in his taxable income, as his distributive share of items described in section 702 (a) with respect to the acquired interest, the pro rata part (determined by the method used by the transferor partner) of the amount of such items he would have included had he been a partner from the beginning of the taxable year of the partnership. The application of this subdivision may be illustrated by the following example:

*Example.* Assume that a partner selling his partnership interest on June 30, 1955, has an adjusted basis for his interest of $5,000 on that date; that his pro rata share of partnership income up to June 30 is $15,000; and that he sells his interest for $20,000. Under the provisions of section 706 (c) (2), the partnership year with respect to him closes at the time of the sale. The $15,000 is includible in his income as his distributive share and, under section 705, it increases the basis of his partnership interest to $20,000, which is also the selling price of his interest. Therefore, no gain is realized on the sale of his partnership interest. The purchaser of this partnership interest shall include as his income as his distributive share his pro rata part of partnership income for the remainder of the partnership taxable year.

(3) *Partner who dies.* (i) When a partner dies, the partnership taxable year shall not close with respect to such partner prior to the end of the partnership taxable year. The partnership taxable year shall continue both for the remaining partners and the decedent partner. Where the death of a partner results in the termination of the partnership, the partnership taxable year shall close for all partners on the date of such termination under section 708 (b) (1) (A). See also § 1.708–1 (b) (1) (i) (b) for the continuation of a 2-member partnership under certain circumstances after the death of a partner. However, if the decedent partner's estate or other successor sells or exchanges its entire interest in the partnership, or if its entire interest is liquidated, the partner-

ship taxable year with respect to the estate or other succession in interest close on the date of such sale or exchange, or the date of completion of the liquidation.

(ii) The last return of a decedent partner shall include only his share of partnership taxable income for any partnership taxable year or years ending within or with the last taxable year for such decedent partner (i. e., the year ending with the date of his death). The distributive share of partnership taxable income for a partnership taxable year ending after the decedent's last taxable year is includible in the return of his estate or other successor in interest. If the estate or other successor in interest of a partner continues to share in the profits or losses of the partnership business, the distributive share thereof is includible in the taxable year of the estate or other successor in interest within or with which the taxable year of the partnership ends. See also § 1.736–1 (a) (1) (ii). Where the estate or other successor in interest receives distributions, any gain or loss on such distributions is includible in its gross income for its taxable year in which the distribution is made.

(iii) If a partner (or a retiring partner), in accordance with the terms of the partnership agreement, designates a person to succeed to his interest in the partnership after his death, such designated person shall be regarded as a successor in interest of the deceased for purposes of this chapter. Thus, where a partner designates his widow as the successor in interest, her distributive share of income for the taxable year of the partnership ending within or with her taxable year may be included in a joint return in accordance with the provisions of sections 2 and 6013 (a) (2) and (3).

(iv) If, under the terms of an agreement existing at the date of death of a partner, a sale or exchange of the decedent partner's interest in the partnership occurs upon such date, then the taxable year of the partnership with respect to such decedent partner shall close upon the date of death. See section 706 (c) (2) (A) (i). The sale or exchange of a partnership interest does not, for the purpose of this rule, include any transfer of a partnership interest which occurs at death as a result of inheritance or any testamentary disposition.

(v) To the extent that any part of a distributive share of partnership income of the estate or other successor in interest of a deceased partner is attributable to the decedent for the period ending with the date of his death, such part of the distributive share is income in respect of the decedent under section 691. See section 691 and the regulations thereunder.

(vi) The provisions of this subparagraph may be illustrated by the following examples:

*Example (1).* B has a taxable year ending December 31 and is a member of partnership ABC, the taxable year of which ends on June 30. B dies on October 31, 1955. His estate (which as a new taxpayer may, under section 441 and the regulations thereunder, adopt any taxable year) adopts a taxable year end-

ing October 31. The return of the decedent for the period January 1 to October 31, 1955, will include only his distributive share of taxable income of the partnership for its taxable year ending June 30, 1955. The distributive share of taxable income of the partnership for its taxable year ending June 30, 1955, arising from the interest of the decedent, will be includible in the return of the estate for its taxable year ending October 31, 1956. That part of the distributive share attributable to the decedent for the period ending with the date of his death (July 1 through October 31, 1955) is income in respect of a decedent under section 691.

*Example (2).* Assume the same facts as in example (1) of this subdivision, except that, prior to B's death, B and D had agreed that, upon B's death, D would purchase B's interest for $10,000. When B dies on October 31, 1955, the partnership taxable year beginning July 1, 1955, closes with respect to him. Therefore, the return for B's last taxable year (January 1 to October 31, 1955) will include his distributive share of taxable income of the partnership for its taxable year ending June 30, 1955, plus his distributive share of partnership taxable income for the period July 1 to October 31, 1955. See subdivision (iv) of this subparagraph.

*Example (3).* H is a member of a partnership having a taxable year ending December 31. Both H and his wife W are on a calendar year and file joint returns. H dies on March 31, 1955. Administration of the estate is completed and the estate, including the partnership interest, is distributed to W as legatee on November 30, 1955. Such distribution by the estate is not a sale or exchange of H's partnership interest. No part of the taxable income of the partnership for the taxable year ending December 31, 1955, which is allocable to H, will be included in H's taxable income for his last taxable year (January 1 through March 31, 1955) or in the taxable income of H's estate for the taxable year April 1 through November 30, 1955. The distributive share of partnership taxable income for the full calendar year that is allocable to H will be includible in the taxable income of W for her taxable year ending December 31, 1955, and she may file a joint return under sections 2 and 6013 (a) (3). That part of the distributive share attributable to the decedent for the period ending with the date of his death (January 1 through March 31, 1955) is income in respect of a decedent under section 691.

*Example (4).* M is a member of partnership JKM which operates on a calendar year. M and his wife S file joint returns for calendar years. In accordance with the partnership agreement, M designated S to succeed to his interest in the partnership upon his death. M, who had withdrawn $10,000 from the partnership before his death, dies on October 20, 1955. S's distributive share of income for the taxable year 1955 is $15,000 ($10,000 of which represents the amount withdrawn by M). S shall include $15,000 in her income, even though M received $10,000 of this amount before his death. S may file a joint return with M for the year 1955 under sections 2 and 6013 (a). That part of the $15,000 distributive share attributable to the decedent for the period ending with the date of his death (January 1 through October 20, 1955) is income in respect of a decedent under section 691.

(4) *Disposition of less than entire interest.* If a partner sells or exchanges a part of his interest in a partnership, or if the interest of a partner is reduced, the partnership taxable year shall continue to its normal end. In such case, the partner's distributive share of items which he is required to include in his taxable income under the provisions of section 702 (a) shall be determined by taking into account his varying interests

in the partnership during the partnership taxable year in which such sale, exchange, or reduction of interest occurred.

(5) *Transfer of interest by gift.* The transfer of a partnership interest by gift does not close the partnership taxable year with respect to the donor. However, the income up to the date of gift attributable to the donor's interest shall be allocated to him under section 704 (e) (2).

## § 1.707 *Statutory provisions; transactions between partner and partnership.*

Sec. 707. *Transactions between partner and partnership*—(a) *Partner not acting in capacity as partner.* If a partner engages in a transaction with a partnership other than in his capacity as a member of such partnership, the transaction shall, except as otherwise provided in this section, be considered as occurring between the partnership and one who is not a partner.

(b) *Certain sales or exchanges of property with respect to controlled partnerships*—(1) *Losses disallowed.* No deduction shall be allowed in respect of losses from sales or exchanges of property (other than an interest in the partnership), directly or indirectly, between—

(A) A partnership and a partner owning, directly or indirectly more than 50 percent of the capital interest, or the profits interest, in such partnership, or

(B) Two partnerships in which the same persons own, directly or indirectly, more than 50 percent of the capital interests or profits interests.

In the case of a subsequent sale or exchange by a transferee described in this paragraph, section 267 (d) shall be applicable as if the loss were disallowed under section 267 (a) (1).

(2) *Gains treated as ordinary income.* In the case of a sale or exchange, directly or indirectly, of property, which in the hands of the transferee, is property other than a capital asset as defined in section 1221—

(A) Between a partnership and a partner owning, directly or indirectly, more than 80 percent of the capital interest, or profits interest, in such partnership, or

(B) Between two partnerships in which the same persons own, directly or indirectly, more than 80 percent of the capital interests or profits interests,

any gain recognized shall be considered as gain from the sale or exchange of property other than a capital asset.

(3) *Ownership of a capital or profits interest.* For purposes of paragraphs (1) and (2) of this subsection, the ownership of a capital or profits interest in a partnership shall be determined in accordance with the rules for constructive ownership of stock provided in section 267 (c) other than paragraph (3) of such section.

(c) *Guaranteed payments.* To the extent determined without regard to the income of the partnership, payments to a partner for services or the use of capital shall be considered as made to one who is not a member of the partnership, but only for the purposes of section 61 (a) (relating to gross income) and section 162 (a) (relating to trade or business expenses).

## § 1.707–1 *Transactions between partner and partnership*—(a) *Partner not acting in capacity as partner.* A partner who engages in a transaction with a partnership other than in his capacity as a partner shall be treated as if he were not a member of the partnership with respect to such transaction. Such transactions include, for example, loans of money or property by the partnership to the

partner or by the partner to the partnership, the sale of property by the partner to the partnership, the purchase of property by the partner from the partnership, and the rendering of services by the partnership to the partner or by the partner to the partnership. Where a partner retains the ownership of property but allows the partnership to use such separately owned property for partnership purposes (for example, to obtain credit or to secure firm creditors by guaranty, pledge, or other agreement) the transaction is treated as one between a partnership and a partner not acting in his capacity as a partner. However, transfers of money or property by a partner to a partnership as contributions, or transfers of money or property by a partnership to a partner as distributions, are not transactions included within the provisions of this section. In all cases, the substance of the transaction will govern rather than its form. See § 1.731–1 (c) (3).

(b) *Certain sales or exchanges of property with respect to controlled partnerships*—(1) *Losses disallowed.* (i) No deduction shall be allowed for a loss on a sale or exchange of property (other than an interest in the partnership), directly or indirectly, between a partnership and a partner who owns, directly or indirectly, more than 50 percent of the capital interest or profits interest in such partnership. A loss on a sale or exchange of property, directly or indirectly, between two partnerships in which the same persons own, directly or indirectly, more than 50 percent of the capital interest or profits interests in each partnership shall not be allowed.

(ii) If a gain is realized upon the subsequent sale or exchange by a transferee of property with respect to which a loss was disallowed under the provisions of subdivision (i) of this subparagraph, section 267 (d) (relating to amount of gain where loss previously disallowed) shall apply as though the loss were disallowed under section 267 (a) (1).

(2) *Gains treated as ordinary income.* Any gain recognized upon the sale or exchange, directly or indirectly, of property which, in the hands of the transferee immediately after the transfer, is property other than a capital asset, as defined in section 1221, shall be ordinary income if the transaction is between a partnership and a partner who owns, directly or indirectly, more than 80 percent of the capital interest or profits interest in the partnership. This rule also applies where such a transaction is between partnerships in which the same persons own, directly or indirectly, more than 80 percent of the capital interests or profits interests in each partnership. The term "property other than a capital asset" includes (but is not limited to) trade accounts receivable, inventory, stock in trade, and depreciable or real property used in the trade or business.

(3) *Ownership of capital or profits interest.* For the purpose of section 707 (b) and this paragraph, the ownership of a capital interest or profits interest in a partnership shall be determined in accordance with the rules for constructive ownership of stock provided in section 267 (c) (1), (2), (4), and (5). Under

these rules, ownership of a capital or profits interest in a partnership may in certain circumstances be attributed to a person who is not a partner as defined in section 761 (b).

(c) *Guaranteed payments.* Payments made by a partnership to a partner for services or for the use of capital are considered as made to a person who is not a partner, to the extent such payments are determined without regard to the income of the partnership. However, a partner must include such payments as ordinary income for his taxable year within or with which ends the partnership taxable year in which the partnership deducted such payments as paid or accrued under its method of accounting. See section 706 (a) and § 1.706–1 (a). Guaranteed payments are considered as made to one who is not a member of the partnership, only for the purposes of section 61 (a) (relating to gross income) and section 162 (a) (relating to trade or business expenses). They do not constitute an interest in partnership profits for purposes of sections 706 (b) (3), 707 (b), and 708 (b). For the purposes of other provisions of the internal revenue laws, guaranteed payments are regarded as a partner's distributive share of ordinary income. Thus, a partner who receives guaranteed payments for a period during which he is absent from work because of personal injuries or sickness is not entitled to exclude such payments from his gross income under section 105 (d). Similarly, a partner who receives guaranteed payments is not regarded as an employee of the partnership for the purposes of withholding of tax at source, deferred compensation plans, etc. The provisions of this paragraph may be illustrated by the following examples:

*Example (1).* Under the ABC partnership agreement, partner A is entitled to a fixed annual payment of $10,000 for services, without regard to the income of the partnership. His distributive share is 10 percent. After deducting the guaranteed payment, the partnership has $50,000 ordinary income. A must include $15,000 as ordinary income for his taxable year within or with which the partnership taxable year ends ($10,000 guaranteed payment plus $5,000 distributive share).

*Example (2).* Partner C in the CD partnership is to receive 30 percent of partnership income as determined before taking into account any guaranteed payments, but not less than $10,000. The income of the partnership is $60,000, and C is entitled to $18,000 (30 percent of $60,000) as his distributive share. No part of this amount is a guaranteed payment. However, if the partnership had income of $20,000 instead of $60,000, $6,000 (30 percent of $20,000) would be partner C's distributive share, and the remaining $4,000 payable to C would be a guaranteed payment.

*Example (3).* Partner X in the XY partnership is to receive a payment of $10,000 for services, plus 30 percent of the taxable income or loss of the partnership. After deducting the payment of $10,000 to partner X, the XY partnership has a loss of $9,000. Of this amount, $2,700 (30 percent of the loss) is X's distributive share of partnership loss and, subject to section 704 (d), is to be taken into account by him in his return. In addition, he must report as ordinary income the guaranteed payment of $10,000 made to him by the partnership.

*Example (4).* Assume the same facts as in example (3) of this paragraph except that, instead of a $9,000 loss, the partnership has $30,000 in capital gains and no other items of

income or deduction except the $10,000 paid X as a guaranteed payment. Since the items of partnership income or loss must be segregated under section 702 (a), the partnership has a $10,000 ordinary loss and $30,000 in capital gains. X's 30 percent distributive shares of these amounts are $3,000 ordinary loss and $9,000 capital gain. In addition, X has received a $10,000 guaranteed payment which is ordinary income to him.

**§ 1.708  Statutory provisions; continuation of partnership.**

SEC. 708. *Continuation of partnership.* (a) *General rule.* For purposes of this subchapter, an existing partnership shall be considered as continuing if it is not terminated.

(b) *Termination*—(1) *General rule.* For purposes of subsection (a), a partnership shall be considered as terminated only if—

(A) No part of any business, financial operation, or venture of the partnership continues to be carried on by any of its partners in a partnership, or

(B) Within a 12-month period there is a sale or exchange of 50 percent or more of the total interest in partnership capital and profits.

(2) *Special rules*—(A) *Merger or consolidation.* In the case of the merger or consolidation of two or more partnerships, the resulting partnership shall, for purposes of this section, be considered the continuation of any merging or consolidating partnership whose members own an interest of more than 50 percent in the capital and profits of the resulting partnership.

(B) *Division of a partnership.* In the case of a division of a partnership into two or more partnerships, the resulting partnerships (other than any resulting partnership the members of which had an interest of 50 percent or less in the capital and profits of the prior partnership) shall, for purposes of this section, be considered a continuation of the prior partnership.

**§ 1.708–1  Continuation of partnership**—(a) *General rule.* For purposes of subchapter K, an existing partnership shall be considered as continuing if it is not terminated.

(b) *Termination*—(1) *General rule.* (i) A partnership shall terminate when the operations of the partnership are discontinued and no part of any business, financial operation, or venture of the partnership continues to be carried on by any of its partners in a partnership. For example, on November 20, 1956, A and B, each of whom is a 20-percent partner in partnership ABC, sell their interests to C, who is a 60-percent partner. Since the business is no longer carried on by any of its partners in a partnership, the ABC partnership is terminated as of November 20, 1956. However, where partners DEF agree on April 30, 1957, to dissolve their partnership, but carry on the business through a winding up period ending September 30, 1957, when all remaining assets, consisting only of cash, are distributed to the partners, the partnership does not terminate because of cessation of business until September 30, 1957.

(*a*) Upon the death of one partner in a 2-member partnership, the partnership shall not be considered as terminated if the estate or other successor in interest of the deceased partner continues to share in the profits or losses of the partnership business.

(*b*) For the continuation of a partnership where payments are being made

under section 736 (relating to payments to a retiring partner or a deceased partner's successor in interest), see § 1.736–1 (a) (6).

(ii) A partnership shall terminate when 50 percent or more of the total interest in partnership capital and profits is sold or exchanged within a period of 12 consecutive months. Such sale or exchange includes a sale or exchange to another member of the partnership. However, a disposition of a partnership interest by gift (including assignment to a successor in interest), bequest, or inheritance, or the liquidation of a partnership interest, is not a sale or exchange for purposes of this subparagraph. Furthermore, the contribution of property to a partnership does not constitute such a sale or exchange. See, however, § 1.731–1 (c) (3). Fifty percent or more of the total interest in partnership capital and profits means 50 percent or more of the total interest in partnership capital plus 50 percent or more of the total interest in partnership profits. Thus, the sale of a 30-percent interest in partnership capital and a 60-percent interest in partnership profits is not the sale or exchange of 50 percent or more of the total interest in partnership capital and profits. If one or more partners sell or exchange interests aggregating 50 percent or more of the total interest in partnership capital and 50 percent or more of the total interest in partnership profits within a period of 12 consecutive months, such sale or exchange is considered as being within the provisions of this subparagraph. When interests are sold or exchanged on different dates, the percentages to be added are determined as of the date of each sale. For example, with respect to the ABC partnership, the sale by A on May 12, 1956, of a 30-percent interest in capital and profits to D, and the sale by B on March 27, 1957, of a 30-percent interest in capital and profits to E, is a sale of a 50-percent or more interest. Accordingly, the partnership is terminated as of March 27, 1957. However, if, on March 27, 1957, D instead of B, sold his 30-percent interest in capital and profits to E, there would be no termination since only one 30-percent interest would have been sold or exchanged within a 12-month period.

(iii) For purposes of subchapter K, a partnership taxable year closes with respect to all partners on the date on which the partnership terminates. See section 706 (c) (1) and § 1.706–1 (c) (1). The date of termination is:

(*a*) For purposes of section 708 (b) (1) (A), the date on which the winding up of the partnership affairs is completed.

(*b*) For purposes of section 708 (b) (1) (B), the date of the sale or exchange of a partnership interest which, of itself or together with sales or exchanges in the preceding 12 months, transfers an interest of 50 percent or more in both partnership capital and profits.

(iv) If a partnership is terminated by a sale or exchange of an interest, the following is deemed to occur: The partnership distributes its properties to the purchaser and the other remaining partners in proportion to their respective

interests in the partnership properties; and, immediately thereafter, the purchaser and the other remaining partners contribute the properties to a new partnership, either for the continuation of the business or for its dissolution and winding up. In the latter case, the new partnership terminates in accordance with subdivision (i) of this subparagraph. See sections 731 and 732 and §§ 1.731–1 and 1.732–1. For election of basis adjustments by the purchaser and other remaining partners, see sections 732 (d) and 743 (b) and §§ 1.732–1 (d) and 1.743–1 (b).

(2) *Special rules*—(i) *Merger or consolidation.* If two or more partnerships merge or consolidated into one partnership, the resulting partnership shall be considered a continuation of the merging or consolidating partnership the members of which own an interest of more than 50 percent in the capital and profits of the resulting partnership. If the resulting partnership can, under the preceding sentence, be considered a continuation of more than one of the merging or consolidating partnerships, it shall, unless the Commissioner permits otherwise, be considered the continuation of that partnership which is credited with the contribution of the greatest dollar value of assets to the resulting partnership. Any other merging or consolidating partnerships shall be considered as terminated. If the members of none of the merging or consolidating partnerships have an interest of more than 50 percent in the capital and profits of the resulting partnership, all of the merged or consolidated partnerships are terminated, and a new partnership results. The taxable years of such merging or consolidating partnerships which are considered terminated shall be closed in accordance with the provisions of section 706 (c), and such partnerships shall file their returns for a taxable year ending upon the date of termination, i. e., the date of merger or consolidation. The resulting partnership shall file a return for the taxable year of the merging or consolidating partnership that is considered as continuing. The return shall state that the resulting partnership is a continuation of such merging or consolidating partnership and shall include the names and addresses of the merged or consolidated partnerships. The respective distributive shares of the partners for the periods prior to and subsequent to the date of merger or consolidation shall be shown as a part of the return. The provisions of this subdivision may be illustrated by the following example:

*Example.* Partnership AB, in whose capital and profits A and B each own a 50-percent interest, and partnership CD, in whose capital and profits C and D each own a 50-percent interest, merge on September 30, 1955, and form partnership ABCD. Partners A, B, C, and D are on a calendar year; partnership AB is also on a calendar year; and partnership CD is on a fiscal year ending June 30th. After the merger, the partners have capital and profits interests as follows: A, 30 percent; B, 30 percent; C, 20 percent; and D, 20 percent. Since A and B together own an interest of more than 50 percent in the capital and profits of partnership ABCD, such partnership shall be

considered a continuation of partnership AB and shall continue to file returns on a calendar year basis. Since C and D own an interest of less than 50 percent in the capital and profits of partnership ABCD, the taxable year of partnership CD closes as of September 30, 1955, the date of the merger, and CD partnership is terminated as of that date. Partnership ABCD is required to file a return for the taxable year January 1 to December 31, 1955, indicating thereon that, until September 30, 1955, it was partnership AB. Partnership CD is required to file a return for its final taxable year, July 1 through September 30, 1955.

(ii) *Division of a partnership.* Upon the division of a partnership into two or more partnerships, any resulting partnership or partnerships shall be considered a continuation of the prior partnership if its members had an interest of more than 50 percent in the capital and profits of the prior partnership. Any other resulting partnership will not be considered a continuation of the prior partnership but will be considered a new partnership. If the members of none of the resulting partnerships owned an interest of more than 50 percent in the capital and profits of the divided partnership, the divided partnership is terminated. Where members of a partnership which has been divided into two or more partnerships do not become members of a resulting partnership which is considered a continuation of the prior partnership, such partner's interests shall be considered liquidated as of the date of the division. The resulting partnership that is regarded as continuing shall file a return for the taxable year of the partnership that has been divided. The return shall state that the partnership is a continuation of the divided partnership and shall set forth separately the respective distributive shares of the partners for the periods prior to and subsequent to the date of division. The provisions of this subdivision may be illustrated by the following example:

*Example.* Partnership ABCD is in the real estate and insurance business. A owns a 40-percent interest, and B, C, and D each owns a 20-percent interest, in the capital and profits of the partnership. The partnership and the partners report their income on a calendar year. They agree to separate the real estate and insurance business as of November 1, 1955, and to form two partnerships; partnership AB to take over the real estate business, and partnership CD to take over the insurance business. Since members of the resulting partnership AB owned more than a 50-percent interest in the capital and profits of partnership ABCD (A, 40 percent, and B, 20 percent), partnership AB shall be considered a continuation of partnership ABCD. Partnership AB is required to file a return for the taxable year January 1 to December 31, 1955, indicating thereon that until November 1, 1955, it was partnership ABCD. In forming partnership CD, partners C and D contribute the property distributed to them in liquidation of their entire interests in divided partnership ABCD. Partnership CD will be required to file a return for the taxable year it adopts pursuant to section 706 (b) and § 1.706–1 (b).

