# **PLAINTIFF'S PRE-TRIAL BRIEF**

# **EXHIBIT K**

IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHEMTECH ROYALTY ASSOCIATES, L.P., by DOW EUROPE, S.A. as Tax Matters Partner,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Civil Action No. 05-944-C-M3<br><br>CONSOLIDATED WITH<br><br>Civil Action No. 06-258-RET-DLD and Civil Action No. 07-405-RET-DLD |

**UNITED STATES' SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Fed. R. Civ. P. 26 and 33, the United States supplements its responses to the Plaintiff's First Set of Interrogatories as follows. The United States is responding to these interrogatories as they were described in a letter from plaintiff's counsel, dated June 12, 2008, which stated that the interrogatories should be changed to replace the language "[s]tate your basis for your contentions [in the FPAAs]" with "if you contend in this litigation that".

**General Objections**

A.　　These interrogatories are premature to the extent that they seek a preview of the contentions that will be presented in the pretrial submissions of the United States. In addition, fact discovery is ongoing and may produce results that will alter our current understanding of the applicable law and facts. Further, many of the interrogatories seek information that will only become available after the experts retained by the United States complete their analyses–something that has yet to happen. Therefore, the interrogatories are objectionable as premature.

federal income tax purposes as that term is defined in I.R.C. Section 7701 for the reasons set forth previously in response to Interrogatory 10.

**Interrogatory 16:** If you contend in the present litigation that the Chemtech Partnership "was more like a lending arrangement than an ownership interest," state your basis for that contention.

**Response:** It is the plaintiff's burden to prove that the banks had an ownership interest in the so-called Chemtech Partnership. The United States contends that the plaintiff cannot meet that burden because the banks' relationship to the so-called Chemtech Partnership was more like a lending arrangement than an ownership interest for the reasons set forth previously in response to Interrogatory 4.

**Interrogatory 17:** If you contend in the present litigation that the "allocations as reported by [the Chemtech Partnership] lacked economic effect and substantial economic effect," state your basis for that contention.

**Response:** It is the plaintiff's burden to prove that the allocations reported by the so-called Chemtech Partnership have economic effect and substantial economic effect. The United States contends that the plaintiff cannot meet that burden. The allocations lack economic effect because the allocations are not consistent with the underlying economic arrangements of the partners, as required by Treas. Reg. 1.704-1(b)(2)(ii)(a). For example, the banks are allocated the majority of the taxable income, but they did not receive any economic benefit that corresponds to that allocation. During Chemtech II, RBDC received an allocation of taxable income that

approximated the amount required to be distributed to it on a quarterly basis, even when Chemtech II reported a loss for tax purposes.

Assuming the plaintiff can prove economic effect, it cannot prove substantiality. Any economic effect of the allocations was not substantial because, from an after-tax perspective, no partner was in an economic position which was worse than they would have been without the allocations, and Dow was in a better economic situation than it would have been without the allocations. The banks' economic positions were not affected by amounts allocated to them. Rather, the allocations operated to give Dow the tax benefit of deductions for royalty payments without having to bear the corresponding tax burden for the royalty income.

The documents supporting these contentions include the financial statements of Chemtech, income tax returns of Chemtech and the operative documents of Chemtech which set forth the returns received by the banks and other purported partners.

**Interrogatory 18:** If you contend in the present litigation that the Chemtech Partnership "inappropriately utilized the provisions of Subchapter K for tax avoidance purposes in violation of Treasury Regulation section 1.701-2," state your basis for that contention.

**Response:** It is the plaintiff's burden to prove that it properly utilized the provisions of Subchapter K. The United States contends that the plaintiff cannot meet that burden because Chemtech inappropriately utilized the provisions of subchapter K for tax avoidance purposes. Chemtech is not a bona fide partnership (for the reasons set forth in response to Interrogatory 10, 14 and 15) and the transaction was not entered into for a substantial or legitimate business purpose (for the reasons set forth in response to Interrogatory 14).

## VERIFICATION

I declare under penalty of perjury that the foregoing responses to the plaintiff's interrogatories are true and correct.

_____
Deborah M. Morris
Trial Attorney
Tax Division
United States Department of Justice

As to objections:

                    UNITED STATES OF AMERICA, by

                    DAVID R. DUGAS
                    UNITED STATES ATTORNEY

                    John J. Gaupp
                    Assistant United States Attorney
                    777 Florida Street, Suite 208
                    Baton Rouge, Louisiana 70801
                    Telephone: (225) 389-0443
                    Fax: (225) 389-0685
                    Local Counsel

                    */s/ Deborah M. Morris*
                    Deborah M. Morris
                    Robert L. Welsh
                    Thomas F. Koelbl
                    Trial Attorneys, Tax Division
                    U.S. Department of Justice
                    Post Office Box 14198
                    Ben Franklin Station
                    Washington, D.C. 20044
                    Telephone: (202) 353-1758
                    Fax: (202) 514-9868