IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHEMTECH ROYALTY ASSOCIATES, L.P., by DOW EUROPE, S.A. as Tax Matters Partner, | ) ) ) |
| | ) Case No.: 05-944-BAJ-DLD |
| Plaintiff, | ) Judge Jackson |
| | ) |
| | ) Case No.: 06-258-BAJ-DLD |
| v. | ) Judge Jackson |
| | ) |
| UNITED STATES OF AMERICA, | ) Case No.: 07-CV-00405-BAJ-DLD |
| | ) Judge Jackson |
| Defendant. | ) |
| | ) |

**UNITED STATES' RESPONSE TO PLAINTIFF'S
OBJECTIONS TO DEPOSITION DESIGNATIONS**

The United States submits its response to Plaintiff's objections to the United States' deposition designations. At the outset, all of Plaintiff's objections pursuant to Fed. R. Evid. 403 should be overruled, as Rule 403 does not pertain to bench trials. *See*, *e.g.*, *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981) ("The exclusion of this evidence under Rule 403's weighing of probative value against prejudice was improper. This portion of Rule 403 has no logical application to bench trials. Excluding relevant evidence in a bench trial because it is cumulative or a waste of time is clearly a proper exercise of the judge's power, but excluding relevant evidence on the basis of 'unfair prejudice' is a useless procedure.")

We address each of Plaintiff's remaining objections individually in the attached document (Exhibit A) and direct the Court to that document for a detailed analysis of each objection. In several instances, we do not disagree with Plaintiff's objection, and we have withdrawn those designations. And for the convenience of the Court, we point out two situations that recur frequently in the Exhibit A.

First, Plaintiff waived many of the objections it now attempts to make by failing to object during the depositions. As Fed. R. Civ. P. 32(d)(3)(B) provides, an objection to "the form of a question or answer . . . or other matters that might have been corrected" during the deposition is waived if it "is not timely made during the deposition." The guiding principle behind this rule is one based in fairness, that an objection must be made at the deposition to a question that could be cured at the deposition by the party asking the question. Plaintiff now makes many objections based on "lack of foundation" or improper form, but it failed to make those objections at the depositions. Most of those objections are simply without merit, as we describe in Exhibit A. But they have been waived in any event because Plaintiff did not give the Defendant the opportunity to rephrase the question in a way that Plaintiff might not have found objectionable. *See Daigle v. Maine Medical Ctr.*, 14 F.3d 684, 692 n.11 (1st Cir. 1994) ("The rule's 'general principle is to require defects in the taking of depositions to be pointed out promptly on pain of waiver' so as to 'give the erring party an opportunity to correct the mistake, and to prevent waste of time and money by a subsequent claim that a deposition must be suppressed because of some technical error long ago.'" (citing 8 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2153, at 475 (1970)); *Couch v. Wal-Mart Stores, Inc.*, 1999 U.S. App. LEXIS 19897, at *6 (7th Cir. Aug. 16, 1999) ("errors as to the form of the questions or answers during a deposition are waived if not objected to at the time of the deposition"); *SEC v. Merrill Scott & Assocs., Ltd.*, 505 F. Supp. 2d 1193, 1200 (D. Utah 2007) (noting that an objection to foundation is one type of objection that is waived when not made at a deposition).

Second, Plaintiff's counsel's instructions to a witness as to whether to answer a question, as well as a witness's answer or refusal to answer – whether or not appropriate – is not a matter that should be stricken from the record.  Neither party is now seeking a ruling as to whether Plaintiff's instructions were proper, or whether the information sought was, in fact, privileged.  With respect to those questions, all that the United States is doing now is setting out a number of instances where the United States sought information, and where Plaintiff refused to provide that information because it claimed that it was privileged.

WHEREFORE, except in those instances where the United States has withdrawn a deposition designation, the United States requests that the Court overrule Plaintiff's objections.

Respectfully submitted,

UNITED STATES OF AMERICA, by

Donald J. Cazayoux, Jr.
UNITED STATES ATTORNEY

/s John Gaupp
John J. Gaupp, LBN 14976
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685

/s Thomas J. Sawyer
Thomas J. Sawyer
Robert L. Welsh
Thomas F. Koelbl
Philip M. Schreiber
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 14198
Washington, D.C.  20044
Telephone: (202) 514-8129
Fax:  (202) 514-4963

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHEMTECH ROYALTY ASSOCIATES, )<br>L.P., by DOW EUROPE, S.A. as Tax )<br>Matters Partner, )<br>)<br>Plaintiff, )<br>) | <br><br><br><br><br>Civil Action No. 05-944-C-M3 |
| ) | |
| v. ) | CONSOLIDATED WITH |
| ) | |
| UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | Civil Action No. 06-258-RET-CN |

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing United States' Response to Plaintiff's Objections to Deposition Designations was made on June 16, 2011, by electronic filing through the Court's EM/ECF system to counsel of record:

David M. Bienvenu, Jr., Esq.          John B. Magee
451 Florida Street, 8th Floor          Hartman E. Blanchard, Jr.
Taylor, Porter, Brooks & Phillips      Bingham McCutchen LLP
Baton Rouge, LA 70801                  2020 K Street, NW
                                        Washington, D.C.  20006-1806


/s John Gaupp
John J. Gaupp
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
Local Counsel