UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHEMTECH ROYALTY ASSOCIATES, L.P., by DOW EUROPE, S.A., as Tax Matters Partner | CIVIL ACTION |
| | NO. 05-944-BAJ-DLD |
| VERSUS | |
| | NO. 06-258-BAJ-DLD |
| UNITED STATES OF AMERICA | |
| | NO. 07-405-BAJ-DLD |
| | NO. 10-791-BAJ-SCR |

## CORRECTED JUDGMENT AND ORDER

Pursuant to the jurisdiction conferred on this Court by 26 U.S.C. § 6226 to determine the partnership items of Chemtech Royalty Associates, L.P. ("Chemtech I") (later renamed Chemtech II, L.P. ("Chemtech II")) (collectively, "Chemtech") for its 1993 through 2006 tax years, and in accordance with the Memorandum Ruling issued by the Court February 26, 2013, as amended to include Chemtech's 2004 through 2006 taxable years pursuant to this Court's order dated May 24, 2013, judgment is entered in favor of Defendant, United States of America, and against Plaintiffs, Dow Europe, S.A. (as tax matters partner for Chemtech's 1993 through 1997 taxable years) ("DESA"), Ifco, Inc. (as tax matters partner for Chemtech's 1998 through 2006 taxable years) ("Ifco"), and every other partner treated as a party to these actions (collectively, "Plaintiff").

1

1. It is DETERMINED and ADJUDGED that the Chemtech partnership, and all Chemtech I and Chemtech II transactions are disregarded for federal income tax purposes, with the following tax consequences:

   a. <u>The contribution of Patent Assets.</u> The contribution of Patent Assets to Chemtech is disregarded. Dow and Essex Specialty Products, Inc. ("Essex") are treated as having retained ownership of the Patent Assets.

   b. <u>The contribution of Plant Assets</u>. The contribution of the Plant Assets by Dow to Chemtech is disregarded. Dow is treated as having retained tax ownership of the Plant Assets, and the basis of the Plant Assets is not increased by the basis adjustments made by Chemtech under 26 U.S.C. sections 734 and 754.

   c. <u>The contribution of stock to Chemtech Portfolio, Inc. ("CPI").</u> The contribution of the stock of CPI to Chemtech is disregarded. Dow is treated as having retained ownership of the CPI stock.

   d. <u>The contribution of stock of Chemtech Portfolio II, Inc. ("CPI II").</u> The contribution of the stock of CPI II to Chemtech is disregarded. Dow is treated as having retained tax ownership of the CPI II stock.

   e. <u>The license of the Patent Assets.</u> The license of the Patent Assets is disregarded, the payment of the royalty by Dow is reduced to zero, and the royalty income reported by Chemtech and allocated to its partners is reduced to zero.

f. <u>Contributions to CPI and intercompany loans.</u> The contribution of any funds to CPI is disregarded, any loans from CPI to the Dow group are disregarded, and any interest expense or interest income related to those loans are reduced to zero.

g. <u>The lease of the Plant Assets.</u> The lease of the Plant Assets is disregarded, the payment of the rent by Dow is reduced to zero, and the rental income reported by Chemtech and allocated to its partners is reduced to zero.

h. <u>Contributions to CPI II and intercompany loans.</u> The contribution of any funds to CPI II is disregarded, any loans from CPI II to the Dow group are disregarded, and any interest expense or interest income related to those loans are reduced to zero.

i. <u>The payment by Chemtech to Diamond Technology Partnership Company ("DTPC") of the guaranteed payment.</u> The deduction of the payment by Chemtech and the income reported by DTPC are reduced to zero.

j. <u>Payment by Chemtech to DESA of management fees.</u> Chemtech's deduction for management fees and the income reported by DESA for receipt of the management fees are reduced to zero.

k. <u>Payment by Chemtech to Ifco of management fees.</u> Chemtech's deduction for the management fees and the income reported by Ifco for receipt of the management fees are reduced to zero.

3

1. The acquisitions by Ifco of partnership interests in Chemtech are disregarded.

2. <u>Treatment of Payments to Class A Limited Partners.</u> It is further DETERMINED and ADJUDGED that cash invested by the banks as "Class A Limited Partners" in their respective Chemtech interests shall not be treated as partnership interests, but shall be treated as loans to Dow, and that distributions of Priority Return to the banks shall not be treated as distributions pursuant to 26 U.S.C. section 731, but shall be treated as interest paid by Dow in the taxable year in which the distributions were made; and that all other amounts received by the banks in excess of the amounts paid for their "Class A interests" shall be treated as interest paid by Dow in the taxable year in which the amounts were received by the banks.

3. <u>Deductibility of Transaction Costs.</u> It is further DETERMINED and ADJUDGED that payments by Chemtech related to the creation, operation, or winding up of the partnership or the Chemtech I or Chemtech II transactions shall not be the basis for any deductible expense by any party.

4. <u>Negligence Penalty.</u> It is further DETERMINED and ADJUDGED that for the taxable years 1997 through 2006, the negligence penalty and the substantial understatement penalty under 26 U.S.C. sections 6662(b)(1)–(2), as set forth in the government's Counterclaim with respect to Chemtech's 1997 year and in the Notices of Final Partnership Administrative Adjustment with respect to Chemtech's 1998 through 2006 years, are applicable to any

4

underpayments of tax resulting from the determinations set forth in this Judgment.

5. <u>40 percent valuation misstatement penalty</u>. It is further DETERMINED and ADJUDGED that, for the taxable years 1998 through 2006, the 40 percent valuation misstatement penalty is not applicable.

6. <u>Costs</u>. It is further ORDERED and ADJUDGED that the United States is a prevailing party for purposes of rule 54(d)(1), and the Clerk may tax costs as appropriate.

Baton Rouge, Louisiana, July _10_, 2013.

*/s/ Brian A. Jackson*
_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA