UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CHEMTECH ROYALTY ASSOCIATES, L.P., by DOW EUROPE, S.A., as Tax Matters Partner | CIVIL ACTION |
| VERSUS | NO.: 05-00944-BAJ-SCR<br>LEAD CASE |
| UNITED STATES OF AMERICA | C/W  06-cv-258-BAJ-SCR<br>07-cv-405-BAJ-SCR<br>10-cv-791-BAJ-SCR |

## SUPPLEMENTAL MEMORANDUM RULING

This matter is before the Court on remand from the U.S. Court of Appeals for the Fifth Circuit. The matter concerns the tax consequences of two transactions undertaken by Dow Chemical Company ("Dow") and a number of banks from 1993 through 2006. During those years, Dow and the banks purported to operate two partnerships ("Chemtech I" from 1993–1998 and "Chemtech II" from 1998–2006) that generated over one billion dollars in tax deductions for Dow.[1]

### I.  PROCEDURAL BACKGROUND

A bench trial was held from June 20–24, 2011, with closing argument on June 27, 2011. After considering the parties' pre-trial and post-trial submissions, as well as the arguments and evidence presented at trial, the Court issued in this

---

[1] The plaintiff in this matter is Chemtech Royalty Associates, L.P., as tax matters partner, but the real party in interest is Dow Europe, S.A. The Fifth Circuit's opinion remanding this matter identified the plaintiff as "Dow Chemical Company," but this Court identifies the plaintiff as Chemtech Royalty Associates, L.P., consistent with the entity's self-identification in all court documents.

1

matter a Memorandum Ruling (Doc. 143) and judgment, (*see* Doc. 157)[2]. In its holding, the Court disregarded the partnerships for tax purposes on three grounds: (1) the partnerships were shams, (2) the transactions lacked economic substance, and (3) the banks' interests in Chemtech Royalty Associates, L.P. ("Chemtech") were debt, instead of equity. The Court imposed negligence and substantial-understatement penalties, but found that substantial-valuation and gross-valuation penalties were foreclosed under *Heasley v. Commissioner of Internal Revenue*, 902 F.2d 380 (5th Cir. 1990).[3]

On appeal, the Fifth Circuit affirmed this Court's sham-partnership holding and therefore did not reach the economic-substance holding or the holding classifying the interest as debt. (Doc. 183 at p. 23). Regarding penalties, the Fifth Circuit recognized that the *Heasley* rule had been effectively overruled by the U.S. Supreme Court in *United States v. Woods*, ___ U.S. ___, 134 S. Ct. 557 (2013), a decision issued after this Court's judgment. (*See* Doc. 183 at p. 24). The matter was thus remanded to this Court to determine whether to impose either or both of the substantial-valuation and gross-valuation misstatement penalties. (*Id.*). The appellate court expressed no opinion as to whether this Court erred in imposing

---

[2] This corrected judgment was issued in July 2013 following the May 2013 order of consolidation of Civil Action No. 05-944-BAJ-SCR with Civil Action Nos. 06-258-BAJ-SCR, 07-405-BAJ-SCR, and 10-791-BAJ-SCR. (*See* Doc. 152).

[3] The Court relied on the following rule articulated by the Fifth Circuit in *Heasley*:

> Whenever the I.R.S. totally disallows a deduction or credit, the I.R.S. may not penalize the taxpayer for a valuation overstatement included in that deduction or credit. In such a case, the underpayment is not attributable to a valuation overstatement. Instead, it is attributable to claiming an improper deduction or credit.

*Id.* at 383.

2

negligence and substantial-understatement penalties but advised this Court to "consider the extent to which imposing those penalties remains consistent with [its] opinion." (*Id.*).

Upon remand, the Court ordered the parties to submit briefings regarding the applicability of substantial-valuation and gross-valuation misstatement penalties. (*See* Doc. 185, 191). Chemtech and the United States filed briefings in compliance. (*See* Docs. 192, 193). As agreed by the parties, oral argument is not necessary.[4]

## II. DISCUSSION

The relevant underlying facts of this matter, stated fully in the Court's prior Memorandum Ruling (Doc. 143), remain unchanged.[5] The Court adopts the factual findings and conclusions of law previously articulated on the issues of negligence and substantial-understatement penalties. (*See id.* at pp. 62–69). The Court finds that the imposition of those penalties does not contravene the Fifth Circuit's opinion in this matter. Hence, the 20% negligence penalty and 20% substantial-understatement penalty are appropriate for the taxable years 1997 through 2006 as applied to Chemtech I and Chemtech II. *See* I.R.C. § 6662(b)(1)–(2).

---

[4] (*See* Doc. 195 at ¶¶ 4–5 (Chemtech "sees no reason for oral argument" on valuation-misstatement penalties based on agreement of parties, and the United States concurs that there is no dispute)).