CONTRIBUTIONS, DISTRIBUTIONS, AND TRANSFERS

*Contributions to a Partnership*

§ 1.721   *Statutory provisions; non-recognition of gain or loss on contribution.*

SEC. 721. *Nonrecognition of gain or loss on contribution.* No gain or loss shall be recognized to a partnership or to any of its partners in the case of a contribution of property to the partnership in exchange for an interest in the partnership.

§ 1.721–1   *Nonrecognition of gain or loss on contribution.* (a) No gain or loss shall be recognized either to the partnership or to any of its partners upon a contribution of property, including installment obligations, to the partnership in exchange for a partnership interest. This rule applies whether the contribution is made to a partnership in the process of formation or to a partnership which is already formed and operating. Section 721 shall not apply to a transaction between a partnership and a partner not acting in his capacity as a partner since such a transaction is governed by section 707. Rather than contributing property to a partnership, a partner may sell property to the partnership or may retain the ownership of property and allow the partnership to use it. In all cases, the substance of the transaction will govern, rather than its form. See § 1.731–1 (c) (3). Thus, if the transfer of property by the partner to the partnership results in the receipt by the partner of money or other consideration, including a promissory obligation fixed in amount and time for payment, the transaction will be treated as a sale or exchange under section 707 rather than as a contribution under section 721. For the rules governing the treatment of liabilities to which contributed property is subject, see section 752 and § 1.752–1.

(b) (1) Normally, under local law, each partner is entitled to be repaid his contributions of money or other property to the partnership (at the value placed upon such property by the partnership at the time of the contribution) whether made at the formation of the partnership or subsequent thereto. To the extent that any of the partners gives up any part of his right to be repaid his contributions (as distinguished from a share in partnership profits) in favor of another partner as compensation for services (or in satisfaction of an obligation), section 721 does not apply. The value of an interest in such partnership capital so transferred to a partner as compensation for services constitutes income to the partner under section 61. The amount of such income is the fair market value of the interest in capital so transferred, either at the time the transfer is made for past services, or at the time the services have been rendered where the transfer is conditioned on the completion of the transferee's future services. The time when such income is realized depends on all the facts and circumstances, including any substantial restrictions or conditions on the compensated partner's right to withdraw or otherwise dispose of such interest. To the extent that an interest in capital representing compensation for services rendered by the decedent prior to his death is transferred after his death to the decedent's successor in interest, the fair market value of such interest is income in respect of a decedent under section 691.

(2) To the extent that the value of such interest is: (i) compensation for services rendered to the partnership, it is a guaranteed payment for services under section 707 (c); (ii) compensation for services rendered to a partner, it is not deductible by the partnership, but is deductible only by such partner to the extent allowable under this chapter.

§ 1.722   *Statutory provisions; basis of contributing partner's interest.*

SEC. 722. *Basis of contributing partner's interest.* The basis of an interest in a partnership acquired by a contribution of property, including money, to the partnership shall be the amount of such money and the adjusted basis of such property to the contributing partner at the time of the contribution.

§ 1.722–1   *Basis of contributing partner's interest.* The basis to a partner of a partnership interest acquired by a contribution of property, including money, to the partnership shall be the amount of money contributed plus the adjusted basis at the time of the contribution of any property contributed. If the acquisition of an interest in the partnership capital results in taxable income to a partner, such income shall constitute an addition to the basis of the partner's interest. See § 1.721–1 (b). If the contributed property is subject to indebtedness or if liabilities of the partner are assumed by the partnership, the basis of the contributing partner's interest shall be reduced by the portion of the indebtedness assumed by the other partners, since the partnership's assumption of his indebtedness is treated as a distribution of money to the partner. Conversely, the assumption by the other partners of a portion of the contributor's indebtedness is treated as a contribution of money by them. See section 752 and § 1.752–1. The provisions of this section may be illustrated by the following examples:

*Example (1).* A acquired a 20-percent interest in a partnership by contributing property. At the time of A's contribution, the property had a fair market value of $10,000, an adjusted basis to A of $4,000, and was subject to a mortgage of $2,000. Payment of the mortgage was assumed by the partnership. The basis of A's interest in the partnership is $2,400, computed as follows:

Adjusted basis to A of property contributed _____ $4,000
Less portion of mortgage assumed by other partners which must be treated as a distribution (80 percent of $2,000) _____ 1,600
                                                              _____
Basis of A's interest _____ 2,400

*Example (2).* If, in example (1) of this section, the property contributed by A was subject to a mortgage of $6,000, the basis of A's interest would be zero, computed as follows:

Adjusted basis to A of property contributed _____ $4,000
Less portion of mortgage assumed by other partners which must be treated as a distribution (80 percent of $6,000) _____ 4,800
                                                              _____
                                                                (800)

Since A's basis cannot be less than zero, the $800 in excess of basis, which is considered as a distribution of money under section 752 (b), is treated as capital gain from the

sale or exchange or a partnership interest. See section 731 (a).

**§ 1.723 Statutory provisions; basis of property contributed to partnership.**

SEC. 723. *Basis of property contributed to partnership.* The basis of property contributed to a partnership by a partner shall be the adjusted basis of such property to the contributing partner at the time of the contribution.

**§ 1.723-1 Basis of property contributed to partnership.** The basis to the partnership of property contributed to it by a partner is the adjusted basis of such property to the contributing partner at the time of the contribution. Since such property has the same basis in the hands of the partnership as it had in the hands of the contributing partner, the holding period of such property for the partnership includes the period during which it was held by the partner. See section 1223 (2). For elective adjustments to the basis of partnership property arising from distributions or transfers of partnership interests, see sections 732 (d), 734 (b), and 743 (b).

*Distributions by a Partnership*

**§ 1.731 Statutory provisions; extent of recognition of gain or loss on distribution.**

SEC. 731. *Extent of recognition of gain or loss on distribution*—(a) *Partners.* In the case of a distribution by a partnership to a partner—

(1) Gain shall not be recognized to such partner, except to the extent that any money distributed exceeds the adjusted basis of such partner's interest in the partnership immediately before the distribution, and

(2) Loss shall not be recognized to such partner, except that upon a distribution in liquidation of a partner's interest in a partnership where no property other than that described in subparagraph (A), or (B) is distributed to such partner, loss shall be recognized to the extent of the excess of the adjusted basis of such partner's interest in the partnership over the sum of—

(A) Any money distributed, and

(B) The basis to the distributee, as determined under section 732, of any unrealized receivables (as defined in section 751 (c)) and inventory (as defined in section 751 (d) (2)).

Any gain or loss recognized under this subsection shall be considered as gain or loss from the sale or exchange of the partnership interest of the distributee partner.

(b) *Partnerships.* No gain or loss shall be recognized to a partnership on a distribution to a partner of property, including money.

(c) *Exceptions.* This section shall not apply to the extent otherwise provided by section 736 (relating to payments to a retiring partner or a deceased partner's successor in interest) and section 751 (relating to unrealized receivables and inventory items).

**§ 1.731-1 Extent of recognition of gain or loss on distribution**—(a) *Recognition of gain or loss to partner*—(1) *Recognition of gain.* (i) Where money is distributed by a partnership to a partner, no gain shall be recognized to the partner except to the extent that the amount of money distributed exceeds the adjusted basis of the partner's interest in the partnership immediately before the distribution. This rule is applicable both to current distributions (i. e., distributions other than in liquida-

tion of an entire interest) and to distributions in liquidation of a partner's entire interest in a partnership. Thus, if a partner with a basis for his interest of $10,000 receives a distribution of cash of $8,000 and property with a fair market value of $3,000, no gain is recognized to him. If $11,000 cash were distributed, gain would be recognized to the extent of $1,000. No gain shall be recognized to a distributee partner with respect to a distribution of property (other than money) until he sells or otherwise disposes of such property, except to the extent otherwise provided by section 736 (relating to payments to a retiring partner or a deceased partner's successor in interest) and section 751 (relating to unrealized receivables and inventory items). See section 731 (c) and paragraph (c) of this section.

(ii) For the purposes of sections 731 and 705, advances or drawings of money or property against a partner's distributive share of income shall be treated as current distributions made on the last day of the partnership taxable year with respect to such partner.

(2) *Recognition of loss.* Loss is recognized to a partner only upon liquidation of his entire interest in the partnership, and only if the property distributed to him consists solely of money, unrealized receivables (as defined in section 751 (c)), and inventory items (as defined in section 751 (d) (2)). The term "liquidation of a partner's interest," as defined in section 761 (d), is the termination of the partner's entire interest in the partnership by means of a distribution or a series of distributions. Loss is recognized to the distributee partner in such cases to the extent of the excess of the adjusted basis of such partner's interest in the partnership at the time of the distribution over the sum of—

(i) Any money distributed to him, and

(ii) The basis to the distributee, as determined under section 732, of any unrealized receivables and inventory items that are distributed to him.

If the partner whose interest is liquidated receives any property other than money, unrealized receivables, or inventory items, then no loss will be recognized. Application of the provisions of this subparagraph may be illustrated by the following examples:

*Example (1).* Partner A has a partnership interest in partnership ABC with an adjusted basis to him of $10,000. He retires from the partnership and receives, as a distribution in liquidation of his entire interest, his share of partnership property. This share is $5,000 cash and inventory with a basis to him (under section 732) of $3,000. Partner A realizes a capital loss of $2,000, which is recognized under section 731 (a) (2).

*Example (2).* Partner B has a partnership interest in partnership BCD with an adjusted basis to him of $10,000. He retires from the partnership and receives, as a distribution in liquidation of his entire interest, his share of partnership property. This share is $4,000 cash, real property (used in the trade or business) with an adjusted basis to the partnership of $2,000, and unrealized receivables having a basis to him (under section 732) of $3,000. No loss will be recognized to B on the transaction because he received property other than money, unrealized receivables, and inventory items. As

determined under section 732, the basis to B for the real property received is $3,000.

(3) *Character of gain or loss.* Gain on a distribution is considered as gain or loss from the sale or exchange of the partnership interest of the distributee partner, that is, capital gain or loss.

(b) *Gain or loss recognized by partnership.* A distribution of property (including money) by a partnership to a partner does not result in recognized gain or loss to the partnership under section 731. However, recognized gain or loss may result to the partnership from certain distributions which, under section 751 (b), must be treated as a sale or exchange of property between the distributee partner and the partnership.

(c) *Exceptions.* (1) Section 731 does not apply to the extent otherwise provided by—

(i) Section 736 (relating to payments to a retiring partner or to a deceased partner's successor in interest), and

(ii) Section 751 (relating to unrealized receivables and inventory items).

For example, payments under section 736 (a), which are considered as a distributive share or guaranteed payment, are taxable as such under that section.

(2) The receipt by a partner from the partnership of money or property under an obligation to repay the amount of such money or to return such property does not constitute a distribution subject to section 731 but is a loan governed by section 707 (a). To the extent that such an obligation is canceled, the obligor partner will be considered to have received a distribution of money or property at the time of cancellation.

(3) If there is a contribution of property to a partnership and within a short period:

(i) Before or after such contribution other property is distributed to the contributing partner and the contributed property is retained by the partnership, or

(ii) After such contribution the contributed property is distributed to another partner,

such distribution may not fall within the scope of section 731. Section 731 does not apply to a distribution of property, if, in fact, the distribution was made in order to effect an exchange of property between two or more of the partners or between the partnership and a partner. Such a transaction shall be treated as an exchange of property.

**§ 1.732 Statutory provisions; basis of distributed property other than money.**

SEC. 732. *Basis of distributed property other than money*—(a) *Distributions other than in liquidation of a partner's interest*—(1) *General rule.* The basis of property (other than money) distributed by a partnership to a partner other than in liquidation of the partner's interest shall, except as provided in paragraph (2), be its adjusted basis to the partnership immediately before such distribution.

(2) *Limitation.* The basis to the distributee partner of property to which paragraph (1) is applicable shall not exceed the adjusted basis of such partner's interest in the

partnership reduced by any money distributed in the same transaction.

(b) *Distribution in liquidation.* The basis of property (other than money) distributed by a partnership to a partner in liquidation of the partner's interest shall be an amount equal to the adjusted basis of such partner's interest in the partnership reduced by any money distributed in the same transaction.

(c) *Allocation of basis.* The basis of distributed properties to which subsection (a) (2) or subsection (b) is applicable shall be allocated—

(1) First to any unrealized receivables (as defined in section 751 (c)) and inventory items (as defined in section 751 (d) (2)) in an amount equal to the adjusted basis of each such property to the partnership (or if the basis to be allocated is less than the sum of the adjusted bases of such properties to the partnership, in proportion to such bases), and

(2) To the extent of any remaining basis, to any other distributed properties in proportion to their adjusted bases to the partnership.

(d) *Special partnership basis to transferee.* For purposes of subsections (a), (b), and (c), a partner who acquired all or a part of his interest by a transfer with respect to which the election provided in section 754 is not in effect, and to whom a distribution of property (other than money) is made with respect to the transferred interest within 2 years after such transfer, may elect, under regulations prescribed by the Secretary or his delegate, to treat as the adjusted partnership basis of such property the adjusted partnership basis such property would have if the adjustment provided in section 743 (b) were in effect with respect to the partnership property. The Secretary or his delegate may by regulations require the application of this subsection in the case of a distribution to a transferee partner, whether or not made within 2 years after the transfer, if at the time of the transfer the fair market value of the partnership property (other than money) exceeded 110 percent of its adjusted basis to the partnership.

(e) *Exception.* This section shall not apply to the extent that a distribution is treated as a sale or exchange of property under section 751 (b) (relating to unrealized receivables and inventory items).

§ 1.732–1 *Basis of distributed property other than money*—(a) *Distributions other than in liquidation of a partner's interest.* The basis of property (other than money) received by a partner in a distribution from a partnership, other than in liquidation of his entire interest, shall be its adjusted basis to the partnership immediately before such distribution. However, the basis of the property to the partner shall not exceed the adjusted basis of the partner's interest in the partnership, reduced by the amount of any money distributed to him in the same transaction. The provisions of this paragraph may be illustrated by the following examples:

*Example (1).* Partner A, with an adjusted basis of $15,000 for his partnership interest, receives in a current distribution property having an adjusted basis of $10,000 to the partnership immediately before distribution, and $2,000 cash. The basis of the property in A's hands will be $10,000. Under sections 733 and 705, the basis of A's partnership interest will be reduced by the distribution to $3,000 ($15,000, less $2,000 cash, less $10,000, the basis of the distributed property to A).

*Example (2).* Partner R has an adjusted basis of $10,000 for his partnership interest. He receives a current distribution of $4,000 cash and property with an adjusted basis to the partnership of $8,000. The basis of the distributed property to partner R is limited to $6,000 ($10,000, the adjusted basis of his interest, reduced by $4,000, the cash distributed).

(b) *Distribution in liquidation.* Where a partnership distributes property (other than money) in liquidation of a partner's entire interest in the partnership, the basis of such property to the partner shall be an amount equal to the adjusted basis of his interest in the partnership reduced by the amount of any money distributed to him in the same transaction. Application of this rule may be illustrated by the following example:

*Example.* Partner B, with a partnership interest having an adjusted basis to him of $12,000, retires from the partnership and receives cash of $2,000, and real property with an adjusted basis to the partnership of $6,000 and a fair market value of $14,000. The basis of the real property to B is $10,000 (B's basis for his partnership interest, $12,000, reduced by $2,000, the cash distributed).

(c) *Allocation of basis among properties distributed to a partner.* (1) Under section 732 (a) (2) or (b), the basis to be allocated to properties distributed to a partner shall be allocated first to any unrealized receivables (as defined in section 751 (c)) and inventory items (as defined in section 751 (d) (2)) included in the distribution. However, such receivables or inventory items may not take a higher basis in the hands of the partner than their common adjusted basis to the partnership immediately before the distribution, unless such distribution is treated as a sale or exchange under section 751 (b), or unless the distributee partner has a special basis adjustment for the distributed property under sections 732 (d) or 743 (b). Any basis not allocated to unrealized receivable or inventory items shall be allocated to any other properties distributed to the partner in the same transaction, in proportion to the bases of such other properties in the hands of the partnership before distribution. The provisions of this subparagraph may be illustrated by the following example:

*Example.* Partner A, whose partnership interest in partnership ABC has an adjusted basis of $15,000, receives as a distribution in liquidation of his entire interest inventory items having a basis to the partnership of $6,000. In addition, he receives cash of $5,000, and two parcels of real property with adjusted bases to the partnership of $6,000 and $2,000, respectively. Basis in the amount of $10,000 ($15,000 basis, less $5,000 cash received) is allocated $6,000 to inventory items, and $3,000 (6,000/8,000 x $4,000) and $1,000 (2,000/8,000 x $4,000), respectively, to the two parcels of real property.

(2) If the adjusted basis to the partnership of the unrealized receivables and inventory items distributed to a partner is greater than the partner's adjusted basis of his interest (reduced by the amount of money distributed to him in the same transaction), the amount of the basis to be allocated to such unrealized receivables and inventory items shall be allocated in proportion to the adjusted bases of such properties in the hands of

the partnership. If the basis of the partner's interest to be allocated upon a distribution in liquidation of his entire interest is in excess of the adjusted basis to the partnership of the unrealized receivables and inventory items distributed, and if there is no other property distributed to which such excess can be allocated, the distributee partner sustains a capital loss under section 731 (a) (2) to the extent of the unallocated basis of his partnership interest. The provisions of this subparagraph may be illustrated by the following examples:

*Example (1).* Partner C, whose interest in partnership ABC has an adjusted basis to him of $9,000, receives as a distribution in liquidation cash of $6,000, inventory items having an adjusted basis to the partnership of $6,000, and real property having a basis to the partnership of $4,000. The cash payment reduces C's basis to $3,000, which is allocated entirely to inventory items. The real property has a zero basis in C's hands. The partnership bases not carried over to C for the distributed properties are lost unless an election under section 754 is in effect requiring the partnership to adjust the bases of remaining partnership properties under section 734 (b).

*Example (2).* Partner B, whose interest in partnership ABC has an adjusted basis to him of $9,000, receives as a distribution in liquidation cash of $1,000 and inventory items having a basis to the partnership of $6,000. The cash payment reduces B's basis to $8,000, which can be allocated only to the extent of $6,000 to the inventory items. The remaining $2,000 basis, not allocable to distributed property, constitutes a capital loss in that amount to partner B under section 731 (a) (2). If the election under section 754 is in effect, see section 734 (b) for adjustment of the basis of undistributed partnership property.

(d) *Special partnership basis to transferee under section 732 (d).* (1) (i) A transfer of a partnership interest occurs upon a sale or exchange of an interest or upon the death of a partner. Section 732 (d) provides a special rule for the determination of the basis of property distributed to a transferee partner who acquired any part of his partnership interest in a transfer with respect to which the election under section 754 (relating to the optional adjustment to basis of partnership property) was not in effect.

(ii) Where an election under section 754 is in effect, see section 743 (b) and §§ 1.743–1 (b) and 1.732–2.

(iii) If a transferee partner receives a distribution of property (other than money) from the partnership within 2 years after he acquired his interest or part thereof in the partnership by a transfer with respect to which the election under section 754 was not in effect, he may elect to treat as the adjusted partnership basis of such property the adjusted basis such property would have if the adjustment provided in section 743 (b) were in effect.

(iv) If an election under section 732 (d) is made upon a distribution of property to a transferee partner, the amount of the adjustment with respect to the transferee partner is not diminished by any depletion or depreciation of that portion of the basis of partnership property which arises from the special basis adjustment under section 732 (d), since depletion or depreciation on such portion

for the period prior to distribution is allowed or allowable only if the optional adjustment under section 743 (b) is in effect.

(v) If property is distributed to transferee partner who elects under section 732 (d), and if such property is not the same property which would have had a special basis adjustment, then such special basis adjustment shall apply to any like property received in the distribution, provided that the transferee, in exchange for the property distributed, has relinquished his interest in the property with respect to which he would have had a special basis adjustment. This rule applies whether the property in which the transferee has relinquished his interest is retained or disposed of by the partnership. (For shift of transferee's special basis adjustment to like property, see § 1.743–1 (b) (2) (ii).)

(vi) The provisions of this subparagraph may be illustrated by the following example:

*Example.* The basis to transferee partner K of his one-fourth interest in partnership WJKS is $17,000. At the time he acquired such interest by purchase, the election under section 754 was not in effect and the partnership had a basis to the partnership of $16,000 and a value of $16,000. K's purchase price reflected $500 of this difference. Thus, $4,000 of the $17,000 paid by K for his one-fourth interest was attributable to his share of partnership inventory with a basis of $3,500. Within 2 years after acquiring his interest, K retired from the partnership and received in liquidation of his entire interest cash of $1,500, inventory with a basis to the partnership of $3,500, property X (a capital asset), with an adjusted basis to the partnership of $2,000, and property Y (a depreciable asset), with an adjusted basis to the partnership of $4,000. The value of the inventory received by K was one-fourth of the value of all partnership inventory and was his share of such property. It is immaterial whether the inventory K received was on hand when K acquired his interest. In accordance with K's election under section 732 (d), the amount of his share of partnership basis which is attributable to partnership inventory is increased by $500 (one-fourth of the $2,000 difference between the value of such property, $16,000, and its $14,000 basis to the partnership at the time K acquired his interest). This adjustment under section 732 (d) applies only for purposes of distributions to partner K, and not for purposes of partnership depreciation, depletion, or gain or loss on disposition. Thus, the amount to be allocated among the properties received by K in the liquidating distribution is $15,500 ($17,000, K's basis for his interest, reduced by the amount of cash received, $1,500). This amount is allocated as follows: The basis of the inventory items received is $4,000, consisting of the $3,500 common partnership basis for such items, plus the special basis adjustment of $500 which K would have had under section 743 (b). The remaining basis of $11,500 ($15,500 minus $4,000) is to be allocated to the remaining property distributed to K in proportion to their adjusted bases to the partnership. Since the adjusted basis to the partnership of property X is $2,000, and that of property Y is $4,000, the $11,500 is allocated $3,833 (2,000/6,000 × $11,500) to X, and $7,667 (4,000/6,000 × $11,500) to Y.

(2) A transferee partner who wishes to elect under section 732 (d) shall make the election with his tax return—

(i) For the year of the distribution, if the distribution includes any property

subject to the allowance for depreciation, depletion, or amortization, or

(ii) For any taxable year no later than the first taxable year in which the basis of any of the distributed property is pertinent in determining his income tax, if the distribution does not include any such property subject to the allowance for depreciation, depletion or amortization.