[5] Chemtech has twice requested the opportunity to submit briefings to the Court regarding the negligence and substantial-understatement penalties vacated by the Fifth Circuit. (*See* Doc. 186 at ¶ 6; Doc. 195 at ¶ 4). As explained in a prior Order (Doc. 196), the Court is not inclined to accept supplemental briefings on these penalties, where the Fifth Circuit has not indicated that the Court misapplied the law to these penalties in its first judgment and where there is no apparency of relevant facts newly discovered.

The Court is charged on remand to determine whether to impose misstatement penalties that it previously found to be foreclosed under the *Heasley* rule. Under § 6622 of the Internal Revenue Code, there shall be added to the underpaid tax a penalty equal to 20% of the portion of any underpayment attributable to a substantial valuation misstatement. I.R.C. §§ 6662(a), 6662(b)(3). This penalty increases to 40% in an instance of a gross valuation misstatement, which, for tax returns filed before August 17, 2006, is found to exist where the valuation or adjusted basis of property claimed on the return is 400% or more of the amount determined to be the correct amount of such valuation or adjusted basis.[5] I.R.C. §§ 6662(b)(3), 6662(e)(1)(A), 6662(h)(1)–(2) (2005).

In its decision in *Woods* issued December 2013, the Supreme Court held that the valuation-misstatement penalty encompasses misstatements that rest on legal as well as factual errors, and is therefore applicable to misstatements that rest on the use of a sham partnership. *See* 134 S. Ct. at 566. In light of *Woods*, the parties concur not only in the applicability of the valuation-misstatement penalty for Chemtech II,[6] but also the applicability of the *gross*-valuation misstatement, which warrants a 40% penalty, instead of the 20% penalty under a finding of a "standard"

---

[5] As of the date of the Court's instant memorandum opinion, a lower threshold of valuation misstatement is required. Since 2006, the Internal Revenue Code has provided that a gross valuation misstatement is found where the valuation or adjusted basis of property claimed is 200% or more of the amount determined to be the correct amount. *See* I.R.C. § 6662(h)(2)(A) (as amended 2006, 2010, and 2014).

[6] The Internal Revenue Service had determined that the substantial valuation misstatement penalty applied only to Chemtech II, and, at trial, the United States also sought to apply the 40% penalty only to the Chemtech II transaction and not the Chemtech I transaction. (*See* Doc. 143 at pp. 62, 70). Thus, only Chemtech II is at issue here where the Court assesses the valuation-misstatement penalty.

4

substantial-valuation misstatement. (*See* Doc. 192 at p. 3; Doc. 193 at p. 2). The evidence presented at trial revealed that the Chemtech II transaction purported to increase the basis in one of Dow's chemical plant assets from approximately $27 million to over $400 million. (Ex. J-710 at Bates No. 83153). This valuation differential was achieved through a Section 734 basis adjustment, by which "the partnership was able to strip the basis from the [Chemtech Portfolio] stock that was distributed to [Diamond Tech] and apply it to the plant assets which were contributed." (*See id.*). Hence, the Chemtech Partnership's basis in the plant assets increased by over $370 million, well over 400% of the amount determined to be the correct amount of such asset valuation ($27 million).[8]

Thus, the Court upholds the applicability of the 40% gross-valuation misstatement penalty that was imposed by the Internal Revenue Service upon Chemtech II. Penalties applied under Section 6662 are applied alternatively, not cumulatively, so the total penalty assessed on Chemtech II shall be 40%. *See* I.R.C. § 6662(b) (the imposition of a single penalty amount applies whether underpayment is attributable to one or more types of misconduct); (*see also* Doc. 143 at p. 62 (explaining, in the Court's initial memorandum ruling, that the penalties are not stacked)).

The Court notes that Chemtech has expressly reserved its right to raise a partner-level defense in a subsequent refund action following assessment and payment. (Doc. 192 at p. 3).

---

[8] The portion of underpayment attributable to misstatements also far exceeds the minimum specified by I.R.C. § 6662(e)(2).

## III. CONCLUSION

Accordingly,

**IT IS ORDERED, ADJUDGED,** and **DECREED** that the **Corrected Judgment and Order (Doc. 157)** issued in this matter is **AMENDED**, such that Paragraph 5 reads, in full:

> <u>40 percent valuation misstatement penalty</u>. It is further **DETERMINED** and **ADJUDGED** that, for the taxable years 1998 through 2006, the forty percent gross-valuation misstatement penalty is applicable.

The remainder of this Court's judgment remains undisturbed, and **AMENDED JUDGMENT** is hereby **ENTERED** in accordance with the instant Memorandum Ruling.

Baton Rouge, Louisiana, this 8th day of May, 2015.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**