(3) A taxpayer making an election under section 732 (d) shall submit with the return in which the election is made a schedule setting forth the following:

(i) That under section 732 (d) he elects to adjust the basis of property received in a distribution; and

(ii) The computation of the special basis adjustment for the property distributed and the properties to which the adjustment has been allocated. For rules of allocation, see section 755.

(4) A partner who acquired any part of his partnership interest in a transfer to which the election provided in section 754 was not in effect, is required to apply the special basis rule contained in section 732 (d) to a distribution to him, whether or not made within 2 years after the transfer, if at the time of his acquisition of the transferred interest—

(i) The fair market value of all partnership property (other than money) exceeded 110 percent of its adjusted basis to the partnership,

(ii) An allocation of basis under section 732 (c) upon a liquidation of his interest immediately after the transfer of the interest would have resulted in a shift of basis from property not subject to an allowance for depreciation, depletion, or amortization, to property subject to such an allowance, and

(iii) A special basis adjustment under section 743 (b) would change the basis to the transferee partner of the property actually distributed.

The application of this rule may be illustrated by the following examples:

*Example (1).* Partnership ABC owns three parcels of land, each of which has an adjusted basis to the partnership of $5,000 and is worth $55,000, and depreciable property with an adjusted basis and value of $150,000. D purchases A's partnership interest for $105,000 when the election under section 754 is not in effect. At the time of D's purchase, the fair market value of all partnership property (other than money) is $315,000, which exceeds 110 percent of $165,000, its adjusted basis to the partnership. Four years later, the partnership is dissolved. D receives one of the three parcels of land which has a basis to the partnership of $5,000, and one-third of the depreciable property with an adjusted basis to the partnership at that time of $45,000, one-third of $135,000 ($150,000 basis, minus $15,000 depreciation computed on the partnership basis. See subparagraph (1) (iv) of this paragraph.) If D's adjusted basis for his interest at the time of the distribution was $100,000 and was allocated under section 732 (c) to the property received by him in proportion to their respective bases to the partnership, the basis to him for the distributed land would be $10,000 (5,000/50,000 × $100,000) and the basis of the depreciable property would be $90,000 (45,000/50,000 × $100,000). In effect, D would be attributing to the basis of the depreciable property a portion of the cost of his partnership interest properly attributable to appreciation in nondepreciable property.

The application of section 743 (b) to the transfer of the interest would have resulted in a different basis to D for the property actually distributed. Therefore, the special basis adjustment under section 732 (d) must be made so that D must increase the basis of the land by a special basis adjustment of $50,000 ($55,000 fair market value less $5,000 partnership basis), making the basis of his interest therein $55,000 (55,000/100,000 × $100,000). D's basis for the depreciable property will then be $45,000 (45,000/100,000 × $100,000).

*Example (2).* Assume the same facts as in example (1) of this subparagraph, except that the partnership does not dissolve but distributes one parcel of land to each of the partners in a current distribution. Since the conditions of this subparagraph have been met, D's basis for the distributed land is the adjusted basis such land would have if the adjustment provided in section 743 (b) were in effect with respect to the partnership property. Therefore, D's basis for the land is $55,000 ($5,000 basis of the land to the partnership, plus $50,000 special basis adjustment under section 732 (d)). D's basis for his partnership interest is reduced by $55,000, his basis for the property distributed.

(e) *Exception.* When a partnership distributes unrealized receivables (as defined in section 751 (c)) or substantially appreciated inventory items (as defined in section 751 (d)) in exchange for any part of a partner's interest in other partnership property (including money), or, conversely, partnership property (including money) other than unrealized receivables or substantially appreciated inventory items in exchange for any part of a partner's interest in the partnership's unrealized receivables or substantially appreciated inventory items, the distribution will be treated as a sale or exchange of property under the provisions of section 751 (b). In such case, section 732 (including subsection (d) thereof) applies in determining the partner's basis of the property which he is treated as having sold to or exchanged with the partnership (as constituted after the distribution). The partner is considered as having received such property in a current distribution and, immediately thereafter, as having sold or exchanged it. See section 751 (b) and § 1.751–1 (b). However, section 732 does not apply in determining the basis of that part of property actually distributed to a partner which is treated as received by him in a sale or exchange under section 751 (b). Consequently, the basis of such property shall be its cost to the partner.

§ 1.732–2 Special partnership basis of distributed property—(a) Adjustments under section 734 (b). In the case of a distribution of property to a partner, the partnership bases of the distributed properties shall reflect any increases or decreases to the basis of partnership property which have been made previously under section 734 (b) (relating to the optional adjustment to basis of undistributed partnership property) in connection with previous distributions.

(b) Adjustments under section 743 (b). In the case of a distribution of property to a partner who acquired any part of his interest in a transfer as to which an election under section 754 was in effect, then, for the purposes of section 732 (other than subsection (d)),

the adjusted partnership bases of the distributed property shall take into account, in addition to any adjustments under section 734 (b), the transferee's special basis adjustment for the distributed property under section 743 (b). The application of this paragraph may be illustrated by the following example:

*Example.* Partner D acquired his interest in partnership ABD from a previous partner. Since the partnership had made an election under section 754, a special basis adjustment with respect to D is applicable to the basis of partnership property in accordance with section 743 (b). One of the assets of the partnership at the time D acquired his interest was property X, which is later distributed to D in a current distribution. Property X has an adjusted basis to the partnership of $1,000 and with respect to D it has a special basis adjustment of $500. Therefore, for purposes of section 732 (a) (1), the adjusted basis of such property to the partnership with respect to D immediately before its distribution is $1,500. However, if property X is distributed to partner A, a nontransferee partner, its adjusted basis to the partnership for purposes of section 732 (a) (1) is only $1,000. In such case, D's $500 special basis adjustment may shift over to other property. See § 1.743–1 (b) (2) (ii).

(c) *Adjustments to basis of distributed inventory and unrealized receivables.* Under section 732, the basis to be allocated to distributed properties shall be allocated first to any unrealized receivables and inventory items. If the distributee partner is a transferee of a partnership interest and has a special basis adjustment for unrealized receivables or inventory items under either section 743 (b) or section 732 (d), then the partnership adjusted basis immediately prior to distribution of any unrealized receivables or inventory items distributed to such partner shall be determined as follows: If the distributee partner receives his entire share of the fair market value of the inventory items or unrealized receivables of the partnership, the adjusted basis of such distributed property to the partnership, for the purposes of section 732, shall take into account the entire amount of any special basis adjustment which the distributee partner may have for such assets. If the distributee partner receives less than his entire share of the fair market value of partnership inventory items or unrealized receivables, then, for purposes of section 732, the adjusted basis of such distributed property to the partnership shall take into account the same proportion of the distributee's special basis adjustment for unrealized receivables or inventory items as the value of such items distributed to him bears to his entire share of the total value of all such items of the partnership. The provisions of this paragraph may be illustrated by the following example:

*Example.* Partner C acquired his 40-percent interest in partnership AC from a previous partner. Since the partnership had made an election under section 754, C has a special basis adjustment to partnership property under section 743 (b). C retires from the partnership when the adjusted basis of his partnership interest is $3,000. He receives from the partnership in liquida-

tion of his entire interest, $1,000 cash, certain capital assets, depreciable property, and certain inventory items and unrealized receivables. C has a special basis adjustment of $800 with respect to partnership inventory items and of $200 with respect to unrealized receivables. The common partnership basis for the inventory items distributed to him is $500 and for the unrealized receivables is zero. If the value of inventory items and the unrealized receivables distributed to C in his 40 percent share of the total value of all partnership inventory items and unrealized receivables, then, for purposes of section 732, the adjusted basis of such property in C's hands will be $1,300 for the inventory items ($500 plus $800) and $200 for the unrealized receivables (zero plus $200). The remaining basis of $500, which constitutes the basis of the capital assets and depreciable property distributed to C, is determined as follows: $3,000 (total basis) less $1,000 cash, or $2,000 (the amount to be allocated to the basis of all distributed property), less $1,500 ($800 and $200 special basis adjustments, plus $500 common partnership basis, the amount allocated to inventory items and unrealized receivables). However, if the value of the inventory items and unrealized receivables distributed to C consisted of only 20 percent of the total fair market value of such property (i. e., only one-half of C's 40-percent share), then only one-half of C's special basis adjustment of $800 for partnership inventory items and $200 for unrealized receivables would be taken into account. In that case, the basis of the inventory items in C's hands would be $650 ($250, the common partnership basis for inventory items distributed to him, plus $400, one-half of C's special basis adjustment for inventory items). The basis of the unrealized receivables in C's hands would be $100 (zero plus $100, one-half of C's special basis adjustment for unrealized receivables).

§ 1.733  *Statutory provisions; basis of distributee partner's interest.*

SEC. 733. *Basis of distributee partner's interest.* In the case of a distribution by a partnership to a partner other than in liquidation of a partner's interest, the adjusted basis to such partner of his interest in the partnership shall be reduced (but not below zero) by—

(1) The amount of any money distributed to such partner, and

(2) The amount of the basis to such partner of distributed property other than money, as determined under section 732.

§ 1.733–1  *Basis of distributee partner's interest.* In the case of a distribution by a partnership to a partner other than in liquidation of a partner's entire interest, the adjusted basis to such partner of his interest in the partnership shall be reduced (but not below zero) by the amount of any money distributed to such partner and by the amount of the basis to him of distributed property other than money as determined under section 732 and §§ 1.732–1 and 1.732–2.

§ 1.734  *Statutory provisions; optional adjustment to basis of undistributed partnership property.*

SEC. 734. *Optional adjustment to basis of undistributed partnership property*—(a) *General rule.* The basis of partnership property shall not be adjusted as the result of a distribution of property to a partner unless the election, provided in section 754 (relating to optional adjustment to basis of partnership property), is in effect with respect to such partnership.

(b) *Method of adjustment.* In the case of a distribution of property to a partner, a partnership, with respect to which the election provided in section 754 is in effect, shall—

(1) Increase the adjusted basis of partnership property by—

(A) The amount of any gain recognized to the distributee partner with respect to such distribution under section 731 (a) (1), and

(B) In the case of distributed property to which section 732 (a) (2) or (b) applies, the excess of the adjusted basis of the distributed property to the partnership immediately before the distribution (as adjusted by section 732 (d)) over the basis of the distributed property to the distributee, as determined under section 732, or

(2) Decrease the adjusted basis of partnership property by—

(A) The amount of any loss recognized to the distributee partner with respect to such distribution under section 731 (a) (2), and

(B) In the case of distributed property to which section 732 (b) applies, the excess of the basis of the distributed property to the distributee, as determined under section 732, over the adjusted basis of the distributed property to the partnership immediately before such distribution (as adjusted by section 732 (d)).

(c) *Allocation of basis.* The allocation of basis among partnership properties where subsection (b) is applicable shall be made in accordance with the rules provided in section 755.

§ 1.734–1  *Optional adjustment to basis of undistributed partnership property*—(a) *General rule.* A partnership shall not adjust the basis of partnership property as the result of a distribution of property to a partner, unless the election provided in section 754 (relating to optional adjustment to basis of partnership property) is in effect.

(b) *Method of adjustment*—(1) *Increase in basis.* Where an election under section 754 is in effect and a distribution of partnership property is made, whether or not in liquidation of the partner's entire interest in the partnership, the adjusted basis of the remaining partnership assets shall be increased by—

(i) The amount of any gain recognized under section 731 (a) (1) to the distributee partner, or

(ii) The excess of the adjusted basis to the partnership immediately before the distribution of any property distributed (including adjustments under section 743 (b) or section 732 (d) when applied) over the basis under section 732 (including such special basis adjustments) of such property to the distributee partner.

The provisions of this subparagraph may be illustrated by the following examples:

*Example (1).* Partner A has a basis of $10,000 for his one-third interest in partnership ABC. The partnership has no liabilities and has assets consisting of cash of $11,000 and property with a partnership basis of $19,000 and a value of $22,000. A receives $11,000 in cash in liquidation of his entire interest in the partnership. He has a gain of $1,000 under section 731 (a) (1). If the election under section 754 is in effect, the partnership basis for the property becomes $20,000 ($19,000 plus $1,000).

*Example (2).* Partner D has a basis of $10,000 for his one-third interest in partnership DEF. The partnership balance sheet before the distribution shows the following:

| Assets | Adjusted basis | Value |
|---|---|---|
| Cash | $4,000 | $4,000 |
| Property X | 11,000 | 11,000 |
| Property Y | 15,000 | 18,000 |
| Total | 30,000 | 33,000 |

| Liabilities and Capital | Adjusted basis | Value |
|---|---|---|
| Liabilities | $0 | $0 |
| Capital: | | |
| D | 10,000 | 11,000 |
| E | 10,000 | 11,000 |
| F | 10,000 | 11,000 |
| Total | 30,000 | 33,000 |

In liquidation of his entire interest in the partnership, D received property X with a partnership basis of $11,000. D's basis for property X is $10,000 under section 732 (b). Where the election under section 754 is in effect, the excess of $1,000 (the partnership basis before the distribution less D's basis for property X after distribution) is added to the basis of property Y. The basis of property Y becomes $16,000 ($15,000 plus $1,000). If the distribution is made to a transferee partner who elects under section 732 (d), see § 1.734–2.

(2) *Decrease in basis.* Where the election provided in section 754 is in effect and a distribution is made in liquidation of a partner's entire interest, the partnership shall decrease the adjusted basis of the remaining partnership property by—

(i) The amount of loss, if any, recognized under section 731 (a) (2) to the distributee partner, or

(ii) The excess of the basis of the distributed property to the distributee, as determined under section 732 (including adjustments under section 743 (b) or section 732 (d) when applied) over the adjusted basis of such property to the partnership (including such special basis adjustments) immediately before such distribution.

The provisions of this subparagraph may be illustrated by the following examples:

*Example (1).* Partner G has a basis of $11,000 for his one-third interest in partnership GHI. Partnership assets consist of cash of $10,000 and property with a basis of $23,000 and a value of $20,000. There are no partnership liabilities. In liquidation of his entire interest in the partnership, G receives $10,000 in cash. He has a loss of $1,000 under section 731 (a) (2). If the election under section 754 is in effect, the partnership basis for the property becomes $22,000 ($23,000 less $1,000).

*Example (2).* Partner J has a basis of $11,000 for his one-third interest in partnership JKL. The partnership shows the following:

| Assets | Adjusted basis | Value |
|---|---|---|
| Cash | $5,000 | $5,000 |
| Property X | 10,000 | 10,000 |
| Property Y | 18,000 | 15,000 |
| Total | 33,000 | 30,000 |

| Liabilities and Capital | Adjusted basis | Value |
|---|---|---|
| Liabilities | $0 | $0 |
| Capital: | | |
| J | 11,000 | 10,000 |
| K | 11,000 | 10,000 |
| L | 11,000 | 10,000 |
| Total | 33,000 | 30,000 |

In liquidation of his entire interest in the partnership, J receives property X with a partnership basis of $10,000. J's basis for property X under section 732 (b) is $11,000. Where the election under section 754 is in effect, the excess of $1,000 ($11,000 basis of property X to J, the distributee, less its $10,000 adjusted basis to the partnership immediately before the distribution) decreases the basis of property Y in the partnership. Thus, the basis of property Y becomes $17,000 ($18,000 less $1,000). If the distribution is made to a transferee partner who elects under section 732 (d), see § 1.734–2.

(c) *Allocation of basis.* For allocation among the partnership properties of basis adjustments under section 734 (b) and paragraph (b) of this section, see section 755 and § 1.755–1.

(d) *Returns.* A partnership which must adjust the bases of partnership properties under section 734 shall attach a statement to the partnership return for the year of the distribution setting forth the computation of the adjustment and the partnership properties to which the adjustment has been allocated.

§ 1.734–2 *Adjustment after distribution to transferee partner.* (a) In the case of a distribution of property by the partnership to a partner who has obtained all or part of his partnership interest by transfer, the adjustments to basis provided in section 743 (b) and section 732 (d) shall be taken into account in applying the rules under section 734 (b). For determining the adjusted basis of distributed property to the partnership immediately before the distribution where there has been a prior transfer of a partnership interest with respect to which the election provided in section 754 or section 732 (d) is in effect, see §§ 1.732–1 and 1.732–2.

(b) (1) If a transferee partner, in liquidation of his entire partnership interest, receives a distribution of property (including money) with respect to which he has no special basis adjustment, in exchange for his interest in property with respect to which he has a special basis adjustment, and does not utilize his entire special basis adjustment in determining the basis of the distributed property to him under section 732, the unused special basis adjustment of the distributee shall be applied as an adjustment to the partnership basis of the property retained by the partnership and as to which the distributee did not use his special basis adjustment. The provisions of this subparagraph may be illustrated by the following example:

*Example.* Upon the death of his father, partner S acquires by inheritance a half-interest in partnership ACS. Partners A and C each have a one-quarter interest. The assets of the partnership consist of $10,000 cash and land used in farming worth $10,000 with a basis of $1,000 to the partnership. Since the partnership had made the election under section 754 at the time of transfer, partner S had a special basis adjustment of $4,500 under section 743 (b) with respect to his undivided half-interest in the real estate. The basis of S's partnership interest, in accordance with section 742, is $10,000. S retires from the partnership and receives $10,000 in cash in exchange for his entire interest. Since S has received no part of the real estate, his special basis adjustment of $4,500 will be allocated to the real estate, the remaining partnership property, and will increase its basis to the partnership to $5,500.

(2) The provisions of this paragraph do not apply to the extent that certain distributions are treated as sales or exchanges under section 751 (b) (relating to unrealized receivables and substantially appreciated inventory items). See section 751 (b) and § 1.751–1 (b).

§ 1.735 *Statutory provisions; character of gain or loss on disposition of distributed property.*

SEC. 735. *Character of gain or loss on disposition of distributed property*—(1) *Unrealized receivables.* Gain or loss on the disposition by a distributee partner of unrealized receivables (as defined in section 751 (c)) distributed by a partnership, shall be considered gain or loss from the sale or exchange of property other than a capital asset.

(2) *Inventory items.* Gain or loss on the sale or exchange by a distributee partner of inventory items (as defined in section 751 (d) (2)) distributed by a partnership shall, if sold or exchanged within 5 years from the date of the distribution, be considered gain or loss from the sale or exchange of property other than a capital asset.

(b) *Holding period for distributed property.* In determining the period for which a partner has held property received in a distribution from a partnership (other than for purposes of subsection (a) (2)), there shall be included the holding period of the partnership, as determined under section 1223, with respect to such property.

§ 1.735–1 *Character of gain or loss on disposition of distributed property—(a) Sale or exchange of distributed property*—(1) *Unrealized receivables.* Any gain realized or loss sustained by a partner on a sale or exchange or other disposition of unrealized receivables (as defined in section 751 (c)) received by him in a distribution from a partnership shall be considered gain or loss from the sale or exchange of property other than a capital asset.

(2) *Inventory items.* Any gain realized or loss sustained by a partner on a sale or exchange of inventory items (as defined in section 751 (d) (2)) received in a distribution from a partnership shall be considered gain or loss from the sale or exchange of property other than a capital asset if such inventory items are sold or exchanged within 5 years from the date of the distribution by the partnership. The character of any gain or loss from a sale or exchange by the distributee partner of such inventory items after 5 years from the date

of distribution shall be determined as of the date of such sale or exchange by reference to the character of the assets in his hands at that date (inventory items, capital assets, property used in a trade or business, etc.).

(b) *Holding period for distributed property.* A partner's holding period for property distributed to him by a partnership shall include the period such property was held by the partnership. The provisions of this paragraph do not apply for the purpose of determining the 5-year period described in section 735 (a) (2) and paragraph (a) (2) of this section. If the property has been contributed to the partnership by a partner, then the period that the property was held by such partner shall also be included. See section 1223 (2). For a partnership's holding period for contributed property, see § 1.723-1.

(c) *Effective date.* Section 735 (a) applies to any property distributed by a partnership to a partner after March 9, 1954. See section 771 (b) (2) and § 1.771-1 (b) (2). However, see section 771 (c).

§ 1.736 *Statutory provisions; payments to a retiring partner or a deceased partner's successor in interest.*

Sec. 736. *Payments to a retiring partner or a deceased partner's successor in interest*—(a) *Payments considered as distributive share or guaranteed payment.* Payments made in liquidation of the interest of a retiring partner or a deceased partner shall, except as provided in subsection (b), be considered—

(1) As a distributive share to the recipient of partnership income if the amount thereof is determined with regard to the income of the partnership, or

(2) As a guaranteed payment described in section 707 (c) if the amount thereof is determined without regard to the income of the partnership.

(b) *Payments for interest in partnership*—(1) *General rule.* Payments made in liquidation of the interest of a retiring partner or a deceased partner shall, to the extent such payments (other than payments described in paragraph (2)) are determined, under regulations prescribed by the Secretary or his delegate, to be made in exchange for the interest of such partner in partnership property, be considered as a distribution by the partnership and not as a distributive share or guaranteed payment under subsection (a).

(2) *Special rules.* For purposes of this subsection, payments in exchange for an interest in partnership property shall not include amounts paid for—

(A) Unrealized receivables of the partnership (as defined in section 751 (c)), or

(B) Good will of the partnership, except to the extent that the partnership agreement provides for a payment with respect to good will.

§ 1.736-1 *Payments to a retiring partner or a deceased partner's successor in interest*—(a) *Payments considered as distributive share or guaranteed payment.* (1) (i) Section 736 and this section apply only to payments made to a retiring partner or to a deceased partner's successor in interest in liquidation of such partner's entire interest in the partnership. See section 761 (d). Section 736 and this section do not apply if the estate or other successor in interest of a deceased partner continues as a partner in its own right under local law.

Section 736 and this section apply only to payments made by the partnership and not to transactions between the partners. Thus, a sale by partner A to partner B of his entire one-fourth interest in partnership ABCD would not come within the scope of section 736.

(ii) A partner retires when he ceases to be a partner under local law. However, for the purposes of subchapter K, a retired partner or a deceased partner's successor will be treated as a partner until his interest in the partnership has been completely liquidated.

(2) When payments (including assumption of liabilities treated as a distribution of money under section 752) are made to a withdrawing partner, that is, a retiring partner or the estate or other successor in interest of a deceased partner, the amounts paid may represent several items. In part, they may represent the fair market value at the time of his death or retirement of the withdrawing partner's interest in all the assets of the partnership (including inventory) unreduced by partnership liabilities. Also, part of such payments may be attributable to his interest in unrealized receivables and part to an arrangement among the partners in the nature of mutual insurance. When a partnership m a k e s such payments, whether or not related to partnership income, to retire the withdrawing partner's entire interest in the partnership, the payments must be allocated between (i) payments for the value of his interest in assets, except unrealized receivables and, under some circumstances, good will (section 736 (b)), and (ii) other payments (section 736 (a)). The amounts paid for his interest in assets are treated in the same manner as a distribution in complete liquidation under sections 731, 732, and, where applicable, 751. See § 1.751-1 (b) (4) (ii). The remaining partners are allowed no deduction for these payments since they represent either a distribution or a purchase of the withdrawing partner's capital interest by the partnership (composed of the remaining partners).

(3) Under section 73 (a), the portion of the payments made to a withdrawing partner for his share of unrealized receivables, good will (in the absence of an agreement to the contrary), or otherwise not in exchange for his interest in assets under the rules contained in paragraph (b) of this section will be considered either—

(i) A distributive share of partnership income, if the amount of payment is determined with regard to income of the partnership; or

(ii) A guaranteed payment under section 707 (c), if the amount of the payment is determined without regard to income of the partnership.

(4) Payments, to the extent considered as a distributive share of partnership income under section 736 (a) (1), are taken into account under section 702 in the income of the withdrawing partner and thus reduce the amount of the distributive shares of the remaining partners. Payments, to the extent considered as guaranteed payments under section 736 (a) (2), are deductible by the partnership under section 162 (a) and

are taxable as ordinary income to the recipient under section 61 (a). See section 707 (c).

(5) The amount of any payments under section 736 (a) shall be included in the income of the recipient for his taxable year with or within which ends the partnership taxable year for which the payment is a dist"ibutive share, or in which the partnership is entitled to deduct such amount as a guaranteed payment. On the other hand, payments under section 736 (b) shall be taken into account by the recipient for his taxable year in which such payments are made. See paragraph (b) (4) of this section.

(6) A retiring partner or a deceased partner's successor in interest receiving payments under section 736 is regarded as a partner until the entire interest of the retiring or deceased partner is liquidated. Therefore, if one of the members of a 2-man partnership retires under a plan whereby he is to receive payments under section 736, the partnership will not be considered terminated, nor will the partnership year close with respect to either partner, until the retiring partner's entire interest is liquidated, since the retiring partner continues to hold a partnership interest in the partnership until that time. Similarly, if a partner in a 2-man partnership dies, and his estate or other successor in interest receives payments under section 736, the partnership shall not be considered to have terminated upon the death of the partner but shall terminate as to both partners only when the entire interest of the decedent is liquidated. See section 708 (b).

(b) *Payments for interest in partnership.* (1) Payments made in liquidation of the entire interest of a retiring partner or deceased partner shall, to the extent made in exchange for such partner's interest in partnership property (except for unrealized receivables and good will as provided in subparagraphs (2) and (3) of this paragraph), be considered as a distribution by the partnership (and not as a distributive share or guaranteed payment under section 736 (a)). Generally, the valuation placed by the partners upon a partner's interest in partnership property in an arm's length agreement will be regarded as correct. If such valuation reflects only the partner's net interest in the property (i. e., total assets less liabilities), it must be adjusted so that both the value of the partner's interest in property and the basis for his interest take into account the partner's share of partnership liabilities. Gain or loss with respect to distributions under section 736 (b) and this paragraph will be recognized to the distributee to the extent provided in section 731 and, where applicable, section 751.

(2) Payments made to a retiring partner or to the successor in interest of a deceased partner for his interest in unrealized receivables of the partnership in excess of their partnership basis, including any special basis adjustment for them to which such partner is entitled, shall not be considered as made in exchange for such partner's interest in partnership property. Such payments shall be treated as payments under section 736 (a) and paragraph (a) of this

section. For definition of unrealized receivables, see section 751 (c).

(3) For the purposes of section 736 (b) and this paragraph, payments made to a retiring partner or to a successor in interest of a deceased partner in exchange for the interest of such partner in partnership property shall not include any amount paid for the partner's share of good will of the partnership in excess of its partnership basis, including any special basis adjustments for it to which such partner is entitled, except to the extent that the partnership agreement provides for a reasonable payment with respect to such good will. Such payments shall be considered as payments under section 736 (a). To the extent that the partnership agreement provides for a reasonable payment with respect to good will, such payments shall be treated under section 736 (b) and this paragraph. Generally, the valuation placed upon good will by an arm's length agreement of the partners, whether specific in amount or determined by a formula, shall be regarded as correct.

(4) Payments made to a retiring partner or to a successor in interest of a deceased partner for his interest in inventory shall be considered as made in exchange for such partner's interest in partnership property for the purposes of section 736 (b) and this paragraph. However, payments for an interest in substantially appreciated inventory items, as defined in section 751 (d), are subject to the rules provided in section 751 (b) and § 1.751–1 (b). The partnership basis in inventory items as to a deceased partner's successor in interest does not change because of the death of the partner unless the partnership has elected the optional basis adjustment under section 754. But see § 1.751–1 (b) (3) (iii).

(5) Where payments made under section 736 are received during the taxable year, the recipient must segregate that portion of each such payment which is determined to be in exchange for the partner's interest in partnership property and treated as a distribution under section 736 (b) from that portion treated as a distributive share or guaranteed payment under section 736 (a). Such allocation shall be made as follows—

(i) If a fixed amount (whether or not supplemented by any additional amounts) is to be received over a fixed number of years, the portion of each payment to be treated as a distribution under section 736 (b) for the taxable year shall bear the same ratio to the total fixed agreed payment for such year (as distinguished from the amount actually received) as the total fixed agreed payments under section 736 (b) bear to the total fixed agreed payments under section 736 (a) and (b). The balance, if any, of such amount received in the same taxable year shall be treated as a distributive share or a guaranteed payment under section 736 (a) (1) or (2). However, if the total amount received in any one year is less than the amount considered as a distribution under section 736 (b) for that year, then any unapplied portion of the payments for that year shall be added to the portion of the payments for the following year or years which are to be treated as a distribution under section 736 (b). For ex-

ample, retiring partner W who is entitled to an annual payment of $6,000 for 10 years for his interest in partnership property, receives only $3,500 in 1955. In 1956, he receives $10,000. Of this amount, $8,500 ($6,000 plus $2,500 from 1955) is treated as a distribution under section 736 (b) for 1956; $1,500, as a payment under section 736 (a).

(ii) If the retiring partner or deceased partner's successor in interest receives payments which are not fixed in amount, such payments shall first be treated as payments in exchange for his interest in partnership property under section 736 (b) to the extent of the value of that interest and, thereafter, as payments under section 736 (a).

(iii) In lieu of the rules provided in subdivisions (i) and (ii) of this subparagraph, the allocation of each annual payment between section 736 (a) and (b) may be made in any manner to which all the remaining partners and the withdrawing partner or his successor in interest agree, provided that the total amount allocated to property under section 736 (b) does not exceed the fair market value of such property at the date of death or retirement.

(6) Except to the extent section 751 (b) applies, the amount of any gain or loss with respect to payments under section 736 (b) for a retiring or deceased partner's interest in property for each year of payment shall be determined under section 731. However, where the total of section 736 (b) payments is a fixed sum, a retiring partner or a deceased partner's successor in interest may elect (in his tax return for the first taxable year for which he receives such payments), to report and to measure the amount of any gain or loss by the difference between—

(i) The amount treated as a distribution under section 736 (b) in that year, and

(ii) The portion of the adjusted basis of the partner for his partnership interest attributable to such distribution (i. e., the amount which bears the same proportion to the partner's total adjusted basis for his partnership interest as the amount distributed under section 736 (b) in that year bears to the total amount to be distributed under section 736 (b)).

A recipient who elects under this subparagraph shall attach a statement to his tax return for the first taxable year for which he receives such payments, indicating his election and showing the computation of the gain included in gross income.

(7) The provisions of this paragraph may be illustrated by the following examples:

*Example (1)* Partnership ABC is a personal service partnership and its balance sheet is as follows:

ASSETS

| | Adjusted basis per books | Market value |
|---|---|---|
| Cash | $13,000 | $13,000 |
| Unrealized receivables | 0 | 30,000 |
| Capital and section 1231 assets | 20,000 | 23,000 |
| Total | 33,000 | 66,000 |

LIABILITIES AND CAPITAL

| | Per books | Value |
|---|---|---|
| Liabilities | $3,000 | $3,000 |
| Capital: | | |
| A | 10,000 | 21,000 |
| B | 10,000 | 21,000 |
| C | 10,000 | 21,000 |
| Total | 33,000 | 66,000 |

Partner A retires from the partnership in accordance with an agreement whereby his share of liabilities ($1,000) is assumed. In addition he is to receive $9,000 in the year of retirement plus $10,000 in each of the two succeeding years. Thus, the total that A receives for his partnership interest is $30,000 ($29,000 in cash and $1,000 in liabilities assumed). Under the agreement terminating A's interest, the value of A's interest in section 736 (b) partnership property is $12,000 (one-third of $36,000, the sum of $13,000 cash and $23,000, the fair market value of capital and section 1231 assets). A's share in unrealized receivables is not included in his interest in partnership property described in section 736 (b). Since the basis of A's interest is $11,000 ($10,000 plus $1,000, his share of partnership liabilities), he will realize a capital gain of $1,000 ($12,000 minus $11,000) from the disposition of his interest in partnership property. The remaining $18,000 ($30,000 minus $12,000) will constitute payments under section 736 (a) (2) which are taxable to A as guaranteed payments under section 707 (c). The payment for the first year is $10,000, consisting of $9,000 in cash, plus $1,000 in liability assumed (section 752 (b)). Thus, unless the partners agree otherwise under subparagraph (5) (iii) of this paragraph, each annual payment of $10,000 will be allocated as follows: $6,000 (18,000/30,000 of $10,000) is a section 736 (a) (2) payment and $4,000 (12,000/30,000 of $10,000) is a payment for an interest in section 736 (b) partnership property. (The partnership may deduct the $6,000 guaranteed payment made to A in each of the 3 years.) The gain on the payments for partnership property will be determined under section 731, as provided in subparagraph (6) of this paragraph. A will treat only $4,000 of each payment as a distribution in a series in liquidation of his entire interest and, under section 731, will have a capital gain of $1,000 when the last payment is made. However, if A so elects, as provided in subparagraph (6) of this paragraph, he may treat such gain as follows: Of each $4,000 payment attributable to A's interest in partnership property, $333 is capital gain (one-third of the total capital gain of $1,000), and $3,667 is a return of capital.

*Example (2).* Assume the same facts as in example (1) of this subparagraph except that the agreement between the partners provides for payments to A for 3 years of a percentage of annual income instead of a fixed amount. Unless the partners agree otherwise under subparagraph (5) (iii) of this paragraph, all payments received by A up to $12,000 shall be treated under section 736 (b) as payments for A's interest in partnership property. His gain of $1,000 shall be taxed only after he has received his full basis under section 731. Since the payments are not fixed in amount, the election provided in subparagraph (6) of this paragraph is not available. Any payments in excess of $12,000 shall be treated as a distributive share of partnership income to A under section 736 (a) (1).

*Example (3).* Assume the same facts as in example (1) of this subparagraph except that the partnership agreement provides that the payment for A's interest in partnership property shall include payment for his interest in the good will of the partnership. At the time of A's retirement, the partners determine the value of partnership good will to be $9,000. The value of A's interest in partnership property described in section 736 (b)

is thus $15,000 (one-third of $45,000, the sum of $13,000 cash, plus $23,000, the value of capital and section 1231 assets, plus $9,000 good will). From the disposition of his interest in partnership property, A will realize a capital gain of $4,000 ($15,000, minus $11,-000) the basis of his interest. The remaining $15,000 ($30,000 minus $15,000) will constitute payments under section 736 (a) (2) which are taxable to A as guaranteed payments under section 707 (c).

(c) *Cross reference.* See section 753 for treatment of payments under section 736 (a) as income in respect of a decedent under section 691.

*Transfers of Interests in a Partnership*

§ 1.741 *Statutory provisions; recognition and character of gain or loss on sale or exchange.*

SEC. 741. *Recognition and character of gain or loss on sale or exchange.* In the case of a sale or exchange of an interest in a partnership, gain or loss shall be recognized to the transferor partner. Such gain or loss shall be considered as gain or loss from the sale or exchange of a capital asset, except as otherwise provided in section 751 (relating to unrealized receivables and inventory items which have appreciated substantially in value).

§ 1.741–1 *Recognition and character of gain or loss on sale or exchange.* (a) The sale or exchange of an interest in a partnership shall, except to the extent section 751 (a) applies, be treated as the sale or exchange of a capital asset, resulting in capital gain or loss measured by the difference between the amount realized and the adjusted basis of the partnership interest, as determined under section 705. For treatment of selling partner's distributive share up to date of sale, see section 706 (c) (2). Where the provisions of section 751 require the recognition of ordinary income or loss with respect to a portion of the amount realized from such sale or exchange, the amount realized shall be reduced by the amount attributable under section 751 to unrealized receivables and substantially appreciated inventory items, and the adjusted basis of the transferor partner's interest in the partnership shall be reduced by the portion of such basis attributable to such unrealized receivables and substantially appreciated inventory items. See section 751 and § 1.751–1.

(b) Section 741 shall apply whether the partnership interest is sold to one or more members of the partnership or to one or more persons who are not members of the partnership. Section 741 shall also apply even though the sale of the partnership interest results in a termination of the partnership under section 708 (b). Thus, the provisions of section 741 shall be applicable (1) to the transferor partner when he sells his interest to the other partner, and (2) to all the members of a partnership when they sell their interests to one or more persons outside the partnership.

(c) See section 351 for nonrecognition of gain or loss upon transfer of a partnership interest to a corporation controlled by the transferor.

§ 1.742 *Statutory provisions; basis of transferee partner's interest.*

SEC. 742. *Basis of transferee partner's interest.* The basis of an interest in a partnership acquired other than by contribution shall be determined under part II of subchapter O (sec. 1011 and following).

§ 1.742–1 *Basis of transferee partner's interest.* The basis to a transferee partner of an interest in a partnership shall be determined under the general basis rules for property provided by part II of subchapter O (sections 1011 to 1022, inclusive). Thus, the basis of a purchased interest will be its cost. The basis of a partnership interest acquired from a decedent is the fair market value of the interest at the date of his death or at the alternate valuation date, increased by his estate's or other successor's share of partnership liabilities, if any, on that date, and reduced to the extent that such value is attributable to items constituting income in respect of a decedent (see section 753 and §§ 1.706–1 (c) (3) (v) and 1.753–1 (b)) under section 691. See section 1014 (c). For basis of contributing partner's interest, see section 722. The basis so determined is then subject to the adjustments provided in section 705.

§ 1.743 *Statutory provisions; optional adjustment to basis of partnership property.*

SEC. 743. *Optional adjustment to basis of partnership property*—(a) *General rule.* The basis of partnership property shall not be adjusted as the result of a transfer of an interest in a partnership by sale or exchange or on the death of a partner unless the election provided by section 754 (relating to optional adjustment to basis of partnership property) is in effect with respect to such partnership.

(b) *Adjustment to basis of partnership property.* In the case of a transfer of an interest in a partnership by sale or exchange or upon the death of a partner, a partnership with respect to which the election provided in section 754 is in effect shall—

(1) Increase the adjusted basis of the partnership property by the excess of the basis to the transferee partner of his interest in the partnership over his proportionate share of the adjusted basis of the partnership property, or

(2) Decrease the adjusted basis of the partnership property by the excess of the transferee partner's proportionate share of the adjusted basis of the partnership property over the basis of his interest in the partnership.

Under regulations prescribed by the Secretary or his delegate, such increase or decrease shall constitute an adjustment to the basis of partnership property with respect to the transferee partner only. A partner's proportionate share of the adjusted basis of partnership property shall be determined in accordance with his interest in partnership capital and, in the case of an agreement described in section 704 (c) (2) (relating to effect of partnership agreement on contributed property), such share shall be determined by taking such agreement into account. In the case of an adjustment under this subsection to the basis of partnership property subject to depletion, any depletion allowable shall be determined separately for the transferee partner with respect to his interest in such property.

(c) *Allocation of basis.* The allocation of basis among partnership properties where subsection (b) is applicable shall be made in accordance with the rules provided in section 755.

§ 1.743–1 *Optional adjustment to basis of partnership property*—(a) *General rule.* The basis of partnership property shall not be adjusted as the result of a transfer of an interest in a partnership, either by sale or exchange or as a result of the death of a partner, unless the election provided by section 754 (relating to optional adjustment to basis of partnership property) is in effect with respect to the partnership. However, whether or not the election provided in section 754 is in effect, the basis of partnership property shall not be adjusted as the result of a contribution of property, including money, to the partnership.

(b) *Adjustment to basis of partnership property*—(1) *Determination of adjustment.* In the case of a transfer of an interest in a partnership, either by sale or exchange or as a result of the death of a partner, a partnership as to which the election under section 754 is in effect shall—

(i) Increase the adjusted basis of partnership property by the excess of the transferee's basis for his partnership interest over his share of the adjusted basis to the partnership of all partnership property, or

(ii) Decrease the adjusted basis of partnership property by the excess of the transferee partner's share of the adjusted basis of all partnership property over his basis for his partnership interest.

The amount of the increase or decrease constitutes an adjustment affecting the basis of partnership property with respect to the transferee partner only. Thus, for purposes of depreciation, depletion, gain or loss, and distributions, the transferee partner will have a special basis for those partnership properties which are adjusted under section 743 (b) and this paragraph. This special basis in his share of the common partnership basis (i. e., the adjusted basis of such properties to the partnership without regard to any special basis adjustments of any transferee) plus or minus his special basis adjustments. A partner's share of the adjusted basis of partnership property is equal to the sum of his interest as a partner in partnership capital and surplus, plus his share of partnership liabilities. Where an agreement with respect to contributed property is in effect under section 704 (c) (2), such agreement shall be taken into account in determining a partner's share of the adjusted basis of partnership property. Generally, if a partner's interest in partnership capital and profits is ⅓, his share of the adjusted basis of partnership property will be ⅓ of such basis. The provisions of this paragraph may be illustrated by the following examples:

*Example (1).* A is a member of partnership ABC in which the partners have equal interests in capital and profits. The partnership has made the election under section 754, relating to the optional adjustment to the basis of partnership property. A sells his interest to P for $22,000. The balance sheet of the partnership at the date of sale shows the following:

Assets

| | Adjusted basis per books | Market value |
|---|---|---|
| Cash | $5,000 | $5,000 |
| Accounts receivable | 10,000 | 10,000 |
| Inventory | 20,000 | 21,000 |
| Depreciable assets | 20,000 | 40,000 |
| Total | 55,000 | 76,000 |

LIABILITIES AND CAPITAL

| | Adjusted basis per books | Value |
|---|---|---|
| Liabilities | $10,000 | $10,000 |
| Capital: | | |
| A | 15,000 | 22,000 |
| B | 15,000 | 22,000 |
| C | 15,000 | 22,000 |
| Total | 55,000 | 76,000 |

The amount of the adjustment under section 743 (b) is the difference between the basis of the transferee's interest in the partnership and his share of the adjusted basis of partnership property. Under section 742, the basis of P's interest is $25,333 (the cash paid for A's interest, $22,000, plus $3,333, P's share of partnership liabilities). P's share of the adjusted basis of partnership property is $18,333, i. e., $15,000 plus $3,333. The amount to be added to the basis of partnership property is, therefore, $7,000, the difference between $25,333 and $18,333. This amount will be allocated to partnership properties in accordance with the rules set forth in section 755 and § 1.755–1.

*Example (2).* D is a member of partnership DEF in which the partners have equal interests in profits, but not in capital. The partnership has made the election under section 754. D dies and his interest passes to W, his widow. The balance sheet of the partnership at the date of D's death shows the following:

ASSETS

| | Adjusted basis per books | Market value |
|---|---|---|
| Cash | $7,000 | $7,000 |
| Accounts receivable | 10,000 | 10,000 |
| Inventory | 20,000 | 24,000 |
| Depreciable assets | 20,000 | 40,000 |
| Total | 57,000 | 81,000 |

LIABILITIES AND CAPITAL

| | Adjusted basis per books | Value |
|---|---|---|
| Liabilities | $10,000 | $10,000 |
| Capital: | | |
| D | 18,000 | 26,000 |
| E | 15,000 | 23,000 |
| F | 14,000 | 22,000 |
| Total | 57,000 | 81,000 |

The amount of the adjustment under section 743 (b) is the difference between the basis of the transferee's interest in the partnership and her share of the adjusted basis of partnership property. Under section 742, the basis of W's interest is $29,333 (the fair market value of D's interest at his death, $26,000, plus $3,333, his share of partnership liabilities). W's share of the adjusted basis of partnership property is $21,333 (i. e., $18,000 plus $3,333, per share of partnership liabilities). The amount to be added to the basis of partnership property is, therefore, $8,000, the difference between $29,333 and $21,333.

This amount will be allocated to partnership properties in accordance with the rules set forth in section 755 and § 1.755–1.

Note that in examples (1) and (2) of this subparagraph the amount of the adjustment does not depend upon the adjusted basis to the transferor for his interest in partnership capital.

(2) *Determination of partner's share of adjusted basis of partnership property.* (i) Under the provisions of section 743 (b), a partner's share of the adjusted basis of partnership property shall be determined by taking into account the effect of any partnership agreement with respect to contributed property as described in section 704 (c) (2), or the effect of the contribution of undivided interests under section 704 (c) (3). This rule may be illustrated by the following examples:

*Example (1).* A, B, and C form partnership ABC, to which A contributes land worth $1,000 (property X) with an adjusted basis to him of $400, and B and C each contributes $1,000 cash. Each partner has $1,000 credited to him on the books of the partnership as his capital contribution. The partners share in profits equally. During the partnership's first taxable year, property X appreciates in value to $1,300. A sells his one-third interest in the partnership to D for $1,100, when the election under section 754 is in effect. No agreement under section 704 (c) (2) is in effect. The adjusted basis of the partnership property is increased with respect to D by the excess of his basis for his partnership interest, $1,100, over his share of the adjusted basis of partnership property, $800 (⅓ of $2,400, the total adjusted basis of partnership property). The amount of the adjustment, therefore, is $300 ($1,100 minus $800), which is an increase in the basis of partnership property with respect to D only. This special basis adjustment will be allocated to property X. (See section 755 and § 1.755–1.) If property X is sold for $1,600, the gain to the partnership is $1,200 ($1,600 received, less the adjusted common partnership basis of $400 for property X). Thus, each partner's distributive share of the gain on the sale is $400. However, D's recognized gain is only $100 (his $400 distributive share of the gain, reduced by $300, his special basis adjustment with respect to property X). If D purchased his interest from B or C, the partners who contributed cash, D's adjustment under section 743 (b) would also be $300, computed in exactly the same manner as in the case of a purchase from A.

*Example (2).* Assume that partnership ABC described in example (1) of this subdivision has an agreement under section 704 (c) (2) with respect to property X, stating that upon the sale of that property any gain, to the extent attributable to the precontribution appreciation of $600 (the difference between its value, $1,000, and its basis, $400, at the time of the contribution) is to be allocated entirely to A, who contributed property X. Upon the purchase of A's interest by D for $1,100, the computation of D's special basis would differ from that indicated in example (1) of this subdivision as follows: Under the partnership agreement, A's share of the $2,400 adjusted basis of partnership property is only $400 (his basis for property X prior to its contribution to the partnership), and B's and C's share is $1,000 each (the amount of the cash investment of each). The amount of the increase to D in the adjusted basis of partnership property under section 743 (b) (1) is $700 (the excess of $1,100, D's cost basis for his interest, over $400, A's share of the adjusted basis of partnership property to which D succeeds). This amount constitutes an adjustment to the

basis of partnership property with respect to D only. If X is sold by the partnership for $1,600, the gain is $1,200 ($1,600 received less the adjusted common partnership basis of $400). Under the partnership agreement, $600 of this gain, which is attributable to precontribution appreciation in value, is allocable to D, who is A's successor. The remaining $600 gain is not subject to the agreement and is allocable to the partners equally, $200 each. D's distributive share of the partnership gain is thus $600 plus $200, or $800. However, D has a special basis adjustment of $700 under section 743 (b) (1), which reduces his gain from $800 to $100. B and C each has a gain of $200, which is unaffected by the transfer of A's interest to D.

*Example (3).* Assume the same facts as in example (2) of this subdivision, except that D has purchased his interest from B instead of from A. His special basis adjustment for partnership property in this case differs from that where he had purchased his interest from A, because of the effect of the agreement under section 704 (c) (2). In this case, D is a successor to B, whose share of the adjusted basis of partnership property is $1,000, instead of A, whose share is only $400. As a result, the adjustment under section 743 (b) (1) is the excess of D's cost basis for his interest, $1,100, over his share of the adjusted basis of partnership property, $1,000, or $100. In this case, if property X is sold for $1,600, the partnership gain is $1,200 ($1,600 less the adjusted partnership basis of $400). Of this gain, $600, representing precontribution appreciation, is allocable to A under the partnership agreement. The remaining $600 is allocable in the amount of $200 to each partner. Since D as a transferee has a special basis adjustment of $100 under section 743 (b) (1), his gain is reduced from $200 to $100.

(ii) If a partner receives a distribution of property with respect to which another partner has a special basis adjustment, the distributee shall not take into account the special basis adjustment of the other partner. However, the partner with the special basis adjustment will reallocate it under section 755 to remaining partnership property of a like kind or, if he receives a distribution of like property, to such distributed property. If a partner receives a distribution of property with respect to which he has a special basis adjustment, such basis adjustment will be taken into account when relevant under section 732. See § 1.732–2 (b). If, at the time a partner receives property (whether or not he has a special basis adjustment with respect to such property), he relinquishes his interest in other property of a like kind with respect to which he has a special basis adjustment, the adjusted basis to the partnership of the distributed property shall include his special basis adjustment for the property in which he relinquished his interest. For the purposes of the preceding sentence, a partner will be considered as having relinquished his interest in any remaining partnership properties when his interest has been completely liquidated; however, when a partner receives a distribution not in liquidation, he will be considered as relinquishing his interest only in property distributed to other partners. For the purposes of this subdivision, like property means property of the same class, that is, stock in trade, property used in the trade or business, capital

assets, etc. For certain adjustments to the basis of remaining partnership property after a distribution to a transferee partner, see § 1.734–2 (b). The provisions of this subdivision may be illustrated by the following examples:

*Example (1).* C is a transferee partner in partnership BC. The partnership owns, among other assets, X, a depreciable asset with a common basis to the partnership of $1,000 and a special basis adjustment to C of $200, and Y, another depreciable asset with a common basis of $600 and a special basis adjustment to C of $300. B and C agree that B will receive a distribution of property Y, and C will receive a distribution of property X, with all other property to remain in the partnership. With respect to B, the partnership basis of property Y is $600, the common partnership basis. Y will, therefore, have a basis of $600 in B's hands under section 732 (a) which provides for the use of a carryover basis in the case of current distributions. With respect to C, however, the partnership basis of property X is $1,200, the common partnership basis of $1,000, plus C's special basis adjustment of $200 for property X, plus C's additional special basis adjustment of $300 for property Y, in which he has relinquished his interest.

*Example (2).* (i) Partner D acquired his one-third interest in partnership BCD for $14,000 from a previous partner when an election under section 754 was in effect. Therefore, under section 743 (b), D has a special basis adjustment for certain partnership property. Assume that at the time of the distribution in paragraph (b) of this example, the partnership assets consist of cash and rental property and that such assets and D's special basis adjustments under section 743 (b) are as follows:

| Item | Fair market value | Common partnership basis | D's share | D's special basis adjustment | Partnership basis to D |
|---|---|---|---|---|---|
| Cash | $12,000 | $12,000 | $4,000 | | $4,000 |
| House: | | | | | |
| U | 9,000 | 1,200 | 400 | | 400 |
| V | 6,000 | 4,500 | 1,500 | | 1,500 |
| W | 6,000 | 1,500 | 500 | | 500 |
| X | 9,000 | 4,800 | 1,600 | $2,000 | 3,600 |
| Y | 9,000 | 6,000 | 2,000 | | 2,000 |
| Z | 7,000 | 3,000 | 1,000 | 1,000 | 2,000 |
| Total | 60,000 | 33,000 | 11,000 | 3,000 | 14,000 |

(b) Assume further that D receives $4,000 in cash and houses Y and Z in complete liquidation of his interest in partnership BCD. In determining the basis to D of houses Y and Z under section 732 (b) and (c), D must allocate $10,000 basis ($14,000 basis for his interest, less $4,000 cash received) to houses Y and Z in proportion to their adjusted bases to the partnership. For purposes of section 732 (c), the adjusted basis of house Y is $7,200. ($6,000 common partnership basis, plus $1,200, allocated share of D's special basis adjustment of $2,000 for house X, in which D relinquished his interest). The adjusted basis of house Z is $4,800 ($3,000 common partnership basis, plus $1,000, D's special basis for house Z, plus $800, allocated share of D's special basis of $2,000 for house X, in which D relinquished his interest). See subparagraph (2) (ii) of this paragraph under which $6,000/10,000 of the $2,000 special basis adjustment for X is allocated to Y and 4,000/10,000 of such amount to Z. Therefore, $6,000 basis (7,200/12,000 of $10,000) is allocated to house Y and $4,000 basis (4,800/12,000 of $10,000) to house Z.

(c) Since houses Y and Z had $12,000 basis to the partnership, as computed in paragraph (b) of this example, and only $1,000 basis to D, as determined under sec-

tion 732, the partnership, under section 734 (b) (1) (B), must increase the basis of remaining partnership property (houses U, V, W, and X) by $2,000 (excess of $12,000 over $10,000). For allocation of such amount, see section 755 and § 1.755–1.

(iii) Where an adjustment is made under section 743 (b) to the basis of partnership property subject to depletion, any depletion allowable shall be determined separately for each partner, including the transferee partner, based on his interest in such property. See § 1.702–1 (a) (8). This rule may be illustrated by the following example:

*Example.* A, B, and C each contributes $5,000 cash to form partnership ABC, which purchases oil property for $15,000. C subsequently sells his partnership interest to D for $100,000 when the election under section 754 is in effect. D has a special basis adjustment for the oil property of $95,000 (the difference between D's basis, $100,000, and his share of the basis of partnership property, $5,000). Assume that the depletion allowance computed under the percentage method would be $21,000 for the taxable year so that each partner would be entitled to $7,000 as his share of the deduction for depletion. However, under the cost depletion method, at an assumed rate of 10 percent, the allowance with respect to D's one-third interest which has a basis to him of $100,000 ($5,000, plus his special basis adjustment of $95,000) is $10,000, although the cost depletion allowance with respect to the one-third interest of A and B in the oil property, each of which has a basis of $5,000, is only $500. For partners A and B, the percentage depletion is greater than cost depletion and each will deduct $7,000 based on the percentage depletion method. However, as to D, the transferee partner, the cost depletion method results in a greater allowance and D will, therefore, deduct $10,000 based on cost depletion. See section 613 (a).

(iv) Where there has been more than one transfer of partnership interests, the last transferee's special basis adjustment, if any, under section 743 (b) shall be determined by reference to the partnership common basis for its property without regard to any prior transferee's special basis adjustment. For example, A, B, and C form a partnership. A and B each contributes $1,000 cash and C contributes land with a basis and value of $1,000. When the land has appreciated in value to $1,300, A sells his interest to D for $1,100 (⅓ of $3,300, the value of the partnership property). The election under section 754 is in effect; therefore, D has a special basis adjustment of $100 with respect to the land under section 743 (b). After the land has further appreciated in value to $1,600, D sells his interest to E for $1,200 (⅓ of $3,600, the value of the partnership property). Under section 743 (b), E has a special basis adjustment of $200. This amount is determined without regard to any special basis adjustment that D may have had in the partnership assets.

(3) *Returns.* A transferee partner who has a special basis adjustment under section 743 (b) shall attach a statement to his income tax return for the first taxable year in which the basis of any partnership property subject to the adjustment is pertinent in determining his income tax, showing the computation of the adjustment and the partnership

properties to which the adjustment has been allocated.

(c) *Allocation of basis.* For the allocation of basis among partnership properties where section 743 (b) applies, see section 755 and § 1.755–1.

## Provisions Common to Other Subparts

§ 1.751 *Statutory provisions; unrealized receivables and inventory items.*

Sec. 751. *Unrealized receivables and inventory items—(a) Sale or exchange of interest in partnership.* The amount of any money, or the fair market value of any property, received by a transferor partner in exchange for all or a part of his interest in the partnership attributable to—

(1) Unrealized receivables of the partnership, or

(2) Inventory items of the partnership which have appreciated substantially in value,

shall be considered as an amount realized from the sale or exchange of property other than a capital asset.

(b) *Certain distributions treated as sales or exchanges*—(1) *General rule.* To the extent a partner receives in a distribution—

(A) Partnership property described in subsection (a) (1) or (2) in exchange for all or a part of his interest in other partnership property (including money), or

(B) Partnership property (including money) other than property described in subsection (a) (1) or (2) in exchange for all or a part of his interest in partnership property described in subsection (a) (1) or (2),

such transactions shall, under regulations prescribed by the Secretary or his delegate, be considered as a sale or exchange of such property between the distributee and the partnership (as constituted after the distribution).

(2) *Exceptions.* Paragraph (1) shall not apply to—

(A) A distribution of property which the distributee contributed to the partnership, or

(B) Payments, described in section 736 (a), to a retiring partner or successor in interest of a deceased partner.

(c) *Unrealized receivables.* For purposes of this subchapter, the term "unrealized receivables" includes, to the extent not previously includible in income under the method of accounting used by the partnership, any rights (contractual or otherwise) to payment for—

(1) Goods delivered, or to be delivered, to the extent the proceeds therefrom would be treated as amounts received from the sale or exchange of property other than a capital asset, or

(2) Services rendered, or to be rendered.

(d) *Inventory items which have appreciated substantially in value—*(1) *Substantial appreciation.* Inventory items of the partnership shall be considered to have appreciated substantially in value if their fair market value exceeds—

(A) 120 percent of the adjusted basis to the partnership of such property, and

(B) 10 percent of the fair market value of all partnership property, other than money.

(2) *Inventory items.* For purposes of this subchapter the term "inventory items" means—

(A) Property of the partnership of the kind described in section 1221 (1),

(B) Any other property of the partnership which, on sale or exchange by the partnership, would be considered property other than a capital asset and other than property described in section 1231, and

(C) Any other property held by the partnership which, if held by the selling or distributee partner, would be considered prop-

Case 3:05-cv-00944-BAJ-EWD   Document 107-10   05/27/11   Page 26 of 37

erty of the type described in subparagraph (A) or (B).

§ 1.751–1 *Unrealized receivables and inventory items—*(a) *Sale or exchange of interest in a partnership—*(1) *Character of amount realized.* To the extent that money or property received by a partner in exchange for all or part of his partnership interest is attributable to his share of the value of partnership unrealized receivables or substantially appreciated inventory items, the money or fair market value of the property received shall be considered as an amount realized from the sale or exchange of property other than a capital asset. The remainder of the total amount realized on the sale or exchange of the partnership interest is realized from the sale or exchange of a capital asset under section 741. For definition of "unrealized receivables" and "inventory items which have appreciated substantially in value", see section 751 (c) and (d). Unrealized receivables and substantially appreciated inventory items are hereafter in this section referred to as "section 751 property". See paragraph (e) of this section.

(2) *Determination of gain or loss.* The income or loss realized by a partner upon the sale or exchange of his interest in section 751 property is the difference between (i) the portion of the total amount realized for the partnership interest allocated to section 751 property, and (ii) the portion of the selling partner's basis for his entire interest allocated to such property. Generally, the portion of the total amount realized which the seller and the purchaser allocate to section 751 property in an arm's length agreement will be regarded as correct. The portion of the partner's adjusted basis for his partnership interest to be allocated to section 751 property shall be an amount equal to the basis such property would have had under section 732 (including subsection (d) thereof) if the selling partner had received his share of such properties in a current distribution made immediately before the sale. See §§ 1.732–1 and 1.733–2. Such basis shall reflect the rules of section 704 (c) (3), if applicable, or any agreement under section 704 (c) (2). Any gain or loss recognized which is attributable to section 751 property will be ordinary gain or loss. The difference between the remainder, if any, of the partner's adjusted basis for his partnership interest and the balance, if any, of the amount realized is the transferor's capital gain or loss on the sale of his partnership interest.

(3) *Statement required.* A transferor partner selling or exchanging any part of his interest in a partnership which has any section 751 property at the time of sale or exchange shall submit with his income tax return for the taxable year in which the sale or exchange occurs a statement setting forth separately the following information:

(i) The date of the sale or exchange, the amount of the transferor partner's adjusted basis for his partnership interest, and the portion thereof attributable to section 751 property under section 732; and

(ii) The amount of any money and the fair market value of any other property received or to be received for the transferred interest in the partnership, and the portion thereof attributable to section 751 property.

(iii) If the transferor partner computes his adjusted basis for section 751 property under the provisions of section 732 (d), he must also include in the statement the information required by § 1.732–1 (d) (3).

(iv) If the transferor partner has a special basis adjustment under section 743 (b), he must also include in the statement the computation of his special basis adjustment and the partnership properties to which the adjustment has been allocated.

(b) *Certain distributions treated as sales or exchanges—*(1) *In general.* (i) Certain distributions to which section 751 (b) applies are treated in part as sales or exchanges of property between the partnership and the distributee partner, and not as distributions to which sections 731 through 736 apply. A distribution treated as a sale or exchange under section 751 (b) is not subject to the provisions of section 707 (b). Section 751 (b) applies whether or not the distribution is in liquidation of the distributee partner's entire interest in the partnership. However, section 751 (b) applies only to the extent that a partner either receives section 751 property in exchange for his relinquishing any part of his interest in other property, or receives other property in exchange for his relinquishing any part of his interest in section 751 property.

(ii) Section 751 (b) does not apply to a distribution to a partner which is not in exchange for his interest in other partnership property. Thus, section 751 (b) does not apply to the extent that a distribution consists of the distributee partner's share of section 751 property or his share of other property. Similarly, section 751 (b) does not apply to current drawings or to advances against the partner's distributive share, or to a distribution which is, in fact, a gift or payment for services or for the use of capital. In determining whether a partner has received only his share of either section 751 property or of other property, his interest in such property remaining in the partnership immediately after a distribution must be taken into account. For example, the section 751 property in partnership ABC has a fair market value of $100,000 in which partner A has an interest of 30 percent, or $30,000. If A receives $20,000 of section 751 property in a distribution, and continues to have a 30-percent interest in the $80,000 of section 751 property remaining in the partnership after the distribution, only $6,000 ($30,000 minus $24,000 (30 percent of $80,000)) of the section 751 property received by him will be considered to be his share of such property. The remaining $14,000 ($20,000 minus $6,000) received is in excess of his share.

(iii) If a distribution is, in part, a distribution of the distributee partner's share of section 751 property, or of other property (including money) and, in part, a distribution in exchange of such prop-

erties, the distribution shall be divided for the purpose of applying section 751 (b). The rules of section 751 (b) shall first apply to the part of the distribution treated as a sale or exchange of such properties, and then the rules of sections 731 through 736 shall apply to the part of the distribution not treated as a sale or exchange. See paragraph (b) (4) (ii) of this section for treatment of payments under section 736 (a).

(2) *Distribution of section 751 property (unrealized receivables or substantially appreciated inventory items).* (i) To the extent that a partner receives section 751 property in a distribution in exchange for any part of his interest in partnership property (including money) other than section 751 property, the transaction shall be treated as a sale or exchange of such properties between the distributee partner and the partnership (as constituted after the distribution).

(ii) At the time of the distribution, the partnership (as constituted after the distribution) realizes ordinary income or loss on the sale or exchange of the section 751 property. The amount of the income or loss to the partnership will be measured by the difference between the adjusted basis to the partnership of the section 751 property considered as sold to or exchanged with the partner, and the fair market value of the distributee partner's interest in other partnership property which he relinquished in the exchange. In computing the partners' distributive shares of such ordinary income or loss, the income or loss shall be allocated only to partners other than the distributee and separately taken into account under section 702 (a) (8).

(iii) At the time of the distribution, the distributee partner realizes gain or loss measured by the difference between his adjusted basis for the property relinquished in the exchange (including any special basis adjustment which he may have) and the fair market value of the section 751 property received by him in exchange for his interest in other property which he has relinquished. The distributee's adjusted basis for the property relinquished is the basis such property would have had under section 732 (including subsection (d) thereof) if the distributee partner had received such property in a current distribution immediately before the actual distribution which is treated wholly or partly as a sale or exchange under section 751 (b). The character of the gain or loss to the distributee partner shall be determined by the character of the property in which he relinquished his interest.

(3) *Distribution of partnership property other than section 751 property.* (i) To the extent that a partner receives a distribution of partnership property (including money) other than section 751 property in exchange for any part of his interest in section 751 property of the partnership, the distribution shall be treated as a sale or exchange of such properties between the distributee partner and the partnership (as constituted after the distribution).

(ii) At the time of the distribution, the partnership (as constituted after the

distribution) realizes gain or loss on the sale or exchange of the property other than section 751 property. The amount of the gain to the partnership will be measured by the difference between the adjusted basis to the partnership of such distributed property considered as sold to or exchanged with the partner, and the fair market value of the distributive partner's interest in section 751 property which he relinquished in the exchange. The character of the gain or loss to the partnership is determined by the character of the distributed property treated as sold or exchanged by the partnership. In computing the partners' distributive shares of such gain or loss, the gain or loss shall be allocated only to partners other than the distributee and separately taken into account under section 702 (a) (8).

(iii) At the time of the distribution, the distributee partner realizes ordinary income or loss on the sale or exchange of the section 751 property. The amount of the distributee partner's income or loss shall be measured by the difference between his adjusted basis for the section 751 property relinquished in the exchange (including any special basis adjustment which he may have), and the fair market value of other property (including money) received by him in exchange for his interest in the section 751 property which he has relinquished. The distributee partner's adjusted basis for the section 751 property relinquished is the basis such property would have had under section 732 (including subsection (d) thereof) if the distributee partner had received such property in a current distribution immediately before the actual distribution which is treated wholly or partly as a sale or exchange under section 751 (b).

(4) *Exceptions.* (i) Section 751 (b) does not apply to the distribution to a partner of property which the distributee partner contributed to the partnership. The distribution of such property is governed by the rules set forth in sections 731 through 736, relating to distributions by a partnership.

(ii) Section 751 (b) does not apply to payments made to a retiring partner or to a deceased partner's successor in interest to the extent that, under section 736 (a), such payments constitute a distributive share of partnership income or guaranteed payments. Payments to a retiring partner or to a deceased partner's successor in interest for his interest in unrealized receivables of the partnership in excess of their partnership basis, including any special basis adjustment for them to which such partner is entitled, constitute payments under section 736 (a) and, therefore, are not subject to section 751 (b). However, payments under section 736 (b) which are considered as made in exchange for an interest in partnership property are subject to section 751 (b) to the extent that they involve an exchange of substantially appreciated inventory items for other property. Thus, payments to a retiring partner or to a deceased partner's successor in interest under section 736 must first be divided between payments under section 736 (a) and section 736 (b). The

section 736 (b) payments must then be divided, if there is an exchange of substantially appreciated inventory items for other property, between the payments treated as a sale or exchange under section 751 (b) and payments treated as a distribution under sections 731 through 736. See subparagraph (1) (iii) of this paragraph, and section 736 and § 1.736-1.

(5) *Statement required.* A partnership which distributes section 751 property to a partner in exchange for his interest in other partnership property, or which distributes other property in exchange for any part of the partner's interest in section 751 property, shall submit with its return for the year of the distribution a statement showing the computation of any income, gain, or loss to the partnership under the provisions of section 751 (b) and this paragraph. The distributee partner shall submit with his return a statement showing the computation of any income, gain, or loss to him. Such statement shall contain information similar to that required under paragraph (a) (3) of this section.

(c) *Unrealized receivables.* (1) The term "unrealized receivables", as used in subchapter K, means any rights (contractual or otherwise) to payment for—

(i) Goods delivered or to be delivered (to the extent that such payment would be treated as received for property other than a capital asset), or

(ii) Services rendered or to be rendered,

to the extent that income arising from such rights to payment was not previously includible in income under the method of accounting employed by the partnership. Such rights must have arisen under contracts or agreements in existence at the time of sale or distribution, although the partnership may not be able to enforce payment until a later time. For example, the term includes trade accounts receivable of a cash method taxpayer, and rights to payment for work or goods begun but incomplete at the time of the sale or distribution.

(2) The basis for such unrealized receivables shall include all costs or expenses attributable thereto paid or accrued but not previously taken into account under the partnership method of accounting.

(3) In determining the amount of the sale price attributable to unrealized receivables, or their value in a distribution treated as a sale or exchange, any arm's length agreement between the buyer and the seller, or between the partnership and the distributee partner, will generally establish the amount or value. In the absence of such an agreement, full account shall be taken not only of the estimated cost of completing performance of the contract or agreement, but also of the time between the sale or distribution and the time of payment.

(d) *Inventory items which have substantially appreciated in value—*(1) *Substantial appreciation.* Partnership inventory items shall be considered to have appreciated substantially in value if, at the time of the sale or distribution, the total fair market value of all the inven-

tory items of the partnership exceeds 120 percent of the aggregate adjusted basis for such property in the hands of the partnership (without regard to any special basis adjustment of any partner) and, in addition, exceeds 10 percent of the fair market value of all partnership property other than money. The terms "inventory items which have appreciated substantially in value" or "substantially appreciated inventory items" refer to the aggregate of all partnership inventory items. These terms do not refer to specific partnership inventory items or to specific groups of such items. For example, any distribution of inventory items by a partnership the inventory items of which as a whole are substantially appreciated in value shall be a distribution of substantially appreciated inventory items for the purposes of section 751 (b), even though the specific inventory items distributed may not be appreciated in value. Similarly, if the aggregate of partnership inventory items are not substantially appreciated in value, a distribution of specific inventory items, the value of which is more than 120 percent of their adjusted basis, will not constitute a distribution of substantially appreciated inventory items. For the purpose of this paragraph, the "fair market value" of inventory items has the same meaning as "market" value in the regulations under section 471, relating to general rule for inventories.

(2) *Inventory items.* The term "inventory items" as used in subchapter K includes the following types of property:

(i) Stock in trade of the partnership, or other property of a kind which would properly be included in the inventory of the partnership if on hand at the close of the taxable year, or property held by the partnership primarily for sale to customers in the ordinary course of its trade or business. See section 1221 (1).

(ii) Any other property of the partnership which, on sale or exchange by the partnership, would be considered property other than a capital asset and other than property described in section 1231. Thus, accounts receivable acquired in the ordinary course of business for services or from the sale of stock in trade constitute inventory items (see section 1221 (4)), as do any unrealized receivables.

(iii) Any other property retained by the partnership which, if held by the partner selling his partnership interest or receiving a distribution described in section 751 (b), would be considered property described in subdivisions (i) or (ii) of this subparagraph. Property actually distributed to the partner does not come within the provisions of section 751 (d) (2) (C) and this subdivision.

(e) *Section 751 property and other property.* For the purposes of this section, "section 751 property" means unrealized receivables or substantially appreciated inventory items, and "other property" means all property (including money) except section 751 property.

(f) *Effective date.* Section 751 applies to gain or loss to a seller, distributee, or partnership in the case of a sale, exchange, or distribution occurring after March 9, 1954. For the purpose of ap-

plying this paragraph in the case of a taxable year beginning before January 1, 1955, a partnership or a partner may elect to treat as applicable any other section of subchapter K. Any such election shall be made by a statement submitted not later than the time prescribed by law for the filing of the return for such taxable year, or submitted within 90 days after the promulgation of the regulations under this section, whichever date is later (but not later than 6 months after the time prescribed by law for the filing of the return for such year). See section 771 (b) (3) and § 1.771–1 (b) (3). See also section 771 (c) and § 1.771–1 (c).

(g) *Examples.* Application of the provisions of section 751 may be illustrated by the following examples:

*Example (1).* C buys B's interest in personal service partnership AB for $15,000, when the balance sheet of the firm (reflecting a cash receipts and disbursements method of accounting) is as follows:

ASSETS

| | Adjusted basis per books | Market value |
|---|---|---|
| Cash | $3,000 | $3,000 |
| Loans receivable | 10,000 | 10,000 |
| Other assets | 7,000 | 7,000 |
| Unrealized receivables | 0 | 12,000 |
| Total | 20,000 | 32,000 |

LIABILITIES AND CAPITAL

| | Per books | Value |
|---|---|---|
| Liabilities | $2,000 | $2,000 |
| Capital: | | |
| A | 9,000 | 15,000 |
| B | 9,000 | 15,000 |
| Total | 20,000 | 32,000 |

Section 751 (a) applies to the sale. The total amount realized by B is $16,000, consisting of the cash received, $15,000, plus $1,000, B's share of the partnership liabilities assumed by C. See section 752. B's undivided half interest in the partnership property includes a half-interest in the partnership's unrealized receivables which are worth $12,000. Consequently, $6,000 of the $16,000 realized by B shall be considered received in exchange for B's interest in the partnership attributable to its unrealized receivables. The remaining $10,000 realized by B is in exchange for a capital asset. B's basis for his partnership interest is $10,000 ($9,000, plus $1,000, B's share of partnership liabilities). No portion of this basis is attributable to B's share of the unrealized receivables of the partnership since such property has a zero basis in the hands of the partnership; therefore, B has a basis of zero for the unrealized receivables because the partnership basis for such receivables would have carried over to him under section 732 had they been distributed to him. The difference between the zero basis and the $6,000 B realized for the unrealized receivables is ordinary income to him. The entire $10,000 of B's basis is the basis for his interest in partnership property other than unrealized receivables and is applied against the remaining $10,000 ($16,000 minus $6,000) received from the sale of his interest. Therefore, B has no capital gain or loss. (If B's basis for his interest in partnership property, other than unrealized receivables, were $9,000, he would realize capital gain of $1,000. If his basis were $11,000, he would sustain a capital loss of $1,000.)

*Example (2).* (a) *Facts.* Partnership ABC makes a distribution to partner C in liquidation of his entire one-third interest in the partnership. At the time of the distribution, the balance sheet of the partnership, which uses the accrual method of accounting, is as follows:

ASSETS

| | Adjusted basis per books | Market value |
|---|---|---|
| Cash | $15,000 | $15,000 |
| Accounts receivable | 0 | 9,000 |
| Inventory | 21,000 | 30,000 |
| Depreciable property | 42,000 | 48,000 |
| Land | 9,000 | 9,000 |
| Total | 96,000 | 111,000 |

LIABILITIES AND CAPITAL

| | Per books | Value |
|---|---|---|
| Current liabilities | $15,000 | $15,000 |
| Mortgage payable | 21,000 | 21,000 |
| Capital: | | |
| A | 20,000 | 25,000 |
| B | 20,000 | 25,000 |
| C | 20,000 | 25,000 |
| Total | 96,000 | 111,000 |

The distribution received by C consists of $10,000 cash and depreciable property with a fair market value of $15,000 and an adjusted basis to the partnership of $15,000.

(b) *Presence of section 751 property.* The partnership has no unrealized receivables, but the dual test provided in section 751 (d) (1) must be applied to determine whether the inventory items of the partnership, in the aggregate, have appreciated substantially in value. The fair market value of all partnership inventory items, $39,000 (inventory $30,000, and accounts receivable $9,000), exceeds 120 percent of the $30,000 adjusted basis of such items to the partnership. The fair market value of the inventory items, $39,000, also exceeds 10 percent of the fair market value of all partnership property other than money (10 percent of $96,000 or $9,600). Therefore, the partnership inventory items have substantially appreciated in value.

(c) *The properties exchanged.* Since C's entire partnership interest is to be liquidated, the provisions of section 736 are applicable. No part of the payment, however, is considered as a distributive share or as a guaranteed payment under section 736 (a) because the entire payment is made for C's interest in partnership property. Therefore, the entire payment is for an interest in partnership property under section 736 (b), and, to the extent applicable, subject to the rules of section 751. In the distribution, C received his share of cash ($5,000) and $15,000 in depreciable property ($1,000 less than his $16,000 share). In addition, he received other partnership property ($5,000 cash and $12,000 liabilities assumed, treated as money distributed under section 752 (b)) in exchange for his interest in accounts receivable ($3,000), inventory ($10,000), land ($3,000), and the balance of his interest in depreciable property ($1,000). Section 751 (b) applies only to the extent of the exchange of other property for section 751 property (i. e., inventory items, which include trade accounts receivable). The section 751 property exchanged has a fair market value of $13,000 ($3,000 in accounts receivable and $10,000 in inventory). Thus, $13,000 of the total amount C received is considered as received for the sale of section 751 property.

(d) *Distributee partner's tax consequences.* C's tax consequences on the distribution are as follows:

(1) *The section 751 (b) sale or exchange.* C's share of the inventory items is treated

as if he received them in a current distribution, and his basis for such items is $10,000 ($7,000 for inventory and $3,000 for accounts receivable as determined under paragraph (b) (3) (iii) of this section). Then C is considered as having sold his share of inventory items to the partnership for $13,000. Thus, on the sale of his share of inventory items, C realizes $3,000 of ordinary income.

(2) *The part of the distribution not under section 751 (b).* Section 751 (b) does not apply to the balance of the distribution. Before the distribution, C's basis for his partnership interest was $32,000 ($20,000 plus $12,000, his share of partnership liabilities). See section 752 (a). This basis is reduced by $10,000, the basis attributed to the section 751 property treated as distributed to C and sold by him to the partnership. Thus, C has a basis of $22,000 for the remainder of his partnership interest. The total distribution to C was $37,000 ($22,000 in cash and liabilities assumed, and $15,000 in depreciable property). Since C received no more than his share of the depreciable property, none of the depreciable property constitutes proceeds of the sale under section 751 (b). C did receive more than his share of money. Therefore, the sale proceeds, treated separately in subparagraph (1) of this paragraph of this example, must consist of money and therefore must be deducted from the money distribution. Consequently, in liquidation of the balance of C's interest, he receives depreciable property and $9,000 in money ($22,000 less $13,000). Therefore, no gain or loss is recognized to C on the distribution. Under section 732 (b), C basis for the depreciable property is $13,000 (the remaining basis of his partnership interest, $22,000, reduced by $9,000, the money received in the distribution).

(e) *Partnership's tax consequences.* The tax consequences to the partnership on the distribution are as follows:

(1) *The section 751 (b) sale or exchange.* The partnership consisting of the remaining members has no ordinary income on the distribution since it did not give up any section 751 property in the exchange. Of the $22,000 money distributed (in cash and the assumption of C's share of liabilities), $13,000 was paid to acquire C's interest in inventory ($10,000 fair market value) and in accounts receivable ($3,000). Since under section 751 (b) the partnership is treated as buying these properties, it has a new cost basis for the inventory and accounts receivable acquired from C. Its basis for C's share of inventory and accounts receivable is $13,000, the amount which the partnership is considered as having paid C in the exchange. Since the partnership is treated as having distributed C's share of inventory and accounts receivable to him, the partnership must decrease its basis for inventory and accounts receivable ($30,000) by $10,000, the basis of C's share treated as distributed to him, and then increase the basis for inventory and accounts receivable by $13,000 to reflect the purchase prices of the items acquired. Thus, the basis of the partnership inventory is increased from $21,000 to $24,000 in the transaction. (Note that the basis of property acquired in a section 751 (b) exchange is determined under section 1012 without regard to any elections of the partnership. See § 1.732–1 (c).) Further, the partnership realizes no capital gain or loss on the portion of the distribution treated as a sale under section 751 (b) since, to acquire C's interest in the inventory and accounts receivable, it gave up money and assumed C's share of liabilities.

(2) *The part of the distribution not under section 751 (b).* In the remainder of the distribution to C which was not in exchange for C's interest in section 751 property, C received only other property as follows: $15,000 in depreciable property (with a basis to the partnership of $15,000) and $9,000 in

money ($22,000 less $13,000 treated under subparagraph (1) of this paragraph of this example). Since this part of the distribution is not an exchange of section 751 property for other property, section 751 (b) does not apply. Instead, the provisions which apply are sections 731 through 736, relating to distributions by a partnership. No gain or loss is recognized to the partnership on the distribution. (See section 731 (b).) Further, the partnership makes no adjustment to the basis of remaining depreciable property unless an election under section 754 is in effect. (See section 734 (a).) Thus, the basis of the depreciable property before the distribution, $42,000, is reduced by the basis of the depreciable property distributed, $15,000, leaving a basis for the depreciable property in the partnership of $27,000. However, if an election under section 754 is in effect, the partnership must make the adjustment required under section 734 (b) as follows: Since the adjusted basis of the distributed property to the partnership had been $15,000, and is only $13,000 in C's hands (see paragraph (d) (2) of this example), the partnership will increase the basis of the depreciable property remaining in the partnership by $2,000 (the excess of the adjusted basis to the partnership of the distributed depreciable property immediately before the distribution over its basis to the distributee). Whether or not an election under section 754 is in effect, the basis for each of the remaining partner's partnership interests will be $38,000 ($20,000 original contribution, plus $12,000, each partner's the share of C's liabilities each assumed).

(f) *Partnership trial balance.* A trial balance of the AB partnership after the distribution in liquidation of C's entire interest would reflect the results set forth in the schedule below. Column I shows the amounts to be reflected in the records if an election is in effect under section 754 with respect to an optional adjustment under section 734 (b) to the basis of undistributed partnership property. Column II shows the amounts to be reflected in the records where an election under section 754 is not in effect. Note that in column II, the total bases for the partnership assets do not equal the total of the bases for the partnership interests.

| | I | | II | |
| | Sec. 754, Election in effect | | Sec. 754, Election not in effect | |
| | Basis | Fair market value | Basis | Fair market value |
|---|---|---|---|---|
| Cash | $5,000 | $5,000 | $5,000 | $5,000 |
| Accounts receivable | 9,000 | 9,000 | 9,000 | 9,000 |
| Inventory | 24,000 | 30,000 | 24,000 | 30,000 |
| Depreciable property | 29,000 | 33,000 | 27,000 | 33,000 |
| Land | 9,000 | 9,000 | 9,000 | 9,000 |
| | 76,000 | 86,000 | 74,000 | 86,000 |
| Current liabilities | 15,000 | 15,000 | 15,000 | 15,000 |
| Mortgage | 21,000 | 21,000 | 21,000 | 21,000 |
| Capital: | | | | |
| A | 20,000 | 25,000 | 20,000 | 25,000 |
| B | 20,000 | 25,000 | 20,000 | 25,000 |
| | 76,000 | 86,000 | 76,000 | 86,000 |

*Example (3).* (a) *Facts.* Assume that the distribution to partner C in example (2) of this paragraph in liquidation of his entire interest in partnership ABC consists of $5,000 in cash and $20,000 worth of partnership inventory with a basis of $14,000.

(b) *Presence of section 751 property.* For the same reason as stated in paragraph (b) of that example, the partnership inventory items have substantially appreciated in value.

(c) *The properties exchanged.* In the distribution, C received his share of each

($5,000) and his share of appreciated inventory items ($13,000). In addition, he received appreciated inventory with a fair market value of $7,000 (and with an adjusted basis to the partnership of $4,900) and $12,000 in money (liabilities assumed). C has relinquished his interest in $16,000 of depreciable property and $3,000 of land. Although C relinquished his interest in $3,000 of accounts receivable, such accounts receivable are inventory items and, therefore, that exchange was not an exchange of section 751 property for other property. Section 751 (b) applies only to the extent of the exchange of other property for section 751 property (i. e., depreciable property or land for inventory items). Assume that the partners agree that the $7,000 of inventory in excess of C's share was received by him in exchange for $7,000 of depreciable property.

(d) *Distributee partner's tax consequences.* C's tax consequence on the distributions are as follows:

(1) *The section 751 (b) sale or exchange.* C is treated as if he had received his 7/16ths share of the depreciable property in a current distribution. His basis for that share is $6,125 (42,000/48,000 of $7,000), as determined under paragraph (b) (2) (iii) of this section. Then C is considered as having sold his 7/16ths share of depreciable property to the partnership for $7,000, realizing a gain of $875.

(2) *The part of the distribution not under section 751 (b).* Section 751 (b) does not apply to the balance of the distribution. Before the distribution, C's basis for his partnership interest was $32,000 ($20,000, plus $12,000, his share of partnership liabilities). See section 752 (a). This basis is reduced by $6,125, the basis of property treated as distributed to C and sold by him to the partnership. Thus, C will have a basis of $25,875 for the remainder of his partnership interest. Of the $37,000 total distribution to C, $30,000 ($17,000 in money, including liabilities assumed, and $13,000 in inventory) is not within section 751 (b). Under section 732 (b), C's basis for the inventory with a fair market value of $13,000 (which had an adjusted basis to the partnership of $9,100) is limited to $8,875, the amount of the remaining basis for his partnership interest, $25,875, reduced by $17,000, the money received. Thus, C's total aggregate basis for the inventory received is $15,875 ($7,000 plus $8,875), and not his $14,000 basis in the hands of the partnership.

(e) *Partnership's tax consequences.* The tax consequences to the partnership on the distribution are as follows:

(1) *The section 751 (b) sale or exchange.* The partnership consisting of the remaining members has $2,100 of ordinary income on the sale of the $7,000 of inventory which had a basis to the partnership of $4,900 (21,000/30,000 of $7,000). This $7,000 of inventory was paid to acquire 7/16ths of C's interest in the depreciable property. Since, under section 751 (b), the partnership is treated as buying this property from C, it has a new cost basis for such property. Its basis for the depreciable property is $42,875 ($42,000 less $6,125, the basis of the 7/16ths share considered as distributed to C, plus $7,000, the partnership purchase price for this share).

(2) *The part of the distribution not under section 751 (b).* In the remainder of the distribution to C which was not a sale or exchange of section 751 property for other property, the partnership realizes no gain or loss. See section 731 (b). Further, under section 734 (a), the partnership makes no adjustment to the basis of the accounts receivable or the 9/16ths interest in depreciable property C relinquished. However, if an election under section 754 is in effect, the partnership must make the adjustment required under section 734 (b) since the adjusted basis to the partnership of the in-

ventory distributed had been $9,100, and C's basis for such inventory after distribution is only $8,875. The basis of the inventory remaining in the partnership must be increased by $225. Whether or not an election under section 754 is in effect, the basis for each of the remaining partnership interests will be $39,050 ($20,000 original contribution, plus $12,000, each partner's original share of the liabilities, plus $6,000, the share of C's liabilities now assumed, plus $1,050, each partner's share of ordinary income realized by the partnership upon that part of the distribution treated as a sale or exchange).

*Example (4).* (a) *Facts.* Assume the same facts as in example (3) of this paragraph, except that the partners did not identify the property which C relinquished in exchange for the $7,000 of inventory which he received in excess of his share.

(b) *Presence of section 751 property.* For the same reasons stated in paragraph (b) of example (2) of this paragraph, the partnership inventory items have substantially appreciated in value.

(c) *The properties exchanged.* The analysis stated in paragraph (c) of example (3) of this paragraph is the same in this example, except that, in the absence of a specific agreement among the partners as to the properties exchanged, C will be presumed to have sold to the partnership a proportionate amount of each property in which he relinquished an interest. Thus, in the absence of an agreement, C has received $7,000 of inventory in exchange for his release of 7/19ths of the depreciable property and 7/19ths of the land. ($7,000, fair market value of property released, over $19,000, the sum of the fair market values of C's interest in the land and C's interest in the depreciable property.)

(d) *Distributee partner's tax consequences.* C's tax consequences on the distribution are as follows:

(1) *The section 751 (b) sale or exchange.* C is treated as if he had received his 7/19ths shares of the depreciable property and land in a current distribution. His basis for those shares is $6,263 (51,000/57,000 of $7,000, their fair market value), as determined under paragraph (b) (2) (iii) of this section. Then C is considered as having sold his 7/19ths shares of depreciable property and land to the partnership for $7,000, realizing a gain of $737.

(2) *The part of the distribution not under section 751 (b).* Section 751 (b) does not apply to the balance of the distribution. Before the distribution C's basis for his partnership interest was $32,000 ($20,000 plus $12,000, his share of partnership liabilities). See section 752 (a). This basis is reduced by $6,263, the bases of C's shares of depreciable property and land treated as distributed to him and sold by him to the partnership. Thus, C will have a basis of $25,737 for the remainder of his partnership interest. Of the total $37,000 distributed to C, $30,000 ($17,000 in money, including liabilities assumed, and $13,000 in inventory) is not within section 751 (b). Under section 732 (b), C's basis for the inventory (with a fair market value of $13,000 and an adjusted basis to the partnership of $9,100) is limited to $8,737, the amount of the remaining basis for his partnership interest ($25,737 less $17,000, money received). Thus, C's total aggregate basis for the inventory he received is $15,737 ($7,000 plus $8,737), and not the $14,000 basis it had in the hands of the partnership.

(e) *Partnership's tax consequences.* The tax consequences to the partnership on the distribution are as follows:

(1) *The section 751 (b) sale or exchange.* The partnership consisting of the remaining members has $2,100 of ordinary income on the sale of $7,000 of inventory which had a basis to the partnership of $4,900 (21,000/

Case 3:05-cv-00944-BAJ-EWD   Document 107-10   05/27/11   Page 31 of 37

30,300 of $7,000). This $7,000 of inventory was paid to acquire 7/19ths of C's interest in the depreciable property and land. Since, under section 751 (b), the partnership is treated as buying this property from C, it has a new cost basis for such property. The bases of the depreciable property and land would be $12,737 and $9,000, respectively. The basis for the depreciable property is computed as follows: The common partnership basis of $42,000 is reduced by the $5,158 basis (42,000/48,000 of $5,895) for C's 7/19ths interest constructively distributed and increased by $5,895 (16,000/19,000 of $7,000), the part of the purchase price allocated to the depreciable property. The basis of the land would be computed in the same way. The $9,000 original partnership basis is reduced by $1,105 basis ($9,000/9,000 of $1,105) of land constructively distributed to C, and increased by $1,105 (3,000/19,000 of $7,000), the portion of the purchase price allocated to the land.

(2) *The part of the distribution not under section 751 (b).* In the remainder of the distribution to C which was not a sale or exchange of section 751 property for other property, the partnership realizes no gain or loss. See section 731 (b). Further, under section 734 (a), the partnership makes no adjustment to the basis of the accounts receivable or the 12/19ths interests in depreciable property and land which C relinquished. However, if an election under section 754 is in effect, the partnership must make the adjustment required under section 734 (b) since the adjusted basis to the partnership of the inventory distributed had been $9,100 and C's basis for such inventory after the distribution is only $8,737. The basis of the inventory remaining in the partnership must be increased by the difference of $363. Whether or not an election under section 754 is in effect, the basis for each of the remaining partnership interests will be $39,-050 ($20,000 original contribution plus $12,000, each partner's original share of the liabilities, plus $6,000, the share of C's liabilities assumed, plus $1,050, each partner's share of ordinary income realized by the partnership upon the part of the distribution treated as a sale or exchange).

*Example (5).* (a) *Facts.* Assume that partner C in example (2) of this paragraph agrees to reduce his interest in capital and profits from 1/3 to 1/5 for a current distribution consisting of $5,000 in cash, and $7,500 of accounts receivable with a basis to the partnership of $7,500. At the same time, the total liabilities of the partnership are not reduced. Therefore, after the distribution, C's share of the partnership liabilities has been reduced by $4,800 from $12,000 (1/3 of $36,000) to $7,200 (1/5 of $36,000).

(b) *Presence of section 751 property.* For the same reasons as stated in paragraph (b) of example (2) of this paragraph, the partnership inventory items have substantially appreciated in value.

(c) *The properties exchanged.* C's interest in the fair market value of the partnership properties before and after the distribution can be illustrated by the following table:

| Item | C's interest — Fair market, one-third before | C's interest — Value, one-fifth after | C received — Distribution of share | C received — In excess of share | C relinquished |
|---|---|---|---|---|---|
| Cash | 5,000 | 2,000 | 3,000 | 2,000 | |
| Liabilities assumed | (12,000) | (7,200) | | 4,800 | |
| Inventory items: | | | | | |
| Accounts receivable | 3,000 | 300 | 2,700 | | |
| Inventory | 10,000 | 6,000 | | 4,800 | |
| Depreciable property | 16,000 | 9,600 | | | 6,600 |
| Land | 3,000 | 1,800 | | | 1,200 |
| Total | 25,000 | 12,500 | 5,700 | 11,600 | 11,600 |

Although C relinquished his interest in $4,000 of inventory and received $4,800 of accounts receivable, both items constitute section 751 property and C has received only $800 of accounts receivable for $800 worth of depreciable property and for an $800 undivided interest in land. In the absence of an agreement identifying the properties exchanged, it is presumed C received $800 for proportionate shares of his interests in both depreciable property and land. To the extent that inventory was exchanged for accounts receivable, or to the extent cash was distributed for the release of C's interest in the balance of the depreciable property and land, the transaction does not fall within section 751 (b) and is a current distribution under section 732 (a). Thus, the remaining $6,700 of accounts receivable are received in a current distribution.

(d) *Distributee partner's tax consequences.* C's tax consequences on the distribution are as follows:

(1) *The section 751 (b) sale or exchange.* Assuming that the partners paid $800 worth of accounts receivable for $800 worth of depreciable property, C is treated as if he received the depreciable property in a current distribution, and his basis for the $800 worth of depreciable property is $700 (42,000/48,000 of its fair market value), as determined under paragraph (b) (2) (iii) of this section. Then C is considered as having sold his $800 share of depreciable property to the partnership for $800. On the sale of the depreciable property, C realizes a gain of $100. If, on the other hand, the partners had agreed that C exchanged an $800 interest in the land for $800 worth of accounts receivable, C would realize no gain or loss, because under paragraph (b) (2) (iii) of this section his basis for the land sold would be $800. In the absence of an agreement, the basis for the depreciable property and land (which C is considered as having received in a current distribution and then sold back to the partnership) would be $716 (51,000/57,000 of $800). In that case, on the sale of the balance of the $800 share of depreciable property and land, C would realize $84 of gain ($800 less $716).

(2) *The part of the distribution not under section 751 (b).* Section 751 (b) does not apply to the balance of the distribution. Under section 731, C does not realize either gain or loss on the balance of the distribution. The adjustments to the basis of C's interest are illustrated in the following table:

| | If accounts receivable received for depreciable property | If accounts receivable received for land | If there is no agreement |
|---|---|---|---|
| Original basis for C's interest | $32,000 | $32,000 | $32,000 |
| Less basis of property distributed prior to sec. 751 (b) sale or exchange | −700 | −800 | −716 |
| | 31,300 | 31,200 | 31,284 |
| Less money received in distribution | −9,800 | −9,800 | −9,800 |
| | 21,500 | 21,400 | 21,484 |
| Less basis of property received in a current distribution under sec. 732 | −6,700 | −6,700 | −6,700 |
| Resulting basis for C's interest | 14,800 | 14,700 | 14,784 |

C's basis for the $7,500 worth of accounts receivable which he received in the distribution will be $7,500, composed of $800 for the portion purchased in the section 751 (b) exchange, plus $6,700, the basis carried over under section 732 (a) for the portion received in the current distribution.

(e) *Partnership's tax consequences.* The tax consequences to the partnership on the distribution are as follows:

(1) *The section 751 (b) sale or exchange.* The partnership realizes no gain or loss in the section 751 sale or exchange because it had a basis of $800 for the accounts receivable for which it received $800 worth of other property. If the partnership agreed to purchase $800 worth of depreciable property, the partnership basis of depreciable property becomes $42,100 ($42,000 less $700 basis of property constructively distributed to C, plus $800, price of property purchased). If the partnership purchased land with the accounts receivable, there would be no change in the basis of the land to the partnership because the land distributed was equal to its purchase price. If there were no agreement, the basis of the depreciable property and land would be $51,084 (depreciable property, $42,084 and land $9,000). The basis for the depreciable property is computed as follows: The common partnership basis of $42,000 is reduced by the $590 basis (42,000/48,000 of $674) for C's $674 interest constructively distributed, and increased by $674 (6,400/7,600 of $800), the part of the purchase price allocated to the depreciable property. The basis of the land would be computed in the same way. The $9,000 original partnership basis is reduced by $126 basis (9,000/9,000 of $126) of the land constructively distributed to C, and increased by $126 (1,200/7,600 of $800), the portion of the purchase price allocated to the land.

(2) *The part of the distribution not under section 751 (b).* The partnership will realize no gain or loss in the balance of the distribution under section 731. Since the property in C's hands after the distribution will have the same basis it had in the partnership, the basis of partnership property remaining in the partnership after the distribution will not be adjusted (whether or not an election under section 754 is in effect).

§ 1.752 Statutory provisions; treatment of certain liabilities.

SEC. 752. *Treatment of certain liabilities*—(a) *Increase in partner's liabilities.* Any in-

crease in a partner's share of the liabilities of a partnership, or any increase in a partner's individual liabilities by reason of the assumption by such partner of partnership liabilities, shall be considered as a contribution of money by such partner to the partnership.

(b) *Decrease in partner's liabilities.* Any decrease in a partner's share of the liabilities of a partnership, or any decrease in a partner's individual liabilities by reason of the assumption by the partnership of such individual liabilities, shall be considered as a distribution of money to the partner by the partnership.

(c) *Liability to which property is subject.* For purposes of this section, a liability to which property is subject shall, to the extent of the fair market value of such property, be considered as a liability of the owner of the property.

(d) *Sale or exchange of an interest.* In the case of a sale or exchange of an interest in a partnership, liabilities shall be treated in the same manner as liabilities in connection with the sale or exchange of property not associated with partnerships.

§ 1.752–1    *Treatment of certain liabilities*—(a) *Increase in partner's liabilities.* (1) Where the liabilities of a partnership are increased, and each partner's share of such liabilities is thereby increased, the amount of each partner's increase shall be treated as a contribution of money by that partner to the partnership. For example, partnership AB borrows $1,000. If A and B are equal partners, the basis of the partnership interest of each is increased by $500 since each is considered under section 752 (a) to have contributed that amount of money to the partnership.

(2) Any increase in a partner's individual liabilities because of the assumption by him of partnership liabilities shall also be considered as a contribution of money by him to the partnership. For example, equal partnership AB owns real property with an adjusted basis to the partnership of $1,000, a fair market value of $800, and which is subject to a mortgage of $400 which the partnership has not assumed. The mortgage is considered as a liability of the partnership under section 752 (c). Since A and B each share one-half thereof, under section 752 (a) the liability of each has been increased $200. Under section 722 such $200 increase is reflected in the basis of each partner for his interest. The real property is distributed by the partnership to A. Under the provisions of section 733 (2), there is a net decrease of $800 in A's basis for his partnership interest. This amount is computed as follows: The basis of A's partnership interest is decreased in the distribution by $1,000 (the partnership basis for the distributed property) and further decreased under section 752 (b) by $200 (the decrease in A's share of partnership liabilities) and increased under section 752 (a) by $400 (the increase in A's individual liability by reason of section 752 (c)). Conversely, the basis of B's partnership interest is decreased by $200 since the distribution of the real property to A resulted in a decrease in B's share of the partnership liability under section 752 (b).

(b) *Decrease in partner's liabilities.* (1) Where the liabilities of a partnership are decreased, and each partner's share of such liabilities is thereby decreased, the amount of the decrease shall be treated as a distribution of money to the partner by the partnership. For example, partnership AB, in which A and B are equal partners, repays an obligation of $10,000. The repayment reduces each partner's share of partnership liabilities by $5,000 and is considered a distribution of money which reduces the basis of each partner's interest in the partnership by that amount. For the effect of a discharge of indebtedness on the basis of partnership property, see sections 108 and 1017.

(2) Where a partnership assumes the separate liabilities of a partner or a liability to which property owned by such partner is subject (see paragraph (c) of this section), the amount of the decrease in such partner's liabilities is treated as a distribution of money by the partnership to such partner. For example, partner A contributes property with a basis of $1,000 to partnership ABC in exchange for a one-third interest in the partnership. The property is subject to a mortgage of $150. (It is immaterial whether the mortgage is assumed by the partnership. See section 752 (c).) The basis of A's partnership interest is $900, computed as follows: $1,000, A's basis for the contributed property, reduced by $100, two-thirds of A's original liability of $150 now attributable to partners B and C and reflected in their bases under the provisions of paragraph (a) of this section.

(c) *Liability to which property is subject.* Where property subject to a liability is contributed by a partner to a partnership, or distributed by a partnership to a partner, the amount of the liability, to an extent not exceeding the fair market value of the property at the time of the contribution or distribution, shall be considered as a liability assumed by the transferee. For example, A contributes property with a basis to him of $1,000 to equal partnership AB. The property is subject to a mortgage of $2,500 and its value exceeds $2,500. Under paragraph (b) of this section, A will be treated as receiving a distribution in money of $1,250, one-half of the liability of $2,500 assumed by the partnership. Since the basis of A's partnership interest is $1,000 (the basis of the property contributed by him), the distribution to him of $1,250 results in his realizing a capital gain of $250 under section 731 (a). A's basis for his partnership interest is zero. Although as a partner A has a $1,250 share of the $2,500 partnership liability, this $1,250 is not added to the basis of A's partnership interest since it does not represent an increase in liabilities as to him.

(d) *Sale or exchange of a partnership interest.* Where there is a sale or exchange of an interest in a partnership, liabilities shall be treated in the same manner as liabilities in connection with the sale or exchange of property not associated with partnerships. For example, if a partner sells his interest in a partnership for $750 cash and at the same time transfers to the purchaser his share of partnership liabilities amounting to $250, the amount realized by the seller on the transaction is $1,000.

(e) *Partner's share of partnership liabilities.* A partner's share of partnership liabilities shall be determined in accordance with his ratio for sharing losses under the partnership agreement. In the case of a limited partnership, a limited partner's share of partnership liabilities shall not exceed the difference between his actual contribution credited to him by the partnership and the total contribution which he is obligated to make under the limited partnership agreement. However, where none of the partners have any personal liability with respect to a partnership liability (as in the case of a mortgage on real estate acquired by the partnership without the assumption by the partnership or any of the partners of any liability on the mortgage), then all partners, including limited partners, shall be considered as sharing such liability under section 752 (c) in the same proportion as they share the profits. The provisions of this paragraph may be illustrated by the following example:

*Example.* G is a general partner and L is a limited partner in partnership GL. Each makes equal contributions of $20,000 cash to the partnership upon its formation. Under the terms of the partnership agreement, they are to share profits equally but L's liabilities are limited to the extent of his contribution. Subsequently, the partnership pays $10,000 for real property which is subject to a mortgage of $5,000. Neither the partnership nor any of the partners assume any liability on the mortgage. The basis of such property to the partnership is $15,000. The basis of G and L for their partnership interests is increased by $2,500 each, since each partner's share of the partnership liability (the $5,000 mortgage) has increased by that amount. However, if the partnership had assumed the mortgage so that G had become personally liable thereunder, G's basis for his interest would have been increased by $5,000 and L's basis would remain unchanged.

(f) *Limitation.* In determining the amount of liabilities for the purposes of section 752 and this section, the amount of an indebtedness is to be taken into account only once, even though a partner (in addition to his liability for such indebtedness as a partner) may be separately liable therefor in a capacity other than as a partner.

§ 1.753    *Statutory provisions; partner receiving income in respect of decedent.*

SEC. 753.    *Partner receiving income in respect of decedent.* The amount includible in the gross income of a successor in interest of a deceased partner under section 736 (a) shall be considered income in respect of a decedent under section 691.

§ 1.753–1    *Partner receiving income in respect of decedent*—(a) *Income in respect of a decedent under section 736 (a).* All payments coming within the provisions of section 736 (a) made by a partnership to the estate or other successor in interest of a deceased partner are considered income in respect of the decedent under section 691. The estate or other successor in interest of a deceased partner shall be considered to have received income in respect of a decedent to the extent that amounts are paid by a third person in exchange for rights to future payments from the

Case 3:05-cv-00944-BAJ-EWD     Document 107-10     05/27/11     Page 33 of 37

partnership under section 736 (a). When a partner who is receiving payments under section 736 (a) dies, section 753 applies to any remaining payments under section 736 (a) made to his estate or other successor in interest.

(b) *Other income in respect of a decedent.* When a partner dies, the entire portion of the distributive share which is attributable to the period ending with the date of his death and which is taxable to his estate or other successor constitutes income in respect of a decedent under section 691. This rule applies even though that part of the distributive share for the period before death which the decedent withdrew is not included in the value of the decedent's partnership interest for estate tax purposes. See § 1.706–1 (c) (3).

(c) *Example.* The provisions of this section may be illustrated by the following example:

*Example.* A and the decedent B were equal partners in a business having assets (other than money) worth $40,000 on an adjusted basis of $10,000. Certain partnership business was well advanced towards completion before B's death, and after B's death but before the end of the partnership year, payment of $10,000 was made to the partnership for such work. The partnership agreement provided that, upon the death of one of the partners, all partnership property, including unfinished work, would pass to the surviving partner, and that the surviving partner would pay the estate of the decedent the undrawn balance of his share of partnership earnings to the date of death, plus $10,000 in each of the three years after death. B's share of earnings to the date of his death was $4,000, of which he had withdrawn $3,000. B's distributive share of partnership income of $4,000 to the date of his death is income in respect of a decedent (although only the $1,000 undrawn at B's death will be reflected in the value of B's partnership interest on his estate tax return). Assume that the value of B's interest in partnership property at the date of his death was $22,000, composed of the following items: B's one-half share of the assets of $40,000, plus $2,000, B's interest in partnership cash. It should be noted that B's $1,000 undrawn share of earnings to the date of his death is not a separate item but will be paid from partnership assets. Under the partnership agreement, A is to pay B's estate a total of $31,000. The difference of $9,000 between the amount to be paid by A ($31,000) and the value of B's interest in partnership property ($22,000) comes within section 736 (a) and, thus, also constitutes income in respect of a decedent. (However, the $17,000 difference between the $5,000 basis for B's share of the partnership property and his $22,000 value at the date of his death does not constitute income in respect of a decedent.) If, before the close of the partnership taxable year, A pays B's estate $11,000, of which they agree to allocate $3,000 as the payment under section 736 (a), B's estate will include $7,000 in its gross income (B's $4,000 distributive share plus $3,000 payment under section 736 (a)). In computing the deduction under section 691 (c), this $7,000 will be considered as the value for estate tax purposes of such income in respect of a decedent, even though only $4,000 ($1,000 of distributive share not withdrawn, plus $3,000, payment under section 736 (a)) of this amount can be identified on the estate tax return as part of the partnership interest.

(d) *Effective date.* The provisions of section 753 apply only in the case of payments made with respect to decedents whose death occurred after December 31, 1954. See section 771 (b) (4) and § 1.771 (b) (4).

§ 1.754 *Statutory provisions; manner of electing optional adjustment to basis of partnership property.*

SEC. 754. *Manner of electing optional adjustment to basis of partnership property.* If a partnership files an election, in accordance with regulations prescribed by the Secretary or his delegate, the basis of partnership property shall be adjusted, in the case of a distribution of property, in the manner provided in section 734 and, in the case of a transfer of a partnership interest, in the manner provided in section 743. Such an election shall apply with respect to all distributions of property by the partnership and to all transfers of interests in the partnership during the taxable year with respect to which such election was filed and all subsequent taxable years. Such election may be revoked by the partnership, subject to such limitations as may be provided by regulations prescribed by the Secretary or his delegate.

§ 1.754–1 *Time and manner of making election to adjust basis of partnership property*—(a) *In general.* A partnership may adjust the basis of partnership property under sections 734 (b) and 743 (b) if it files an election in accordance with the rules set forth in paragraph (b) of this section. An election may not be filed to make the adjustments provided in either section 734 (b) or section 743 (b) alone, but such an election must apply to both sections. An election made under the provisions of this section shall apply to all property distributions and transfers of partnership interests taking place in the partnership taxable year for which the election is made and in all subsequent partnership taxable years unless the election is revoked pursuant to paragraph (c) of this section.

(b) *Method of making election.* An election under this section to adjust the basis of partnership property under sections 734 (b) and 743 (b) shall be made in a written statement filed with the partnership return for the first taxable year to which the election applies (or within 90 days after the promulgation of the regulations under section 754). The statement shall (1) set forth the name and address of the partnership making the election, (2) be signed by any one of the partners, and (3) contain a declaration that the partnership elects to apply the provisions of section 734 (b) and section 743 (b).

(c) *Revocation of election.* A partnership having an election in effect under this section may revoke such election with the approval of the district director for the district in which the partnership return is required to be filed. A partnership which wishes to revoke such an election shall file with the district director for the district in which the partnership return is required to be filed an application setting forth the grounds on which the revocation is desired. The application shall be filed not later than 30 days after the close of the partnership taxable year with respect to which revocation is intended to take effect and shall be signed by any one of the partners. Examples of situations which may be considered sufficient reason for approving an application for revocation include a change in the nature of the partnership business, a substantial increase in the assets of the partnership, a change in the character of partnership assets, or an increased frequency of retirements or shifts of partnership interests, so that an increased administrative burden would result to the partnership from the election. However, no application for revocation of an election shall be approved when the purpose of the revocation is primarily to avoid stepping down the basis of partnership assets upon a transfer or distribution.

§ 1.755 *Statutory provisions; rules for allocation of basis.*

SEC. 755. *Rules for allocation of basis*—(a) *General rule.* Any increase or decrease in the adjusted basis of partnership property under section 734 (b) (relating to the optional adjustment to the basis of undistributed partnership property) or section 743 (b) (relating to the optional adjustment to the basis of partnership property in the case of a transfer of an interest in a partnership) shall, except as provided in subsection (b), be allocated—

(1) In a manner which has the effect of reducing the difference between the fair market value and the adjusted basis of partnership properties, or

(2) In any other manner permitted by regulations prescribed by the Secretary or his delegate.

(b) *Special rule.* In applying the allocation rules provided in subsection (a), increases or decreases in the adjusted basis of partnership property arising from a distribution of, or a transfer of an interest in, property consisting of—

(1) Capital assets and property described in section 1231 (b), or

(2) Any other property of the partnership,

shall be allocated to partnership property of a like character except that the basis of any such partnership property shall not be reduced below zero. If, in the case of a distribution, the adjustment to basis of property described in paragraph (1) or (2) is prevented by the absence of such property or by insufficient adjusted basis for such property, such adjustment shall be applied to subsequently acquired property of a like character in accordance with regulations prescribed by the Secretary or his delegate.

§ 1.755–1 *Rules for allocation of basis*—(a) *General rule.* (1) (i) A partnership which has elected under section 754 must adjust the basis of partnership property under the provisions of section 734 (b) (relating to the optional adjustment to the basis of undistributed partnership property) and section 743 (b) (relating to the optional adjustment to the basis of partnership property where a partnership interest is transferred). The amount of the increase or decrease (as determined in those sections) in the adjusted basis of the partnership property shall first be divided, under paragraph (b) of this section, between the two classes of property described in section 755 (b). Then, the portion of the increase or decrease allocated to each class shall be further allocated to the bases of the properties within the class in a manner which will reduce the difference between the fair market value and the adjusted basis of partnership properties. In the alternative, any increase or decrease may be allocated in any other manner approved

by the district director under subparagraph (2) of this paragraph.

(ii) If there is an increase in basis to be allocated to partnership assets, such increase must be allocated only to assets whose values exceed their bases and in proportion to the difference between the value and basis of each. No increase shall be made to the basis of any asset the adjusted basis of which equals or exceeds its fair market value.

(iii) If there is a decrease in basis to be allocated to partnership assets, such decrease must be allocated to assets whose bases exceed their value and in proportion to the difference between the basis and value of each. No decrease shall be made to the basis of any asset, the fair market value of which equals or exceeds its adjusted basis.

(iv) The application of the rules with respect to the allocation of an adjustment in basis under subdivisions (ii) and (iii) of this subparagraph requires that a portion of such adjustment be allocated to partnership good will, to the extent that good will exists and is reflected in the value of the property distributed, the price at which the partnership interest is sold, or the partnership interest determined under section 1014, in accordance with the difference between such value of the good will and its adjusted basis at the time of the transaction.

(2) If a partnership (or a partner electing under section 732 (d)) desires to adjust the basis of assets under section 734 (b) or 743 (b) in a manner other than that prescribed in subparagraph (1) of this paragraph, it must file an application for permission to use such method with the district director no later than 30 days after the close of the partnership taxable year in which the proposed adjustment is to be made. The application must describe the proposed adjustments in detail and set forth the reasons for the desired use of the other method. Under section 755 (a) (2), the district director may permit the partnership to increase the bases of some partnership properties and decrease the bases of other partnership properties under section 734 or 743 (b). Each increase or decrease to the basis of an asset must reduce or eliminate the difference between such basis and the value of the asset. The net amount of all such adjustments must equal the amount of the adjustment under section 734 (b) or 743 (b). Adjustments that both increase and decrease the basis of partnership assets will be permitted by the district director only upon a satisfactory showing of the values for partnership assets used by the parties to determine the price at which a partnership interest was sold, the value of the decedent's partnership interest at date of death (or at the alternate valuation date, if used), or the amount of a distribution.

(b) *Special rules.* For the purposes of applying section 755, all partnership property shall be classified into two categories: capital assets and property described in section 1231 (b) (certain property used in the trade or business), or any other property of the partnership.

(1) *Distributions.* (i) Where there is a distribution of partnership property resulting in an adjustment to the basis of undistributed partnership property under section 734 (b) (1) (B) or (b) (2) (B), such adjustment must be allocated to remaining partnership property of a character similar to that of the distributed property with respect to which the adjustment arose. Thus, when the partnership adjusted basis of distributed capital assets and section 1231 (b) property immediately prior to distribution exceeds the basis of such property to the distributee partner (as determined under section 732), the basis of the undistributed capital assets and section 1231 (b) property remaining in the partnership shall be increased by an amount equal to such excess. Conversely, when the basis to the distributee partner (as determined under section 732) of distributed capital assets and section 1231 (b) property exceeds the partnership adjusted basis of such property immediately prior to the distribution, the basis of the undistributed capital assets and section 1231 (b) property remaining in the partnership shall be decreased by an amount equal to such excess. Similarly, where there is a distribution of partnership property other than capital assets and section 1231 (b) property, and the basis of such other property to the distributee partner (as determined under section 732) is not the same as the partnership adjusted basis of such property immediately prior to distribution, the adjustment shall be made only to undistributed property of the same category remaining in the partnership.

(ii) Where there is a distribution resulting in an adjustment under section 734 (b) (1) (A) or (b) (2) (A) to the basis of undistributed partnership property, such adjustment must be allocated only to capital assets or section 1231 (b) property.

(2) *Transfers.* Where there is a basis adjustment under section 743 (b) arising from a transfer of an interest in a partnership by sale or exchange or upon the death of a partner, the amount of the adjustment shall be allocated between the two classes of property described in section 755 (b) and then the amount allocated to each class shall be further allocated under the rules of paragraph (a) (1) of this section. Thus, to the extent that an amount paid by a purchaser of a partnership interest (or the basis of the partnership interest to the estate or other successor in interest of a deceased partner) is attributable to the value of capital assets and section 1231 (b) property, any difference between the amount so attributable and the transferee partner's share of the partnership basis of such property shall constitute a special basis adjustment with respect to partnership capital assets and section 1231 (b) property. Similarly, any such difference attributable to any other property of the partnership shall constitute a special basis adjustment with respect to such property.

(3) *Limitation on decrease of basis.* Where a decrease in the basis of partnership assets is required under section 734 (b) (2) and the amount of the decrease exceeds the adjusted basis to the part-

nership of property of the required character, the basis of such property shall be reduced to zero (but not below zero), and the balance of the decrease in basis shall be made when the partnership subsequently acquires property of a like character to which an adjustment can be made.

(4) *Carryover of adjustment.* Where, in the case of a distribution, an increase or decrease required under paragraph (a) of this section in the basis of undistributed partnership property cannot be made because the partnership owns no property of the character required to be adjusted, or because the adjustment has been limited under subparagraph (3) of this paragraph, the adjustment shall be made when the partnership subsequently acquires property of a like character to which an adjustment can be made.

(c) *Examples.* The provisions of this section may be illustrated by the following examples:

*Example (1).* Assume that partnership ABC has three assets: X, a capital asset with an adjusted basis of $1,000 and a value of $1,500; Y, a depreciable asset with an adjusted basis of $1,000 and a value of $900; and Z, inventory items with an adjusted basis of $700 and a value of $600. A sells his interest to D (when an election under 754 is in effect) for $1,000 ($\frac{1}{3}$ of $3,000, the total value of partnership assets). D's share of the adjusted basis of partnership property is $900 ($\frac{1}{3}$ of $2,700). Therefore, under section 743 (b), D has a special basis adjustment of $100 ($1,000 minus $900). This adjustment must be allocated entirely to property X, since such allocation will have the effect of reducing the difference between the value and basis of such asset. Therefore, D has a special basis adjustment of $100 with respect to property X, which now has a special basis to him of $1,100. No part of the adjustment is made to depreciable property Y or inventory items Z, since any such adjustment would increase the difference between the basis and value of each such asset.

*Example (2).* Assume the same facts as in example (1) of this paragraph except that capital asset X has a value of $1,500, depreciable property Y has a value of $1,100, and inventory items Z have a value of $400. Therefore, under section 743 (b), D has a special basis adjustment of $100, the excess of D's basis for his interest in the partnership ($1,000) over his share of the adjusted basis of partnership property ($900). This $100 adjustment must be allocated entirely to capital asset X and depreciable property Y in proportion to the difference between the value and basis of each since such allocation has the effect of reducing the difference between the value and basis of each such asset. Therefore, D has a special basis adjustment of $83 ($500/$600 of $100) with respect to capital asset X, which now has a special basis to him of $1,083, and of $17 ($100/$600 of $100) with respect to depreciable property Y, which now has a special basis to him of $1,017. No part of the adjustment is made to inventory items Z, since any such adjustment would increase the difference between the basis of such asset and its value.

*Example (3).* Assume that partnership EFG has three assets: X, a capital asset with an adjusted basis of $1,000 and a value of $1,500; Y, a depreciable asset with an adjusted basis of $1,000 and a value of $700; and Z, inventory items with an adjusted basis of $700 and a value of $800. E sells his interest to H (when an election under section 754 is in effect) for $1,000 ($\frac{1}{3}$ of $3,000, the total value of the partnership

Case 3:05-cv-00944-BAJ-EWD    Document 107-10    05/27/11    Page 35 of 37

assets). H's share of the adjusted basis of partnership is $900 ($1/3 of $2,700). Therefore, H has a special basis adjustment of $100 ($1,000 minus $900) under section 743 (b). Since, of the total $300 difference between the value and the adjusted basis of all partnership property, $200 ($500, appreciation in value of X, minus $300, depreciation in value of Y) is attributable to the class of capital assets and depreciable property, and $100 (appreciation in value of inventory items Z) to the class of other property, H's special basis adjustment of $100 must be allocated $2/3 to capital assets and depreciable property and $1/3 to other property (inventory). The $67 increase ($2/3 of $100) to be allocated to capital assets and depreciable property must further be allocated so as to reduce the difference between the value and basis of such assets. This can be done only by allocating the entire $67 increase to capital asset X (the basis of which is less than its value), and no part of the increase to depreciable property Y (the basis of which exceeds its value). Therefore, H has a special basis adjustment of $67 for capital asset X, which now has a basis equal to him of $1,067; he has no special basis adjustment for depreciable property Y. H also has a special basis adjustment of $33 ($1/3 of $100) for inventory items Z, the special basis of which is now $733.

### DEFINITIONS

### § 1.761    *Statutory provisions; terms defined.*

Sec. 761. Terms defined—(a) *Partnership.* For purposes of this subtitle, the term "partnership" includes a syndicate, group, pool, joint venture, or other unincorporated organization through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a corporation or a trust or estate. Under regulations the Secretary or his delegate may, at the election of all the members of an unincorporated organization, exclude such organization from the application of all or part of this subchapter, if it is availed of—

(1) For investment purposes only and not for the active conduct of a business, or

(2) For the joint production, extraction, use of property, but not for the purpose of selling services or property produced or extracted,

if the income of the members of the organization may be adequately determined without the computation of partnership taxable income.

(b) *Partner.* For purposes of this subtitle, the term "partner" means a member of a partnership.

(c) *Partnership agreement.* For purposes of this subchapter, a partnership agreement includes any modifications of the partnership agreement made prior to, or at, the time prescribed by law for the filing of the partnership return for the taxable year (not including extensions), which are agreed to by all the partners, or which are adopted in such other manner as may be provided by the partnership agreement.

(d) *Liquidation of a partner's interest.* For purposes of this subchapter, the term "liquidation of a partner's interest" means the termination of a partner's entire interest in a partnership by means of a distribution, or a series of distributions, to the partner by the partnership.

### § 1.761-1    *Terms defined*—(a) *Partnership*—(1) *In general.* The term "partnership" includes a syndicate, group, pool, joint venture, or other unincorporated organization through or by means of which any business, financial operation, or venture is carried on, and

which is not a corporation or a trust or estate within the meaning of the Internal Revenue Code of 1954. The term "partnership" is broader in scope than the common law meaning of partnership, and may include groups not commonly called partnerships. See section 7701 (a) (2). See regulations under section 7701 (a) (1), (2), and (3) for the description of those unincorporated organizations taxable as corporations or trusts. A joint undertaking merely to share expenses is not a partnership. For example, if two or more persons jointly construct a ditch merely to drain surface water from their properties, they are not partners. Mere coownership of property which is maintained, kept in repair, and rented or leased does not constitute a partnership. For example, if an individual owner, or tenants in common, of farm property lease it to a farmer for a cash rental or a share of the crops, they do not necessarily create a partnership thereby. Tenants in common, however, may be partners if they actively carry on a trade, business, financial operation, or venture and divide the profits thereof. For example, a partnership exists if coowners of an apartment building lease space and in addition provide services to the occupants either directly or through an agent.

(2) *Exclusion of certain partnerships from provisions of subchapter K*—(i) *In general.* Under the conditions set forth in this paragraph, an unincorporated organization described in subdivision (ii) or (iii) of this subparagraph may be excluded from the application of all or a part of the provisions of subchapter K. Such organization must be availed of for investment purposes only and not for the active conduct of a business, or for the joint production, extraction, or use of property, but not for the purpose of selling services or property produced or extracted. The members of such organization must be able to compute their income without the necessity of computing partnership taxable income. Any syndicate, group, pool, or joint venture which is classifiable as an association, or any group operating under an agreement which creates an organization classifiable as an association, does not fall within these provisions.

(ii) *Investing partnership.* Where the participants in the joint purchase, retention, sales, or exchange of investment property—

(a) Own the property as coowners,

(b) Reserve the right separately to take or dispose of their shares of any property acquired or retained, and

(c) Do not actively conduct business for joint profit, or irrevocably authorize some person or persons acting in a representative capacity to purchase, sell, or exchange such investment property, although each separate participant may delegate authority to purchase, sell, or exchange his share of any such investment property for the time being for his account, but not for a period of more than a year, then

such group may be excluded from the application of the provisions of subchapter K under the rules set forth in subdivision (iv) of this subparagraph.

(iii) *Operating agreements.* Where the participants in the joint production, extraction, or use of property—

(a) Own the property as coowners, either in fee or under a lease or other form of contract granting exclusive operating rights, and

(b) Reserve the right separately to take in kind or dispose of their shares of any property produced, extracted, or used, and

(c) Do not jointly sell services or the property produced or extracted, although each separate participant may delegate authority to sell his share of the property produced or extracted for the time being for his account, but not for a period of time in excess of the minimum needs of the industry, and in no event for more than one year, then

such group may be excluded from the application of the provisions of subchapter K under the rules set forth in subdivision (iv) of this subparagraph. However, the preceding sentence does not apply to any unincorporated organization one of whose principal purposes is cycling, manufacturing, or processing for persons who are not members of the organization.

(iv) *Method of election*—(a) *Complete exclusion from subchapter K.* An unincorporated organization which wishes to be excluded from all of subchapter K must make the election provided in section 761 (a) in a statement attached to a partnership return filed with the district director for the district in which the organization has its principal office or place of business. Such return shall be properly executed and shall contain, in lieu of the information required thereon, only the name and address of the organization. The statement attached to the return shall include the names and addresses of all the members of the organization; a statement that the organization qualifies under subdivisions (i) and either (ii) or (iii) of § 1.761–1 (a) (2) and elects to be excluded from all of subchapter K; and a copy of the agreement under which the organization operates if written (or a summary thereof if oral). Unless, within 90 days after the formation of the organization (or after the promulgation of the regulations under subchapter K, whichever is later), any member of the organization notifies the Commissioner that the member desires subchapter K to apply to such organization, and also advises the Commissioner that he has so notified all other members of the organization by registered or certified mail, the election to be excluded will be approved. Such election is irrevocable as long as the organization remains qualified under subdivisions (i) and either (ii) or (iii) of this subparagraph.

(b) *Partial exclusion from subchapter K.* An unincorporated organization which wishes to be excluded from only certain sections of subchapter K must submit to the Commissioner, no later than 90 days after the beginning of the first taxable year for which partial exclusion is desired, a request for permission to be excluded from certain provisions of subchapter K. The request shall set forth the sections of subchapter K

from which exclusion is sought and shall state that such organization qualifies under subdivisions (i) and either (ii) or (iii) of § 1.761–1 (a) (2), and that the members of the organization elect to be excluded to the extent indicated. Such exclusion shall be effective only upon approval of the election by the Commissioner and subject to the conditions he may impose.

(v) *Information to be filed by organizations excluded under section 761.* (a) An organization excluded from all of subchapter K shall file annually with the Commissioner of Internal Revenue, Midwest Service Center, Kansas City, Missouri, a Form 1099 for each person who was a member of the organization during any part of the calendar year. Such form shall show the name and address of the member (under "To Whom Paid") and the name and address of the organization (under "By Whom Paid"). In lieu of "Kind and Amount of Income Paid", each such form shall state "Filed under section 761 (a)" and the principal activity of the organization. Such organization need not file Form 1065 annually.

(b) Organizations partially excluded from subchapter K shall file partnership returns containing such information as the Commissioner may require upon the granting of the partial exclusion under section 761 (a).

(b) *Partner.* The term "partner" means a member of a partnership.

(c) *Partnership agreement.* For the purposes of subchapter K, a partnership agreement includes the original agreement and any modifications thereof agreed to by all the partners or adopted in any other manner provided by the partnership agreement. Such agreement or modifications can be oral or written. A partnership agreement may be modified with respect to a particular taxable year subsequent to the close of such taxable year, but not later than the date (not including any extension of time) prescribed by law for the filing of the partnership return. As to any matter on which the partnership agreement, or any modification thereof, is silent, the provisions of local law shall be considered to constitute a part of the agreement.

(d) *Liquidation of partner's interest.* The term "liquidation of a partner's interest" means the termination of a partner's entire interest in a partnership by means of a distribution, or a series of distributions, to the partner by the partnership. A series of distributions will come within the meaning of this term whether they are made in one year or in more than one year. Where a partner's interest is to be liquidated by a series of distributions, the interest will not be considered as liquidated until the final distribution has been made. For the basis of property distributed in one liquidating distribution, or in a series of distributions in liquidation, see section 732 (b). A distribution which is not in liquidation of a partner's entire interest, as defined in this paragraph, is a current distribution. Current distributions,

therefore, include distributions in partial liquidation of a partner's interest, and distributions of the partner's distributive share. See § 1.731–1 (a) (1) (ii).

EFFECTIVE DATE FOR SUBCHAPTER

**§ 1.771** *Statutory provisions; effective date.*

Sec. 771. *Effective date*—(a) *General rule*—(1) *Taxable years beginning after December 31, 1954.* Except as provided in subsection (b), this subchapter shall apply with respect to—

(A) Any partnership taxable year beginning after December 31, 1954, and

(B) Any part of a partner's taxable year falling within such partnership taxable year.

(2) *Application of prior provisions.* Except as provided in subsection (b), sections 113 (a) (13), 181 to 191 (inclusive), and 3797 (a) (2) of the Internal Revenue Code of 1939 shall apply with respect to—

(A) Any partnership taxable year beginning before January 1, 1955, and

(B) Any part of a partner's taxable year falling within such partnership taxable year.

(b) *Special rules*—(1) *Adoption of taxable year.* Section 706 (b) (relating to the adoption of a taxable year by a partnership or partner) shall apply to—

(A) Any partnership which adopts, or changes to, a taxable year beginning after April 1, 1954, and

(B) Any partner who changes to a taxable year beginning after April 1, 1954.

For the purpose of applying this paragraph, section 706 (relating to the continuation of a partnership) shall be effective for taxable years beginning after April 1, 1954.

(2) *Property distributed by a partnership.* Section 735 (a) (relating to the character of gain or loss on the disposition of property distributed by a partnership) shall apply only to property distributed by a partnership after March 9, 1954.

(3) *Unrealized receivables and inventory items.* Section 751 (relating to unrealized receivables and inventory items) shall apply with respect to gain or loss to a seller, distributee, or partnership in the case of a sale, exchange, or distribution occurring after March 9, 1954. For the purpose of applying this paragraph in the case of a taxable year beginning before January 1, 1955, the other sections of this subchapter shall be applicable to the extent provided by regulations prescribed by the Secretary or his delegate.

(4) *Partner receiving income in respect of decedent.* Section 753 (relating to income in respect of a decedent) shall apply only in the case of payments made with respect to decedents dying after December 31, 1954.

(c) *Optional treatment of certain distributions.* In the case of a partnership taxable year beginning after December 31, 1953, and before January 1, 1955, a partnership may elect, under regulations prescribed by the Secretary or his delegate, with respect to distributions made during such year to any partner, other than in liquidation of the partner's interest, to apply the rules in sections 731, 732 (a), (c), and (e), 733, 735, and 751 (b), (c), and (d) (and, to the extent applicable, the rules provided in sections 705, 752, and 761 (d)). If a partnership so elects, such rules shall be effective for the partnership and all members of such partnership with respect to such distributions.

**§ 1.771–1** *Effective date*—(a) *General rule.* Except as provided in paragraph (b) or (c) of this section, the provisions of subchapter K shall apply to any taxable year of a partnership beginning after December 31, 1954, and to

any part of a partner's taxable year falling within such partnership taxable year. The provisions of the Internal Revenue Code of 1939 relating to partnerships shall apply to any taxable year of a partnership beginning before January 1, 1955, and to any part of a partner's taxable year falling within such partnership taxable year. If a partnership and the partners are on different taxable years, subchapter K shall become effective at the same time both for the partnership and for the partners.

(b) *Special rules.* Certain provisions of section 771 apply after specific dates in 1954, as follows:

(1) *Adoption of taxable year.* Section 706 (b) (relating to the adoption of taxable years by partners and partnerships), shall apply to any partnership which adopts or changes to, and any partner who changes to, a taxable year beginning on or after April 2, 1954. For the purpose of applying this subparagraph, the rules of section 708 (relating to the continuation of partnerships) shall apply. For example, if two or more partnerships merge after April 1, 1954, and the new partnership uses the taxable year of the partnership of which it is deemed to be the successor under section 708 (b) (2) (A), it will not need prior approval to continue to use such taxable year even though such year may be different from the taxable years of the partners. Such a partnership is not "adopting" or "changing" its taxable year.

(2) *Property distributed by a partnership.* Section 735 (a), relating to the character of gain or loss on disposition of property distributed by a partnership to a partner, shall apply only to property distributed after March 9, 1954. Although a partnership whose taxable year begins before January 1, 1955, generally will be subject to the provisions of the Internal Revenue Code of 1939, any unrealized receivables or inventory items distributed by any such partnership after March 9, 1954, will be subject to the provisions of section 735 (a), and the gain or loss on the subsequent disposition of such property will be ordinary gain or loss rather than capital gain or loss. In the case of property distributed before March 10, 1954, section 735 (a) will not apply, even though the property is disposed of by the distributee partner after that date, unless the partnership elects under paragraph (c) of this section to apply section 735.

(3) *Unrealized receivables and inventory items.* Section 751 (providing for the realization of ordinary income on certain transfers or distributions of unrealized receivables or substantially appreciated inventory items) shall be applicable to any such transfer or distribution occurring after March 9, 1954. For the purpose of applying section 751 in the case of a taxable year beginning before January 1, 1955, a partnership or partner may elect to treat as applicable any other section of subchapter K. See § 1.751–1 (f).

(4) *Partner receiving income in respect of a decedent.* Section 753, which

provides that the amount includible in the gross income of a successor in interest of a deceased partner under section 736 (a) shall be considered income in respect of a decedent under section 691, shall apply only in the case of payments made with respect to decedents whose death occurred after December 31, 1954.

(c) *Optional treatment of certain distributions.* (1) For a partnership taxable year beginning after December 31, 1953, and before January 1, 1955, a partnership may elect to apply the rules of certain sections of subchapter K with respect to current distributions made by the partnership in such year. These sections are 731, 732 (a), (c), and (e), 733, 735, and 751 (b), (c), and (d).· If an election is made, it shall apply to the partnership and all its members for all current distributions made by the partnership during the taxable year. Such distributions shall also be subject to the rules of sections 705 (relating to determination of basis of a partner's interest), 752 (relating to treatment of certain liabilities), and 761 (d) (relating to the definition of liquidation of a partner's interest), to the extent that such sections apply to current distributions.

(2) An election under this paragraph shall be made by a statement filed with the partnership return for the taxable year to which such election applies, or filed within 90 days after the promulgation of the regulations under section 771, whichever date is later. The statement shall be signed by all members of the partnership and the election once made shall be binding on the partnership and on all of its members.

[SEAL]    RUSSELL C. HARRINGTON, *Commissioner of Internal Revenue.*

Approved: May 23, 1956.

DAN THROOP SMITH, *Special Assistant to the Secretary in Charge of Tax Policy.*

[F. R. Doc. 56–4164; Filed, May 23, 1956; 4:51 p. m.]

## TITLE 27—INTOXICATING LIQUORS

### Chapter I—Internal Revenue Service, Department of the Treasury

[T. D. 6174]

[Reg. 5]

PART 5—LABELING AND ADVERTISING OF DISTILLED SPIRITS

MISCELLANEOUS AMENDMENTS

Notice of public hearing to be held in Washington, D. C., on December 1, 1955, with respect to certain proposals to amend Regulations No. 5, Relating to Labeling and Advertising of Distilled Spirits, was published in the FEDERAL REGISTER on November 19, 1955 (20 F. R. 8574). Upon the conclusion of the said

hearing and after consideration of all relevant material submitted by interested persons in connection therewith regarding the proposals, the following amendments to Regulations No. 5 (27 CFR, Part 5) are hereby adopted:

PARAGRAPH 1. Section 21, class 4 (a) (27 CFR 5.21 (d) (1)), by adding the following proviso at the end of the second sentence: "*Provided,* That in the case of any fruit brandy, other than neutral brandy, pomace brandy, marc brandy or grappa brandy distilled from the fermented juice, mash, or wine of grapes, or the residue thereof, which has been aged for less than two years, the statement of the class (and type, if any) shall be preceded by the word 'immature' appearing in the same size and kind of type and as a part thereof, e. g., 'immature brandy' or 'immature grape brandy'."

PAR. 2. The proviso at the end of section 39 (b) (1) (27 CFR 5.39 (b) (1)) is amended to read as follows: "*Provided,* That an appropriate statement with respect to age shall appear on the brand label in the case of brandy (other than immature brandies) not aged for a period of at least two years."

PAR. 3. Section 39 (e) (5) (27 CFR 5.39 (e) (5)) is amended by inserting immediately after the word "brandies" appearing in the proviso at the end of the first sentence thereof, the following: "(except immature brandies)".

PAR. 4. Section 64 (c) (27 CFR 5.64 (c)) is amended by inserting in the last sentence immediately after the word "brandy", the following: "(except immature brandies)".

This Treasury decision shall become effective thirty days after publication in the FEDERAL REGISTER.

(53 Stat. 375; 26 U. S. C. 3176. Interpret or apply sec. 5, 49 Stat. 981, as amended; 27 U. S. C. 205)

[SEAL]    HARRY J. TRAINOR, *Acting Commissioner.*

Approved: May 21, 1956.

DAN THROOP SMITH, *Special Assistant to the Secretary in Charge of Tax Policy.*

[F. R. Doc. 56–4116; Filed, May 24, 1956; 8:49 a. m.]

## TITLE 43—PUBLIC LANDS: INTERIOR

### Chapter I—Bureau of Land Management, Department of the Interior

Appendix—Public Land Orders

[Public Land Order 1300]

[Utah 010927, 010931]

UTAH

MODIFYING THE EXECUTIVE ORDER OF APRIL 4, 1922, WHICH CREATED PUBLIC WATER RESERVE NO. 82

By virtue of the authority vested in the President by section 1 of the act of

June 25, 1910 (36 Stat. 847; 43 U. S. C. 141), and pursuant to Executive Order No. 10355 of May 26, 1952, it is ordered as follows:

The Executive order of April 4, 1922, establishing Public Water Reserve No. 82, is hereby modified to the extent necessary to permit disposal of the following-described lands under applicable public-land laws by a State exchange or a State selection:

SALT LAKE MERIDIAN

T. 17 S., R. 21 E.,
   Sec. 15, SW¼SW¼;
   Sec. 22, N½NW¼;
   Sec. 27, SW¼SE¼;
   Sec. 28, NE¼NW¼;
   Sec. 33, SE¼SW¼;
   Sec. 34, W½NW¼;
   Sec. 35, SW¼NW¼.
T. 18 S., R. 21 E.,
   Sec. 1, lot 4;
   Sec. 9, N½SE¼;
   Sec. 10, NE¼SE¼;
   Sec. 11, SW¼SW¼, SW¼SE¼;
   Sec. 14, NW¼NE¼, SW¼NW¼, NW¼SW¼;
   Sec. 15, NW¼NE¼, NE¼SW¼;
   Sec. 17, SE¼NE¼;
   Sec. 20, S½SE¼, SW¼SW¼;
   Sec. 29, SW¼SE¼.

The areas described aggregate 985.98 acres.

WESLEY A. D'EWART, *Assistant Secretary of the Interior.*

MAY 21, 1956.

[F. R. Doc. 56–4104; Filed, May 24, 1956; 8:46 a. m.]

## TITLE 46—SHIPPING

### Chapter I—Coast Guard, Department of the Treasury

Subchapter N—Explosives or Other Dangerous Articles or Substances and Combustible Liquids on Board Vessels

[CGFR 56–21]

PART 146—TRANSPORTATION OR STOWAGE OF EXPLOSIVES OR OTHER DANGEROUS ARTICLES OR SUBSTANCES AND COMBUSTIBLE LIQUIDS ON BOARD VESSELS

MISCELLANEOUS STORAGE REQUIREMENTS

A notice regarding proposed changes in the navigation and vessel inspection regulations was published in the FEDERAL REGISTER dated March 1, 1956 (21 F. R. 1350–1356), as Items I through XVI on the Agenda to be considered by the Merchant Marine Council, and a public hearing was held on April 24, 1956, at Washington, D. C. This document is the first of a series of documents covering the regulations considered at this public hearing. Another document will be published containing all the miscellaneous amendments regarding Dangerous Cargo Regulations in Item XIII on the Agenda.

After the public hearing held on April